

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
PHONE 212.999.5800
FAX 212.999.5899
www.wsgr.com

April 25, 2018

**VIA CM/ECF and HAND DELIVERY**

Hon. Judge James Donato
United States District Court
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

      Re:    *In re Capacitors Antitrust Litigation*, No. 3:17-md-02801-JD

Dear Judge Donato:

Defendants Hitachi Chemical Co., Ltd., Hitachi Chemical Co. America, Ltd., and Hitachi AIC, Inc. (together, "Hitachi Chemical") submit this letter in response to the April 10, 2018 discovery letter brief (ECF No. 144) filed by opt-out plaintiffs Avnet, Inc., AASI Beneficiaries' Trust, and Benchmark Electronics, Inc. (collectively, "Avnet Plaintiffs"). Avnet Plaintiffs seek depositions of Mr. Takahide Osumi and Mr. Mitsugu Yamamoto (both of whom will invoke their Fifth Amendment rights), without identifying any unique, non-duplicative information either individual could provide relative to the immense discovery record in this matter. Furthermore, Hitachi Chemical will be producing four other witnesses, including Rule 30(b)(6) witnesses in response to Avnet Plaintiffs' broad topics, which encompass any relevant information Messrs. Osumi and Yamamoto may have. Therefore, Hitachi Chemical respectfully requests the Court deny Avnet Plaintiffs' petition.[1]

**Background**. Avnet Plaintiffs filed copycat actions against Hitachi Chemical years after the first capacitor-related complaints were filed. Defendants agreed to grant early access to the extensive discovery record before Avnet Plaintiffs' actions were formally consolidated here on the condition that they not seek testimony or documentary evidence duplicative of what already has been produced. *See* Exhibit 1 at Exhibit A, Section 3.a ("Agreement of Coordination of Discovery").

---

[1] Both Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs have withdrawn their earlier deposition requests for these individuals.

Hitachi Chemical's witnesses have already provided over 30 hours of Rule 30(b)(6) testimony and 30 hours of percipient witness testimony. Collectively, plaintiffs have conducted over 100 total depositions and obtained over 15 million documents from defendants in this matter. Now, Avnet Plaintiffs request from Hitachi Chemical new percipient depositions, in addition to new Rule 30(b)(6) testimony. Hitachi Chemical has agreed to produce three witnesses in response to Avnet Plaintiffs' requests and another individual requested by Flextronics, all of whom will appear for depositions in the United States.

The subjects of this dispute, Mr. Osumi and Mr. Yamamoto, are represented by separate, independent counsel. Both subjects live in Japan, and neither will travel to the United States or to any country where there is a threat of extradition. Therefore, pursuant to this Court's ruling on March 2, 2017 (Case No. 14-cv-3264; ECF No. 1534), both depositions would take place in East Asia. Independent counsel has informed Hitachi Chemical that regardless of where the depositions occur, both individuals plan to invoke the Fifth Amendment, further curtailing these individuals' ability to provide substantive, non-cumulative testimony to Avnet Plaintiffs. While Hitachi Chemical believes that expenses related to these depositions would be significant, the true issue in dispute is whether that burden is *outweighed* by any likely benefit to Avnet Plaintiffs. The proposed depositions are unduly burdensome, cumulative, and unnecessary; thus, they should be precluded.

**The proposed depositions are not proportional to the needs of the Avnet Plaintiffs.** The burden that would be incurred to depose these two individuals in East Asia substantially outweighs any potential benefit to Avnet Plaintiffs.[2] Moreover, any relevance of Mr. Osumi and Mr. Yamamoto is mitigated by other factors.

First, regarding Mr. Osumi, Avnet Plaintiffs note only that he attended some meetings with competitors, but those meetings were also attended by other previously-deposed individuals and reflected in various documents produced in this case. In fact, Mr. Osumi only attended industry meetings for the limited period of 2006 to 2007. Avnet Plaintiffs fail to point to anything demonstrating that Mr. Osumi would have non-duplicative information relevant to their claims.

