# Exhibit 8

Daniel C. Girard (State Bar No. 114826)
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: dcg@girardgibbs.com

*Class Counsel for Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| IN RE: CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | Master File No. 3:14-cv-03264-JD<br><br>**DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES SUBMITTED ON BEHALF OF GIRARD GIBBS LLP** |
|---|---|

I, Daniel C. Girard, declare as follows:

1. I am a member of Girard Gibbs LLP ("the Firm"). I submit this Declaration in support of Class Counsel's interim application for attorneys' fees for services rendered to the class in the above-captioned litigation and for reimbursement of expenses reasonably incurred in the course of such representation for the period of October 1, 2016 to December 31, 2017.

2. I have reviewed the Court's October 31, 2014 Order Appointing Interim Lead Class Counsel (Dkt. 319) ("Order"), including in particular the Order's provisions regarding fees, costs and expenses. The Firm has adhered to those provisions.

3. The Firm has acted as class counsel to Direct Purchaser Plaintiffs ("DPPs") in this class action. The Firm has participated in overall case management and litigation strategy at the direction of Lead Counsel since early in the litigation, as detailed in the declaration I previously submitted in connection with DPPs' January 30, 2017 Motion for Attorneys' Fees and Reimbursement of Expenses (Dkt. No. 1458). During the period of October 1, 2016 to December 31, 2017, the Firm engaged in the work described below on behalf of DPPs at Lead Counsel's direction.

4. *Discovery*. The Firm has participated in most aspects of discovery conducted on behalf of DPPs in this case and, in particular, has been responsible for conducting all aspects of discovery as to Defendant KEMET, and related nonparties. From October 1, 2016 to December 31, 2017, I deposed five of KEMET's current and former officers and employees, and along with Girard Gibbs partner Dena Sharp and Lead Counsel participated in meet and confers with KEMET. The firm drafted DPPs' Responses to KEMET's Second Requests for Admission and Interrogatories. I participated with Lead Counsel in negotiating with KEMET counsel a protocol for the conduct of post-settlement cooperation interviews of NEC Tokin witnesses. The protocol was intended to protect DPP counsel's work product while avoiding a dispute with KEMET counsel over the representation of NEC Tokin witnesses now employed by KEMET at those interviews. Associates of the Firm have participated in the review and analysis of Japanese and English language documents produced by Defendants, generated summaries of key documents and timelines of Defendants' activities and communications, and prepared deposition kits. The Firm's associates also researched and drafted memoranda concerning legal issues relevant to DPPs' discovery efforts.

5.      *Settlement*. I have consulted with Lead Counsel concerning settlement issues, and provided input on settlement administration and briefing filed with this Court.

6.      ***Summary of Time and Expenses***. During the period from October 1, 2016, through December 31, 2017, the Firm performed 6,407 hours of work in connection with this litigation. Based on the historical hourly rates charged by the Firm, the lodestar value of the time is $2,707,785.00. Attached hereto as **Exhibit A** is a chart which indicates the attorneys who worked on this litigation, the number of hours worked, the categories of their work and their respective lodestar values. Exhibit A was prepared from contemporaneous, daily time records regularly prepared and maintained by the Firm and which have been provided to Lead Counsel for review.

7.      All of the services performed by the Firm in connection with this litigation were reasonably necessary in the prosecution of this case. There has been no unnecessary duplication of services for which the Firm now seeks compensation. The lodestar calculations exclude time spent reading or reviewing work prepared by others or other information relating to the case unless related to preparation for or work on a matter specifically assigned to the Firm by Lead Counsel. The rates at which the Firm seeks compensation are its usual and customary hourly rates charged for similar work. This Court approved DPPs' prior fee and expense application—including Girard Gibbs' requested rates—in its Order Granting Counsel's Motion for Attorneys' Fees and Reimbursement of Expenses (Dkt. No. 1714). The Firm's rates have also been approved in other actions in the District, including by the Honorable Lucy H. Koh in *In Re Yahoo Mail Litigation*, No. 5:13-cv-05388-LHK and *In Re High-Tech Employee Antitrust Litigation*, No. 11-CV-2509-LHK.

8.      During the period from October 1, 2016, to December 31, 2017, the Firm incurred expenses of $165,302.80. These expenses were reasonably and necessarily incurred in connection with this litigation and are summarized in the chart attached as **Exhibit B**. Expense documentation has been provided to Lead Counsel for review.

9.      The expenses incurred are reflected on the books and records of the Firm. These books and records are prepared from checks and expense vouchers which are regularly kept and maintained by the Firm and accurately reflect the expenses incurred.

10. The Firm's compensation for the services rendered on behalf of the class is wholly contingent. Any fees and reimbursement of expenses will be limited to such amounts as approved by this Court.

\* \* \*

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge, and that this declaration was executed in San Francisco, CA on May 3, 2018

By: */s/ Daniel C. Girard*

Daniel C. Girard (SBN 114826)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: 415.981.4800
Email: dcg@girardgibbs.com

# EXHIBIT A

*In re: Capacitors Antitrust Litigation*
Case No. 3-14-cv-03264-JD

## GIRARD GIBBS LLP

TIME REPORT — October 1, 2016 to December 31, 2017

| Name | Hours | Lodestar |
|---|---:|---:|
| **PARTNERS** | | |
| Daniel C. Girard | 410.40 | $ 369,607.50 |
| Dena C. Sharp | 210.10 | $ 139,716.50 |
| Jordan Elias | 88.00 | $ 61,160.00 |
| | | |
| **ASSOCIATES** | | |
| Valerie H. Li | 923.50 | $ 360,165.00 |
| Michael C. Marchese | 888.40 | $ 310,940.00 |
| Emily H. Jenks | 1781.50 | $ 685,877.50 |
| Walter B. Howe | 654.40 | $ 251,944.00 |
| J. Mani Khamvongsa | 1335.90 | $ 500,962.50 |
| Linh H. Vuong | 71.20 | $ 27,412.00 |
| | | |
| **TOTAL LODESTAR** | **6363.40** | **$ 2,707,785.00** |

# EXHIBIT B

*In re: Capacitors Antitrust Litigation*
Case No. 3-14-cv-03264-JD

## GIRARD GIBBS LLP

EXPENSE REPORT — October 1, 2016 to December 31, 2017

| Category | Amount |
|---|---|
| Litigation Fund | $ 150,000.00 |
| Copying | $ 6,842.10 |
| Subpoena Fees | $ 249.50 |
| Computer Research | $ 4,509.65 |
| Postage and Delivery Services | $ 306.14 |
| Telephone | $ 4.22 |
| Local Travel | $ 173.51 |
| Long Distance Travel | $ 2,618.36 |
| Meals | $ 599.32 |
| | |
| **TOTAL EXPENSES** | **$ 165,302.80** |