C. Dennis Loomis (Bar No. 82359)
**BAKER & HOSTETLER LLP**
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA  90025-0509
Telephone: 310. 820.8800
Facsimile: 310.820.8859
Email:      cdloomis@bakerlaw.com

John R. Fornaciari (admitted *pro hac vice*)
Danyll W. Foix (admitted *pro hac vice*)
**BAKER & HOSTETLER LLP**
1050 Connecticut Ave. N.W., Suite 1100
Washington, D.C.  20036
Telephone: 202.861.1500
Facsimile: 202.861.1783
Email:      jfornaciari@bakerlaw.com

*Attorneys for Defendants*
*Soshin Electric Co., Ltd. and*
*Soshin Electronics of America Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In RE CAPACITORS ANTITRUST LITIGATION,<br><br>This Document Relates to:<br><br>*Arrow Electronics, Inc. v. ELNA Co., Ltd. et al.*, No. 3:18-cv-02657-JD | Case No. 17-md-2801<br><br>Hon. James Donato<br><br>**SOSHIN ELECTRIC CO., LTD. AND SOSHIN ELECTRONICS OF AMERICA INC.'S MOTION TO DISMISS ARROW ELECTRONIC, INC.'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; AND PROPOSED ORDER**<br><br>DATE:     August 30, 2018<br>TIME:     10:00 A.M.<br>CTRM:    11 |

**PLEASE TAKE NOTICE** that on August 30, 2018, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 11 of the above Court, Defendants Soshin Electric Co., Ltd. and Soshin Electronics of America Inc. (collectively "Soshin") will, and do hereby, move the Court for entry of an Order dismissing the claims asserted against Soshin in Arrow Electronic,

1  Inc.'s Complaint for failure to state a claim upon which relief can be granted and dismissing
2  Soshin as a party to the Complaint.
3      This Motion is made pursuant to Fed. R. Civ. P. 12(b)(6) and is based upon this Notice,
4  the accompanying Memorandum of Points and Authorities, all evidence of which the Court may
5  take judicial notice, any oral argument of counsel heard by the Court, and all other information as
6  may be presented to the Court.

Dated: July 23, 2018      Respectfully submitted,

BAKER & HOSTETLER LLP

By:    /s/ C. Dennis Loomis    .
C. Dennis Loomis (Bar No. 82359)
BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: cdloomis@bakerlaw.com

/s/ John R. Fornaciari
John R. Fornaciari (admitted *pro hac vice*)
Danyll W. Foix (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave. N.W., Suite 1100
Washington, D.C. 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783
Email: jfornaciari@bakerlaw.com

*Attorneys for Defendants Soshin Electric Co., Ltd and Soshin Electronics of America Inc.*

**TABLE OF CONTENTS**

**Page**

I. ISSUES TO BE DECIDED AND PRIOR RELEVANT ORDERS ................................... 1

II. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................ 1

III. STATEMENT ON BACKGROUND AND RELEVANT ALLEGATIONS ..................... 2

    A. The Complaint Alleges a Conspiracy to Restrain the Sale of Capacitors to Purchasers in the United States ................................................................................. 3

    B. The Complaint Alleges Soshin Sold Film Capacitors Only in the United States ............. 3

    C. Soshin Did Not Sell Film Capacitors in the United States ................................. 4

IV. ARROW'S CLAIM AGAINST SOSHIN SHOULD BE DISMISSED FOR FAILURE TO PLEAD A PLAUSIBLE CONSPIRACY AND THE FTAIA ELEMENTS ....................... 5

    A. Arrow's Conclusory Assertion that Soshin Sold Film Capacitors in the United States Should Be Disregarded ................................................................................. 5

    B. Without U.S. Sales by Soshin, Arrow's Complaint Fails to Plead a Plausible or Economically Sensible Claim of Conspiracy by Soshin ........................................ 6

    C. Absent U.S. Film Capacitor Sales by Soshin, Arrow's Complaint Fails to Plead the Required FTAIA Elements ................................................................................. 8

        1. The Complaint does not plausibly allege that Soshin's conduct had a "direct, substantial, and reasonably foreseeable" domestic effect ........................................... 9

        2. The Complaint does not plausibly allege that Soshin's conduct had a domestic effect that "gave rise to" Arrow's claim ................................................................. 9

V. SOSHIN SHOULD BE DISMISSED AS A PARTY TO ARROW'S COMPLAINT ...... 11

VI. CONCLUSION ............................................................................................................. 12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abu Maisa, Inc. v. Google, Inc.*,
No. 15-cv-06338-JST, 2016 WL 7178580 (N.D. Cal. Dec. 8, 2016) ........................................6

