1  C. Dennis Loomis (Bar No. 82359)
   **BAKER & HOSTETLER LLP**
2  11601 Wilshire Blvd., Suite 1400
   Los Angeles, CA 90025-0509
3  Telephone: 310. 820.8800
   Facsimile: 310.820.8859
4  Email: cdloomis@bakerlaw.com

5  John R. Fornaciari (admitted *pro hac vice*)
   Danyll W. Foix (admitted *pro hac vice*)
6  **BAKER & HOSTETLER LLP**
   1050 Connecticut Ave. N.W., Suite 1100
7  Washington, D.C. 20036
   Telephone: 202.861.1500
8  Facsimile: 202.861.1783
   Email: jfornaciari@bakerlaw.com

*Attorneys for Defendants
Soshin Electric Co., Ltd. and
Soshin Electronics of America Inc.*

# UNITED STATES DISTRICT COURT

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In RE CAPACITORS ANTITRUST LITIGATION,<br><br>This Document Relates to:<br><br>*Arrow Electronics, Inc. v. ELNA Co., Ltd. et al.*, No. 3:18-cv-02657-JD | Case No. 17-md-2801<br><br>Hon. James Donato<br><br>**REPLY OF SOSHIN ELECTRIC CO., LTD. AND SOSHIN ELECTRONICS OF AMERICA INC. IN SUPPORT OF MOTION TO DISMISS ARROW ELECTRONIC, INC.'S COMPLAINT**<br><br>DATE: August 30, 2018<br>TIME: 10:00 A.M.<br>CTRM: 11 |

# **TABLE OF CONTENTS**

I. ARROW'S CONCLUSORY ALLEGATIONS ABOUT SOSHIN ARE NOT ENTITLED TO THE PRESUMPTION OF TRUTH ................................................................................ 1

    A. Courts Disregard Conclusory Sales Allegations Similar to Arrow's ..................... 2

    B. The Other Boilerplate Allegations Mentioned by Arrow Cannot Provide Necessary Factual Enhancement ................................................................................ 3

    C. Arrow's Cut-and-Paste Strategy Further Confirms the Allegations are Not Believable ................................................................................................................ 3

    D. The Court May Consider Soshin's Undisputed, Public Sales Information ............. 4

    E. Common Sense Dictates that Arrow's Allegations of U.S. Sales by Soshin Should Not be Credited at this Litigation Stage ................................................................... 6

II. ARROW DID NOT ESTABLISH THE ALLEGED CONSPIRACY IS PLAUSIBLE OR THE FTAIA CAN BE SATISFIED ABSENT U.S. SALES BY SOSHIN ........................ 7

III. SOSHIN SHOULD BE DISMISSED AS A PARTY ............................................................. 8

IV. CONCLUSION ....................................................................................................................... 10

- i -

CASE NO. 17-MD-2801 (RELATING TO CASE NO. 3:18-CV-02657-JD)
SOSHIN'S REPLY IN SUPPORT OF MOTION TO DISMISS ARRROW'S COMPLAINT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abu Maisa, Inc. v. Google, Inc.*,
   No. 15-cv-06338-JST, 2016 WL 7178580 (N.D. Cal. Dec. 8, 2016) ......................................... 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................... 1, 2, 3, 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 2

*Beltz Travel Serv. v. Intern. Air Trans. Ass'n*,
   620 F. 2d 1360 (9th Cir. 1980) ............................................................................................. 8

*Brown v. Ameriprise Fin. Servs., Inc.*,
   276 F.R.D. 599 (D. Minn. 2011) ........................................................................................... 4

*Cady v. Anthem Blue Cross Life and Health Ins. Co.*,
   583 F.Supp.2d 1102 (N.D. Cal. 2008) .................................................................................. 2

*Empagran S.A. v. F. Hoffman-La Roche, Ltd.*,
   No. 00-1686 (TFH), 2001 WL 761360 (D.D.C. June 7, 2001) ............................................ 9

