UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION (NO. III). | Case No. 17-md-02801-JD<br><br>**ORDER RE DISCOVERY DISPUTE** |

This order resolves the discovery dispute between plaintiff Flextronics International USA, Inc. ("Flextronics") and the ROHM defendants, which arose during the deposition of ROHM's 30(b)(6) witness and was the subject of a telephonic hearing earlier this afternoon. Dkt. No. 315.

The Court understands that the facts are: ROHM produced a summary sheet to Flextronics listing the known meetings between competitors that were attended by ROHM employees. This summary sheet reflected, at least in part, information learned by ROHM's counsel from interviews counsel conducted with ROHM employees. When Flextronics' counsel asked ROHM's 30(b)(6) witness about the particulars of these interviews from which the data reflected in the summary sheet was obtained (*e.g.*, which ROHM employees were interviewed and when), the witness was instructed not to answer on the basis of the attorney-client privilege and the attorney work product doctrine.

Counsel disagreed during the telephonic hearing about whether this is an issue the Court has previously resolved. ROHM's counsel pointed to a prior dispute between the DPPs and Panasonic. Dkt. Nos. 147, 148. While the Court did resolve that dispute in Panasonic's favor, *see* Dkt. Nos. 210 (minutes), 213 (transcript), the Court concludes after reviewing the docket that it has not squarely addressed this particular issue before.

1   The Court also concludes that the cases cited in Panasonic's letter, Dkt. No. 148 at 4-5,
2   which ROHM's counsel referred to, are distinguishable.  In particular, in *Commonwealth of*
3   *Massachusetts v. First National Supermarkets, Inc.*, 112 F.R.D. 149, 151 (D. Mass. 1986), the
4   court noted that the attorney who had conducted the internal investigation stated that "none of
5   the[] documents" that were prepared as a result of the investigation "were produced or made
6   available to the United States or to any counsel for co-defendants in the litigation."  There is
7   similarly no mention of the production of any documents prepared as a result of an internal
8   investigation in either *United States v. Rowe*, 96 F.3d 1294 (9th Cir. 1996), or *In re TFT-LCD*
9   *(Flat Panel) Antitrust Litigation*, No. M 07-1827 SI, 2009 WL 2905898 (N.D. Cal. Sept. 10,
10  2009).

11  That is a factual difference that sets this situation apart from those cases.  It makes sense
12  that in a situation like this one, Flextronics should be permitted to probe the underlying bases of
13  the information captured in a summary document that has been produced to it in connection with a
14  30(b)(6) deposition.  That is akin to testing the foundation of knowledge testified to by a witness
15  in a deposition, which is incontrovertibly something an examining party should be permitted to do.

16  Consequently, Flextronics is permitted to solicit testimony from ROHM's 30(b)(6) witness
17  about how ROHM came to know about the meetings on the chart and ROHM's attendance at the
18  meetings.  This may include questions about the names of ROHM employees interviewed by
19  counsel and the dates of those interviews.  The specific contents of the communications between
20  the ROHM employees and ROHM's counsel, however, remain privileged and protected.

21  **IT IS SO ORDERED.**

22  Dated: August 28, 2018

24  JAMES DONATO
    United States District Judge

2