

October 8, 2018

**Via ECF and First Class Mail**
Honorable James Donato
United States District Court
450 Golden Gate Avenue,
Courtroom 11, 19th Floor
San Francisco, CA 94102-3489

Re: ***In re Capacitors Antitrust Litigation*, MDL No. 17-md-2801—Discovery Dispute**

Judge Donato:

Plaintiffs Avnet, Inc., the AASI Beneficiaries' Trust, by and through Kenneth A. Welt, Liquidating Trustee, and Benchmark Electronics, Inc. (hereinafter, "Plaintiffs") write regarding a discovery dispute between Plaintiffs and Defendants Soshin Electric Co., Ltd and Soshin Electronics of America, Inc. (hereinafter, "Soshin"). The parties have met and conferred pursuant to this Court's Standing Order and the Civil Local Rules, but have reached an impasse.

In April of this year, Plaintiffs sought the depositions of eight current and former employees of Soshin, as well as the deposition of Soshin's corporate representative. After a lengthy meet and confer, Plaintiffs and Soshin agreed to postpone scheduling all fact witness depositions until after the 30(b)(6) deposition, at which time Plaintiffs would reevaluate which of the fact depositions Plaintiffs still required. Following the July 30-31 30(b)(6) deposition, Plaintiffs renewed their request for the depositions of two Soshin fact witnesses: Kanji Takahashi (former employee), and Makoto Miyakawa (current employee). Notwithstanding the parties' prior agreement that Plaintiffs could renew their request for depositions based on Plaintiffs' need, Soshin now refuses to produce either Mr. Takahashi or Mr. Miyakawa for deposition.

**Mr. Takahashi**

Kanji Takahashi was a regular attendee at the JFC meetings on behalf of Soshin from at least 2002 through 2009 when he retired. And even after his retirement, Mr. Takahashi attended several additional JFC meetings. At Soshin's 30(b)(6) deposition, Soshin's corporate representative Takashi Kamioka (who is Soshin's president) was unable to testify about any of the specific JFC meetings that Mr. Takahashi attended, and stated that Mr. Takahashi was the only individual who had personal knowledge of Soshin's participation in the JFC meetings.

Notwithstanding Mr. Takahashi's long-time involvement in the JFC meetings on behalf of Soshin, Soshin did not produce a single JFC-related document or communication of any kind, let alone any documents authored, sent, or received by Mr. Takahashi. Soshin has claimed repeatedly—both at Mr. Kamioka's (30(b)(6) deposition and in 2014 before Chinese government investigators—that Mr. Takahashi did not take notes at the JFC meetings. However, Plaintiffs discovered an email (produced by Okaya, not Soshin) authored by Mr. Takahashi containing his notes of a July 2006 JFC meeting. Plaintiffs also discovered over 360 additional emails to or from Mr. Takahashi that were produced by other participants at the JFC meetings.

*Honorable Judge Donato*
*October 8, 2018*
*Page 2*

When Plaintiffs asked Soshin why it did not produce any of these documents or emails, Soshin's counsel initially was unable to offer any explanation. After a protracted discussion, Soshin's counsel stated that Mr. Takahashi's emails were destroyed by Soshin in 2009 when Mr. Takahashi retired.

Soshin's admission that Mr. Takahashi is the only individual with knowledge of Soshin's meetings with its competitors, together with Soshin's non-existent production of relevant documents, underscores why Mr. Takahashi's deposition is so critical. Plaintiffs are entitled to inquire about Mr. Takahashi's notes of the JFC meetings—which, notwithstanding the production by Okaya, Soshin continues to maintain never existed—and Mr. Takahashi's participation in the JFC meetings.

On September 13, Plaintiffs re-requested Mr. Takahashi's deposition. Plaintiffs have offered to travel to Hong Kong to take the deposition. Soshin refused Plaintiffs proposal. Instead, Soshin takes the position that (i) Mr. Takahashi is a retired former employee who they have no control over; (ii) the subject of Mr. Takahashi's documents has already been exhausted; and (iii) it will not reach out to him unless Plaintiffs commit to traveling to Japan.

