**BakerHostetler**

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

October 19, 2018

**VIA ECF AND FEDERAL EXPRESS**

The Honorable James Donato
U.S. District Court, Northern District of California
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, CA  94102-3489

*Re:  In re Capacitors Antitrust Litig., MDL 2801; Resp. to Discovery Dispute Letter, ECF 346*

Dear Judge Donato:

AASI, Avnet, and Benchmark (AAB) have not met their burden to compel post-discovery deadline depositions in violation of discovery agreements and in continuation of abusive discovery tactics.

## BACKGROUND

AAB omit or misstate much of the critical background information.

AAB stipulated to limit deposition discovery. AAB agreed "it will not propound…***duplicative***" discovery, would request depositions only "to the extent…***necessary***," and would "make reasonable efforts to accommodate" witnesses. AAB agreed to defer deciding who pays expenses. *E.g.*, 9/1/17 Avnet Stip. ¶¶ 3.a, 3.e, Dkt. 66, Case 2:16-cv-020808 (D. Ariz.) (emphases added).

AAB then waited eight months–until three business days before the deadline–to request depositions of Messrs. Takahashi and Miyakawa and six other former and current Japanese employees. (Decl. Ex. 1, 4/17/18 email.) Trying to accommodate AAB's last-minute request, Soshin confirmed its former employees might sit for depositions in Japan, but are unwilling to travel elsewhere due to age, health, or work obligations. (Decl. Ex. 1, 5/7/18 email.)

But AAB then abruptly "rescinded" a tentative agreement on depositions to show "consequences" on Soshin for challenging AAB's complaints. In retaliation, AAB demanded nine depositions, including those concededly not needed, demanded five former Japanese employee depositions, and required all to travel to the United States. (Decl. Ex. 1, 4/25/18 & 4/26/18 emails.)

Soshin spent the next month dealing with AAB's punitive demands. (*E.g.*, Decl. Ex. 2.) On the eve of the extended discovery deadline, June 9, 2018, the parties reached an agreement. Soshin would provide a third 30(6)(6) witness for deposition after the deadline and "any Soshin employee witnesses would be identified and scheduled for deposition based on ***reasonable need*** after the Soshin 30(b)(6) deposition." (Decl. Ex. 2, 5/31/18 email (emphasis added).)

Soshin again provided 30(b)(6) testimony on July 30-31, 2018. The topics included Soshin's alleged competitor communications and capacitor sales (Decl. Ex. 4),[1] and plaintiffs had hours of questioning on these topics. AAB concedes the witness was prepared and answered questions.

Nearly three months after discovery closed, AAB made the pending deposition demand by email.[2]

---

[1] Plaintiffs' counsel interpreted Topic 1 to include Soshin's sales of film capacitors.
[2] AAB did not discuss the present demand in person or by telephone as required by the Standing Order.

VIA ECF AND FEDERAL EXPRESS

October 19, 2018
Page 2

## ARGUMENT

While not mentioned by AAB, it bears the burden of proving witnesses should be compelled for depositions. *Symantec Corp. v. Acronis, Inc*., 2013 WL 503612, *3 (N.D. Cal. Feb. 3, 2013).

**Mr. Takahashi** retired from Soshin in 2009 and operates his own lighting business in Japan. Soshin tried to accommodate AAB's desire to depose Mr. Takahashi (Decl. Exs. 1-3), but instead of compromising, AAB has sought unavailable relief that is contrary to agreements and would impose maximum burden on Soshin and Mr. Takahashi beyond Soshin's ability to provide.

Only an "officer, director, or managing agent" of a corporation is subject to a Rule 30 deposition notice. *Symantec*, 2013 WL 503612, *1. As a former employee, Mr. Takahashi "cannot be considered [a] 'managing agent[]' as a matter of law." *Id*. (citing cases). For this reason, AAB's request should be denied. *Id*. (denying request to compel defendant to produce former employee in Russia); *In re Honda Am. Motor Co., Inc. Dealership Relations Litig*., 168 F.R.D. 535, 541 (D. Md. 1996) (denying motion to compel defendant to produce former employee in Japan).

None of AAB's arguments overcome the law. AAB's bare assertion that Mr. Takahashi provided assistance "throughout this litigation" is not true. AAB references a single, short telephone call. But not even more extensive communications would transform a retired employee into a managing agent. *Amusement Art v. Life is Beautiful*, 2016 WL 6920677, *2 (C.D. Cal. Apr. 7, 2016) (non-employee meeting three times/year with corporate defendant not enough to be managing agent).

AAB's unsupported assertion that Mr. Takahashi "attended several additional JFC meetings" after retirement is equally misleading and irrelevant. Discovery shows Mr. Takahashi at most attended only one meeting in 2012, and not on behalf of Soshin. (Decl. Ex. 5, Depo. Tr. 245-47.) Even if AAB's exaggerations were true, Mr. Takahashi's independent, minimal JFC interactions years ago would not make him Soshin's managing agent in 2018. *Id.* *2.

