Chul Pak (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: 212-497-7726
Facsimile: 212-999-5899
Email: cpak@wsgr.com

*Counsel for Defendants Hitachi Chemical Co., Ltd., Hitachi AIC, Inc., and Hitachi Chemical Co. America, Ltd.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION** | MDL No. 2801 |
| | Master File No.: 3:17-md-02801-JD |
| This Document Relates to: | Case No.: 3:14-cv-03264-JD |
| ALL DIRECT PURCHASER ACTIONS | **CERTAIN DEFENDANTS' OPPOSITION TO SECTION III.D OF CISCO AND APTIV'S MOTION FOR AN ORDER APPROVING THEIR SECOND-ROUND SETTLEMENT CLAIMS** |

Defendants Hitachi Chemical Co., Ltd., Hitachi AIC Inc., Hitachi Chemical Co. America, Ltd. (collectively, "Hitachi Chemical"), Soshin Electric Co., Ltd., and Soshin Electronics of America, Inc. (collectively, "Soshin," and together with Hitachi Chemical, "Defendants") hereby submit this response in opposition to Section III.D of Cisco Systems, Inc. ("Cisco") and Aptiv Services US, LLC fka Delphi Automotive LLP's ("Aptiv," and together with Cisco, "Settlement Class Members") Motion for an Order Approving Their Second-Round Settlement Claims ("Motion"), MDL Dkt. No. 473.[1]  In their Motion, Settlement Class Members seek as alternative relief a declaratory judgment that is nothing more than an untimely objection to the June 2018 Court approved settlements between Defendants and the Direct Purchaser Plaintiffs (DPPs) and an untimely effort to avoid the September 2018 final judgments adjudicating the Settlement Class Members' claims.  Cisco and Aptiv received notice of the settlements, had the opportunity to object and opt out, were advised by sophisticated legal counsel, and clearly understood the issues and what was at stake.  Neither Cisco nor Aptiv opted out or objected to the settlements or sought relief from the final judgments.  The Settlement Class Members' tardy request for declaratory judgment revisiting the settlements should be denied.  Having settled and paid the DPPs, Defendants are entitled to finality and peace.

## BACKGROUND

Over fourteen months ago, the DPPs moved for preliminary approval of their settlements with Hitachi Chemical and Soshin, and for approval of their proposed notice plan to all class members.  Dkt. No. 1989.  This motion was approved without opposition on March 2, 2018.  Dkt. No. 2075.  The Court ordered that all opt-out requests must be submitted by no later than April 23, 2018, and that any objections be filed by no later than May 18, 2018.  Dkt. No. 2075-1 at 10-11.  Cisco and Aptiv responded to the notice and took part in the settlement by submitting settlement claims in April 2018.  MDL Dkt. No. 391 at 6; *see also* MDL Dkt. No. 391-6 at 3 (email correspondence between Settlement Class Members and DPPs showing that Cisco and Aptiv

---

[1] Unless otherwise noted, docket entries from case number 3:14-cv-03264-JD are referenced as "Dkt. No. __" and docket entries from case number 3:17-md-02801-JD are referred to as "MDL Dkt. No. __."

1

DEFS' OPP. TO CISCO AND APTIV'S MOT. FOR AN ORDER
APPROVING THEIR SECOND-ROUND SETTLEMENT CLAIMS
MASTER FILE NO.: 3:17-MD-02801-JD; Case No.: 3:14-cv-03264-JD

submitted claims from the DPPs' settlements with Hitachi Chemical and Soshin on or before April 23, 2018).

On May 3, 2018, the DPPs moved for final approval of their settlements with Hitachi Chemical and Soshin, noting that "there were three (3) fewer corporate families that . . . requested exclusion for these Settlements than in the First Round" and that they "received no objections to the Settlements." Dkt. No. 2107 at 2-3. Neither Cisco nor Aptiv submitted a request for exclusion from either settlement prior to the opt-out deadline. *See* Dkt. Nos. 2109 & 2110; *see also* Dkt Nos. 2153-3 & 2153-4. Similarly, neither Cisco nor Aptiv objected to either settlement prior to the deadline. *See* Dkt No. 2153 at 2.

