# Exhibit B

EXECUTION COPY

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and among Defendants Nichicon Corporation and Nichicon (America) Corporation (together, "Nichicon"); and Plaintiffs Chip-Tech, Ltd., Dependable Component Supply Corp., eIQ Energy, Inc., and Walker Component Group, Inc. (collectively, "Direct Purchaser Plaintiffs" or "Plaintiffs" or "Class Representatives"), who have filed suit as representatives of a class of similarly situated direct purchasers of aluminum, tantalum and film capacitors ("Capacitors"), as defined below, in the class action *In re Capacitors Antitrust Litigation*, Master Docket No. 3:17-md-0280, Civil Action No. 14-cv-3264-JD, currently pending before the Honorable James Donato in the United States District Court for the Northern District of California. Plaintiffs enter into this Settlement Agreement both individually and on behalf of the direct purchaser class they seek to represent. This Settlement Agreement is intended by the Settling Parties (as defined below) to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

**WHEREAS,** Direct Purchaser Plaintiffs are prosecuting the Action (as defined below) on their own behalf and on behalf of the Settlement Class against Nichicon and other Defendants and alleged co-conspirators;

**WHEREAS,** Direct Purchaser Plaintiffs allege, among other things, that Nichicon participated in an unlawful conspiracy to fix prices and allocate markets for Capacitors in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 *et seq.* ("Sherman Act");

**WHEREAS,** Nichicon has denied and continues to deny Direct Purchaser Plaintiffs' claims and allegations of wrongdoing; has not conceded or admitted any liability in this Action, or that it violated any duty owed to the Direct Purchaser Plaintiffs; has denied and continues to

deny all claims of liability against it arising out of any of the conduct, statements, acts or omissions alleged in the Action; and further denies the allegations that Direct Purchaser Plaintiffs or any member of the Settlement Class were harmed by any conduct by Nichicon alleged in the Action or otherwise;

**WHEREAS,** Direct Purchaser Plaintiffs and Defendants have engaged in extensive discovery regarding the facts pertaining to Direct Purchaser Plaintiffs' claims and Defendants' defenses;

**WHEREAS,** Direct Purchaser Plaintiffs and Nichicon agree that neither this Settlement Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any liability or wrongdoing by Nichicon or of the truth of any of the claims or allegations alleged in the Action;

**WHEREAS,** Direct Purchaser Plaintiffs have thoroughly analyzed the facts and the law regarding the Action and have concluded that a settlement with Nichicon at this time according to the terms set forth below is fair, adequate and reasonable, and in the best interest of Direct Purchaser Plaintiffs and the Settlement Class;

**WHEREAS,** Nichicon has concluded, despite its belief that it is not liable for the claims asserted against it in the Action and that it has good defenses thereto, that it will enter into this Settlement Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby to put to rest this controversy with respect to the Direct Purchaser Plaintiffs and the Settlement Class and avoid the risks inherent in complex litigation;

302774483 v1

**WHEREAS**, arm's-length settlement negotiations have taken place between counsel for Direct Purchaser Plaintiffs and Nichicon, and through mediation conducted by the Honorable Daniel Weinstein (Ret.);

**WHEREAS**, this Settlement Agreement is to resolve Direct Purchaser Plaintiffs' claims in this Action against Nichicon only with respect to U.S. Purchases of Capacitors; and

**WHEREAS**, this Settlement Agreement embodies all of the terms and conditions of the settlement between Direct Purchaser Plaintiffs and Nichicon, both individually and on behalf of the Settlement Class; has been reached as a result of the parties' negotiations (subject to the approval of the Court) as provided herein; and is intended to supersede any prior agreements between the Settling Parties.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Settling Parties, by and through their undersigned attorneys of record, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, that the Action be finally and fully settled, compromised, and dismissed on the merits and with prejudice as to Nichicon only, without costs as to Direct Purchaser Plaintiffs, the Settlement Class, or Nichicon, upon and subject to the approval of the Court, following notice to the Settlement Class, on the following terms and conditions:

<u>**Definitions**</u>

The following terms, as used in this Settlement Agreement, shall have the following meanings:

a.    "Action" means the direct purchaser action captioned *In re Capacitors Antitrust Litigation*, Master Docket No. 17-md-02801-JD, Civil Action No. 14-cv-3264-JD, pending in the United States District Court for the Northern District of California.

