1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[Counsel for Moving Defendants Listed on Signature Pages]**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION** | Case Nos.  3:14-cv-03264-JD<br>3:17-md-02801-JD |
| All Direct Purchaser Actions,<br>Case No. 3:14-cv-03264-JD | **CERTAIN DEFENDANTS' JOINT MOTION TO EXCLUDE TESTIMONY OF DR. HAL J. SINGER** |
| All Indirect Purchaser Actions,<br>Case No. 3:14-cv-03264-JD | |
| *The AASI Beneficiaries' Trust, by and Through Kenneth A. Welt, Liquidating Trustee,* v. *AVX Corp. et al.*, Case No. 3:17-cv-03472-JD | Date: August 29, 2019<br>Time: 10:00 a.m.<br>Judge: Honorable James Donato<br>Courtroom 11—19th Floor |
| *Avnet, Inc.,* v. *Hitachi Chemical Co., Ltd., et al.,* Case No. 3:17-cv-07046-JD | **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |
| *Benchmark Electronics, Inc. et al.* v. *AVX Corp. et al.*, Case No. 3:17-cv-07047-JD | |
| *Arrow Electronics, Inc.* v. *ELNA Co., Ltd. et al.,* Case No. 3:18-cv-02657-JD | |
| *Flextronics International USA, Inc.'s Individual Action*, Case No. 3:14-cv-03264-JD | |

## NOTICE OF MOTION AND MOTION

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 29, 2019 at 10 a.m., or as soon thereafter as the matter may be heard, in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable James Donato, the undersigned Defendants[1] will and hereby do move the Court, under Rules 104(a) and 702 of the Federal Rules of Evidence, to exclude the proposed testimony of Dr. Hal J. Singer, expert for the Direct Purchaser Plaintiffs, because that testimony is unreliable and irrelevant as defined by those rules and the interpretation of them as specified by the Supreme Court in *Daubert* v. *Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993).

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Johan E. Tatoy and the exhibits attached thereto,[2] the complete files and records in this action, oral argument of counsel, authorities that may be presented at or before the hearing, and such other and further matters as this Court may consider.

---

[1] This motion is joined by:  Nippon Chemi-Con Corporation; United Chemi-Con, Inc.; Panasonic Corporation; Panasonic Corporation of North America; SANYO Electric Co., Ltd.; SANYO North America Corporation; AVX Corporation; Matsuo Electric Co., Ltd.; Holy Stone Enterprise Co., Ltd.; Milestone Global Technology (D/B/A HolyStone International); Vishay Polytech Co., Ltd; Elna Co., Ltd.; Elna America, Inc.; KEMET Corporation; and KEMET Electronics Corporation.

[2] "Ex. __" refers to the exhibits attached to the Declaration of Johan E. Tatoy, dated June 14, 2019.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ....................................................................... i

TABLE OF AUTHORITIES ................................................................................... iii

ISSUE TO BE DECIDED ........................................................................................ i

INTRODUCTION ....................................................................................................1

LEGAL STANDARD................................................................................................1

BACKGROUND ......................................................................................................2

ARGUMENT ...........................................................................................................4

I.    Dr. Singer's Testimony on "Qualitative" Evidence Is Improper and Should Be
       Excluded. ......................................................................................................5

    A.    Dr. Singer's Evaluation of the Qualitative Evidence Is Not Based Upon Any
            Reliable Scientific Methodology And Is Unhelpful to the Trier of Fact. ...............5

    B.    Dr. Singer's Reliance on ████████████████████████████
            ████████████ Does Not Comport With Any Accepted Scientific
            Methodology, and Undermines His "Qualitative Analysis." ................................9

II.   Dr. Singer's "Quantitative" Econometric Analyses Should be Excluded as Unreliable. ........12

CONCLUSION........................................................................................................13

CERTAIN DEFS' JOINT MOTION TO EXCLUDE TESTIMONY OF DR. HAL J. SINGER
Case No.  3:14-cv-03264-JD; 3:17-md-02801-JD

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*AFMS LLC* v. *United Parcel Service Co.*,
   No. 10-cv-5830, 2014 WL 12515335 (C.D. Cal. Feb. 5, 2014)............................................8

*Aguilar* v. *Int'l Longshoremen's Union Local No. 10*,
   966 F.2d 443 (9th Cir. 1992) ............................................................................................7

