UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 3:14-cv-03264-JD<br>MDL No. 2801 |
| This Document Relates To:<br>DIRECT PURCHASER PLAINTIFFS ACTION | **JOINT STATUS CONFERENCE STATEMENT**<br><br>Date:  Nov. 7, 2019<br>Time:  2:30 p.m.<br>Place:  Courtroom 11, 19th Floor<br>Hon. James Donato |

In advance of the status conference to be held on November 7, 2019 at 2:30 p.m., the Direct Purchaser Plaintiffs ("DPPs") and undersigned Defendants hereby submit this Joint Status Conference Statement.

**I.   Jury Trial.**

Pursuant to the Court's July 29, 2019 Civil Minutes (ECF No. 2404), the Defendants hereby inform the Court that Defendants elect a jury trial.

**II.   Trial Scheduling and Trial Length.**

**A.   Plaintiffs' Statement**

In response to Defendants' position below, the Class's view is that consistent with the presently operative Rule 16 Scheduling Order in this case, the Class will be prepared to begin trial on Monday, February 3, 2020. The Class understands that the Court will impose time limits and that trial time will be split 50-50 between the plaintiffs and defendants.

The Class notes that the 2014 Case Management Conference Statement referenced by Defendants in their section was submitted over five years ago on behalf of all parties before appointment of lead counsel, Rule 12 proceedings, discovery, or guilty pleas and addressed the potential length of a trial that would have included both direct and indirect purchaser plaintiffs and all defendants named.

**B.   Defendants' Statement**

Defendants understand that the Court has set a two- to three-week evidentiary hearing in the case of *In re PG&E Corporation and Pacific Gas and Electric Company*, 3:19-cv-05257-JD ("*PG&E* Matter") to begin on February 18, 2020, two weeks after trial is set to commence in this matter, on February 3, 2020.  Defendants do not believe that this matter can be tried in just two weeks given the number of Defendants that remain in DPPs' case, which is now eight, the number of witnesses who are likely to testify live at trial, which includes at least sixteen percipient witnesses and approximately nine expert witnesses on Defendants' side, and the translations necessary for most of the percipient witnesses to testify, thereby doubling the time that these witnesses are on the stand.

1   Defendants estimate that they will require seventeen to twenty trial days to conduct
2   the direct examinations of Defendants' percipient and expert witnesses, which is only two
3   to two-and-a-half trial days per Defendant.  DPPs will, obviously, need time to cross
4   examine these witnesses, and both parties will need time to conduct direct and cross
5   examinations of DPPs' witnesses.  Thus, assuming DPPs will require a similar amount of
6   trial days to complete their case in chief, a conservative estimate of total trial length is
7   forty-five trial days, which comports with the parties' original trial estimate of "at least six
8   (6) weeks" in the 2014 Joint Case Management Conference Statement.  (ECF No. 246 in
9   Case No. 3:14-cv-03264 at 27.)  This estimate is also consistent with a number of recent,
10  similar antitrust trials in this District, each of which involved far fewer defendants.  For
11  example, the direct purchaser plaintiff trial in *In re: TFT-LCD (Flat Panel) Antitrust*
12  *Litigation*, 07-md-01827 (N.D. Cal.) (Illston, J.), involving only one defendant, lasted six
13  weeks.  Likewise, the single-plaintiff opt-out trial in *In re: TFT-LCD (Flat Panel) Antitrust*
14  *Litigation*, 07-md-01827 (N.D. Cal.) (Illston, J.), involving two defendants, also ran for six
15  weeks.  And trial in *In re Korean Ramen Antitrust Litigation*, 13-cv-4115 (N.D. Cal.)
16  (Orrick, J.), involving four defendants, lasted five weeks.
17  Given these estimates, and while the Defendants will be prepared to start trial on
18  February 3, 2020, should the Court so order, Defendants respectfully request that the Court
19  either reschedule the *PG&E* Matter or schedule trial in this matter to begin shortly after
20  completion of the *PG&E* Matter so that trial in this case can run for at least forty-five trial
21  days without interruption.
22  **III.    Motions in Limine.**
23              A.    **DPPs' Position**
24  The Class has met and conferred with Defendants about matters that include a
25  proposed stipulation regarding motions in limine and those discussions are ongoing. The
26  Class understands that the parties have so far agreed to a preliminary exchange of motion in
27  limine topics to assist the parties in identifying the number of issues truly in dispute.
28

...
...

**B.      Defendants' Position**

While recognizing the Court's limitation of eight motions in limine per side, Defendants believe that additional motions in limine may be necessary given the number of Defendants, some of which may have unique issues to raise by motion. Enlarging the number of motions in limine would be consistent with prior recent antitrust trials in this District, each of which, again, involved fewer defendants. For example, in the direct purchaser plaintiff trial in *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, 07-md-01827 (N.D. Cal.) (Illston, J.), the parties filed fifty-one motions in limine. (*See* Dkt. No. 5597.) Likewise, in the opt-out trial in *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, 07-md-01827 (N.D. Cal.) (Illston, J.), the parties filed forty-two motions in limine. (See Dkt. 8298.) While Defendants are not proposing that the parties file a similar volume of motions in limine in this case, Defendants anticipate that a modest expansion of the motion in limine limit may be necessary.

