1  Jeffrey A. LeVee (State Bar No. 125863)
   jlevee@JonesDay.com
2  Eric P. Enson (State Bar No. 204447)
   epenson@JonesDay.com
3  Kelly M. Ozurovich (State Bar No. 307563)
   kozurovich@JonesDay.com
4  JONES DAY
   555 South Flower Street
5  Fiftieth Floor
   Los Angeles, CA  90071.2300
6  Telephone:   +1.213.489.3939
   Facsimile:   +1.213.243.2539
7
   John M. Majoras (Admitted *Pro Hac Vice*)
8  jmmajoras@jonesday.com
   JONES DAY
9  51 Louisiana Avenue, N.W.
   Washington, D.C.  20001-2113
10 Telephone:   +1.202.879.3939
   Facsimile:   +1.202.626.1700
11
   Attorneys for Defendants
12 HOLY STONE ENTERPRISE CO., LTD.,
   MILESTONE GLOBAL TECHNOLOGY, INC.,
13 VISHAY POLYTECH CO., LTD.

14 ADDITIONAL COUNSEL LISTED ON
   SIGNATURE PAGE
15

16                  UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| *IN RE CAPACITORS ANTITRUST LITIGATION* | Master File No. 17-md-02801-JD |
| **THIS DOCUMENT RELATES TO:** | **DEFENDANTS' ADMINISTRATIVE MOTION TO RESET TRIAL DATE** |
| *Direct Purchaser Plaintiffs Action*, 14-cv-03264-JD. | |

NAI-1510509916

Admin. Motion To Reset Trial Date
Master File No. 17-md-02801-JD

**ADMINISTRATIVE MOTION TO RESET TRIAL DATE**

Pursuant to Civil Local Rules 7-11 and 40-1, Defendants[1] hereby move the Court to reset the recently-set Direct Purchaser Plaintiff ("DPP") trial date of March 2, 2020 to July 20 or 27, 2020 in accordance with the Court's previous Order continuing the trial date to June or July 2020 (ECF No. 999) and the parties' previous agreement to begin trial on July 20 or 27, 2020. Defendants sought a stipulation from DPPs to reset the trial date to July 20 or 27, 2020 – as the parties had previously agreed – but DPPs refused to stipulate, thereby necessitating the filing of this Administrative Motion. (Declaration of Eric P. Enson In Support of Defendants' Administrative Motion To Reset Trial Date ("Enson Decl.") at ¶ 10, Ex 1.)

On November 8, 2019, the Court vacated the previously-set trial date of February 3, 2020 and ordered the parties "to meet and confer and propose at least two alternative trial dates in June or July of 2020, with associated pretrial conference dates." (ECF No. 999.) Since that time, the parties have met and conferred several times regarding schedules, conflicts and potential trial dates. (Enson Decl. at ¶ 3, Ex. 1.) Discussions of a potential trial date were complex and time consuming because individual schedules of counsel and timelines in other cases had to be altered in order to find a date in June or July 2020 that worked for all parties. (*Id*. at ¶ 4.)

From the outset of these discussions, DPPs insisted on a July 27, 2020 trial date because of conflicts with a June 2020 trial. (*Id*. at ¶ 5.) Defendants were ultimately able to resolve July conflicts in order to accommodate DPPs' request and, on December 11, 2020, Defendants agreed with DPPs to propose to the Court a July 27, 2020 trial date. (*Id*.) This morning, DPPs and Defendants further agreed propose an alternative start date of July 20, 2020 as well in a Joint Statement Regarding Trial Date ("Joint Statement"). (*Id*., Ex. 2.) While Defendants were waiting for DPPs' permission to file the Joint Statement, the Court issued an Order setting trial to begin on March 2, 2020, with a corresponding pretrial conference date of February 13, 2020 and a

---

[1] This Administrative Motion is joined by: Holy Stone Enterprise Co., Ltd., Milestone Global Technology, Inc., Vishay Polytech Co., Ltd., Nippon Chemi-Con Corporation; United Chemi-Con, Inc., Matsuo Electric Co., Ltd., AVX Corporation, Taitsu Corporation, Taitsu America, Inc., Shinyei Kaisha, Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd., and Shinyei Corporation of America.

pretrial filings completion date of January 20, 2020.  (*Id*. at ¶ 6, ECF No. 1037.)

