Jeffrey A. LeVee (State Bar No. 125863)
jlevee@JonesDay.com
Eric P. Enson (State Bar No. 204447)
epenson@JonesDay.com
Kelly M. Ozurovich (State Bar No. 307563)
kozurovich@JonesDay.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:   +1.213.489.3939
Facsimile:    +1.213.243.2539

John M. Majoras (Admitted *Pro Hac Vice*)
jmmajoras@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:   +1.202.879.3939
Facsimile:    +1.202.626.1700

Attorneys for Defendants
HOLY STONE ENTERPRISE CO., LTD.,
MILESTONE GLOBAL TECHNOLOGY, INC.
(D/B/A HOLYSTONE INTERNATIONAL),
VISHAY POLYTECH CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ***IN RE CAPACITORS ANTITRUST LITIGATION*** | Master File No. 17-md-02801-JD |
| **THIS DOCUMENT RELATES TO:** *Direct Purchaser Plaintiffs Action*, 14-cv-03264-JD | **DECLARATION OF ERIC P. ENSON IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO RESET TRIAL DATE** |

**DECLARATION OF ERIC P. ENSON**

I, Eric P. Enson, declare:

1. I am licensed to practice law in the State of California, and I am a partner in the law firm Jones Day, attorneys for Defendants Holy Stone Enterprise Co., Ltd., Milestone Global Technology, Inc. (doing business as HolyStone International) and Vishay Polytech Co., Ltd., formerly known as Holy Stone Polytech Co., Ltd. in this matter. I submit this declaration in support of Defendants' Administrative Motion to Reset Trial Date ("Motion"). I have personal knowledge of the matters set forth below and, if called and sworn as a witness, I could and would competently testify to the following facts:

2. On November 8, 2019, this Court continued the February 3, 2020 trial date on Direct Purchaser Plaintiffs' ("DPPs") claims, ordering the parties "to meet and confer and propose at least two alternative trial dates in June or July of 2020, with associated pretrial conference dates." (ECF No. 999.)

3. Since that time, the parties have met and conferred several times regarding schedules, conflicts and potential trial dates. Attached hereto as **Exhibit** 1 is a true and correct copy of my emails with counsel for DPPs to meet and confer regarding proposed trial dates.

4. Discussions of a potential trial date were complex and time consuming because individual schedules of counsel and timelines in other cases had to be altered in order to find a date in June or July 2020 that worked for all parties.

5. From the outset of these discussions, DPPs insisted on a July 27, 2020 trial date because of conflicts in other matters with June 2020 trial. Defendants were ultimately able to resolve July conflicts in order to accommodate DPPs' request, *see* **Exhibit 1** at December 5, 2019, and, on December 11, 2020, Defendants agreed with DPPs to propose to the Court a July 27, 2020 trial date. *See* **Exhibit 1** at December 11, 2019. On the morning of December 17, 2020, the parties reached an agreement that they would propose July 27, 2020 as well as July 20, 2017 as potential trial dates in a Joint Statement Regarding Trial Date ("Joint Statement"). Attached hereto as **Exhibit 2** is a true and correct copy of the latest version of the Joint Statement that was to be filed with the Court today.

- 1 -

Enson Decl. ISO Defendants' Admin. Motion
Master File No. 17-md-02801-JD

6. While Defendants were waiting for DPPs' permission to file the Joint Statement, on December 17, 2019, this Court issued an order setting the DPP trial date for March 2, 2020, with a corresponding pretrial conference on February 13, 2020, and a deadline for pretrial filings on January 20, 2020.  (ECF No. 1037.)

7. While Defendants were prepared to begin trial in February 2020, Defendants altered their schedules to prepare for a trial date in June or July 2020 and now have unavoidable conflicts with trial in this matter beginning on March 2, 2020.  Specifically, I have been informed that counsel for multiple Defendants now have trials in other matters set for February through May 2020, some of which were scheduled based on a presumed June or July 2020 trial date in this matter.  In addition, I have been informed that counsel for multiple Defendants committed themselves to handling other, significant work in other matters, short of trial, between now and June or July 2020 based on the Court's Order vacating the original trial date.

8. It is unclear – and Defendants have not had sufficient time to determine – whether all percipient witnesses, some of whom will require visas to travel to the United States, and all expert witnesses are available for a trial beginning on March 2, 2020.  In addition, multiple percipient and expert witnesses changed previous plans and schedules to appear at a July 2020 trial.

9. Based on the Court's November 8, 2019 Order continuing trial from February 2020 to June or July of 2020, Defendants postponed critical, joint pretrial work previously scheduled for January 2020 to March 2020, which simply cannot be completed with a March 2, 2020 trial date.

10. Immediately after the Court issued its December 17, 2020 Order setting trial for March 2, 2020, Defendants sought a stipulation from DPPs to reset the trial date to July 20 or 27, 2020—as the parties had previously agreed—but DPPs refused to stipulate.

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct, and that this declaration was executed on this 17th day of December 2019 in
3  Los Angeles, California.

                                              By:   /s/ *Eric P. Enson*
                                                          Eric P. Enson