Charles E. Tompkins (*pro hac vice*)
**WILLIAMS MONTGOMERY & JOHN LTD.**
1200 18th Street NW, Suite 325
Washington, D.C. 20036
Telephone: (202) 791-9951
Facsimile: (312) 630-8586
Email: cet@willmont.com

Paul J. Ripp (*pro hac vice*)
**WILLIAMS MONTGOMERY & JOHN LTD.**
233 S. Wacker Drive, Suite 6800
Chicago, IL 60606
Telephone: (312) 443-3200
Facsimile: (312) 630-8500
Email: pjr@willmont.com

Whitney E. Street (State Bar No. 223870)
**BLOCK & LEVITON LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 968-1852
Facsimile: (617) 507-6020
Email: wstreet@blockesq.com

*Counsel for Plaintiff Flextronics International USA, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Capacitors Antitrust Litigation* | Master File No. 3:14-03264-JD<br>MDL No. 17-md-02801 |
| *This document relates to:*<br><br>*FLEXTRONICS INTERNATIONAL USA, INC.'S ACTION; ALL DIRECT PURCHASER ACTIONS* | **FLEXTRONICS INTERNATIONAL USA, INC.'S OPPOSITION TO DEFENDANTS ELNA AND MATSUO'S MOTION TO (1) ADMIT TRIAL TESTIMONY AND (2) PRECLUDE EVIDENCE OF PRIOR INVOCATIONS OF THE FIFTH AMENDMENT OF MESSRS. INOUE, KINOSHITA, IMAI, AND OKUBO**<br><br>Date: January 9, 2020<br>Time: 10:00am<br>Place: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

It is too late for Defendants ELNA and Matsuo to retract years-old Fifth Amendment invocations and identify new trial witnesses.[1] Defendants' recent argument just days ago that there is not time to prepare for a March 2, 2020 trial strongly supports the conclusion that there is not time for Plaintiffs to prepare for and re-depose these witnesses at the eleventh hour. Nor would the equities favor reopening discovery as to these witnesses even if time permitted. The reasons the Court should not permit ELNA's and Matsuo's witnesses to revoke their Fifth Amendment invocations are fully addressed in the oppositions filed by the AVNET/Benchmark Plaintiffs and the Direct Purchaser Class ("DPPs") and are incorporated rather than restated herein.

ELNA and Matsuo counter by suggesting that Plaintiffs should not be permitted to re-depose Defendants' new trial witnesses because the DPPs apparently declined ELNA's and Matsuo's recent offers to present the witnesses for deposition.[2] Defs.' Mot., Dkt. No. 1030 at 12. Even if accurate, this argument does not apply to Flexronics International USA, Inc. ("Flex"), because neither Defendants nor the DPPs ever advised Flex of ELNA and Matsuo's proposal that the witnesses at issue revoke their Fifth Amendment invocations and testify at trial. Nor did Defendants or the DPPs inform Flex that Defendants had recently offered dates for the witnesses' depositions. The Court has made it clear to Defendants that they must deal with Flex as an independent party and has twice ordered the DPPs to coordinate litigation efforts with Flex in order to avoid situations like this one. *See* October 2, 2015 Minute Order, Case No. 14-cv-03264-JD, Dkt. No. 917 at 2 (ordering DPP counsel to work with Flex "to the fullest extent possible"; "defense counsel, too, must deal with [Flex's] counsel"); April 18, 2016 Minute Order, Case No. 14-cv-03264-JD, Dkt. No. 1191 at 3 (ordering DPPs to coordinate with Flex on depositions).

---

[1] Flex concurs with AVNET/Benchmark in not opposing Mr. Imai of ELNA as a trial witness. As both ELNA and AVNET/Benchmark explain, Mr. Imai testified substantively as a 30(b)(6) witness and while doing so answered questions in his personal capacity. *See* Defendants' Motion to Admit Trial Testimony and Preclude Evidence ("Defs.' Mot.") Dkt. No. 1030 at 3-4; Certain DAPs' Opp., Dkt. No. 1041 at 5-6. All citations to docket numbers refer to the Case No. 3:17-md-02801-JD (N.D. Cal.) docket unless stated otherwise

[2] Flex obviously cannot take any position regarding the accuracy of ELNA's and Matsuo's depiction of negotiations with the DPPs because Flex was excluded from the discussions.