Second, to justify Mr. Yamamoto's deposition, Avnet Plaintiffs rely on the bare facts that he held the title of CEO of the American subsidiary for two years and circulated some reports (of meetings he did not attend) to colleagues. The discovery record is clear that it was another employee – not Mr.

---

[2] *See* Fed. R. Civ. P. 26(b)(1)-(2)(C); *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 U.S. Dist. LEXIS 8295, *10 (N.D. Cal. 2007) (precluding depositions of two defendant executives and noting that they may only proceed "after either interrogatories or the depositions of lower-level employees have failed to provide the discovery [sought]").

Yamamoto – who had responsibility for selling capacitors.[3] In fact, that employee is one of the four individuals Hitachi Chemical will produce for deposition in the United States in May.

Third, parties seeking to depose high-level ("apex") executives like Mr. Yamamoto must establish that the deponent "(1) has unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees have been exhausted without success." *Bicek v. C&S Wholesale Grocers, Inc.*, 2013 U.S. Dist. LEXIS 139897, *10-11 (E.D. Cal. 2013) (quoting *Groupion, LLC v. Groupon, Inc.*, 2012 U.S. Dist. LEXIS 12684 (N.D. Cal. 2012)). Avnet Plaintiffs fail to make any such showing.

Fourth, Avnet Plaintiffs acknowledge that they purchased virtually no capacitors from Hitachi Chemical, so neither individual could offer testimony related to specific purchases by Avnet Plaintiffs. Nor is there any reason to think either individual would have any information about communications between any Defendants about Avnet Plaintiffs, if any existed.

**Hitachi Chemical agreed to produce deponents that will testify substantively in the United States.** The proposed depositions are unlikely to yield any unique testimony and thus would involve entirely unjustified burden and expense. Moreover, Hitachi Chemical will be producing two individuals to testify as percipient witnesses and two others in response to Avnet Plaintiffs' Rule 30(b)(6) topics.[4] All four depositions will take place in the United States. If this Court is inclined to grant Avnet Plaintiffs' requests, Hitachi Chemical respectfully suggests that the requested depositions be deferred until after these other four depositions occur. Thereafter, depositions of Mr. Osumi and Mr. Yamamoto could be tailored to address only non-duplicative topics, if any remain. *See id.*; *see also In re Google Litig.*, 2011 U.S. Dist. LEXIS 120905, *11-12 (N.D. Cal. 2011) (precluding deposition of second executive unless and until deposition of first executive indicated that second had unique knowledge).

**Conclusion.** Discovery in this MDL has been ongoing for over three years. At this late stage, and in light of (1) the voluminous testimony and documents already produced, (2) the four upcoming depositions of Hitachi Chemical witnesses, and (3) the lack of any material relationship between Avnet Plaintiffs and Hitachi Chemical, we respectfully request that the Court deny Avnet Plaintiffs' April 10, 2018 discovery request.

---

[3] *See* Exhibit 2 (Masuda Dep. at 68:4-70:7 (May 13, 2016)).

[4] Avnet Plaintiffs' broad Rule 30(b)(6) topics certainly cover any and all potentially relevant topics. *See* Exhibit 3 (Avnet Plaintiffs' Notice of Rule 30(b)(6) Deposition requesting testimony on Hitachi Chemical's Plea Agreement with DOJ, Answer to each of Avnet Plaintiffs' complaints, and interrogatory responses concerning industry meetings). Avnet Plaintiffs also joined the topics noticed in Flextronics' 30(b)(6) Deposition Notice. *See* Exhibit 4 (requesting testimony on, *inter alia*, communications and meetings between and among capacitor manufacturers).

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Jeffrey C. Bank*
Jeffrey C. Bank (admitted *pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 497-7761
Facsimile: (212) 999-5899
jbank@wsgr.com

*Counsel for Defendants Hitachi Chemical Co., Ltd., Hitachi AIC Inc., and Hitachi Chemical Co. America, Ltd.*