*Adaptive Power Solutions, LLC v. Hughes Missile Sys. Co.*,
141 F.3d 947 (9th Cir. 1998) ............................................................................................2, 7, 8

*Animal Sci. Prods. v. China Minmetals Corp.*,
654 F.3d 462 (3d Cir. 2011) ......................................................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................................5, 6, 7

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir.1988) ......................................................................................................5

*Bay Area Surgical Mgmt. v. Aetna Life Ins.*,
166 F. Supp. 3d 988 (N.D. Cal 2015) ........................................................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................................2, 5, 6, 9

*Biocad, JSC v. F. Hoffman-La Roche, Ltd.*,
No. 16 Civ. 4226 (RJS), 2017 WL 4402564 (S.D.N.Y. Sept. 30, 2017) ................................10

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
546 F.3d 981 (9th Cir. 2008) ..............................................................................................7, 8, 10

*eMag Solutions, LLC v. Toda Kogyo Corp.*,
No. C 02-1611 PJH, 2005 WL 1712084 (N.D. Cal. July 20, 2005) .........................................9

*Empagran S.A. v. F. Hoffman-La Roche, Ltd.*,
No. 00-1686 (TFH), 2001 WL 761360 (D.D.C. June 7, 2001) ................................................11

*Hu Honua Bioenergy, LLC v. Haw. Elec. Indus., Inc.*,
No. 16-00634 JMS-KJM, 2018 WL 491780 (D. Haw. Jan. 19, 2018)) .................................7, 8

*Hott v. City of San Jose*,
92 F. Supp. 2d 996 (N.D. Cal. 2000) ........................................................................................6

*F. Hoffmann-La Roche Ltd. v. Empagran S.A.*,
542 U.S. 155 (2003) ................................................................................................................11

*Huy Thanh Vo v. Nelson & Kennard*,
931 F. Supp. 2d 1080 (E.D. Cal. 2013) .....................................................................................6

*In re Foreign Exch. Benchmark Rates Antitrust Litig.*,
  No. 13 Civ. 7789 (LGS), 2016 U.S. Dist. LEXIS (S.D.N.Y. Sept. 20, 2016) ..........................10

*Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*,
  753 F.3d 395 (2d Cir. 2014)..................................................................................................9

*Milwaukee v. Illinois*,
  451 U.S. 304 (1981).............................................................................................................11

*In re Refrigerant Compressors Antitrust Litig.*,
  No. 2:09-md-02042, 2016 WL 6138600 (E.D. Mich. Oct. 21, 2016)....................................10

*Reyn's Pasta Bella, LLC v. Visa USA Inc.*,
  442 F.3d 741 (9th Cir. 2006)..................................................................................................6

*Rosales-Martinez v. Palmer*,
  753 F. 3d 890 (9th Cir. 2014).................................................................................................6

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001)..................................................................................................5

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  No. C 12-3802 SI, 2013 U.S. Dist. LEXIS 39606 (N.D. Cal. Mar. 20, 2013)..........................10

*United States v. Hsiung*,
  758 F.3d 1074 (9th Cir. 2014)................................................................................................8

*United States v. LSL Biotechnologies*,
  379 F.3d 672 (9th Cir. 2004)..................................................................................................9

*William O. Gilley Enters., Inc. v. Atl. Richfield Co.*,
  588 F.3d 659 (9th Cir. 2009)..............................................................................................7, 8

**Statutes**

Foreign Trade Antitrust Improvements Act [FTAIA], 15 U.S.C. §6a, *et seq*......................... *passim*

Sherman Act, 15 U.S.C. §1, *et seq*................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................... *passim*

Fed. R. Evid. 201(b)(2) ......................................................................................................6

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Soshin Electric Co., Ltd. and Soshin Electronics of America Inc. (collectively "Soshin") submit this Memorandum of Points and Authorities in support of their Motion for entry of an Order dismissing the claims asserted against Soshin in Arrow's Complaint and dismissing Soshin as a party to the Complaint pursuant to Rule 12(b)(6).[1]

## I. ISSUES TO BE DECIDED AND PRIOR RELEVANT ORDERS

The issues to decide are whether:

1. Arrow's claims against Soshin should be dismissed pursuant to Rule 12(b)(6) when the Complaint (a) relies on conclusory allegations that Soshin sold film capacitors to U.S. purchasers, (b) depends on those purported U.S. sales to infer Soshin participated in a conspiracy in the United States, and (c) lacks facts showing Soshin's foreign sales had a direct, substantial, and reasonably foreseeable effect on U.S. domestic commerce and that effect gave rise to Avnet's Sherman Act claim?