*F. Hoffmann-La Roche Ltd. v. Empagran S.A.*,
   542 U.S. 155 (2004) ........................................................................................................... 10

*Hott v. City of San Jose*,
   92 F. Supp. 2d 996 (N.D. Cal. 2000) .................................................................................... 4

*Hu Honua Bioenergy, LLC v. Haw. Elec. Indus., Inc.*,
   No. 16-00634-JMS-KJM, 2018 WL 491780 (D. Haw. Jan. 19, 2018) ................................. 7

*Huy Thanh Vo v. Nelson & Kennard*,
   931 F. Supp. 2d 1080 (E.D. Cal. 2013) ................................................................................ 4

*In re C.F. Bean L.L.C.*
   No. 1:13cv77-HSO-RHW, 2015 WL 420211 (S.D. Miss. Feb. 2, 2015) ............................. 2

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   No. C-0705944-SC, 2013 WL 5425183 (N.D. Cal. Sept. 26, 2013) .................................... 6

*MegaSun, Inc. v. KBL Am., Inc.*,
   No. 4:10CV1752SNLJ, 2011 WL 1883240 (E.D. Mo. May 17, 2011) ................................ 2

*MGIC Indem. Corp. v. Weisman*,
   803 F.2d 500 (9th Cir. 1986) ................................................................................................ 5

*Milwaukee v. Illinois*,
    451 U.S. 304 (1981)..................................................................................................9

*Minn-Chem Inc. v. Agrium, Inc.*,
    683 F. 3d 845 (7th Cir. 2012)....................................................................................7

*Monday v. McDonnell*,
    No. CV-16-4040 (PA), 2016 WL 7107213 (C.D. Cal. Nov. 30, 2016) .....................6

*Reyn's Pasta Bella, LLC v. Visa USA Inc.*,
    442 F.3d 741 (9th Cir. 2006).....................................................................................4

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001)..........................................................................1, 2, 3, 4

*United States v. Hsiung*,
    758 F.3d 1074 (9th Cir. 2014)...................................................................................8

*Washington v. Utility Trailer Mfg. Co.,*
    No. 1:13-cv-610-WEF, 2014 WL 2831189 (M.D. Ala. June 23, 2014) ....................4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -

CASE NO. 17-MD-2801 (RELATING TO CASE NO. 3:18-CV-02657-JD)
SOSHIN'S REPLY IN SUPPORT OF MOTION TO DISMISS ARRROW'S COMPLAINT

Arrow's Response confirms the critical importance of Arrow's conclusory allegations that Soshin sold film capacitors in the United States. Arrow relies exclusively on these allegations to suggest it sufficiently alleged Soshin participated in the alleged conspiracy to fix capacitor prices in the United States. [Resp. 2.] Arrow also relies on the same conclusory allegations to argue its failure to allege FTAIA's two-prong "domestic effects" exception as to Soshin is harmless error, because Soshin allegedly sells film capacitors in the United States. [*Id.* 5.] Arrow's joint and several liability theories likewise depend on alleged U.S. sales by Soshin [*id.* 8-9], as it is these sales that purportedly make plausible Soshin's participation in the conspiracy alleged.

Despite the plausibility of its claims depending entirely on U.S. sales by Soshin, Arrow fails to establish its allegations that Soshin "manufactured, sold, or distributed film capacitors … to United States purchasers" [Motion 3-4] are well pled and should be believed by this Court. Arrow failed to cite even a single authority presuming the truth of such cut-and-paste, boilerplate allegations, and omitted cases rejecting the exact sort of allegations and dismissing claims.

The common sense courts are to apply to motions to dismiss counsels against crediting Arrow's conclusory allegations in this situation – where the unexplained allegations themselves are suspect, discovery has concluded, public information the Court may consider is obviously contrary to the allegations, and Arrow can point to no evidence actually supporting the allegations. Since Arrow as much as admits that its claims against Soshin cannot survive without these improper allegations, the Motion should be granted.