As a threshold matter, Mr. Takahashi has provided Soshin with assistance throughout this litigation, and Soshin and its counsel have demonstrated that they can call on Mr. Takahashi at a moment's notice. Soshin's conduct during the July 30(b)(6) deposition demonstrates the point. During the first day of testimony, Plaintiffs asked Mr. Kamioka about several Takahashi emails relating to JFC meetings, including a March 7, 2007 email sent by Mr. Takahashi titled "JFC General Meeting"—that was produced by Okaya, not Soshin.[1] Mr. Kamioka stated he had no information about the email. During questioning by Soshin's counsel on the second day of deposition, however, Mr. Kamioka all of a sudden was able to "explain" the email as a harmless reference to a golf outing—which he admitted was based on a telephone call he placed to Mr. Takahashi in Japan the previous evening in the presence of Soshin's counsel.[2]

The fact that Soshin violated this Court's clear prohibition in its April 25, 2014 Standing Order against substantive attorney communications with a witness during a deposition is disturbing enough. But, for Soshin now to say that it has no control over Mr. Takahashi is disingenuous at best. Soshin cannot have it both ways. Soshin cannot enlist Mr. Takahashi's help when it suits the company, and then shield him from deposition.

---

[1] The email stated "Please choose somewhere reasonable. Incidentally, Saturday is a private matter, so I think we should be careful about the addresses to which emails are sent. I told the Chairman today. *There might be a misunderstanding at some companies, which could put us between a rock and a hard place."

[2] Mr. Kamioka also admitted that he discussed the substance of his testimony with counsel during deposition breaks. When asked what was discussed during these mid-deposition conferences, or whether Mr. Kamioka was told the questions Soshin's counsel would ask in advance, Soshin's counsel instructed Mr. Kamioka not to answer.

Soshin's additional pre-condition—that Plaintiffs agree to depose Mr. Takahashi in Japan before Soshin will even consider contacting him—is a delay tactic. As Soshin is well aware, it is difficult to secure a conference room at either embassy in Tokyo or the consulate in Osaka. In fact, according to the U. S. Embassy and Consulate website, the earliest practical date where a deposition room would be available is not until January 2019. It is for this reason that Plaintiffs suggested Hong Kong as the location for the deposition.

### **Mr. Miyakawa**

Makoto Miyakawa signed the January 9, 2017 declaration that is the basis for both Soshin's Motion to Dismiss Plaintiffs' respective Complaints and Soshin's Rule 11 motion against Plaintiffs. In both motions, Soshin relies on the Miyakawa Declaration to support its position that Soshin did not sell film capacitors in the United States.

It is because of this fact that Plaintiffs originally identified Mr. Miyakawa as a 30(b)(1) witness in May of this year. And, because Mr. Miyakawa is a current Soshin employee, he is required to travel to the U.S. for deposition like all other fact witnesses in this case. Indeed, prior to Plaintiffs' agreement with Soshin to first take the 30(b)(6) deposition, Soshin's counsel provided dates for Mr. Miyakawa's deposition in Washington D.C.

Following the Soshin 30(b)(6) deposition, on August 28, Plaintiffs renewed their request for Mr. Miyakawa's deposition. This time, however, Plaintiffs offered to take the deposition telephonically or via video conference at Mr. Miyakawa's convenience and to limit the deposition to three hours. Despite these accommodations, Soshin has refused to produce Mr. Miyakawa. Soshin claims that (1) the subject of Soshin's sales has already been covered during prior depositions, and is thus "duplicative; and (2) it is entitled to know the specific questions Plaintiffs intend to ask Mr. Miyakawa before *Soshin* can determine if the deposition is "necessary."

Soshin is wrong on both points. First, when Plaintiffs asked Mr. Kamioka at the 30(b)(6) deposition what records support Soshin's claim that it did not sell film capacitors in the United States, Soshin initially objected to the line of questioning as outside the scope of the 30(b)(6) notice. Then, when Mr. Kamoika was required to answer the questions he referenced the documents attached to the Miyakawa Declaration.

Second, Plaintiffs are not aware of any support for the proposition that a party is required to share its deposition questions with opposing counsel prior to the deposition, or that the party being deposed has the right to determine whether the deposition is necessary.

Accordingly, Plaintiffs respectfully request that the Court compel Soshin to produce (i) Mr. Takahashi for deposition in Hong Kong with Soshin to pay for the travel and lodging expenses of one Plaintiffs' lawyer [Dkt. No. 1534]; and (ii) Mr. Miyakawa for a telephonic or video conference deposition lasting no more than 3 hours.

*Honorable Judge Donato*
*October 8, 2018*
*Page 4*

        Respectfully,

        /s/ Lori P. Lustrin
        **BILZIN SUMBERG BAENA PRICE &**
        **AXELROD LLP**
        1450 Brickell Ave., Suite 2300
        Miami, Florida 33131-3456
        Telephone:  305-350-2385
        Facsimile:  305-351-2208
        llustrin@bilzin.com
        *Counsel for Plaintiffs Avnet, AASI, and Benchmark*