AAB's demanded relief also violates its agreements. Soshin's recent 30(b)(6) witness interviewed Mr. Takahashi and confirmed he had no role in sales or pricing, no recollection of specific JFC meetings or alleged conduct, and maintained no "notes."[3] (*E.g*., Decl. Ex. 5, Depo. Tr. 23, 64, 351-53) With little to no additional information to give, Mr. Takahashi's deposition is not "reasonably necessary." Nor would forcing him to leave his business and travel outside Japan "accommodate the witness." Also the demand that Soshin pay expenses is unsupported by the cited order on **current employees**,[4] AAB's stipulation, and contrary to practice. *Id.* *2 (party's inability to control former employees counsels against compelling depositions, exposing party to sanctions).

Only by ignoring this record, AAB speculates that Mr. Takahashi's testimony might be helpful, but this would not make him a managing agent.[5] AAB's letter only begs the question why, if this deposition is so important, they waited until the last minute to request it, played games to show "consequences," refused to pay their expenses, and refused to coordinate on arranging it in Japan?

---

[3] The "notes" referenced by AAB is merely an email Mr. Takahashi prepared after a July 2006 meeting.
[4] The order, ECF. 1534, concerned <u>current</u> key employees who refused to enter U.S. jurisdiction, and has no application to <u>former</u> employees like Mr. Takahashi, or employees who are not reasonably needed.
[5] AAB's allegation that Soshin's counsel communicated with a different witness in violation of an order is irrelevant and rejected as false.

VIA ECF AND FEDERAL EXPRESS

October 19, 2018
Page 3

**Mr. Miyakawa** lives in Japan and had responsibility for Soshin's sales database. AAB's demand that Mr. Miyakawa appear for a post-deadline deposition because he signed a January 2017 declaration with reports from the database (Ex. 8) is contrary to agreements and Rules 26 and 30.

The only topic AAB articulated for a Miyakawa deposition–a declaration reporting on Soshin's sales database–already has been covered comprehensively with counsel and in discovery, including: (i) production of the data in 2015; (ii) conferences with AAB's co-counsel; (iii) interrogatory responses on data and sales; (iv) explanatory declarations by Messrs. Omiya in 2015 and Kamioka in 2016; (v) two-day 30(b)(6) witness on the data and sales in 2016; and (vi) four additional days of 30(b)(6) witnesses in 2016 and 2018 who answered more questions on the same topics. (*E.g.*, Decl. Exs. 6 (sample co-counsel conferences), 7 (sample interrogatory responses), 8 (sample declarations similar to Miyakawa's), 4 (deposition topics), 9 (sample 30(b)(6) testimony).)

Having provided 30(b)(6) witnesses for *six days* to testify on Soshin's data and sales, it is inconceivable that any discovery on this topic remains necessary. Indeed, even the Miyakawa declaration itself was an exhibit in the July 2018 30(b)(6) deposition. AAB could have pursued any outstanding questions on the declaration, data, or sales during that deposition. Since the July 2018 deposition, Soshin repeatedly asked AAB to identify what, if any, non-duplicative information they expect Mr. Miyakawa would provide. (Decl. Ex. 3, 9/21/18 & 10/2/18 emails.) Tellingly, AAB refused to explain. AAB would not keep this information secret, if it were pursuing this deposition due to actual need rather than showing "consequences."

Because Mr. Miyakawa's deposition would be duplicative–and ABB has not shown otherwise–the deposition is precluded by agreement. Even if AAB were excused from its agreements, it still fails to show good cause for deposing Mr. Miyakawa after discovery closed. AAB gives no reason for waiting until April 2018 before requesting a deposition on a declaration from January 2017. *Brisbin v. Calmat Co.*, 2013 WL 3322698, *6 (E.D. Cal. July 1, 2013) (denying motion to compel post-deadline deposition). Also, AAB has not shown why another deposition on the same subject as past discovery is not duplicative, cumulative, and disproportionate under Rule 26(b)(1), particularly when Soshin would incur substantial expense producing a Japanese witness.[6]

A telephone deposition would not reduce Soshin's burden. Its counsel would need to engage an interpreter and prepare a witness on broad subjects given AAB's refusal to identify what it seeks. In any event, Soshin understands that such depositions are not permitted in Japan.

AAB's argument that Mr. Miyakawa should be deposed because his declaration was referenced in Soshin's Rules 11 and 12(b)(6) motions is a red herring. The Rule 11 motion focuses on *counsel's* failure to conduct a reasonable pre-complaint investigation (MDL ECF 154), and Mr. Miyakawa's testimony would provide nothing relevant to that failure. Likewise, the Rule 12(b)(6) motion focuses on the inadequacy of the complaint allegations (MDL ECF 156), and Mr. Miyakawa's testimony would not change or save any inadequate allegations.

For these reasons, AAB's request for post-deadline depositions should be denied in its entirety.

---

[6] AAB has not shown that Mr. Miyakawa is a managing agent under Rule 30, when he is an ordinary employee who would testify about a database rather than the alleged anticompetitive conduct. *Richmond v. Mission Bank*, 2015 WL 1637835, *12 (E.D. Cal. Apr. 13, 2015) (ordinary employee lacking personal knowledge of allegations not considered managing agent).

**VIA ECF AND FEDERAL EXPRESS**

October 19, 2018
Page 4

                                        Sincerely,

                                        */s/ Danyll W. Foix*

                                        Danyll W. Foix
                                        *Counsel for Soshin Electric Co., Ltd. and*
                                        *Soshin Electronics of America, Inc*.

Attachment