The Court granted final approval of the DPPs' settlements with Hitachi Chemical and Soshin on June 28, 2018, finding for both settlements that "the prerequisites to a class action under Rule 23 are satisfied for settlement purposes," the settlement notices disseminated "met the requirements of due process and provided due and adequate notice" of the settlement proceedings, and the plan proposed for distributing the settlement proceeds is "in all respects, fair, adequate, and reasonable." Dkt. No. 2166. The Court entered final judgment of dismissal of the DPPs' actions against Hitachi Chemical and Soshin on September 21, 2018. Dkt Nos. 2194 (final judgment as to Soshin), 2195 (final judgment as to Hitachi Chemical). The Court's final judgment orders included a list of entities that opted out of the DPPs' settlements with Hitachi Chemical and Soshin. *See* Dkt. Nos. 2194-1 & 2195-1. Neither Cisco nor Aptiv were included on this list. Both dismissal orders stated that they "constitute[d] a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a)."

Nearly five months after the Court granted final approval of the DPPs' settlements with Hitachi Chemical and Soshin, the Settlement Class Members filed a motion related to settlement payment disputes with the DPPs, based on the settlements with Hitachi Chemical and Soshin. MDL Dkt. No. 391. Indeed, their filing confirmed that the Settlement Class Members remained part of the Hitachi Chemical and Soshin settlement classes and did not opt out of either settlement. *See id.* (document captioned "**Settlement Class Members** Cisco Systems, Inc. and Aptiv Services

2

1  US, LLC fka Delphi Automotive LLP's Opposition") (emphasis added).  Notably, this filing did
2  not request declaratory judgment as outlined in Section III.D of the instant Motion.  That request
3  was first made on February 8, 2019 – more than five months after the Court entered final judgment
4  as to all members of the Hitachi Chemical and Soshin settlement classes, and nearly eight months
5  after the Court granted final approval of the settlements at issue.  MDL Dkt. No. 473.  By failing to
6  act sooner—*i.e.*, before the deadlines to seek exclusion, object to the settlements, and/or seek relief
7  from the final judgment—the Settlement Class Members have waived any opportunity to object or
8  opt-out from the DPPs' settlements with Hitachi Chemical and Soshin or to avoid the effects of
9  final judgments.

## ARGUMENT

It is bedrock under Ninth Circuit law that settlement class members are not given "a second chance to opt out."  *See Officers for Justice v. Civil Serv. Comm'n of City & Cty. of S.F.*, 688 F.2d 615, 634-35 (9th Cir. 1982) ("All named plaintiffs and class members were given the opportunity to exclude themselves from the class. . . . [Plaintiff's] argument amounts to a request to now exercise that option once passed over, and after being fully informed of the terms of the settlement."); *see also Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121 (9th Cir. 2018) (rejecting argument that due process requires a second opt-out opportunity).  Courts routinely reject efforts by parties to revisit the terms of a settlement after the opt-out and/or exclusion filing deadline contained in the notice to class members expired.  *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig.*, No. 8:10ML 02151 JVS (FMOx), 2013 U.S. Dist. LEXIS 123298 (C.D. Cal. July 24, 2013) ("*Toyota*") is instructive here.  In *Toyota*, some parties filed objections to the terms of the proposed settlement agreements. *Id.* at *222.  But the court rejected those objections noting that, "[t]o the extent that Objectors believed that the proposed settlement left them uncompensated (or unfairly compensated) . . . they were afforded the opportunity to opt out.  Objectors failed to avail themselves of that opportunity.  These Objectors are represented by able counsel; thus, the Court presumes their failure to opt out is a reasoned judgment rather than a chance occurrence or uninformed choice." *Id.*; *see also Skilstaf, Inc. v. CVS Caremark Corp.*, No. C 09-02514 SI, 2010

U.S. Dist. LEXIS 2662, at *18 (N.D. Cal. Jan. 13, 2010) (when a party makes a conscious decision to remain in a settlement knowing it could have opted out, it "undermine[s] its contention that it lacked sufficient notice of the scope of the release"), *aff'd*, 669 F.3d 1005 (9th Cir. 2012).