302774488 v1

b.     "Affiliates" means entities controlling, controlled by or under common control with another entity.

c.     "Authorized Claimant" means any member of the Settlement Class who, in accordance with the terms of this Settlement Agreement, submits a timely claim that is accepted by the Claims Administrator and approved by the Court in accordance with the applicable distribution plan or order of the Court ordering distribution to the Settlement Class.

d.     "Capacitors" means aluminum, tantalum and film capacitors, as they have been defined in the Consolidated Third Amended Class Action Complaint.

e.     "Claims Administrator" means the entity engaged by Direct Purchaser Plaintiffs to administer the settlement, including but not limited to disseminating notice, receiving claims, and disbursing the Settlement Fund.

f.     "Class Action" means the Action and all cases consolidated therein.

g.     "Class Counsel" refers to the Joseph Saveri Law Firm, Inc.

h.      "Settlement Class Period" means the period from and including January 1, 2002 up to and including July 22, 2015.

i.     "Court" or "District Court" means the United States District Court for the Northern District of California.

j.     "Defendants" means AVX Corporation; ELNA Co., Ltd.; ELNA America Inc.; Fujitsu, Ltd.; Hitachi Chemical Co., Ltd.; Hitachi AIC Inc.; Hitachi Chemical Co. America, Ltd.; Holy Stone Enterprise Co., Ltd.; Milestone Global Technology, Inc. (D/B/A HolyStone International); Vishay Polytech Co., Ltd.; KEMET Corporation; KEMET Electronics Corporation; Matsuo Electric Co., Ltd.; NEC TOKIN Corporation; NEC TOKIN America, Inc.; Nichicon Corporation; Nichicon (America) Corporation; Nippon Chemi-Con Corporation;

302774488 v1

United Chemi-Con, Inc.; Nissei Electric Co., Ltd.; Nitsuko Electronics Corporation; Okaya

Electric Industries Co., Ltd.; Okaya Electric America Inc.; Panasonic Corporation; Panasonic

Corporation of North America; SANYO Electric Co., Ltd.; SANYO North America Corporation;

ROHM Co., Ltd.; ROHM Semiconductor U.S.A., LLC; Rubycon Corporation; Rubycon

America, Inc.; Shinyei Kaisha; Shinyei Technology Co., Ltd.; Shinyei Capacitor Co., Ltd.;

Shinyei Corporation of America, Inc.; Shizuki Electric Co., Ltd.; American Shizuki Corporation;

Soshin Electric Co., Ltd.; Soshin Electronics of America Inc.; Taitsu Corporation; Taitsu

America, Inc.; and TOSHIN KOGYO Co., Ltd.

     k.   "Document" is synonymous in meaning and equal in scope to the usage of this

term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data

compilations. A draft or non-identical copy is a separate document within the meaning of this

term.

     l.   "Effective Date" means the first date after which all of the following events and

conditions have been met or have occurred:

     1.   All Settling Parties have executed this Settlement Agreement;

     2.   The Court has entered an order (following preliminary approval of the Settlement Agreement, notice to the Settlement Class, and a fairness hearing), approving this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Action against Nichicon with prejudice as to all Settlement Class Members (the "Final Judgment"); and

     3.   The Final Judgment has become final, with the occurrence of the following: (a) the expiration of the time for appeal or to seek permission to appeal from the Court's approval of the Settlement Agreement and entry of the Final Judgment or (b) if an appeal from an approval and Final Judgment is taken, the affirmance of such Final Judgment in its entirety, without modification, by the court of last resort to which an appeal of such Final Judgment may be taken, provided, however, a modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund or any plan of allocation or distribution of the Settlement Fund shall not be deemed a modification of all or part of the terms of this Settlement Agreement or the Final Judgment. Neither the provisions of Rule 60 of the Federal Rules of Civil

Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

m.     "Escrow Account" means that escrow account to be established with a bank or trust company pursuant to the terms and conditions of the Escrow Agreement.

n.     "Escrow Agent" means the bank or trust company that agrees to establish and maintain the Escrow Account pursuant to the terms of the Escrow Agreement.

o.     "Escrow Agreement" means an escrow agreement in a form mutually satisfactory to Direct Purchaser Plaintiffs and Nichicon.

p.     "Final Judgment" means a final order approving the Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Action and all claims therein against Nichicon with prejudice as to all Settlement Class Members.

q.     "Person" means an individual or an entity.

r.     "Preliminary Approval Motion" means a motion requesting entry of an order in form and substance mutually satisfactory to Direct Purchaser Plaintiffs and Nichicon preliminarily approving the settlement and authorizing dissemination of notice to the Settlement Class and scheduling a hearing for final approval of the settlement and for an award of attorneys' fees, reimbursement of costs, and service awards to Settlement Class Members.

s.     "Released Claims" means those claims released pursuant to this Settlement Agreement.

t.     "Releasees" refers to Nichicon and their Affiliates; their respective past and present officers, directors, employees, managers, members, partners, agents, attorneys and legal representatives, assigns, servants, and representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

6

u.   "Releasors" refers to Direct Purchaser Plaintiffs and Settlement Class Members, and their respective past and present parents, members, subsidiaries, Affiliates, officers, directors, employees, agents, attorneys, servants, and representatives and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

v.   "Settlement" means the settlement of the Released Claims set forth herein.

w.   "Settlement Agreement" means this Settlement Agreement.

x.   "Settlement Amount" means exactly the sum of Ninety Million USD ($90,000,000) payable in the lawful money of the United States.

y.   "Settlement Class" means all persons in the United States that purchased Capacitors (including through controlled subsidiaries, agents, Affiliates or joint ventures) directly from any of the Defendants, their subsidiaries, agents, Affiliates or joint ventures from January 1, 2002 through July 22, 2015. Excluded from the Settlement Class are: (i) Defendants (and their subsidiaries, agents and affiliates); (ii) shareholders holding more than 10% equity interest in a Settling Defendant as of the date that the Settlement Agreement with the Settling Defendant is fully executed; (iii) each member of the Settlement Class that timely requests exclusion by 'opting out'; (iv) governmental entities; and (v) the judges and chambers staff in this case, including their immediate families.

z.   "Settlement Class Member" means a person that falls within the definition of the Settlement Class and that does not timely and validly elect to be excluded from the Settlement Class in accordance with the procedure to be established by the Court.

aa.   "Settlement Fund" means any amount paid by Nichicon towards the Settlement Amount, and any interest earned on that amount.