*Am. Ad Mgmt., Inc.* v. *GTE Corp.*,
   92 F.3d 781 (9th Cir. 1996) ............................................................................................10

*In re Apollo Grp. Inc. Sec. Litig.*,
   527 F. Supp. 2d 957 (D. Ariz. 2007) ................................................................................8

*In re Capacitors Antitrust Litigation*,
   No. 17-md-2801 (JD), 2018 WL 5980139 (N.D. Cal. Nov. 14, 2018).............................7

*CFM Commc'ns, LLC* v. *Mitts Telecasting Co.*,
   424 F. Supp. 2d 1229 (E.D. Cal. 2005).............................................................................9

*City of Tuscaloosa* v. *Harcros Chems.*,
   158 F.3d 548 (11th Cir. 1998) ..........................................................................................8

*Daubert* v. *Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ............................................................................................................i

*Diviero* v. *Uniroyal Goodrich Tire Co.*,
   114 F.3d 851 (9th Cir. 1997) ............................................................................................5

*Ellis* v. *Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ............................................................................................2

*Harris* v. *City of Chicago*,
   No. 14-cv-4391, 2017 WL 3193585 (N.D. Ill. July 27, 2017) .....................................11

*Johns* v. *Bayer Corp.*,
   No. 09-cv-1935, 2013 WL 1498965 (S.D. Cal. Apr. 10, 2013) ......................................8

*Kamakahi* v. *Am. Soc'y for Reprod. Med.*,
   305 F.R.D. 164 (N.D. Cal. 2015).......................................................................................2

*Kammerer* v. *Wyeth*,
   No. 8:04-cv-196, 2011 WL 5237757 (D. Neb. Nov. 1, 2011)......................................11

*Lust ex rel. Lust* v. *Merrell Dow Pharm., Inc.*,
   89 F.3d 594, 597 (9th Cir. 1996) ...................................................................................10

*McClellan* v. *I-Flow Corp.*,
   710 F. Supp. 2d 1092 (D. Or. 2010) .................................................................................5

*Mid-State Fertilizer Co.* v. *Exch. Nat. Bank of Chicago*,
  877 F.2d 1333 (7th Cir. 1989) ............................................................................6

*In re Mirena IUD Prods. Liab. Litig.*,
  169 F. Supp. 3d 396 (S.D.N.Y. 2016).................................................................11

*Nationwide Transp. Fin.* v. *Cass Info. Sys., Inc.*,
  523 F.3d 1051 (9th Cir. 2008) .........................................................................6, 7

*Newkirk* v. *ConAgra Foods, Inc.*,
  727 F. Supp. 2d 1006 (E.D. Wash. 2010), *aff'd*, 438 F. App'x 607 (9th Cir. 2011) ...................12

*Ollier* v. *Sweetwater Union High Sch. Dist.*,
  768 F.3d 843 (9th Cir. 2014) ................................................................................2

*Open Text S.A.* v. *Box, Inc.*,
  No. 13-cv-04910 (JD), 2015 WL 349197 (N.D. Cal. Jan. 23, 2015)......................2

*Oracle Am., Inc.* v. *Hewlett Packard Enter. Co.*,
  No. 16-cv-01393 (JST), 2018 WL 6511146 (N.D. Cal. Dec. 11, 2019).................9

*In re Rezulin Prods. Liab. Litig.*,
  309 F. Supp. 2d 531 (S.D.N.Y. 2004)...................................................................8

*United States* v. *Sandoval-Mendoza*,
  472 F.3d 645 (9th Cir. 2006) ................................................................................2

*SourceOne Dental, Inc.* v. *Patterson Companies, Inc.*,
  310 F. Supp. 3d 346 (E.D.N.Y. 2018) ................................................................10

*U.S. Info. Sys., Inc.* v. *Int'l Bhd. of Elec. Workers Local Union No. 3*,
  313 F. Supp. 2d 213 (S.D.N.Y. 2004)...................................................................6

*Walker* v. *Contra Costa Cty.*,
  No. 03-cv-3723 (THE), 2006 WL 3371438 (N.D. Cal. Nov. 21, 2006)...........5, 6

**OTHER AUTHORITIES**

Fed. R. Evid. 702 ....................................................................................... *passim*

George J. Stigler
  *What Does an Economist Know*, 33 J. Legal Educ. 311 (1983) .......................6, 7

**ISSUE TO BE DECIDED**

Whether the Court should exclude the expert report of Dr. Hal J. Singer offered by Direct Purchaser Plaintiffs ("DPPs") under Rules 104(a) and 702 of the Federal Rules of Evidence and *Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), because his methodology is not reliable and is not an accepted scientific methodology, and because Dr. Singer is not qualified to offer his opinions, which are unreliable and not helpful to the trier of fact.