But at this time, it is premature to know whether Defendants will be able to raise all of these issues while staying within the Court's limit, given that the parties have not yet exchanged exhibit lists. Defendants will do their best to stay within the Court's limitation on motions in limine by prioritizing motions, consolidating motions, where possible, and committing to a meet and confer process with DPPs aimed at reaching stipulations on evidence and minimizing the number of motions in limine needed by both sides. That said, and given that there is not another status conference scheduled prior to the December 9, 2019 deadline for filing motions in limine, Defendants wanted to alert the Court to this potential issue and request the Court set a process by which Defendants can request additional motions in limine, should the need arise.

Dated: Nov. 1, 2019

| | |
|---|---|
| 1 | JOSEPH SAVERI LAW FIRM, INC. |
| | Joseph R. Saveri |
| 2 | Steven N. Williams |
| | James G. Dallal |
| 3 | Kyle P. Quackenbush |
| 4 | Anupama K. Reddy |
| | 601 California Street, Suite 1000 |
| 5 | San Francisco, California 94108 |

By: _____/s/ Joseph R. Saveri_____

Lead Counsel for the Direct Purchaser Class

Dated: Nov. 1, 2019

JONES DAY
Jeffrey A. LeVee
Eric P. Enson
Kelly M. Ozurovich
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
jlevee@jonesday.com
epenson@jonesday.com
kozurovich@jonesday.com

John M. Majoras
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
jmmajoras@jonesday.com

By: _____/s/ Eric P. Enson_____

Attorneys for Defendants
HOLY STONE ENTERPRISE CO, LTD.,
MILESTONE GLOBAL TECHNOLOGY, INC., and
VISHAY POLYTECH CO., LTD.

Dated: Nov. 1, 2019.

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
Bruce D. Sokler
Robert G. Kidwell
701 Pennsylvania Avenue NW, Suite 900
Washington, DC 20004
bdsokler@mintz.com
RGKidwell@mintz.com

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
Evan S. Nadel
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
enadel@mintz.com

By: _____*/s/ Bruce D. Sokler*_____

Attorneys for Defendant
AVX CORPORATION

- 5 -   JOINT STATUS CONFERENCE STATEMENT
MDL. NO. 2801

Dated: Nov. 1, 2019.

> WILMER CUTLER PICKERING HALE AND DORR LLP
> Heather S. Nyong'o
> 1 Front Street, Suite 3500
> San Francisco, California 94111
> Heather.Nyongo@wilmerhale.com
>
> WILMER CUTLER PICKERING HALE AND DORR LLP
> Thomas Mueller (*pro hac vice*)
> 1875 Pennsylvania Ave NW
> Washington, DC 20006
> Thomas.Mueller@wilmerhale.com
>
> WILMER CUTLER PICKERING HALE AND DORR LLP
> Chris Johnstone
> 950 Page Mill Road
> Palo Alto, CA 94304
> Chris.Johnstone@wilmerhale.com
>
> By: _____*/s/ Heather S. Nyong'o*_____
>
> Attorneys for Defendants
> ELNA CO., LTD. and ELNA AMERICA, INC.

Dated: Nov. 1, 2019.

> MORRISON & FOERSTER LLP
> Bonnie Lau
> 425 Market Street
> San Francisco, CA 94105
> blau@mofo.com
>
> By: _____*/s/ Bonnie Lau*_____
>
> Attorneys for Defendants
> MATSUO ELECTRIC CO., LTD.

Dated: Nov. 1, 2019.

    PILLSBURY WINTHROP SHAW PITTMAN LLP
ROXANE A. POLIDORA
JACOB R. SORENSEN
LAURA C. HURTADO
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111

By: _____ */s/ Roxane A. Polidora* _____

Attorneys for Defendants
KEMET CORPORATION and
KEMET ELECTRONICS CORPORATION

Dated: Nov. 1, 2019.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Charles F. Rule
Joseph J. Bial
2001 K Street, NW
Washington, DC 20006-1047
rrule@paulweiss.com
jbial@paulweiss.com

KAUFHOLD GASKIN LLP
Steven Shea Kaufhold
388 Market St, Suite 1300
San Francisco, CA 94111
skaufhold@kaufholdgaskin.com

By: _____ */s/ Joseph J. Bial* _____

Attorneys for Defendants
NIPPON CHEMI-CON CORPORATION and UNITED CHEMI-CON, INC.

Dated: Nov. 1, 2019.

DENTONS US LLP
Gaspare J. Bono
Claire Maddox
Leslie Barry
1900 K Street, NW
Washington, DC 20006
Email: gap.bono@dentons.com
claire.maddox@dentons.com
leslie.barry@dentons.com

DENTONS US LLP
Andrew S. Azarmi
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Email: andrew.azarmi@dentons.com

By: _____/s/ Gaspare J. Bono_____

Attorneys for Defendants
SHINYEI KAISHA, SHINYEI TECHNOLOGY CO., LTD., SHINYEI CAPACITOR CO., LTD. and SHINYEI CORPORATION OF AMERICA, INC.

Dated: Nov. 1, 2019.

BONA LAW PC
Jarod M. Bona
Aaron R. Gott
4275 Executive Square, Suite 200
La Jolla, CA 92037
Email: jarod.bona@bonalawpc.com
aaron.gott@bonalawpc.com

By: _____/s/ Jarod M. Bona_____

Attorneys for Defendants
TAITSU CORPORATION and TAITSU AMERICA, INC.