Defendants respectfully request that the Court vacate the March 2, 2020 trial date and set trial for July 20 or 27, 2020, consistent with the Court's previous Order and the previous agreement of the parties, for three reasons.  First, while Defendants were prepared to begin trial in February 2020, Defendants' counsel altered their calendars and schedules in other matters in order to be available for a July 2020 trial, which DPPs requested, and certain Defendants' counsel now have unavoidable conflicts with a March 2, 2020 trial date.  (Enson Decl. at ¶ 7.) Specifically, counsel for multiple Defendants now have trials in other matters set for February through May 2020, some of which were scheduled based on a presumed June or July 2020 trial date in this matter.  (*Id*.)  In addition, counsel for multiple Defendants committed themselves to handling significant work in other matters, short of trial, between now and June or July 2020 based on the Court's Order vacating the original trial date.  (*Id*.)  To be clear, these conflicts will not allow certain Defendants' counsel to fully participate in a trial in this matter as has been envisioned for years.

Second, it is unclear – and Defendants have not had sufficient time to determine – whether all percipient witnesses, some of whom will require visas to travel to the United States, and all expert witnesses are available for a trial beginning on March 2, 2020.  (*Id*. at ¶ 8.)  In addition, multiple percipient and expert witnesses changed plans and schedules in order to be able to appear at trial in July 2020, as the parties previously agreed.  (*Id*.)

Third, it will be extremely difficult for the parties to complete all pretrial work, let alone all pretrial filings, based on a March 2 trial date.  For example, with a March 2 start date, "[l]ead trial counsel must meet and confer about the preparation of the joint pretrial materials" by this Friday, December 20, but the parties are not in a position to have a meaningful meet and confer at this time because they have not had any preliminary discussions about these topics.  (*See* Standing Order for Civil Jury Trials Before Judge James Donato at ¶ 1.)  Likewise, motions *in limine* must be served by the parties on January 6, 2020, just three weeks from now, which is a tight timeframe for the parties to complete the motions and then meet and confer regarding whether they can avoid filing those motions, particularly with the intervening holidays.  And

while multiple other pretrial filings – such as exhibit lists, witness lists and proposed jury instructions and a verdict form – are due on January 20, 2020 (ECF No. 1037), they must be prepared, exchanged and negotiated by the parties far in advance of that date so that these materials can be merged and synthesized in order to benefit the Court and the parties.  Moreover, many of these pretrial filings will require client input and approval, which will be difficult to obtain in any meaningful measure given the intervening holidays.  Finally, based on a presumed June or July 2020 trial date, Defendants rescheduled critical, joint pretrial work for early 2020, which simply cannot be completed with a March 2, 2020 trial date. (Enson Decl. at ¶ 9.)

Thus, Defendants respectfully request that the Court vacate the March 2, 2020 trial date and reset trial for either July 20 or 27, 2020.  Resetting trial for July is consistent with the parties' previous agreement and current availability, will allow Defendants' counsel to honor the commitments they made to other clients in other matters, will permit Defendants to utilize the counsel they have selected to try this case, will make certain that all percipient and expert witnesses are available to testify at trial, and will ensure that all pretrial filings and work are complete with sufficient time to make them meaningful for the Court, the parties and the jury.