Both the Defendants in question and the DPPs have indicated in meet and confers that the omission of Flex from communications on this topic was inadvertent.[3]  Perhaps, but whether Flex was intentionally or unintentionally excluded is beside the point in this context.  Flex was not given the opportunity to take the depositions — a chance apparently afforded to the DPPs.  As a result, if the Court permits the witnesses in question to testify at trial — which the Court should not for the reasons articulated by the DPPs and AVNET/Benchmark — Flex should at minimum be allowed to take the depositions that the DPPs apparently declined to take.

I.  **ARGUMENT**

Permitting Messrs. Inoue, Kinoshita, and Okubo to withdraw their prior Fifth Amendment invocations and testify at trial would unfairly prejudice Flex.  A party inevitably suffers prejudice from the withdrawal of previous invocations of opposing witnesses at the late stages of litigation.  *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000) (citing *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 192 (3d Cir. 1994).  *See also Graystone Nash*, 25 F.3d at 191 (describing concern where a party invokes the Fifth Amendment during discovery but drops the invocation as trial approaches).  And permitting these witnesses to testify without affording Flex any further discovery would be both extremely prejudicial and manifestly unfair.  Flex, unlike the DPPs, was not even afforded a belated opportunity to take the witnesses' depositions.

For over two years neither ELNA nor Matsuo indicated to Flex that the witnesses were available for substantive depositions following their Fifth Amendment invocations.  Indeed, Matsuo repeatedly suggested that it would oppose any effort to take Mr. Okubo's substantive deposition.  *See* DPPs' Supp. Brief, Case No. 14-cv-03264-JD, Dkt. No. 1947 at 1 (DPPs' request to depose Okubo); ELNA and Matsuo's Response to Brief Regarding Adverse Inference

---

[3] This explanation suggests that the Court should reiterate that Defendants and DPPs should include Flex in pre-trial litigation communications with Defendants in order to avoid similar errors in the future.  Neither the Defendants in Flex's trial (AVX, Matsuo, and NCC) nor ELNA (which has settled with Flex) oppose including Flex in pre-trial litigation communications.  Flex has not received a clear answer from DPPs on the issue.

Instruction, Case No. 14-cv-03264-JD, Dkt. No. 1971 (neither agreeing to nor proposing a second deposition in response to DPPs' request); Stipulation Regarding Okubo, Dkt. No. 77 ¶8 (reserving the right to oppose additional deposition).

ELNA and Matsuo suggest that their prior failure to apprise Plaintiffs that the witnesses in question would appear at trial is immaterial because in October 2019, DPPs were invited to take the witnesses' depositions "to the extent DPPs wanted to take them." Defs.' Mot., Dkt. No. 1030 at 6. ELNA further represents that it informed DPPs that Messrs. Imai, Inoue, and Kinoshita would be available for substantive depositions "the second week of December." *Id.* at 7. Neither ELNA nor Matsuo advised Flex of their offers, however. *See id.* at 6–7. Nor did DPPs coordinate with Flex. As a result, Flex would be unfairly prejudiced should the Court grant the motion in full because Flex was never informed of the proposal or afforded the opportunity to take the witnesses' substantive depositions. *See Graystone Nash*, 25 F.3d at 190–94; *see also FTC v. Kitco of Nevada, Inc.*, 612 F. Supp 1282, 1291 (D. Minn. 1985) (permitting subsequent substantive testimony and withdrawal of invocation only where the opposing party had significant additional discovery that essentially revealed the substance in advance).

## CONCLUSION

The Court should deny ELNA and Matsuo's motion for the reasons set forth in the oppositions filed by the DPPs and AVNET/Benchmark. If the Court decides to permit Messrs. Inoue, Kinoshita, and Okubo to testify, Flex should be permitted to take the witnesses' depositions and conduct reasonable follow-up discovery if necessary.

Dated: December 20, 2019

Respectfully submitted,

**WILLIAMS MONTGOMERY & JOHN LTD.**
By: */s/ Charles E. Tompkins*
    Charles E. Tompkins

Charles E. Tompkins (*pro hac vice*)
**WILLIAMS MONTGOMERY & JOHN LTD.**
1200 18th Street NW, Suite 325

Washington, D.C. 20036
Telephone: (202) 791-9951
Facsimile: (312) 630-8586
Email: cet@willmont.com

Paul J. Ripp (*pro hac vice*)
**WILLIAMS MONTGOMERY & JOHN LTD.**
233 S. Wacker Drive, Suite 6800
Chicago, IL  60606
Telephone: (312) 443-3200
Facsimile: (312) 630-8500
Email: pjr@willmont.com

*Counsel for Plaintiff Flextronics International USA, Inc.*