2. Arrow should be dismissed as a party to the Amended Complaint?

The Court's prior Orders ruling on motions to dismiss and the Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA") are relevant:

- May 26, 2015 Order on motions to dismiss complaints, Case 3:14-cv-03265-JD ("Master Dkt.") No. 710.

- December 30, 2015 Order on motions to dismiss amended complaints, Master Dkt. No. 1003.

- September 30, 2016 Order on FTAIA ("FTAIA Phase I Order"), Master Dkt. No. 1302.

## II. INTRODUCTION AND SUMMARY OF ARGUMENT

Like the complaints in the Avnet and Benchmark cases,[2] Arrow relies on the same recitation of boilerplate assertions that Soshin sold film capacitors in the United States to invent the foundational support necessary for Arrow's claim that Soshin conspired to fix prices for capacitors sold in the United States. But those unexplained, formulaic assertions are precisely the

---

[1] The parties stipulated to extend the deadline for Soshin's response to Arrow's Complaint until July 23, 2018. [MDL Dkt. No. 269.]

[2] Soshin moved to dismiss nearly identical Avnet and Benchmark claims for substantially the same reasons explained below for dismissing Arrow's Complaint. [MDL Dkt. Nos, 155, 156.]

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

sort of conclusory allegations that are disregarded on a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining "formulaic recitations" do not suffice). Further, Arrow's assertions should be disregarded as implausible because they are contrary to Court filings, which cannot be reasonably disputed, showing Soshin had no such U.S. sales.

Disregarding the improper allegations about Soshin selling film capacitors in the United States, Arrow's conspiracy theory quickly collapses on itself. With no U.S. sales, Soshin would have no reason to conspire on U.S. prices as alleged. In fact, Arrow's conspiracy theory is *im*plausible as to Soshin, as it would not be economically rational for Soshin to conspire as alleged to increase U.S. capacitor prices paid only to its competitors with U.S. sales. Antitrust claims that do not make economic sense, like Arrow's claim against Soshin, are to be dismissed. *See Adaptive Power Solutions, LLC v. Hughes Missile Sys. Co.*, 141 F.3d 947, 952 (9th Cir. 1998) ("Antitrust claims must make economic sense").

Absent the improper allegations, Arrow also cannot plausibly allege either of the necessary FTAIA "domestic effects" elements. FTAIA Phase 1 Order at 8. Arrow cannot plausibly allege that Soshin reasonably foresaw its film capacitor activities having a "direct, substantial … effect on U.S. commerce," *id.*, when Soshin did not sell film capacitors in the United States. Nor could Arrow plausibly allege that a "domestic effect" of Soshin's conduct "gives rise to" Arrow's antitrust claims, *id.*, when Soshin had no domestic film capacitor sales. Indeed, Arrow does not even try to allege a theory for how Soshin's non-U.S. conduct has domestic effects that proximately caused Arrow's U.S. claims, consistent with the Court's observation that such allegations are virtually impossible. *See id*. at 11 (observing that claiming foreign sales within the reach of the Sherman Act is like getting through the eye of a needle).

With no proper, plausible claims as to Soshin, as further explained below, Soshin respectfully requests the entry of an Order dismissing the claims asserted against Soshin in Arrow's Complaint and dismissing Soshin as a party to the Complaint pursuant to Rule 12(b)(6).

### III. STATEMENT ON BACKGROUND AND RELEVANT ALLEGATIONS

Given the Court's familiarity with this litigation, Soshin generally summarizes

background information and Arrow's allegations that are particularly relevant to this Motion.

### A. The Complaint Alleges a Conspiracy to Restrain the Sale of Capacitors to Purchasers in the United States

Arrow focuses its claim against Soshin (and another 15 Defendants) on an alleged conspiracy in the United States. The Complaint alleges:

- The alleged conspiratorial activities were "undertaken for the purpose of artificially maintaining and inflating prices of aluminum, tantalum, and film capacitors sold to United States purchasers and purchasers worldwide". [Arrow Dkt. No. 1 ¶ 8.]

- An "important aim" of the alleged conspiracy "was to affect prices and competition in the United States markets for Affected Capacitors." [*Id.* ¶ 82.]

- Defendants allegedly reduced or eliminated "competition for the pricing of aluminum, tantalum, and film capacitors sold directly to U.S. purchasers." [*Id.* ¶ 319.]