## I. ARROW'S CONCLUSORY ALLEGATIONS ABOUT SOSHIN ARE NOT ENTITLED TO THE PRESUMPTION OF TRUTH

Arrow's overarching argument is the Court must accept as true the allegations that Soshin sold film capacitors in the United States, simply because this is alleged in Arrow's complaint. [Resp. 2-3.] But Arrow, remarkably, omits the black letter law that allegations are *not* presumed true when they are conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (courts need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Arrow's conclusory allegations here should not be believed for multiple reasons.

- 1 -

### A. Courts Disregard Conclusory Sales Allegations Similar to Arrow's

Arrow argues for pages that single-sentence allegations that Soshin "sold, manufactured, or distributed" film capacitors in the United States are not conclusory [Resp. 2-5], but Arrow cites not a single authority that actually considered this specific sort of allegation.[1]

Contrary to Arrow's argument, its allegations are conclusory because they have no factual enhancement. *See Iqbal*, 556 U.S. at 678. Arrow simply asserts Soshin manufactured and sold film capacitors in the United States, and says nothing more. Arrow does not allege, for example, where in the country such manufacturing supposedly occurred, or which of the many types of film capacitors Soshin supposedly made. Similarly, Arrow does not allege what supposedly was sold, or who Soshin supposedly sold to, in the United States. This enhancement is especially necessary for Soshin to know the scope of the entirely hypothetical world in which it is alleged to have done business, when Soshin had no U.S. manufacturing or sales of film capacitors. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007) (explaining defendants must be given "fair notice" of claims).

It follows that courts considering allegations like Arrow's find them conclusory and dismiss them. Thus, in a nearly identical case, *MegaSun, Inc. v. KBL America, Inc.*, plaintiff sued a party that allegedly "manufactures, distributes and sells" products at issue in the United States. No. 4:10CV1752SNLJ, 2011 WL 1883240, at *1 (E.D. Mo. May 17, 2011). Defendant moved to dismiss based on a declaration and public information showing it did no business in the United States as alleged. *See id*. at *3-4. Finding plaintiff's unexplained allegations of defendant's U.S. sales "totally barren," the court dismissed the claim, reasoning plaintiff's allegations offered nothing but "mere speculation" in response to the motion to dismiss. *Id*. at *5-6. Similarly, in *In re C.F. Bean L.L.C.*, plaintiff sued a party that allegedly "manufactured, sold, or distributed" the

---

[1] Arrow cites a few cases for general pleading principles. Arrow's main case, *Fanerjian*, <u>supports</u> dismissal, because Judge Orrick dismissed claims that, as here, relied on conclusory, unexplained assertions that defendant did business in the United States. As for the others, Arrow suggests *Gilead Sciences* defined "conclusory" as allegations that require "unwarranted deductions" or "unreasonable inferences" [Resp. 4], but it actually only stated that courts "need not accept as true conclusory allegations, <u>nor</u> make unwarranted deductions or unreasonable inferences." 266 F. 3d 979, 988 (9th Cir. 2001). *Cady* did not consider allegations as conclusory as Arrow's, so it is inapt. 583 F.Supp.2d 1102, 1108 (N.D. Cal. 2008).

- 2 -

product at issue.  No. 1:13cv77-HSO-RHW, 2015 WL 420211, at *1 (S.D. Miss. Feb. 2, 2015).  It moved to dismiss, relying on a filing in another court showing defendant did not sell the product.  *See id*.  As here, plaintiff argued the filing could not be considered and its allegation must be accepted; but the court concluded it could consider public documents, did not credit the conclusory sales allegations, and dismissed the claim.  *See id*. at *2-3.

As in the cases Arrow omitted, single-sentence assertions of Soshin's purported U.S. sales, with no factual support, are conclusory and should not be presumed true.