So too here. The Settlement Class Members were fully informed of the terms in the DPPs' settlements with Hitachi Chemical and Soshin, as confirmed by the Court's findings on final approval. Indeed, the terms regarding claims released under these settlement agreements mirror the terms contained in the DPPs' first round of settlements agreements, the subject of which led to similar disbursement disputes between the DPPs and the Settlement Class Members. *See* MDL Dkt. No. 327; *compare* Dkt. No. 1989-3 at 15-16 (Hitachi Chemical's settlement with the DPPs) *with* Dkt. No. 1298-3 at 15-16 (NEC Tokin's settlement with the DPPs). The Settlement Class Members, represented by experienced counsel at each turn, could have opted out or objected to the settlements at issue during the notice period and prior to the applicable deadlines, but they decided not to do so.

The Settlement Class Members also failed to act before the deadline for seeking relief from the judgments. The Court's final judgments, entered September 21, 2018, adjudicated the Settlement Class Members' claims in accordance with the DPPs' settlement agreements with Hitachi Chemical and Soshin. Dkt. Nos. 2194-1 & 2195-1. If the Settlement Class Members desired to be excluded from or not bound to the settlements, they could have moved to alter or to be relieved from the final judgments prior to the deadline last year. *See* Fed. R. Civ. P. 59(e) (providing 28 days after entry of final judgment to move to alter or amend final judgments); Fed. R. Civ. P. 60(c)(1) (requiring motions for relief be "made within a reasonable time"). But again, the Settlement Class Members chose not to act.[2]

---

[2] Even if they had moved timely, Settlement Class Members would be unable to satisfy their heavy burden for relief from the final judgments. *See, e.g.*, *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (explaining Rule 59(e) is an "extraordinary remedy, to be used sparingly") (citation omitted); *Harvest v. Castro*, 531 F.3d 737, 744-45 (9th Cir. 2008) (explaining Rule 60(b) affords relief "under a limited set of circumstances including fraud, mistake, and newly discovered evidence") (citation omitted).

4

DEFS' OPP. TO CISCO AND APTIV'S MOT. FOR AN ORDER
APPROVING THEIR SECOND-ROUND SETTLEMENT CLAIMS
MASTER FILE NO.: 3:17-MD-02801-JD; Case No.: 3:14-cv-03264-JD

Having missed multiple deadlines that were fully published and known by the Settlement Class Members, their request for declaratory judgment in Section III.D amounts to an improper post hoc attempt to get a second opportunity to seek exclusion from the Hitachi Chemical and Soshin settlement classes – nearly ten months after the opt-out deadline has passed and months after the deadlines for seeking relief from final judgment.  Defendants respectfully ask this Court to reject both the Settlement Class Members' dilatory objection and untimely effort to avoid long-completed, binding settlements.

## CONCLUSION

For the foregoing reasons, Cisco and Aptiv's request for declaratory judgment as described in Section III.D of their Motion should be denied.

DATED:  February 22, 2019

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   *s/ Chul Pak*
         Chul Pak

Chul Pak (admitted *pro hac vice*)
Jeffrey C. Bank (admitted *pro hac vice*)
Justin A. Cohen (admitted *pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone:  (212) 497-7758
Facsimile:  (212) 999-5899
Email:  cpak@wsgr.com
Email:  jbank@wsgr.com
Email:  jcohen@wsgr.com

Jeff VanHooreweghe (Bar No. 313371)
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone:  (415) 947-2046
Facsimile:  (415) 947-2099
Email:  jvanhooreweghe@wsgr.com

*Counsel for Defendants Hitachi Chemical Co., Ltd., Hitachi AIC Inc., and Hitachi Chemical Co. America, Ltd.*

5

DEFS' OPP. TO CISCO AND APTIV'S MOT. FOR AN ORDER
APPROVING THEIR SECOND-ROUND SETTLEMENT CLAIMS
MASTER FILE NO.: 3:17-MD-02801-JD; Case No.:  3:14-cv-03264-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP

By:   *s/ C. Dennis Loomis*
            C. Dennis Loomis

C. Dennis Loomis (Bar No. 82359)
11601 Wilshire Blvd., Suite 1400
Los Angeles, California  90025
Telephone: 310.820.8800
Facsimile:  310.820.8859
Email:  cdloomis@bakerlaw.com

John R. Fornaciari (admitted *pro hac vice*)
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C.  20036
Telephone: 202.861.1500
Facsimile:  202.861.1783
Email:  jfornaciari@bakerlaw.com

*Counsel for Defendants Soshin Electric Co., Ltd and Soshin Electronics of America Inc.*

6