7

bb.    "Settling Parties" means, collectively, Direct Purchaser Plaintiffs (on behalf of themselves and the Settlement Class) and Nichicon.

cc.    "U.S. Purchases" shall mean purchases of Capacitors directly from all Defendants other than a Defendant adjudicated not to have participated in a conspiracy as alleged in the Action and other than a Defendant voluntarily dismissed from the Action on the basis of insufficient evidence that the dismissed Defendant participated in a conspiracy as alleged in the Action, where the Capacitors were shipped to a location within the United States or the related invoices were sent to a location within the United States.

**Approval of this Settlement Agreement and Dismissal of Claims**

1.    ***Best Efforts to Effectuate this Settlement.*** Direct Purchaser Plaintiffs and Nichicon shall use their best efforts to effectuate this Settlement Agreement, and they shall cooperate in the Direct Purchaser Plaintiffs' efforts promptly to seek and obtain the Court's preliminary and final approval of this Settlement Agreement (including providing appropriate affidavits and cooperating to provide the Settlement Class with notice under Federal Rules of Civil Procedure 23 (c) and (e)) and to secure the prompt, complete, and final dismissal with prejudice of the Action as to Nichicon only.

2.    ***Motion for Preliminary Approval and Notice to Settlement Class Members.*** Direct Purchaser Plaintiffs shall make best efforts to submit by December 31, 2018 this Settlement Agreement to the Court with a Motion for Preliminary Approval requesting entry of an order in form and substance mutually satisfactory to Direct Purchaser Plaintiffs and Nichicon preliminarily approving the settlement, certifying a Settlement Class, authorizing dissemination of notice to the Settlement Class, scheduling a hearing for final approval of the settlement, and seeking an advance for costs of settlement notice and related administrative costs (the

8

"Preliminary Approval Motion"). Additionally, in the notice to the Settlement Class, Plaintiffs may seek an award of attorneys' fees, reimbursement of costs, and service awards to Settlement Class Members.

3.     The Preliminary Approval Motion shall include the proposed form of, method for, and timetable for dissemination of notice to the Settlement Class and shall recite and ask the Court to find that the proposed form and method for dissemination of the notice to the Settlement Class constitutes valid, due and sufficient notice to the Settlement Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.

4.     Class Counsel may, to the extent practicable, seek to combine dissemination of notice of this Settlement Agreement with notice of other settlement agreements reached with other Defendants to reduce the expense of notice. The text of any combined notice shall be agreed upon by Plaintiffs, Nichicon, and any other settling Defendant before submission of the notice to the Court for approval.

5.     *Claims Administrator.* Direct Purchaser Plaintiffs shall retain a Claims Administrator, which shall be responsible for the claims administration process, distribution to Settlement Class Members, withholding and paying applicable taxes, and other duties as provided herein. The fees and expenses of the Claims Administrator shall be paid exclusively out of the Settlement Fund. In no event shall Nichicon be separately responsible for any fees or expenses of the Claims Administrator other than provided by this Settlement Agreement.

6.     *Requests for Exclusion (Opt-outs):* Any Settlement Class Member that wishes to seek exclusion from the Settlement Class by "opting out" must timely submit a written request for exclusion to the Claims Administrator (a "Request for Exclusion"). To be effective, such

302774488 v1

Requests for Exclusion must state: the Settlement Class Member's full legal name, address and telephone number; that the Settlement Class Member purchased Capacitors directly from one or more of the Defendants during the Settlement Class Period; and a statement that the Settlement Class Member (1) wants to be excluded from the *In re Capacitors Antitrust Litigation* class action settlement with Nichicon, and (2) understands that by so doing, the Settlement Class Member will not be able to receive any money or benefits from the settlement with Nichicon under the Settlement Agreement. All Requests for Exclusion must be signed and dated by the Settlement Class Member or its officer or legal representative, and be (a) mailed to the Claims Administrator *via* First Class United States Mail (or United States Mail for overnight delivery) and postmarked by a date certain to be specified on the Court-approved notice to the Settlement Class (the "Opt-Out Date"), or (b) received by the Claims Administrator by the Opt-Out Date, provided, however, that if a Settlement Class Member mails a Request for Exclusion pursuant to option (a), it will be effective only if received by the Claims Administrator on or before ten (10) calendar days after the Opt-Out Date. The Claims Administrator shall provide to counsel for Nichicon all Requests for Exclusion and documents submitted therewith, and the Claims Administrator shall prepare a summary of the opt-outs to be filed with the Court. With the Motion for Final Judgement, Class Counsel will file with the Court a complete list of Requests for Exclusion from the Settlement Class, including only the name, city and state of the person or entity requesting exclusion. Persons who opt-out are not entitled to any monetary award from the Settlement Fund.