1

**INTRODUCTION**[3]

2    Plaintiffs have put forth Dr. Hal J. Singer as one of their experts in their case against

3  Defendants.  Dr. Singer employs a "qualitative analysis" in which he ███████████████████

4  ██████████████████████████████████████████████████████████████████████████████

5  ██████████████████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████  Dr. Singer's

7  approach is decidedly not academic and has no grounding in economics.  It is, in short, "junk

8  science" that will serve only to confuse the jury and to take from the factual determinations that are

9  clearly in their province as the ultimate finders of fact.  In order to perform his so-called "qualitative

10  analysis," Dr. Singer does nothing more than ████████████████████████████████████

11  ██████████████████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████  Dr.

13  Singer then concludes, on the basis of this "analysis" that ████████████████████████████

14  ██████████████████████████  Such inappropriate, unreliable, and unhelpful

15  testimony should be excluded.

16    Dr. Singer also adopts Dr. McClave's econometric model, making only minor adjustments to

17  that model, none of which addresses the model's fundamental flaws.  Dr. Singer's econometric

18  analysis should, therefore, be excluded for the reasons stated in Defendants' Motion to Exclude the

19  Proposed Expert Testimony of Dr. James T. McClave.

20

**LEGAL STANDARD**

21    Expert testimony can be admitted only if it satisfies the conditions enumerated in Federal

22  Rule of Evidence 702, namely:  (a) the expert's scientific, technical, or other specialized knowledge

23  will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony

24  is based on sufficient facts or data; (c) the testimony is the product of reliable principles and

25  methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

26  Fed. R. Evid. 702.  The Ninth Circuit has interpreted this rule to require expert testimony to be both

27

28  [3] The use of terms herein that are defined in Defendants' Motion for Summary Judgment filed concurrently with this motion refer to the definitions set forth in that motion.

1   reliable and relevant to be admissible.  *See, e.g., Ollier* v. *Sweetwater Union High Sch. Dist.*, 768

2   F.3d 843, 860 (9th Cir. 2014); *Ellis* v. *Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011).

3          Expert testimony, however, is reliable only if "the knowledge underlying it 'has a reliable

4   basis in the knowledge and experience of [the relevant] discipline.'"  *United States* v. *Sandoval-*

5   *Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006) (quoting *Kumho Tire Co.* v. *Carmichael*, 526 U.S. 137,

6   149 (1999); *Daubert* v. *Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993) ("*Daubert I*")).  "[A]

7   critical prerequisite is that the underlying methodology be sound.  When it is not, exclusion of the

8   expert's opinion is proper."  *Open Text S.A.* v. *Box, Inc.*, No. 13-cv-04910 (JD), 2015 WL 349197, at

9   *2 (N.D. Cal. Jan. 23, 2015) (citations omitted); *see also Kamakahi* v. *Am. Soc'y for Reprod. Med.*,

10  305 F.R.D. 164, 176 (N.D. Cal. 2015) (observing that "[e]vidence should be excluded as unreliable

11  if it 'suffer[s] from serious methodological flaws,'" and granting motion to exclude Dr. Singer's

12  testimony as unreliable (quoting *Obrey* v. *Johnson*, 400 F.3d 691, 696 (9th Cir. 2005))).

13         Finally, an expert must be "qualified as an expert by knowledge, skill, experience, training,

14  or education."  Fed. R. Evid. 702.  Here, Dr. Singer employs a methodology that is beyond the scope

15  of the expertise of an economist.

16                                    **BACKGROUND**[4]

17         DPPs retained Dr. Singer, the managing director of EconOne Research, to opine that ▮

18  ▮

19  ▮

20  ▮

21  ▮

22  ▮

23  ▮

24  ▮

25  ▮

26  _____

27  [4]  The background of this case is set forth more fully in Defendants' Motion for Summary Judgment.