Dated: December 17, 2019

RESPECTFULLY SUBMITTED

JONES DAY

By: */s/ Eric P. Enson*
    Eric P. Enson

Attorneys for Defendants
HOLY STONE ENTERPRISE CO., LTD.,
MILESTONE GLOBAL TECHNOLOGY,
INC. (D/B/A HOLYSTONE
INTERNATIONAL), VISHAY POLYTECH
CO., LTD

|   |   |
|---|---|
| 1 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 2 |   |
| 3 | By: */s/ Charles F. Rule*_____ |
| 4 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 5 | Charles F. Rule (admitted *pro hac vice*) |
| 6 | Joseph J. Bial (admitted *pro hac vice*) Eric R. Sega (admitted *pro hac vice*) |
| 7 | 2001 K Street, NW Washington, DC 20006 |
| 8 | Telephone: (202) 223-7300 Facsimile: (202) 223-7420 |
| 9 | rrule@paulweiss.com jbial@paulweiss.com |
| 10 | esega@paulweiss.com |
| 11 |   |
| 12 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 13 | Farrah R. Berse (admitted *pro hac vice*) Johan E. Tatoy (admitted *pro hac vice*) |
| 14 | 1285 Avenue of the Americas New York, NY 10019 |
| 15 | Telephone: (212) 373-3000 Facsimile: (212) 757-3990 |
| 16 | fberse@paulweiss.com jtatoy@paulweiss.com |
| 17 |   |
| 18 | KAUFHOLD GASKIN LLP Steven Kaufhold (SBN 157195) |
| 19 | 388 Market Street, Suite 1300 San Francisco, CA 94111 |
| 20 | Telephone: (415) 445-4621 Facsimile: (415) 874-1071 |
| 21 | skaufhold@kaufholdgaskin.com |
| 22 |   |
| 23 | *Counsel for Defendants Nippon Chemi-Con, Corp. and United Chemi-Con, Inc.* |
| 24 |   |
| 25 |   |
| 26 |   |
| 27 |   |
| 28 |   |

MORRISON & FOERSTER LLP

By: /s/ Bonnie Lau

MORRISON & FOERSTER LLP

Bonnie Lau
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
blau@mofo.com

*Counsel for Defendant Matsuo Electric Co., Ltd.*

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

By: /s/ Bruce D. Sokler

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

Bruce D. Sokler (admitted pro hac vice)
Robert G. Kidwell (admitted pro hac vice)
bdsokler@mintz.com
rgkidwell@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
701 Pennsylvania Avenue NW, Suite 900
Washington, DC 20004
Telephone: (202) 434-7300
Facsimile: (202) 434-7400

Evan S. Nadel (SBN 213230)
enadel@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND  POPEO P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: 415-432-6000
Facsimile: 415-432-6001

*Counsel for Defendant
AVX CORPORATION*

BONA LAW PC

By: */s/ Jarod M. Bona*
BONA LAW PC
Jarod M. Bona
Aaron R. Gott
4275 Executive Square, Suite 200
La Jolla, CA 92037
Telephone: (858) 964-4589
Facsimile: (858) 964-2301
jarod.bona@bonalawpc.com
aaron.gott@bonalawpc.com

*Counsel for Defendants*
*Taitsu Corporation and*
*Taitsu America, Inc.*

DENTONS US LLP

By: */s/ Gaspare J. Bono*
DENTONS US LLP
Gaspare J. Bono
Claire M. Maddox
Leslie A. Barry
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 496-7500
gap.bono@dentons.com
claire.maddox@dentons.com
leslie.barry@dentons.com

Andrew S. Azarmi
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone: (415) 356-4631
andrew.azarmi@dentons.com

*Counsel for Defendants Shinyei Kaisha,*
*Shinyei Technology Co., Ltd.,*
*Shinyei Capacitor Co., Ltd., and*
*Shinyei Corporation of America*

NAI-1510509916

- 6 -

Admin. Motion To Reset Trial Date
Master File No. 17-md-02801-JD

**CERTIFICATE OF SERVICE**

I, Eric P. Enson, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300. On December 17, 2019, I served a copy of: **DEFENDANTS' ADMINISTRATIVE MOTION TO RESET TRIAL DATE** by electronic transmission.

I am familiar with the United States District Court, Northern District Of California San Francisco Division's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

Executed on December 17, 2019, at Los Angeles

                                              */s/ Eric P. Enson*
                                                Eric P. Enson