- Defendants allegedly "conspired to raise, fix, maintain, or stabilize the prices of aluminum, tantalum, and film capacitors sold to United States purchasers" [*id.* ¶ 339];

- For purposes of effecting the alleged conspiracy, Defendants allegedly "manipulate[d] prices and supply" of capacitors "sold in the U.S.," sold capacitors "to customers in the U.S. at noncompetitive prices," and limited the supply of capacitors "available for sale to U.S. purchasers." [*Id.* ¶¶ 323(d), (f), (h).]

- As a result of Defendants' alleged conduct, "prices for [capacitors] were raised, fixed, maintained, and stabilized in the United States." [*Id.* ¶ 321.]

The Complaint states no facts or direct evidence of Soshin joining and participating in the purported conspiracy. Arrow instead alleges "plus factors," from which support for antitrust conspiracies might sometimes be inferred, consisting of commoditization, market concentration, barriers to entry, demand conditions, opportunities to conspire, and motive. [*Id.* ¶¶ 96-133.] As to motive, Arrow asserts that the capacitor industry faced swelling supplies and sagging demand [*id.* ¶¶ 108-120], and "[i]n order to stabilize prices, Conspirators engaged in a combination and conspiracy to suppress and eliminate competition by fixing prices, limiting supply, and rigging bids for [capacitors] sold in the United States and elsewhere" [*id.* ¶ 120].

### B. The Complaint Alleges Soshin Sold Film Capacitors Only in the United States

The Complaint's only alleged location for Soshin's alleged sales of film capacitors is the United States. [*Id.* ¶ 57 ("Soshin manufactured, sold, or distributed film capacitors either directly

- 3 -

or through its business units, subsidiaries, agents, and affiliates to United States purchasers"); ¶ 58 ("Soshin America – either directly or through its business units, subsidiaries, agents, or affiliates – sold and distributed to United States purchasers film capacitors…..").] The Complaint states no facts about Soshin's sales of film capacitors outside of the United States.[3]

### C. Soshin Did Not Sell Film Capacitors in the United States

On January 9, 2017, as part of another motion to this Court, Soshin publicly filed a sworn declaration from Makoto Miyakawa, Soshin's Manager of the Planning Department in the Sales & Marketing Division. [Master Dkt. No. 1423-1.] This declaration explained that Soshin neither manufactured nor sold film capacitors in the United States during the relevant time. [*Id*. ¶¶ 5-6.][4] Mr. Miyakawa's declaration also explained that he had reviewed Soshin's sales data and found no record of sales of film capacitors to any customers in the United States. [*Id*. ¶¶ 10-12.] This filing included excerpts of detailed sales reports generated from Soshin's business records, which further confirmed Soshin sold no film capacitors to U.S. purchasers. [*Id*., Exs. 4-5.]

After litigating this matter through the discovery deadline, no party has presented evidence establishing that Soshin sold film capacitors in the United States during the relevant time. Arrow alleges no facts explaining Soshin's alleged sales of film capacitors to U.S. purchasers. The Avnet and Benchmark Plaintiffs recently could not identify any film capacitor sales by Soshin to U.S. purchasers [MDL Dkt. Nos. 185, 186], when they had to respond to Soshin's motions to dismiss based on its lack of sales to U.S. purchasers. Similarly, the Direct Purchaser Plaintiffs' lengthy response to Soshin's summary judgment motion presented no evidence of Soshin selling film capacitors to U.S. purchasers. [Master Dkt. No. 1474.]

---

[3] With the United States both the "aim" of Arrow's alleged conspiracy [Arrow Dkt. No. 1 ¶ 82] and Soshin's only alleged sales location [*id*. ¶¶ 56-57], the Complaint includes only a couple stray references to other areas. In other contexts, Arrow asserts that the alleged conspiracy was "international," with no further explanation. [*Id*. ¶ 1.] Arrow elsewhere asserts, with no explanation, that "purchasers worldwide" allegedly paid inflated prices for capacitors. [*Id*. ¶ 8.] Also, with no explanation, Arrow asserts that Defendants' alleged actions affected the prices of capacitors "in the U.S. and abroad." [*Id*. ¶ 261.]
[4] As explained in Mr. Miyakawa's declaration, film capacitors refers to standalone capacitors rather than capacitors that have been incorporated into another product.

- 4 -

## IV. ARROW'S CLAIM AGAINST SOSHIN SHOULD BE DISMISSED FOR FAILURE TO PLEAD A PLAUSIBLE CONSPIRACY AND THE FTAIA ELEMENTS

Complaints are dismissed pursuant to Rule 12(b)(6) when there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988). To avoid dismissal, Arrow must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Arrow cannot rely on "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Instead, Arrow must state enough factual "heft" to show it "is entitled to relief." *Id*. at 557. Plausibility is the key: Arrow must offer factual allegations that "nudge" its claims "across the line from conceivable to plausible." *Id*. at 570.