**B.    The Other Boilerplate Allegations Mentioned by Arrow Cannot Provide Necessary Factual Enhancement**

Arrow attempts to rehabilitate its conclusory sales allegations by arguing that it makes "extensive allegations regarding Soshin's sales in the United States." [Resp. 3.]  But a review of these allegations reveals they too are conclusory, boilerplate allegations that add nothing.

The entirety of Arrow's "extensive" allegations that actually refer to purported U.S. sales consists of (1) an allegation that a U.S. subsidiary sells Soshin's film capacitors in the United States and (2) an allegation that Soshin directs those sales.  [*Id*.]  Ironically, both are cut-and-paste copies of the same generic allegations made about other Defendants [*e.g*., Arrow Dkt. No. 1 ¶¶ 212. 215, 222, 225, 232, 235, 245, 254], so even Arrow's "extensive" allegations are boilerplate, state no facts specific to Soshin, and should not be credited, *see, e.g., Sprewell*, 266 F.3d at 988; *Washington*, 2014 WL 2831189, at *3.  Moreover, these allegations are far too conclusory to be presumed true – neither single-sentence assertion states any fact that could make the alleged U.S. sales believable.  [Arrow Dkt. No. 1 ¶¶ 212, 215.]  In fact, Arrow's "extensive" allegations actually are nothing more than two faulty circular assertions, with each merely referring to the other's presumed U.S. sales by Soshin but neither stating any facts supporting the existence of those presumed sales.

**C.    Arrow's Cut-and-Paste Strategy Further Confirms the Allegations are Not Believable**

The conclusory, vacant nature of Arrow's allegations is further confirmed by the fact that they are merely cut-and-paste copies of the same allegations Arrow makes about other Defendants.

- 3 -

Arrow copies and pastes the same one-sentence, conclusory assertions that Soshin sold capacitors in the United States for Soshin the same as for all of the other 15 Defendants. [Motion 3-4.] Cut-and-paste allegations presume every party is similarly situated and, by their very nature, provide none of the factual enhancement necessary for allegations to be well-pled. For these reasons, courts considering cut-and-paste allegations are not required to credit them, consistent with the Ninth Circuit's instruction that courts may disregard conclusory allegations. *See Sprewell*, 266 F.3d at 988. In *Washington v. Utility Trailer Manufacturing Company*, for example, the court did not credit cut-and-paste allegations that repeated identical assertions about 12 different parties. No. 1:13-cv-610-WEF, 2014 WL 2831189, at *1 (M.D. Ala. June 23, 2014). In dismissing the claims, the court explained that cut-and-paste allegations are not well-pled because they fail to state specific facts that correspond to each of the parties, as is necessary when the parties are not similarly situated. *See id*. at *3.

Arrow's identical allegations about 16 Defendants (including Soshin) all purportedly selling exactly the same way in the United States suffer from the fatal deficiency identified in *Utility Trailer:* Arrow's cut-and-paste strategy fails to account for any material differences among the 16 Defendants in this case – such as the very likely fact that some of the 16 Defendants manufacture or sell differently, or not at all in the United States. Such mindless cutting and pasting of the same allegations for numerous parties not only deserves no presumption of truth, it also causes serious concern about the existence of the necessary factual foundation on the part of those making the allegations. *See Brown v. Ameriprise Fin. Servs., Inc.*, 276 F.R.D. 599, 610 (D. Minn. 2011) (striking cut-and-paste allegations that were not supported by factual foundation as is required by Rule 11).

### D. The Court May Consider Soshin's Undisputed, Public Sales Information

Arrow wrongly asserts that the Court is prohibited from considering anything outside the conclusory allegations. [Resp. 4.] In truth, however, the Ninth Circuit permits this Court to consider external information when determining whether to credit Arrow's conclusory allegations, *see, e.g., Reyn's Pasta Bella, LLC v. Visa USA Inc.*, 442 F.3d 741, 746 n.6 (9th Cir.