7.    Within ten (10) days of the deadline set by the Court for Settlement Class Members to submit a Request for Exclusion from participating in Direct Purchaser Plaintiffs' settlement with Nichicon, or within ten (10) days after receipt by the Claims Administrator of

any Request for Exclusion submitted by a Settlement Class Member pursuant to Paragraph 6,

*supra*, whichever is later, Class Counsel shall inform counsel for Nichicon of Settlement Class

Members.

**Final Approval**

8.      ***Motion for Final Approval and Entry of Final Judgment***. Not less than thirty-

five (35) days prior to the date set by the Court to consider whether this Settlement should be

finally approved, Plaintiffs shall submit, and Nichicon shall not object to, a Motion for Final

Approval of the Settlement by the Court, seeking the following:

> a.      Certifying the Settlement Class, pursuant to Federal Rule of Civil Procedure 23, solely for purposes of settlement;
>
> b.      Fully and finally approving this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;
>
> c.      Finding that the notice given to Settlement Class Members constitutes the best notice practicable under the circumstances and complies in all due respects with the due, adequate and sufficient notice requirements of Federal Rule of Civil Procedure 23, and meets the requirements of due process;
>
> d.      Directing that, as to Nichicon, the Action be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;
>
> e.      Discharging and releasing the Releasees from the Released Claims;
>
> f.      Permanently barring and enjoining the institution and prosecution, by Direct Purchaser Plaintiffs and Settlement Class Members, of any other action against the Releasees based on the Released Claims;
>
> g.      Reserving continuing and exclusive jurisdiction over the Settlement and this Settlement Agreement, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement, to the District Court; and
>
> h.      Finding under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Nichicon shall be final and entered forthwith.

11

In conjunction with or promptly after the Court fully and finally approves this Settlement Agreement and its terms, Plaintiffs shall seek entry of Final Judgment as to Nichicon.

9.     At least five (5) business days prior to the filing of the Preliminary Approval Motion and the Motion for Final Approval of the Settlement, Class Counsel will send working drafts of these papers to counsel for Nichicon. The text of any proposed form of order preliminarily or finally approving the Settlement shall be agreed upon by Plaintiffs and Nichicon before it is submitted to the Court and shall be consistent with the terms of this Settlement Agreement and the Settlement Class definition set forth herein.

10.     *Stay Order.* Upon the execution of this Settlement Agreement, the Action with respect to Direct Purchaser Plaintiffs shall be stayed as against Nichicon only. Should the Action be tried against any or all of the remaining Defendants, the parties specifically agree that any findings therein shall not be binding on or admissible in evidence against Nichicon or prejudice Nichicon in any way in any future proceeding involving Nichicon. Neither Nichicon nor the Direct Purchaser Plaintiffs shall file motions against the other or initiate or participate in any discovery, motion, or proceeding directly adverse to the other in connection with the Action, except as specifically provided for herein. Nichicon and the Direct Purchaser Plaintiffs shall not be obligated to engage in, respond to or supplement prior responses to formal or informal discovery that has been previously propounded or initiated by the other in the Action. Notwithstanding the above, Nichicon agrees that Class Counsel for Direct Purchaser Plaintiffs may participate in and ask questions at depositions, if any, of Nichicon witnesses noticed by other plaintiffs in any litigation, including this Action, that has been consolidated or centralized in this multidistrict litigation styled *In re Capacitors Antitrust Litigation*, Master Docket No. 17-md-02801-JD (N.D. Cal.). Nothing in this agreement shall be construed to preclude Direct

Purchaser Plaintiffs from accessing any discovery produced by any party or third-party in connection with any litigation, including this action, that has been consolidated or centralized in this multidistrict litigation.

11.     Upon the date that the Court enters an order preliminarily approving the Settlement Agreement, Direct Purchaser Plaintiffs and members of the Settlement Class shall be barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum or other forum of any kind based on the Released Claims.

12.     Nothing in this Settlement Agreement shall prohibit the Direct Purchaser Plaintiffs or Class Counsel from continuing to participate in discovery in the Action against each other, other Defendants, or third parties.