28  [5] ▮

1 ▮.[6]

2 Dr. Singer's ▮

3 ▮ Specifically, Dr. Singer ▮

4 ▮

5 ▮

6 ▮ ▮.[7]  In carrying out his "qualitative analysis," Dr. Singer

7 ▮

8 ▮

9 ▮

10 ▮

11 ▮

12 ▮

13 ▮

14 ▮

15 ▮.[8]

16 ▮

17 ▮

18 ▮

19 ▮

20 ▮

21 ▮
[6] ▮

22 ▮

[7] ▮

23 ▮

24 ▮

25 ▮

26 ▮

[8] ▮

27 ▮

28 ▮

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21 **<u>ARGUMENT</u>**

22    Dr. Singer's "qualitative analysis" is not proper expert testimony.  Dr. Singer's "qualitative

23 analysis"—which purports to find that the record evidence in this case indicates anticompetitive

24 conduct—is not only unreliable, but it is not helpful to the trier of fact.  Rather than undertaking the

25 work of an economist, Dr. Singer attempts to step into the role of a juror and determine whether the

26 evidence in this case supports a finding that anticompetitive conduct exists.  Plaintiffs' own expert

27 admits that this is not economic testimony.  Instead, Dr. Singer's testimony is a blatant attempt to

28 lend an aura of expertise to a topic the jury should properly consider independently: examination of

1  the record evidence in this case, and applying the law to that evidence.  Further, as to his testimony

2  about the topics that the Department of Justice considers in evaluating anticompetitive conduct, Dr.

3  Singer does not rely upon reliable sources that reflect internal DOJ policies, and that analysis is not

4  based on any scientific methodology.

5  **I.     DR. SINGER'S TESTIMONY ON "QUALITATIVE" EVIDENCE IS IMPROPER
        AND SHOULD BE EXCLUDED.**

6

7        Dr. Singer employs a "qualitative analysis" that is nowhere to be found in any scholarly text,

   and cannot be replicated by anyone other than Dr. Singer.  In particular, Dr. Singer apparently █████

8  ████████████████████████████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████  Such an

10 "analysis" will serve only to confuse the jury as Dr. Singer lends his "expertise" to ████

11 ██████████████████████████████████████████████  According to Dr.

12 Singer, he ███████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████████████████████████████

15 ██████████████████████████████████████████████.  This analysis is decidedly legal in

16 nature, rather than economic, and should be firmly in the province of the fact-finder, not expert

17 testimony.

18        **A.     Dr. Singer's Evaluation of the Qualitative Evidence Is Not Based Upon Any
            Reliable Scientific Methodology And Is Unhelpful to the Trier of Fact.**

19

20        Expert testimony must be useful to a finder of fact by deploying specialized knowledge and

21 skills to aid in the interpretation of evidence.  *See Diviero* v. *Uniroyal Goodrich Tire Co.*, 114 F.3d

22 851, 853 (9th Cir. 1997).  In other words, an expert's opinion must do more than the average juror

23 could (or should) do.  *See Walker* v. *Contra Costa Cty.*, No. 03-cv-3723 (THE), 2006 WL 3371438,

24 at *5 (N.D. Cal. Nov. 21, 2006) (excluding expert testimony when there was "no showing that [the

25 expert's] opinions flow from specialized expertise beyond the ken of the average juror"); *McClellan*

26 v. *I-Flow Corp.*, 710 F. Supp. 2d 1092, 1136 (D. Or. 2010) ("It is well established that expert

27 testimony is not helpful if it simply addresses lay matters which the jury is capable of understanding

28 and deciding without the expert's help.").  Furthermore, an expert witness's legal conclusions are,

1  and should be, properly excluded.  *See Nationwide Transp. Fin.* v. *Cass Info. Sys., Inc.*, 523 F.3d

2  1051, 1058 & 1060 (9th Cir. 2008).  Dr. Singer's evaluation of the qualitative evidence violates each

3  of these principles.