### A. Arrow's Conclusory Assertions that Soshin Sold Film Capacitors in the United States Should Be Disregarded

Arrow's allegations about Soshin's purported U.S. sales should be disregarded because they are conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("mere conclusory statements" do not suffice on motions to dismiss); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (explaining courts need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Arrow's unexplained assertions that Soshin sold film capacitors in the United States are precisely the sort of conclusory allegations that are disregarded. The Complaint merely copies-and-pastes the same one-sentence assertions that Soshin sold film capacitors in the United States [*see* § III.B., *supra*], with no factual enhancement. The Complaint, for example, states no facts supporting the assertion, such as any actual U.S. buyers for the film capacitors Soshin allegedly sells in the United States.[5] These conclusory assertions, as the Supreme Court held, "will not do." *Twombly*, 550 U.S. at 555.

Arrow's conclusory assertions also are inappropriate, and should be disregarded, because they are formulaic. The Complaint merely recites the same boilerplate, one-sentence assertions of U.S. sales for each of the 17 Defendants, including Soshin. [Arrow Dkt. No. 1 ¶¶ 38-61.] This

---

[5] Notably, Arrow does *not* allege *it* purchased film capacitors sold by Soshin in the United States.

- 5 -

repetitious assertion of the same "formulaic recitation" for all Defendants– rather than factual statements specific to Soshin – amounts to meaningless conclusory allegations that are due no weight on a Rule 12(b)(6) motion. *See Twombly*, 550 U.S. at 555.

Further, Arrow's assertions that Soshin sold film capacitors in the United States should be disregarded because they are contrary to fact. *See Iqbal*, 556 U.S. at 678 (explaining courts should "draw on [their] experience and common sense" and consider only well-plead factual allegations). Arrow's assertions are flatly contradicted by Court filings showing that Soshin sold no film capacitors to U.S. purchasers during the relevant time. [*See* § III.C., *supra*.] And, critically, this fact is not contested – and could not be reasonably questioned – by any party. [*See id.*] This information may be considered by the Court on a Rule 12(b)(6) motion because the information cannot be reasonably challenged. *See, e.g.,* Fed. R. Evid. 201(b)(2) (courts may consider information that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Rosales-Martinez v. Palmer*, 753 F. 3d 890, 895 (9th Cir. 2014) (explaining courts may consider court filings on Rule 12(b)(6) motion); *Reyn's Pasta Bella, LLC v. Visa USA Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining courts may consider "court filings and other matters of public record" on Rule 12(b)(6) motions).[6]

The Complaint's conclusory assertions about Soshin's purported sales of film capacitors in the United States are unexplained, formulaic, and implausible, resulting in vacuous allegations that should be disregarded for this Motion. *See Sprewell*, 266 F.3d at 988.

### B. Without U.S. Sales by Soshin, Arrow's Complaint Fails to Plead a Plausible or Economically Sensible Claim of Conspiracy by Soshin

Disregarding the improper assertions about Soshin selling capacitors in the United States, Arrow fails to plead a plausible or economically sensible claim of conspiracy by Soshin to fix the prices of capacitors sold in the United States. *See Twombly*, 550 U.S. at 557 (explaining complaints claiming a § 1 conspiracy must allege facts "plausibly suggesting (not merely

---

[6] District courts, accordingly, have considered public documents similar to Soshin's filing on motions to dismiss complaints. *See, e.g., Abu Maisa, Inc. v. Google, Inc.*, No. 15-cv-06338-JST, 2016 WL 7178580, *2, n.1 (N.D. Cal. Dec. 8, 2016) (considering court filings on motion to dismiss); *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1085 (E.D. Cal. 2013) (same); *Hott v. City of San Jose,* 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (same).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

consistent with)" the asserted conspiracy).