- 4 -

CASE NO. 17-MD-2801 (RELATING TO CASE NO. 3:18-CV-02657-JD)
SOSHIN'S REPLY IN SUPPORT OF MOTION TO DISMISS ARRROW'S COMPLAINT

2006), and numerous courts have done so contrary to Arrow's assertion.[2]

On this motion in particular, the Court should consider the information showing Soshin sold no film capacitors in the United States. In the Ninth Circuit, courts may consider information that is public record and not reasonably disputed. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Soshin's sales information, attached to the Miyakawa Declaration, easily satisfies these requirements. It was filed on the Court's docket in January 2017 [Master Dkt. No. 1423-1], long before Arrow filed its complaint in April 2018 [Arrow Dkt. No. 1]. It reports Soshin's actual sales data, confirming no U.S. sales, and this cannot be reasonably disputed. Soshin produced this data to the parties in 2015, Soshin produced 30(b)(6) witnesses who testified on Soshin's sales data and film capacitor sales (confirming none in the United States) and, significantly, fact discovery has now closed on this record. [MDL Dkt. No. 282.] And even more telling, Soshin recently filed motions challenging several Plaintiffs (in addition to Arrow) to show support for their alleged U.S. sales by Soshin, and not a single Plaintiff could do so after years of discovery and litigation expenses borne by Soshin.[3]

Arrow's effort to avoid reconciling its conclusory allegations with public information by dubbing Soshin's sales data "self-serving," and a "*post hoc*" actually demonstrates why the data should be considered. [Resp. 6-7.] Contrary to Arrow's argument that the data is *post hoc* and, therefore, improper, the data was filed *before* Arrow's complaint. Arrow's argument that the data is "self-serving" implies it was invented for litigation, but it is reported from a business database maintained since 2001. [Master Dkt. No. 1423-1 ¶ 10.] Arrow's criticisms are not valid.

---

[2] *See, e.g., Abu Maisa, Inc. v. Google, Inc.*, No. 15-cv-06338-JST, 2016 WL 7178580, at *2, n.1 (N.D. Cal. Dec. 8, 2016) (taking judicial notice of court filings on motion to dismiss); *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1085 (E.D. Cal. 2013) (same); *Hott v. City of San Jose,* 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of memoranda and orders filed in state court cases).
[3] Soshin's recent motions:
- Soshin's motion for summary judgment established no U.S. sales of film capacitors [Master Dkt. No. 1423], and in response DPPs identified no such sales by Soshin [Master Dkt. No. 1473].
- Avnet and Benchmark could not identify a single U.S. film capacitor sale by Soshin in response to a Rule 11 motion showing they lack the factual foundation to persist with their allegations that Soshin sells film capacitors in the United States. [MDL Dkt. No. 182.]
- In response to Soshin's motions to dismiss complaints that improperly allege U.S. film capacitor sales by Soshin [MDL Dkt Nos. 155 and 156], Avnet and Benchmark could point to no U.S. sales by Soshin [MDL Dkt. Nos. 185 and 186].

- 5 -

CASE NO. 17-MD-2801 (RELATING TO CASE NO. 3:18-CV-02657-JD)
SOSHIN'S REPLY IN SUPPORT OF MOTION TO DISMISS ARRROW'S COMPLAINT

Arrow's argument that the Court cannot consider the truth of Soshin's sales data is misplaced. [Resp. 7.] The two cases cited by Arrow where the court declined to consider the truth of external information (*Lee* and *Herb Goetz*) did so only because the information was hotly contested or not capable of ready determination. This reasoning does not apply here because Soshin's U.S. sales cannot be reasonably disputed – indeed, no party (not even Arrow) has contested the substance of the Declaration or Soshin's sales data, not even when challenged to do so in recent motions. None of Arrow's arguments provide any reason for the Court to ignore Soshin's publicly-filed sales information that, after the close of discovery, no party could (or has) reasonably disputed.