**Release and Discharge**

13.     ***Released Claims***. In addition to the effect of the Final Judgment entered in accordance with this Settlement Agreement, upon the occurrence of the Effective Date and in consideration of payment of the Settlement Amount, the Releasees shall be completely released, acquitted, and forever discharged from any and all manner of claims, demands, rights, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties, injuries, and attorneys' fees that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, relating in any way to any conduct by Releasees alleged in the Action and any joint and several liability arising from the conduct of any of the Defendants in the Action prior to the Effective Date arising under or relating to any federal or state antitrust laws, unfair competition, unfair practices or trade practice laws, civil conspiracy, or common law

or statutory fraud claims, whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory and regardless of the type or amount of relief or damages claimed, or claims that have been, could have been, or in the future might have in law or in equity, on account of arising out of, resulting from, or in any way related to any conduct regardless of where it occurred at any time prior to the Effective Date, concerning the purchase, pricing, selling, invoicing, discounting, marketing, manufacturing and/or distributing of Capacitors in the United States and its territories or for delivery in the United States and its territories. The Released Claims also include, but are not limited to, all claims asserted or which could have been asserted in the Action relating to or arising out of the facts, occurrences, transactions, statements, or other matters alleged in this Action including, but not limited to, claims arising under federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including without limitation the Sherman Act, 15 U.S.C. § 1 *et seq.*, but excluding (a) any claim for any product defect, breach of warranty, breach of contract, trade claims, claims under the Uniform Commercial Code or similar claims between Settlement Class Members and Nichicon relating to Capacitors or any claim for personal or bodily injury, (b) claims based on indirect purchases of Capacitors, and (c) claims based on purchases of Capacitors excluded by the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a.

14.    ***Covenant Not to Sue.*** Releasors shall not, after the Effective Date of this Settlement Agreement, assert any claim or commence, institute, maintain or prosecute any suit, action, complaint, or proceeding seeking to recover against Nichicon or any of the Releasees based on any of the Released Claims, whether on his, her, or its own behalf or as part of any putative, purported or certified class of purchasers. Releasors and Class Counsel acknowledge

14

that they and Nichicon each consider it to be a material term of this Settlement Agreement that all Releasors will be bound by the provisions of this paragraph.

15.     Upon the acceptance by the Claims Administrator and approval by the Court of a claim timely submitted by an Authorized Claimant, Nichicon waives and relinquishes as against each such Authorized Claimant any rights pursuant to arbitration agreements, forum selection clauses, and/or jury waiver clauses with respect to the Released Claims.

16.     ***Waiver of California Civil Code § 1542 and Similar Laws.*** The Releasors acknowledge that for the consideration received hereunder, it is their intention to release, and they are releasing all Released Claims, whether known or unknown. In furtherance of this intention, the Releasors expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by the provisions of California Civil Code Section 1542 ("Section 1542") and similar provisions in other states. The Releasors acknowledge that they have been advised by Class Counsel of the contents and effects of California Civil Code Section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

17.     The provisions of the release set forth above in Paragraph 15 shall apply according to their terms, regardless of provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. The Releasors may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, but the Releasors hereby expressly waive and fully, finally, and forever relinquish any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar, or comparable present or future law or principle of law

302774488 v1

of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth herein.

18.    *Claims Excluded from Release.* Nothing in this Settlement Agreement is intended to limit, reduce or affect whatever rights Settlement Class Members or any of them may have to seek damages or other relief in the Action or elsewhere from any person or entity other than Nichicon and/or any Releasee, as that term is defined herein, to the fullest extent allowed by law. This Settlement Agreement does not settle or compromise any claim by Settlement Class Members asserted in the Action against any other Defendant. Nichicon's sales to the Settlement Class shall not be removed from the Action for purposes of the Settlement Class asserting joint and several liability or any derivative liability against any other Defendant.

**Settlement Consideration**

19.    *Settlement Payment.* Subject to the provisions hereof, and in full, complete, and final settlement of the Action as provided herein, Nichicon shall pay into the Escrow Account the Settlement Amount of $90,000,000.00 USD, payable in the lawful money of the United States no later than January 31, 2019.

20.    *Notice Fees and Costs.* Upon the Court's order granting the Preliminary Approval Motion, the Settlement Fund shall be immediately available for reimbursement of costs, fees, and expenses related to providing notice to the Settlement Class. For purposes of clarification, such costs, fees, and expenses related to notice to the Settlement Class Members shall be paid exclusively from the Settlement Fund.

**Settlement Fund**

21.    Each Settlement Class Member shall look solely to the Settlement Fund for settlement and satisfaction, as provided herein, of all claims released by the Releasors. Except as

302774488 v1

provided by order of the Court, upon finally approving and giving effect to the Settlement

Agreement, no Settlement Class Member shall have any interest in the Settlement Fund or any

portion thereof.

22.     Before the Effective Date, disbursements for expenses associated with providing

notice of the settlement to the Settlement Class, expenses associated with administering the

settlement, and any payments and expenses incurred in connection with taxation matters relating

to the settlement and this Settlement Agreement may be made from the Settlement Fund. In the

event the Settlement Agreement is disapproved, rescinded, or the Effective Date does not occur,

such amounts shall be refunded to Nichicon.

23.     The Settlement Fund will be invested in instruments secured by the full faith and

credit of the United States and any interest earned (or negative interest) thereon shall become

part of (or paid from) the Settlement Fund. Such portions of the Settlement Fund as may

reasonably be needed to pay current expenses associated with providing notice to the Settlement

Class and administering the Settlement Fund may be paid from the Escrow Account.