4       Dr. Singer opines that ███████████████████████████████████████████

5  ███████████████████████████████ Dr. Singer ███████████████████████████

6  █████████████████████████████████████████████████████████████████████

7  █████████████████████████████████████████████████████████████████████

8  ███████████████████████ According to Dr. Singer, ███████████████████████

9  █████████████████████████████████████████████████████████████████████

10 ███████████████████████████████ Dr. Singer's ██████████████████████ is

11 not based on specialized knowledge; the jury could (and should) do this on its own.  Dr. Singer's

12 discussion of the evidence, and his conclusion that ██████████████████████████████████

13 ██████████████████████, is thus not proper expert testimony, and will serve only to confuse the jury

14 on the ultimate legal issues of the case.  *See, e.g.*, *Walker*, 2006 WL 3371438, at *5; *Nationwide*

15 *Transp. Fin.*, 523 F.3d at 1058 (quoting *Hangarter* v. *Provident Life & Accident Ins. Co.*, 373 F.3d

16 998, 1016 (9th Cir. 2004)) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*,

17 i.e., an opinion on an ultimate issue of law.").

18      Dr. Singer's purported ██████████████████ demonstrates his misunderstanding of his

19 role as an expert.  It is for the jury to determine whether, for example, ██████████████████

20 █████████████████████████████████████████████████████████████████████

21 █████████████████████████████████████████████████████████████████████

22 ██████████████████████████████ *See, e.g.*, *Mid-State Fertilizer Co.* v. *Exch. Nat. Bank of*

23 *Chicago*, 877 F.2d 1333, 1340 (7th Cir. 1989) (expert "gave a legal rather than an economic

24 opinion" when "he examined materials produced in discovery and drew inferences from the record,

25 speaking in legal rather than economic terms"); *U.S. Info. Sys., Inc.* v. *Int'l Bhd. of Elec. Workers*

26 *Local Union No. 3*, 313 F. Supp. 2d 213, 239–40 (S.D.N.Y. 2004) (expert may not usurp "the role of

27 the jury in applying that law to the facts before it"); *see also* George J. Stigler, *What Does an*

28 *Economist Know*, 33 J. Legal Educ. 311 (1983) ("A reasonable man, and often even an economist,



would say that the documents seemed to present a conclusive proof of collusive behavior.  The economist, however, would have no professional basis for reaching such a conclusion: he has no special skill in reading documents and relating them to actual behavior.  In particular his skill in document interpretation is on average inferior to that of a lawyer."); ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  For this reason alone, Dr. Singer's "qualitative analysis" as to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is properly excluded.  *See In re Capacitors Antitrust Litigation*, No. 17-md-2801 (JD), 2018 WL 5980139, at *11 (N.D. Cal.  Nov. 14, 2018) (noting that an expert's opinion that "defendants engaged in the alleged conspiracy" is not a topic the Court would likely permit expert testimony about at trial); *Nationwide Transp. Fin.*, 523 F.3d at 1058–60 (explaining that experts cannot "invade[] the province of the trial judge," and "[u]nder either [Rule 701 or Rule 702], evidence that merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible" (citations omitted)); *see also Aguilar* v. *Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (no expert opinion admissible on questions of law).

Moreover, Dr. Singer's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ Dr. Singer's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

CERTAIN DEFS' JOINT MOTION TO EXCLUDE TESTIMONY OF DR. HAL J. SINGER
Case No.  3:14-cv-03264-JD; 3:17-md-02801-JD

██████████ .

██████████████████████ .  Instead of offering helpful testimony, Dr. Singer ████████████

██████████████████████████████ .  *See City of Tuscaloosa* v. *Harcros Chems.*, 158 F.3d

548, 565 (11th Cir. 1998) (Dr. McClave's "characterizations of documentary evidence as reflective

of collusion" do not assist the jury); *Johns* v. *Bayer Corp.*, No. 09-cv-1935, 2013 WL 1498965, at

*28 (S.D. Cal. Apr. 10, 2013) ("[T]o the extent an expert simply rehashes otherwise admissible

evidence about which he has no personal knowledge, such evidence—taken on its own—is

inadmissible."); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004) ("Rule

702 ensures that expert witnesses will not testify about lay matters . . . . Examples of expert

testimony that courts have excluded on this basis include factual narratives and interpretations of

conduct or views as to the motivation of parties.").  This is an analysis that the jury is "fully capable

of understanding . . . through the use of its common knowledge and common sense."  *In re Apollo

Grp. Inc. Sec. Litig.*, 527 F. Supp. 2d 957, 962 (D. Ariz. 2007) (quoting 3 Jack B. Weinstein &