The gravamen of the Complaint is an alleged conspiracy to fix the prices of capacitors sold in the United States. [*See* § III.A., *supra*.] Lacking direct evidence of Soshin conspiring as alleged,[7] Arrow resorts to reciting "plus factors" to try to allege conspiracy participation by Soshin. [*See* § III.B., *supra*.] Arrow most heavily relies on allegations that declining demand and prices supposedly motivated the alleged conspirators to fix prices of capacitors sold in the United States and possibly abroad.[8] [Arrow Dkt. No. 1 ¶¶ 108-120.] But these allegations cannot support a plausible inference of conspiracy as to Soshin, since common sense dictates that Soshin would not be motivated to fix prices in the United States when it did not sell film capacitors in the United States. *See Iqbal*, 556 U.S. at 678 (relying on "experience and common sense" when assessing plausibility). And the Complaint alleges no facts that would make it plausible for Soshin to participate in a conspiracy to fix prices in a country where it does not sell the product at issue. The notion that Soshin conspired to fix prices as alleged simply is not plausible. *See William O. Gilley Enters., Inc. v. Atl. Richfield Co.,* 588 F.3d 659, 662 (9th Cir. 2009) (in antitrust context, "a court must determine whether an antitrust claim is 'plausible' in light of basic economic principles") (citing *Twombly,* 550 U.S. at 556).

In addition, Arrow's allegations about Soshin are not economically sensible, a requirement for antitrust conspiracies to be plausible in the Ninth Circuit. *See, e.g., Bay Area Surgical Mgmt. v. Aetna Life Ins.*, 166 F. Supp. 3d 988, 996 (N.D. Cal 2015) (explaining antitrust conspiracy allegations "must make economic sense," and dismissing complaint without "economic rationality") (citing *Adaptive Power Solutions,* 141 F.3d at 952)). The allegation that Soshin conspired to fix capacitor prices in the United States where it did not sell capacitors is not economically rational – because it would not make economic sense for Soshin to conspire to

---

[7] The Complaint states no facts showing a direct agreement involving Soshin and, after a thorough investigation, the U.S. Department of Justice issued Soshin a "no prosecution letter" in 2016. [Master Dkt. No. 1423-3.]

[8] Likewise, the Complaint's unexplained, stray references to sales "abroad," "worldwide," and "international" [*see* Fn. 3, *supra*], are far too vague to support an inference that such unidentified sales motivated Soshin and its alleged conspirators to conspire as alleged. *See Twombly*, 550 U.S. at 557 (explaining that allegations require factual enhancement).

- 7 -

increase prices paid to its competitors but not to itself. This is demonstrated in *Hu Honua Bioenergy, LLC v. Hawaiian Electric Industries, Inc.*, where the district court found allegations that HEP conspired to exclude a competitor from a market where HEP did not do business to be economically irrational and dismissed the claims against HEP. No. 16-00634 JMS-KJM, 2018 WL 491780, *15-16 (D. Haw. Jan. 19, 2018) ("the FAC's conspiracy theory as to HEP makes no 'economic sense'") (quoting *Adaptive Power Solutions,* 141 F.3d at 952)). Arrow's allegations that Soshin conspired to fix prices in a market where it did not sell film capacitors likewise is economically irrational.

With no U.S. sales, Soshin would have no reason to conspire on U.S. prices as alleged, making Arrow's conspiracy claims as to Soshin implausible and economically irrational, requiring dismissal. *See William O. Gilley Enters.,* 588 F.3d at 662.

### C. Absent U.S. Film Capacitor Sales by Soshin, Arrow's Complaint Fails to Plead the Required FTAIA Elements

The Court's FTAIA Phase I Order determined that antitrust claims for non-U.S. capacitors sales – which encompasses all of Soshin's film capacitor sales during the relevant time – are outside the Sherman Act's reach unless they meet the FTAIA's two-prong "domestic effects" exception. *See* FTAIA Phase I Order at 8. This exception requires allegations that (1) the non-U.S. conduct "must have had a 'direct, substantial and reasonably foreseeable" effect on U.S. domestic commerce" and (2) "this domestic effect must have 'given rise to' the Sherman Act claim." *Id*. (quoting 15 U.S.C. § 6a and citing *In re Dynamic Random Access Memory (DRAM) Antitrust Litig*., 546 F.3d 981, 985-86 (9th Cir. 2008)). The Ninth Circuit recently clarified that the FTAIA's requirements are "substantive elements under the Sherman Act," and must be alleged to withstand a Rule 12(b)(6) motion. *United States v. Hsiung*, 758 F.3d 1074, 1088 (9th Cir. 2014). Stripped of allegations about Soshin's U.S. sales, the Complaint does not plausibly allege either of the "domestic effects" elements as to Soshin and therefore it is beyond the Sherman Act's reach.