E. **Common Sense Dictates that Arrow's Allegations of U.S. Sales by Soshin Should Not be Credited at this Litigation Stage**

The Supreme Court instructs district courts to rely on common sense and judicial experience when evaluating complaint allegations under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678 (explaining inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

In similar situations, other courts, applying common sense and judicial experience, have weeded out suspect claims like Arrow's with dismissals. An illustrative case is *In re Cathode Ray Tube (CRT) Antitrust Litigation*, where the court dismissed an opt out claim. Relying on its judicial experience, the court was reticent to credit opt out plaintiff's conclusory allegations made deep into the litigation, reasoning that "Plaintiffs should be able to provide something more than boilerplate allegations" and "[i]f these claims are true, the Court cannot see why Plaintiffs did not plead anything beyond threadbare allegations." No. C-0705944-SC, 2013 WL 5425183, at *2 (N.D. Cal. Sept. 26, 2013); *Monday v. McDonnell*, No. CV-16-4040 (PA), 2016 WL 7107213, at *5 (C.D. Cal. Nov. 30, 2016) (dismissing complaint after "significant discovery related activities" and explaining "[i]f Plaintiff had the facts to allege a viable federal claim, he should have been able to do so by now").

The same reasoning applies to Arrow's allegations. Its allegations are made years after Soshin produced sales data and 30(b)(6) witnesses (and a year after filing sales data). If Arrow's

- 6 -

CASE NO. 17-MD-2801 (RELATING TO CASE NO. 3:18-CV-02657-JD)
SOSHIN'S REPLY IN SUPPORT OF MOTION TO DISMISS ARRROW'S COMPLAINT

1  claims about Soshin's U.S. sales were true, Arrow should have (and would have) pleaded more
2  than conclusory allegations.  Common sense counsels against crediting Arrow's conclusory
3  allegations in this situation – where the allegations themselves are suspect, discovery has
4  concluded, Arrow can point to no evidence actually supporting the allegations, and simply
5  presuming them true them undeservedly will saddle Soshin with significant expenses for
6  defending against the claims as the case is allowed to go forward.

**II.     ARROW DID NOT ESTABLISH THE ALLEGED CONSPIRACY IS PLAUSIBLE OR THE FTAIA CAN BE SATISFIED ABSENT U.S. SALES BY SOSHIN**

Absent the improper assertions about Soshin selling capacitors in the United States, Soshin showed that Arrow cannot plead a plausible or economically sensible claim of conspiracy by Soshin to fix the prices of capacitors sold in the United States.  [Motion 6-8.]  Arrow's flawed and misleading response fails to change this common sense outcome.

Arrow argues that "lengthy and detailed" allegations plausibly demonstrate Soshin joined the alleged conspiracy.  [Resp. 9-10.]  But the few referenced allegations merely attempt to explain a conspiracy to fix prices in the United States, and for the most part concern parties other than Soshin.  None of these allegations are capable of making Arrow's alleged U.S. price fixing conspiracy plausible as to Soshin, when Soshin had no U.S. sales.  Arrow's own argument confirms, rather than rebuts, Soshin's commons sense position that the alleged conspiracy is implausible as to Soshin when Arrow's conclusory allegations are rightly given no credit.[4]

Arrow's claim that the Court already rejected "similar arguments" by Soshin misstates prior rulings.  Arrow claims the Court already ruled on summary judgment that "there is

---

[4] Anticipating the common sense outcome that it is not economically rational for Soshin to conspire to fix prices in a country where it does not sell the product, Arrow cites *Minn-Chem Inc. v. Agrium, Inc.*, 683 F. 3d 845 (7th Cir. 2012). [Resp. 10.] *Minn-Chem* is inapt because its conspiracy theory was completely different: Plaintiffs alleged prices were fixed in foreign countries for the economic benefit of conspirators selling outside and inside the United States. *See id*. at 848.  In contrast, Arrow alleges nothing about Soshin's sales or incentives outside the United States which could make it rational for Soshin to conspire on prices in the United States. *See Hu Honua Bioenergy, LLC v. Haw. Elec. Indus., Inc.*, No. 16-00634-JMS-KJM, 2018 WL 491780, *15-16 (D. Haw. Jan. 19, 2018) (dismissing allegations that a defendant conspired on a market where it did no business because they "make[] no 'economic sense'") (citation omitted).