24.     ***No Liability for Distribution of Settlement Fund.*** Neither the Releasees nor their

counsel shall have any responsibility for, interest in, financial obligation for, or liability

whatsoever with respect to the investment, distribution, use, or administration of the Settlement

Fund, including, but not limited to, the costs and expenses of such investment, distribution, or

administration, except as otherwise provided in this Settlement Agreement. Nichicon and its

counsel shall likewise have no responsibility for, interest in, financial obligation for, or liability

whatsoever with respect to the allocation or distribution of the Settlement Fund and shall not be

responsible or otherwise liable for any disputes relating to the amount, allocation, or distribution

of any fees, costs, or awards. Further, after paying the Settlement Amount, Nichicon shall not be

302774488 v1

liable for any additional payments to the Settlement Class Members or Class Counsel pursuant to this Settlement Agreement.

25. ***Distribution of Net Settlement Fund.*** After the Effective Date, the Settlement Fund shall be distributed in accordance with a distribution plan that Class Counsel shall submit at the appropriate time for approval by the Court.

26. ***Attorneys' Fees.*** Class Counsel may, in its sole discretion, seek an award of attorneys' fees, reimbursement of expenses, and service awards to Settlement Class Members at the time of filing the Preliminary Approval Motion or at the time Notice is disseminated to the Settlement Class or in a subsequent notice to the Settlement Class.

27. The procedure for, and the allowance or disallowance by the Court of, any application by Class Counsel for attorneys' fees and expenses are not part of the settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement. Any order or proceeding relating to any application for, or approval of, attorneys' fees and expenses, the pendency of any such application, or any appeal or review of an order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Judgment.

28. Class Counsel shall have sole authority to determine the allocation of attorneys' fees awarded by the Court. Nichicon shall have no responsibility for, and no liability whatsoever with respect to, the division of attorneys' fees and expenses among Plaintiffs' counsel, and any negotiation or dispute among Plaintiffs' counsel in that regard shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Judgment. Nichicon shall have no responsibility for, and no liability whatsoever with respect to, any payment(s) to

302774468 v1

Plaintiffs' counsel or to any other counsel representing any Direct Purchaser Plaintiff or the Settlement Class pursuant to this Settlement Agreement and/or to any other person who may assert some claim thereto or any fee and expense award that the Court may make in this Action, other than as set forth in this Settlement Agreement.

29.     Direct Purchaser Plaintiffs and Class Counsel and any other counsel representing any Direct Purchaser Plaintiff or the Settlement Class shall be reimbursed and paid solely out of the Settlement Fund for all costs, fees and expenses including, but not limited to, attorneys' fees; past, current, or future litigation expenses (including, but not limited to, experts' and consultants' fees and expenses); the costs of giving notice of this settlement to the Settlement Class; and any service awards to the Settlement Class Members, subject to application to and approval of the Court.

30.     At the discretion of Class Counsel, disbursement of such fees, costs, and expenses, as ordered by the Court, need not be delayed by reason of any appeal of the Final Judgment; provided, however, if the Court's award of fees, costs, and expenses is vacated, reversed, or reduced on or as a result of an appeal, Class Counsel shall within ten (10) business days after receiving written notice from the Court of such vacatur, reversal, or reduction, make a refund to the Escrow Account in the amount of such vacatur, reversal, or reduction with interest, except for any expenses or costs relating to settlement administration, notice to Settlement Class Members, and the payment of taxes as set forth in Paragraphs 31(a)(i)-(iii) & 31(b)(ii)-(iii) of this Settlement Agreement.

**Disbursement of the Settlement Fund**

31.     The Settlement Fund shall be disbursed as follows, or as otherwise ordered by the Court.

      a.     Prior to entry of Final Judgment:

19

      i.     Any fees and expenses incurred in administering the Escrow Account and the Settlement Fund shall be paid from the Settlement Fund. The costs of settlement notice and administration of the Settlement Agreement and Settlement Fund shall be paid by the Escrow Agent to the Claims Administrator with notice of such payments prior to entry of Final Judgment provided to counsel for the Settling Parties. After the Effective Date, notice shall be provided to Class Counsel.

      ii.     Disbursements for the payment of any taxes (including any estimated taxes, interest or penalties) due, as a result of income earned by the Settlement Fund, shall be made promptly by the Escrow Agent with notice of such disbursements prior to entry of Final Judgment provided to counsel for the Settling Parties. After entry of Final Judgment, notice shall be provided to Class Counsel.