Margaret A. Berger, *Weinstein's Federal Evidence*, ¶ 702.03[2][a], at 702–36).  The evidence is for

the jury to assess, ██████████████████████

████████████████████████████

████████████████████████████

███ ██████████████████████████

████████████████████████████

████████████████████████████

███

Rather than using an expert as a one-stop shortcut, as is the case with Dr. Singer's qualitative

analysis, Plaintiffs must instead present their version of the facts through percipient witnesses and

---

[9] Dr. Singer's conclusion in favor of Plaintiffs is unsurprising. ████████████████

████████████████████████████

████████████████████████████

███████████

8

documentary evidence, and then allow the jury to exercise their proper role as fact-finder.[10]  *Oracle Am., Inc.* v. *Hewlett Packard Enter. Co.*, No. 16-cv-01393 (JST), 2018 WL 6511146, at *7 (N.D. Cal. Dec. 11, 2018) ("An expert witness may not usurp the jury's role in making fact determinations.").

**B.    Dr. Singer's ███████████ Does Not Comport With Any Accepted Scientific Methodology, and Undermines His "Qualitative Analysis."**

Dr. Singer's "qualitative analysis" is further undermined by t████████████ ███████████████████████ Dr. Singer's "qualitative analysis" is based almost entirely on ████████████████████████

████████████████████████████

Specifically, Dr. Singer ████████████████████

████████████████████████████

████████████████████████ Dr. Singer concludes ██████████████████████

  ████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

────────────────

[10] This is particularly so with respect to Dr. Singer's testimony on ████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████  So too here, Dr. Singer's testimony should be excluded because his testimony is "utterly unhelpful" when it is not grounded in the methodologies of economics, and is on a topic which—as explained more fully below—Dr. Singer is not qualified to opine.

1  ████████████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████████

3  ██████████████  *Am. Ad Mgmt., Inc.* v. *GTE Corp.*, 92 F.3d 781, 785 (9th Cir. 1996) (price fixing

4  requires application of a "per se" approach, rather than a "rule of reason" approach); *SourceOne*

5  *Dental, Inc.* v. *Patterson Companies, Inc.*, 310 F. Supp. 3d 346, 359 (E.D.N.Y. 2018) ("[E]vidence

6  of the mere exchange of information by competitors cannot establish a per se conspiracy."

7  (alterations omitted)).

8  ██████████████████████████████████████████████████████████

9  ████████████████████████████████████

10  ████████████████████████████████████████████

11  ████████████████████

12  ████████████████████████████████████████████████

13  ████████████████████████████████████████████████

14  ██████████████████████████████████████

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████████████

17  ████████████████████████

18  ████████

19  ████████████████████████████████████████████████

20  ████████████████████████

21  ████████████████████  ████████████████████████████████████

22  ████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████

24  ████████████████████  *See Lust ex rel. Lust* v. *Merrell Dow Pharm., Inc.*, 89 F.3d 594, 597

25  (9th Cir. 1996) (finding expert methodology unscientific when not subjected to peer review and

26  expert unable to point to objective source demonstrating methods accepted or espoused in field).

27  The fact is, Dr. Singer's "qualitative analysis" is neither reliable nor scientific.  As one example, an

28  econometric model, such as the one Dr. Singer sets forth in his ***quantitative*** analysis, is replicable by

1   the Defendants' economists, even if it is ultimately flawed and should be excluded. *See* Section II,

2   *infra*. Dr. Singer's qualitative analysis, however, is replicable only by Dr. Singer alone. ██████████

3   ████████████████████████████████████████████████████████████████████████████████████

4   ██████████████████████████████████ Dr. Singer's "qualitative analysis" simply has no

5   principled basis.  It contains no scientific benchmark.  It is decidedly unscientific and should be

6   excluded from his opinions in this matter.

7         Finally, Dr. Singer has no "knowledge, skill, experience, training, or education" with respect

8   to ██████████████████████, and so his testimony on that subject must be excluded.

9   Fed. R. Evid. 702.  An expert must be qualified to give the specific testimony he is rendering—

10  expertise in a related field, even a very closely related field, is not sufficient.  *See, e.g.*, *Harris* v.