### 1. The Complaint does not plausibly allege that Soshin's conduct had a "direct, substantial, and reasonably foreseeable" domestic effect

Both parts of the first prong of the domestic effects exception – "direct, substantial, and reasonably foreseeable" – must be plausibly alleged to satisfy this prong. *See United States v. LSL Biotechnologies*, 379 F.3d 672, 679 (9th Cir. 2004). This prong is assessed with an objective standard: "the requisite 'direct' and 'substantial' effect must have been reasonably 'foreseeable' to an objectively reasonable person." *Animal Sci. Prods. v. China Minmetals Corp.*, 654 F.3d 462, 471 (3d Cir. 2011). Arrow fails to plead any fact plausibly suggesting that Soshin could "reasonably foresee" its conduct would have a direct and substantial effect on U.S. commerce.

To the contrary, Soshin did not sell film capacitors in the United States. [*See* § III.B., *supra*.] An objectively reasonable business that sold no film capacitors in the United States would not reasonably foresee affecting the U.S. market for film capacitors, and it certainly would not foresee causing both direct and substantial effects in the U.S. market. This deficiency alone warrants dismissal. *Cf. Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 414-15 (2d Cir. 2014) (explaining that domestic effects exception consists of "two distinct causation inquiries," and claims are dismissed if either part is not plead).

Arrow's few allegations specific to Soshin also fail to plead plausibly that Soshin reasonably foresaw causing direct effects in the U.S. market.[9] Arrow merely alleges that Soshin sometimes attended association meetings in Asia. [Arrow Dkt. No. 1 ¶¶ 182(a)-(e), (i), (m)-(n), (p), (t), (x)-(bb), (ee), (hh), (jj), (kk), (ddd)]. Almost none of the alleged meetings attended by Soshin allegedly addressed film capacitors or the U.S. market. [*Id*. at ¶¶ 182(a), (c).] And none of Arrow's allegations state facts about the alleged meetings which would have notified a business with no U.S. film capacitor sales like Soshin that it would be causing direct and substantial effects in the U.S. market.

### 2. The Complaint does not plausibly allege that Soshin's conduct had a domestic effect that "gave rise to" Arrow's claim

The second prong of the exception – the domestic effect must have "given rise to" the

---

[9] Of course the Complaint recites the FTAIA's language and alleges without explanation that its requirements are satisfied. [Arrow Dkt. No. 1 ¶ 26.] But this formulaic recitation of claim elements is entitled to no weight. *See Twombly*, 550 U.S. at 555.

- 9 -

Sherman Act claim – requires plausible allegations that the domestic effect of Soshin's conduct proximately caused Arrow's alleged injury. *See DRAM*, 546 F.3d at 988. This prong rarely is met for parties like Soshin with no U.S. sales. *See* FTAIA Phase I Order at 11 (explaining prong "leaves only a small opening for plaintiffs").

Arrow falls well short of plausibly alleging the "gave rise to" exception. The Complaint states no facts showing a causal link between the alleged fixed prices for capacitors sold to U.S. purchasers and the alleged fixed prices for foreign capacitors sales. Indeed, Arrow does not even attempt to establish this causal link with foreign sales; the Complaint instead focuses on alleging harm to U.S. purchasers from alleged price fixing in the United States. [*See* § III.A., *supra*.] Arrow simply does not try to allege a theory that could meet this prong for parties like Soshin with no U.S. sales of the allegedly fixed-price product.

Courts routinely dismiss antitrust claims based on foreign sales, such as Arrow's claim against Soshin, for failure to plead that domestic effects gave rise to claims against foreign sellers. For instance, Judge Illston ruled that plaintiffs failed to plead the exception in a price fixing claim against foreign sellers of LCD panels, when plaintiffs did not plead facts showing their alleged overpayments for domestic LCD purchases caused plaintiffs' alleged injury from their foreign LCD purchases. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 12-3802 SI, 2013 U.S. Dist. LEXIS 39606, *52-53 (N.D. Cal. Mar. 20, 2013). For the same reason, Judge Hamilton dismissed antitrust claims against foreign sellers of MIO when the complaint failed to allege domestic price fixing of MIO caused alleged injury to foreign purchasers of MIO. *See eMag Solutions, LLC v. Toda Kogyo Corp.*, No. C 02-1611 PJH, 2005 WL 1712084, *6 (N.D. Cal. July 20, 2005). These decisions are consistent with rulings across the country.[10]

This Court previously observed that claiming foreign sales within the reach of the

---

[10] *See, e.g., Biocad, JSC v. F. Hoffman-La Roche, Ltd.*, No. 16 Civ. 4226 (RJS), 2017 WL 4402564, *10 (S.D.N.Y. Sept. 30, 2017) (dismissing antitrust claims based on foreign purchases when complaint failed to pled how alleged domestic fixed prices caused injury from the foreign purchases); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2016 WL 6138600, *8 (E.D. Mich. Oct. 21, 2016) (same); *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13 Civ. 7789 (LGS), 2016 U.S. Dist. LEXIS, *56-57 (S.D.N.Y. Sept. 20, 2016) (same).