- 7 -

sufficient evidence of Soshin's participation in the conspiracy… to go to trial." [Resp. 9.] Arrow cites no such ruling – because there is none! Arrow also suggests that the Court's dismissal ruling on DPP's allegations dealt with the adequacy of allegations of U.S. sales – but, in fact, this subject was neither raised nor resolved in the class litigation. There is no "law of the case" that salvages Arrow's conclusory allegations.

Soshin also showed that Arrow's claims should be dismissed because it failed to allege the "domestic effects" elements necessary to bring Soshin's non-U.S. conduct within the Sherman Act's reach. [Motion 8-11.] As it must, Arrow concedes it did not allege "domestic effects." [Resp. 5.] Consequently, Arrow's claims against Soshin, lacking properly alleged U.S. sales by Soshin, should be dismissed for failure to plead the FTAIA's required elements. *See United States v. Hsiung*, 758 F.3d 1074, 1088 (9th Cir. 2014) (explaining FTAIA requirements are "substantive elements" that must be must be alleged to withstand Rule 12(b)(6) motions).

### III. SOSHIN SHOULD BE DISMISSED AS A PARTY

Arrow's fallback argument is that claims against Soshin should not be dismissed because Soshin is jointly-and-severally liable for the alleged conspiracy's effects in the United States. [Resp. 8-9.] This argument, of course, presumes Soshin participated in the alleged conspiracy. As noted, without Soshin selling film capacitors to the United States, Arrow has not plausibly alleged Soshin joined and participated in a purported conspiracy that fixed prices of capacitors sold to U.S. purchasers, which is a perquisite for resort to joint and several liability. *See Beltz Travel Serv. v. Intern. Air Trans. Ass'n*, 620 F. 2d 1360, 1367 (9th Cir. 1980).

Arrow similarly argues that it need not plausibly allege the FTAIA's requirements as to Soshin, because "***the FTAIA does not apply***" in conspiracy cases given joint and several liability [Resp. 8 (emphasis added)] – a radical recast of the FTAIA which would eliminate its application to conspiracy cases. As its only support, Arrow cites the Court's statement about its FTAIA Phase 1 Order not being "intended to trump or vacate joint and several liability." [Resp. 9 (citing Master Dkt. No. 1302).] But Soshin does not understand the Court's oral ruling to be as sweeping as Arrow's argument presumes. The ruling does not state that the FTAIA pleading requirements are vacated; nor does it vacate the FTAIA's general exclusion of non-import foreign

- 8 -

commerce from the scope of the Sherman Act (unless the domestic effects exception is pled and satisfied). And certainly the Court did not intend for its oral ruling to abolish the FTAIA in conspiracy cases as Arrow claims,[5] or hold that joint and several liability trumps Congress' clear intent to assure parties they would be outside the reach of the Sherman Act when they do not bill, invoice, ship, or sell products in the United States.

The Court's FTAIA Phase 1 Order accordingly recognized that the concept of joint and several liability does not automatically prevent dismissing parties under the FTAIA, as Arrow's argument presumes. Rejecting "bright line rules," the Court addressed the difficulty the FTAIA imposes on plaintiffs seeking to establish the alleged conspiracy claims against defendants like Soshin that did not bill, invoice, ship, or sell the subject products in the United States. *See* FTAIA Phase 1 Order at 8-11 (observing that claiming foreign sales within the reach of the Sherman Act is like getting through the eye of a needle). This ruling is consistent with the few decisions by other courts which addressed the party status of entities outside the FTAIA's reach. *See, e.g.*, *Empagran S.A. v. F. Hoffman-La Roche, Ltd.*, No. 00-1686 (TFH), 2001 WL 761360, *1 (D.D.C. June 7, 2001) (dismissing foreign defendants outside reach of FTAIA even though they allegedly conspired with others making U.S. sales).