      iii.     The Settlement Fund shall be made available to Class Counsel for purposes of paying the actual cost of settlement notice and related administrative costs;

    b.     After entry of Final Judgment:

      i.     The attorneys' fees and litigation expenses approved by the Court may be distributed to Class Counsel from the Settlement Fund within five (5) days of an order approving attorneys' fees and expenses. Class Counsel may withdraw from the Settlement Fund and allocate amongst counsel for the Plaintiffs any fees and expenses so awarded to them by the Court; provided, however, that in the event that the order(s) approving the fee and expense award is reversed or modified on appeal, and in the event that counsel for the Plaintiffs (or any of them) has received payment, such counsel shall, within ten (10) business days of the date which the fee and expense award is modified or reversed, refund to the Settlement Fund the fees and expenses previously received by them in full (less costs of notice) or in any amount consistent with such reversal or modification, plus any actual interest earned thereon through the date of such refund;

      ii.     Fees or expenses incurred in connection with the administration of the Escrow Account and the Settlement Fund, including the fees and expenses incurred as part of notice and claims administration, shall be paid from the Settlement Fund by the Escrow Agent with notice of such disbursements provided to Class Counsel;

      iii.     Disbursements for the payment of any taxes (including any estimated taxes, interest or penalties) due as a result of income earned by the Settlement Fund shall be made promptly by the Escrow Agent with notice of such disbursements provided to counsel for the Settling Parties.

    c.     After the Effective Date:

20

i.     Any service awards awarded by the Court for services rendered to the Settlement Class by Class Representatives as set forth in the proposed notice forms ordered by the Court may be distributed to Settlement Class Members from the Settlement Fund after the Effective Date of the Settlement; and

ii.     The balance of the Settlement Fund after the payment of attorneys' fees, costs, and expenses, taxes, service awards, costs of notice, and administration of the Settlement and Settlement Fund, and pursuant to the procedures set forth in a plan of allocation, may be distributed to Authorized Claimants in accordance with the applicable procedures as approved by the Court.

32.     ***Balance Remaining in Settlement Fund.*** In the event monies remain as residue in the Settlement Fund following all distribution efforts approved by the Court (whether by reason of tax refunds, uncashed checks or otherwise), Class Counsel shall move the Court for an order disposing of all such funds, including additional possible distributions to approved Settlement Class claimants and/or *cy pres* distribution as approved by the Court.

33.     ***Use of Agreement as Evidence.*** The Settling Parties agree that this Settlement Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall be governed by Federal Rule of Evidence 408 and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Nichicon or of the truth of any of the claims or allegations made in the Action, and evidence thereof shall not be admissible or used directly or indirectly in any way in the Action or in any other action or proceeding, except an action to enforce or interpret the terms of the Settlement Agreement. The parties expressly reserve all of their rights if the settlement does not become final in accordance with the terms of this Settlement Agreement.

**Taxes**

34.     Class Counsel shall be solely responsible for directing the Claims Administrator to file all informational and other tax returns necessary to report any taxable and/or net taxable

income earned by the Settlement Fund. Further, Class Counsel shall be solely responsible for directing the Escrow Agent to take out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund. Nichicon shall have no responsibility to make any filings relating to the Settlement Fund and shall have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the settlement is not consummated, and the Settlement Fund is returned to Nichicon. Other than as specifically set forth herein, Nichicon shall have no responsibility for the payment of taxes or tax expenses.

35.     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "Administrator" of the Escrow Account shall be the Claims Administrator, who shall timely and properly file or cause to be filed on a timely basis, all tax returns necessary or advisable with respect to the Escrow Account (including without limitation all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B2(1)).

36.     The Settling Parties shall treat, and shall cause the Claims Administrator to treat, the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B1. The parties, their counsel, the Claims Administrator, and the Escrow Agent agree that they will not ask the Court to take any action inconsistent with the treatment of the Escrow Account in such manner. In addition, the Claims Administrator and, as required, the parties, shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468Bl(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the

22

Claims Administrator timely and properly to prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur. All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B1. Interest earned by the Settlement Fund (less any tax imposed upon such interest) shall be for the benefit of the Settlement Class, less reasonable attorneys' fees and expenses approved by the Court (and any interest awarded thereon), any Court-approved awards to Plaintiffs, and payment of any and all administrative expenses associated with the Action or the settlement.

### Failure to Enter Preliminary Approval Order, Final Approval Order or Judgment and Rights to Rescind the Settlement Agreement

37.     If the Court declines to approve this Settlement Agreement, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Final Judgment as provided in Paragraph 8, or if the Court enters the Final Judgment and order and appellate review is sought and, on such review, such Final Judgment is not affirmed, then Nichicon and the Direct Purchaser Plaintiffs shall each, in their respective sole discretion, have the option to rescind this Settlement Agreement in its entirely. Provided, however, that the Settling Parties agree to act in good faith to secure Final Approval of this Settlement and agree to attempt in good faith to address any issues raised by the Court or any court of appeals in disapproving, materially modifying or setting aside the Settlement Agreement. After a reasonable period of such attempts to address any such court identified issues, either Nichicon or Direct Purchaser Plaintiffs may rescind this Settlement Agreement by providing 10 days written notice to the undersigned counsel, by email and personal delivery or overnight courier. Without limiting the foregoing, Nichicon shall have, in its sole and absolute discretion, the option to rescind the Settlement in its