11  *City of Chicago*, No. 14-cv-4391, 2017 WL 3193585, at *4 (N.D. Ill. July 27, 2017) (excluding

12  testimony of expert witness whose field was "police practices," not "false confessions").  Dr. Singer

13  has no such experience—████████████████████████████████████████

14  ████████████████████ Singer Dep. Tr. 80:2–22.[11]

15      ████████████████████████████████████████████████

16  ████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████

22  ████████████████████████████████████████████

23

24  [11] To be sure, courts sometimes qualify witnesses with respect to ████████████████████

25  ████████████████████████████████████████████████████████████████████████████
                                                                    *See, e.g.*,

26  *Kammerer* v. *Wyeth*, No. 8:04-cv-196, 2011 WL 5237757, at *4 (D. Neb. Nov. 1, 2011) (qualifying
    a "medical doctor and former Medical Officer at the Food and Drug Administration ('FDA')," and a

27  "longtime executive of a pharmaceutical company [with] . . . a Ph.D. in pharmacology and
    toxicology . . . to testify with respect to the regulatory approval process and post-marketing

28  surveillance obligations" of the FDA); *In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396,
    462–63 (S.D.N.Y. 2016) (qualifying former FDA employee as regulatory expert).

1    Nor is Dr. Singer's "qualitative analysis" supported by his economic expertise. █████

2    ████████████████████████████████████████████████

3    ████████████████████████████████████████████████

4    ████████████████████████████████████████████████

5    ████████████████████████████████████████████████

6    ██████.[12]

7    In sum, ███████████████████████████████████

8    ████████████████████████████████████████████████

9    ████████████████████████████████████████████████

10   ████████████████████████████████████████████████

11   ███████████████████████████████████████

12   **II.    DR. SINGER'S "QUANTITATIVE" ECONOMETRIC ANALYSES SHOULD BE**
     **EXCLUDED AS UNRELIABLE.**

13

14   Dr. Singer's econometric model is ████████████████████

15   ████████████████████████████████████████████████

16   ████████████████████████████████████████████████

17   ████ ██████████████████████████████████████████

18   ████████████████████████████████████████████████

19   ████████████████████████████████████████████████

20   ─────────────────
     [12] Moreover, these sources are not reliable bases for determining how the ████████████
21   ████████ *Newkirk* v. *ConAgra Foods, Inc*., 727 F. Supp. 2d 1006, 1016 (E.D. Wash.
     2010), *aff'd*, 438 F. App'x 607 (9th Cir. 2011) (explaining that courts can exclude expert opinions if
22   an expert "has not cited to reliable sources for his underlying facts or data").███████████

23   ████████████████████████████████████████████████

24   ████████████████████████████████████████████████

25   ████████████████████████████████████████████████

26   ███████████████████████████████████████████

27   [13] Defendants hereby incorporate Defendants' Motion to Exclude the Expert Testimony of
     Dr. James T. McClave, filed concurrently herewith.

28   [14] For instance, ██████████████████████████████████████

─────────────────
12

1

2

3

4

## **CONCLUSION**

5

6         For the reasons stated above, Defendants respectfully request that the Court grant their

7    Motion to Exclude Testimony of Dr. Hal J. Singer.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTAIN DEFS' JOINT MOTION TO EXCLUDE TESTIMONY OF DR. HAL J. SINGER
Case No.  3:14-cv-03264-JD; 3:17-md-02801-JD

Dated:  June 14, 2019                        Respectfully submitted,

                                             PAUL, WEISS, RIFKIND, WHARTON &
                                             GARRISON LLP

                                             By:       /s/ *Joseph J. Bial*
                                             Charles F. Rule (admitted *pro hac vice*)
                                             rrule@paulweiss.com
                                             Joseph J. Bial (admitted *pro hac vice*)
                                             jbial@paulweiss.com
                                             2001 K STREET, NW
                                             WASHINGTON, DC 20006-1047
                                             Tel: (202) 223-7300
                                             Fax: (202) 223-7420

                                             PAUL, WEISS, RIFKIND, WHARTON &
                                             GARRISON LLP

                                             Johan E. Tatoy (admitted *pro hac vice*)
                                             jtatoy@paulweiss.com
                                             Sara E. Hershman (admitted *pro hac vice*)
                                             shershman@paulweiss.com
                                             1285 AVENUE OF THE AMERICAS
                                             NEW YORK, NEW YORK 10019-6064
                                             Tel: (212) 373-3830
                                             Fax: (212) 492-0830

                                             KAUFHOLD GASKIN LLP

                                             Steven Kaufhold (SBN 157195)
                                             skaufhold@kaufholdgaskin.com
                                             388 MARKET STREET
                                             SAN FRANCISCO, CA 94111
                                             Tel: (415) 445-4621
                                             Fax: (415) 874-1071

                                             *Counsel for Defendants*
                                             *Nippon Chemi-Con Corporation*
                                             *and United Chemi-Con, Inc.*


                                             By:       /s/ *Bruce D. Sokler*
                                             Bruce D. Sokler *(admitted pro hac vice)*
                                             Robert G. Kidwell *(admitted pro hac vice)*
                                             bdsokler@mintz.com
                                             rgkidwell@mintz.com
                                             MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                             POPEO P.C.