Sherman Act is akin to getting through the eye of a needle. *See* FTAIA Phase 1 Order at 11. Arrow does not accomplish this feat, when stripped of its improper conclusory claims about Soshin. The Complaint fails to plead any fact plausibly suggesting Soshin could "reasonably foresee" its conduct outside the United States would have a direct and substantial effect on U.S. commerce; and the Complaint does not even try to state facts showing how alleged U.S. fixed prices caused harm to Arrow in any foreign purchases of capacitors.

## V. SOSHIN SHOULD BE DISMISSED AS A PARTY TO ARROW'S COMPLAINT

With no plausible claims as to Soshin – due to no plausible allegations that Soshin conspired or that Soshin sold film capacitors within the Sherman Act's reach – Soshin should be dismissed as a party to the Complaint. Rather than repeat previously submitted arguments on this legal issue, Soshin incorporates by reference pages 11-13 of its motions to dismiss the Avnet and Benchmark Complaints that explain Soshin should be dismissed because:

- Dismissing Soshin would carry out *Twombly's* instruction to relieve parties from the huge burden of litigating implausible antitrust claims. *See* 550 U.S. at 558-60.

- Dismissing Soshin would effectuate FTAIA's purpose of "removing" from the Sherman Act's "reach" all foreign transactions with no direct, substantial, and reasonably foreseeable effect on domestic commerce. *F. Hoffmann-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 161-63 (2003).

- Dismissing Soshin would be consistent with the few decisions by other courts that addressed the party status of entities outside the FTAIA's reach. *See, e.g.*, *Empagran S.A. v. F. Hoffman-La Roche, Ltd.*, No. 00-1686 (TFH), 2001 WL 761360, *1 (D.D.C. June 7, 2001) (dismissing foreign defendants outside reach of FTAIA even though they allegedly conspired with others making U.S. sales).

- The common law concept of joint and several liability should not prevent dismissal, because common laws necessarily yield to the FTAIA enacted by Congress. *See Milwaukee v. Illinois*, 451 U.S. 304, 314 (1981) (stating "federal common law is 'subject to the paramount authority of Congress'") (citation omitted).

[MDL Dkt. Nos. 155, 156.]

///
///
///
///
///

## VI. **CONCLUSION**

For the foregoing reasons, Soshin respectfully requests that the Court enter an Order dismissing all claims asserted against Soshin in Arrow's Complaint and dismissing Soshin as a party to that Complaint.

Dated: July 23, 2018  BAKER & HOSTETLER LLP

By: / */s/ C. Dennis Loomis* .
C. Dennis Loomis (Bar No. 82359)

BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310. 820.8800
Facsimile: 310.820.8859
Email: cdloomis@bakerlaw.com

*/s/ John R. Fornaciari*
John R. Fornaciari (admitted *pro hac vice*)
Danyll W. Foix (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave. N.W., Suite 1100
Washington, D.C. 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783
Email: jfornaciari@bakerlaw.com

*Attorneys for Defendants Soshin Electric Co., Ltd and Soshin Electronics of America Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In RE CAPACITORS ANTITRUST LITIGATION,<br><br>This Document Relates to:<br><br>*Arrow Electronics, Inc. v. ELNA Co., Ltd. et al.*, No. 3:18-cv-02657-JD | Master File No. 14-cv-03264-JD<br><br>Hon. James Donato<br><br>**[PROPOSED] ORDER GRANTING SOSHIN ELECTRIC CO., LTD. AND SOSHIN ELECTRONICS OF AMERICA INC.'S MOTION TO DISMISS ARROW ELECTRONIC, INC.'S COMPLAINT** |

Upon consideration of the Motion by Defendants Soshin Electric Co., Ltd. and Soshin Electronics of America, Inc. (collectively "Soshin") to Dismiss the Complaint of Arrow Electronic, Inc. ("Arrow") pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion") as well as any responses, replies, argument, and other matters properly subject to judicial notice, and GOOD CAUSE appearing therefor;

THE COURT HEREBY ORDERS:

1. The Motion is GRANTED;

2. All claims asserted against Soshin in Arrow's Complaint are dismissed with prejudice as to Soshin; and

3. Soshin is dismissed as a named Defendant to Arrow's Complaint.

IT IS SO ORDERED.


Dated: _____          By: _____
                                    The Hon. James Donato
                                    District Court Judge