Not surprisingly, none of cases cited by Arrow applied joint and several liability to a party like Soshin. [Resp. 8.] The cited *Paper Systems*, *Cathode Ray Tube*, and *Hui Hsiung* decisions merely repeat generic federal common law on joint and several liability. Critically, these cases addressing FTAIA found joint and several liability only when all the defendants were selling in the United States, and none of them relied on joint and several liability to hold that the FTAIA permitted claims against a party that had no sales into the United States (like Soshin).

Soshin is aware of no reported case that squarely addressed and supports Arrow's argument. The limited authority on the application of FTAIA in alleged conspiracy cases, however, weighs in favor of dismissing Soshin as a party when there are no plausible allegations

---

[5] Arrow's also argument is contrary to the general rule that common law doctrines, such as joint and several liability, necessarily yield to laws enacted by Congress like the FTAIA. *See Milwaukee v. Illinois*, 451 U.S. 304, 314 (1981) (stating "federal common law is 'subject to the paramount authority of Congress'") (citation omitted).

- 9 -

that Soshin sold film capacitors within the Sherman Act's reach.  The position advanced by Arrow, in contrast, would effectively render the FTAIA null for conspiracy cases, and would keep foreign companies like Soshin within the Sherman Act's reach even when they have no direct, substantial, and foreseeable effect on U.S. domestic commerce which gives rise to a Sherman Act claim.  Such a result would be contrary to the FTAIA's core purpose.  *See F. Hoffmann-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 161-66 (2004) (explaining FTAIA purpose of releasing businesses that do not adversely affect the U.S. market from the Sherman Act's reach).

## IV. CONCLUSION

For the foregoing reasons, as well as those in the Motion, Soshin respectfully requests that the Court enter an Order dismissing all claims asserted against Soshin in Arrow's Complaint and dismissing Soshin as a party to that Complaint.

Dated: August 13, 2018

BAKER & HOSTETLER LLP

By: / */s/ C. Dennis Loomis* .
C. Dennis Loomis (Bar No. 82359)

BAKER & HOSTETLER LLP
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA  90025-0509
Telephone: 310. 820.8800
Facsimile:   310.820.8859
Email: cdloomis@bakerlaw.com

*/s/ John R. Fornaciari*
John R. Fornaciari (admitted *pro hac vice*)
Danyll W. Foix (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave. N.W., Suite 1100
Washington, D.C.  20036
Telephone: 202.861.1500
Facsimile:   202.861.1783
Email: jfornaciari@bakerlaw.com

*Attorneys for Defendants Soshin Electric Co., Ltd and Soshin Electronics of America Inc.*

- 10 -

CASE NO. 17-MD-2801 (RELATING TO CASE NO. 3:18-CV-02657-JD)
SOSHIN'S REPLY IN SUPPORT OF MOTION TO DISMISS ARRROW'S COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2018, I served a true and correct copy of the foregoing documents, ***REPLY OF SOSHIN ELECTRIC CO., LTD. AND SOSHIN ELECTRONICS OF AMERICA INC. IN SUPPORT OF MOTION TO DISMISS ARROW ELECTRONIC, INC.'S COMPLAINT***, by causing the document to be served on all counsel of record via the Court's CM/ECF system.

*/s/Danyll W. Foix*
Danyll W. Foix

Danyll W. Foix
**BAKER & HOSTETLER LLP**
1050 Connecticut Ave. N.W., Suite 1100
Washington, D.C. 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783
Email: dfoix@bakerlaw.com

- 11 -

CASE NO. 17-MD-2801 (RELATING TO CASE NO. 3:18-CV-02657-JD)
SOSHIN'S REPLY IN SUPPORT OF MOTION TO DISMISS ARRROW'S COMPLAINT