23

entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of the Action against them. Upon such notice of rescission, any and all amounts constituting the Settlement Fund (including but not limited to, any fees, costs, and/or expenses advanced to Class Counsel pursuant to Paragraphs 2 and 29-30 above) shall be returned forthwith to Nichicon, except for any disbursements made or incurred in accordance with Paragraphs 20 and 31(a)(i)-(iii) & 31(b)(ii)-(iii) of this Settlement Agreement. In such event, the Escrow Agent shall disburse the Settlement Fund to Nichicon in accordance with this paragraph within fifteen (15) business days after receipt of either (i) written notice signed by counsel for Nichicon and Counsel stating that this Settlement Agreement has been canceled, rescinded or terminated or (ii) any order of the Court so directing. If the Settlement Agreement is rescinded, cancelled or terminated any obligations pursuant to this Settlement Agreement (other than disbursement of the Settlement Fund to Nichicon as set forth above) shall cease immediately. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or part of this Settlement Agreement or the Final Judgment.

**Miscellaneous**

38.     Direct Purchaser Plaintiffs expressly warrant that, in entering into this Settlement Agreement, they have relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by Nichicon not expressly contained in this Settlement Agreement.

39.     The agreed-upon procedures and requirements regarding Settlement Class Members' rights and options, including filing objections in connection with and/or appearing at the final approval hearing, are intended to ensure the efficient administration of justice and the

302774488 v1

24

orderly presentation of any Settlement Class Members' objections to the Settlement Agreement, in accordance with such Settlement Class Members' due process rights. The Settling Parties will request that the order granting the Preliminary Approval Motion further provide that objectors that fail to properly or timely file their objections, along with the required information and documentation set forth above, or to serve them as provided above, shall not be heard during the Final Approval Hearing or have their objections considered by the Court.

40.     *Headings.* The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

41.     *No Party Deemed To Be the Drafter.* None of the parties hereto shall be deemed to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statue, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

42.     *Entire Agreement.* This Settlement Agreement constitutes the entire completed agreement among Plaintiffs and Nichicon pertaining to the settlement of the Action against Nichicon. This Settlement Agreement may be modified or amended only by a writing executed by Class Counsel and Nichicon.

43.     If any one or more of the provisions of this Settlement Agreement shall for any reason be held to be illegal, invalid, or unenforceable in any respect, such illegality, invalidity, or unenforceability shall not affect any other provision if Nichicon's counsel and Class Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never been included in the Settlement Agreement.

302774488 v1

44.     *Choice of Law*. All terms of this Settlement Agreement shall be governed and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

45.     *Consent to Jurisdiction*. The Court retains exclusive jurisdiction over all matters relating to the implementation and enforcement of the Settlement Agreement. Plaintiffs and Nichicon hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or related to this Settlement Agreement or the applicability or interpretation of this Settlement Agreement.

46.     *Execution in Counterparts*. This Settlement Agreement may be executed in counterparts by Class Counsel and Nichicon, and a facsimile or PDF signature shall be deemed an original signature for purposes of executing this Settlement Agreement and so executed shall constitute one agreement.

47.     *Notification of State Officials*. Nichicon shall notify federal and state officials of this settlement as specified in 28 U.S.C. §§ 1715(a) & (b).

48.     *Binding Effect*. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Direct Purchaser Plaintiffs and Class Counsel shall be binding upon all Settlement Class Members.

49.     *Authorization to Enter Settlement Agreement*. Each of the undersigned attorneys represents that he or she is fully authorized to conduct settlement negotiations and to enter into the terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective clients, subject to Court approval.

50.     *Confidentiality of Settlement Negotiations*. Class Counsel shall keep strictly

302774488 v1

confidential and not disclose to any third party, including specifically any counsel representing any other current or former party to the Action, any non-public information regarding the Settling Parties' negotiation of this settlement and/or the Settlement Agreement, except that the Settling Parties may file under seal any documents concerning this Settlement or the negotiation of the Settlement Agreement in connection with a motion or proceeding to enforce or contest the terms of this Settlement Agreement. For the sake of clarity, information contained within this Settlement Agreement shall be considered public, and Nichicon may issue a press release regarding execution of the Settlement Agreement and the amount paid in connection with the Settlement Agreement.

51. *Notices.* Unless otherwise specifically provided for herein, any notice or other communication required or permitted to be delivered to any party under this Settlement Agreement shall be in writing and shall be deemed properly delivered, given and received when delivered to the address set forth beneath the name of such party signing below.

302774488.v1

**IN WITNESS WHEREOF**, the parties hereto, through their fully authorized representatives,

have agreed to this Settlement Agreement as of November 7, 2018.

By: _Joseph Saveri_

Date: _December 4, 2018_

Joseph R. Saveri

**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street
Suite 1000
San Francisco, CA 94108

jsaveri@saverilawfirm.com

**Interim Class Counsel
for Direct Purchaser Plaintiffs**

By: _Michael E. Martinez_

Date: _December 6, 2018_

Michael E. Martinez

**K&L GATES LLP**
70 W. Madison Street
Suite 3300
Chicago, IL 60602

michael.martinez@klgates.com

**Counsel for Nichicon
Corporation and Nichicon (America)
Corporation**

28

302774488 v1