701 Pennsylvania Avenue NW
Suite 900
Washington, DC 20004
Telephone: (202) 434-7300
Facsimile: (202) 434-7400

Evan S. Nadel (SBN 213230)
enadel@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND
POPEO P.C.
44 Montgomery Street, 36th Floor
San Francisco, California 94104
Telephone: 415-432-6000
Facsimile: 415-432-6001

*Attorneys for Defendant*
*AVX CORPORATION*

By:     /s/ *Jeffrey L. Kesslerr*
Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
A. Paul Victor (*pro hac vice*)
pvictor@winston.com
Molly Donovan (*pro hac vice*)
mmdonovan@winston.com
Sofia Arguello (*pro hac vice*)
sarguello@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Ian L. Papendick (SBN 275648)
ipapendick@winston.com
Matthew R. DalSanto (SBN 282458)
MDalSanto@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Counsel for Defendants*
*Panasonic Corporation*
*Panasonic Corporation of North America*
*SANYO Electric Co., Ltd.*
*SANYO North America Corporation*

By:     /s/ *Bonnie Lau*

15

1    Bonnie Lau
     bonnie.lau@dentons.com
2    DENTONS US LLP
     One Market Plaza
3    Spear Tower, 24th Floor
     San Francisco, CA 94105
4    Telephone:    (415) 882-5083
     Facsimile:    (415) 267-4198

5    *Counsel for Matsuo Electric Co., Ltd.*

6

7    By:    /s/ *Jeffrey A. LeVee*
     Jeffrey A. LeVee (State Bar No. 125863)
8    jlevee@JonesDay.com
     Eric P. Enson (State Bar No. 204447)
9    epenson@JonesDay.com
     Kelly M. Ozurovich (State Bar No. 307563)
10   kozurovich@jonesday.com
     JONES DAY
11   555 South Flower Street
     Fiftieth Floor
12   Los Angeles, CA  90071.2300
     Telephone:    +1.213.489.3939
13   Facsimile:    +1.213.243.2539

14   *Attorneys for Defendants Holy Stone Enterprise Co.,*
     *Ltd.; Milestone Global Technology, Inc. (D/B/A*
15   *Holystone International); and Vishay Polytech Co., Ltd.*

16

17   By:    /s/ *Heather S. Nyong'o*
     Heather S. Nyong'o (CA SBN 222202)
18   heather.nyongo@wilmerhale.com
     WILMER CUTLER PICKERING
19   HALE AND DORR LLP
     1 Front Street, Suite 3500
20   San Francisco, CA 94111
     Telephone: (628) 235-1000
21   Facsimile: (628) 235-1001

22   Thomas Mueller (*pro hac vice*)
     thomas.mueller@wilmerhale.com
23   WILMER CUTLER PICKERING
     HALE AND DORR LLP
24   1875 Pennsylvania Avenue, NW
     Washington, DC 20006
25   Telephone: (202) 663-6000
     Facsimile: (202) 663-6363
26

27   Chris Johnstone (CA SBN 242152)
     WILMER CUTLER PICKERING
28   HALE AND DORR LLP

                              16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

950 Page Mill Road
Palo Alto, CA 94304
chris.johnstone@wilmerhale.com
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Counsel for Defendants Elna Co., Ltd. and Elna*
*America, Inc.*


By:     */s/ Jacob R. Sorensen*
PILLSBURY WINTHROP SHAW PITTMAN LLP
ROXANE A. POLIDORA
JACOB R. SORENSEN
LAURA C. HURTADO
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111

*Attorneys for Defendants*
*KEMET CORPORATION and*
*KEMET ELECTRONICS CORPORATION*

Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence
in the filing of this document has been obtained from each of the above signatories.

17