Robert W. Turken (*pro hac vice*)
Scott N. Wagner (*pro hac vice*)
Lori P. Lustrin (*pro hac vice*)
Shalia M. Sakona (*pro hac vice*)
Jerry R. Goldsmith (*pro hac vice*)
Ilana A. Drescher (*pro hac vice*)
**BILZIN SUMBERG BAENA PRICE
& AXELROD LLP**
1450 Brickell Avenue
Suite 2300
Miami, FL 33131-3456
Telephone: (305) 374-7580

*Attorneys for Plaintiffs AASI, Avnet,
Benchmark Electronics, and Jaco*

Stuart H. Singer (*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011

William A. Isaacson (*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave., NW
Washington, DC 20005
Telephone: (202) 237-2727

*Attorneys for Plaintiff Arrow Electronics, Inc.*

Charles E. Tompkins (*pro hac vice*)
**WILLIAMS MONTGOMERY & JOHN LTD.**
1200 18th Street NW, Suite 325
Washington, D.C. 20036
Telephone: (202) 791-9951

*Attorney for Plaintiff Flextronics, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Capacitors Antitrust Litigation* | **Case No. 17-md-02801-JD** |
| *This document relates to:* | |
| *The AASI Beneficiaries' Trust, by and Through Kenneth A. Welt, Liquidating Trustee, v. AVX Corp. et al.,* Case No. 3:17-cv-03472-JD | **DIRECT ACTION PLAINTIFFS' OPPOSITION TO DEFENDANTS NIPPON CHEMI-CON CORP.'S AND UNITED CHEMI-CON, INC.'S MOTION FOR AN ORDER (I) ALLOWING NORIAKI KAKIZAKI TO TESTIFY SUBSTANTIVELY AT TRIAL AND (II) PRECLUDING PLAINTIFFS FROM OFFERING EVIDENCE OF MR. KAKIZAKI'S PRIOR INVOCATION OF HIS FIFTH AMENDMENT RIGHTS AT AN EARLIER DEPOSITION** |
| *Avnet, Inc. v. Hitachi Chemical Co., Ltd., et al.,* Case No. 17-cv-07046-JD | |
| *Benchmark Electronics, Inc. et al. v. AVX Corp. et al.,* Case No. 17-cv-07047-JD | |
| *Arrow Electronics, Inc. v. ELNA Co., Ltd., et al.*, Case No. 3:18-cv-02657-JD | |
| *Jaco Electronics, Inc. et al. v. Nippon Chemi-Con Co. et al.*, Case No. 19-cv-01902-JD | Date:  January 23, 2020
Time:  1:30 pm |
| *Flextronics International USA, Inc.'s Action,* Case No. 3:14-cv-03264-JD | Place:  Courtroom 11, 19th Floor
Judge:  Hon. James Donato |

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

LEGAL STANDARD .......................................................................................................... 2

ARGUMENT ........................................................................................................................ 3

    I.     RELEVANT FACTUAL BACKGROUND ........................................................... 3

    II.    MR. KAKIZAKI SHOULD NOT BE PERMITTED TO REVOKE HIS
          FIFTH AMENDMENT INVOCATION ON THE EVE OF TRIAL ..................... 4

CONCLUSION ..................................................................................................................... 7

CERTIFICATE OF SERVICE ............................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Davis-Lynch, Inc. v. Moreno*,
  667 F.3d 539 (5th Cir. 2012) ..................................................................................................6

*Evans v. City of Chicago*,
  513 F.3d 735 (7th Cir. 2008) ...............................................................................................5, 6

*In re 650 Fifth Ave. & Related Properties*,
  934 F.3d 147 (2d Cir. 2019)....................................................................................................6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  No. M07-1827SI, 2009 WL 4016124 (N.D. Cal. Nov. 9, 2009) ..........................................6, 7

*Nationwide Life Ins. Co. v. Richards*,
  541 F.3d 903 (9th Cir. 2008) ......................................................................................2, 3, 5, 6

*United States v. $133,420.00 in U.S. Currency*,
  672 F.3d 629 (9th Cir. 2012) ...............................................................................................2, 7

# PRELIMINARY STATEMENT

In its "Motion for an Order (i) Allowing Noriaki Kakizaki to Testify Substantively at Trial and (ii) Precluding Plaintiffs from Offering Evidence of Mr. Kakizaki's Prior Invocation of His Fifth Amendment Rights At An Earlier Deposition" (the "Motion"), NCC[1] insists that Mr. Kakizaki's testimony is "central to the case" and "necessary to explain [d]ocuments and the related meetings and associated communications to the jury." Mot. at 1. It is for exactly those reasons that NCC's Motion should be denied.

According to NCC, in the fall of 2019, "as the parties were preparing for trial, NCC and UCC approached Mr. Kakizaki and asked if, in light of the *changed circumstances*, he would be willing to withdraw his prior invocation of his Fifth Amendment rights and testify substantively at the upcoming trial. Mr. Kakizaki agreed." *Id*. (emphasis added).

But, NCC admits that those "changed circumstances" came more than a year and a half earlier—in May 2018, when NCC "resolved the criminal charges against it by entering into a plea agreement." *Id*. As NCC further concedes, the DOJ represented in that plea agreement that it did not "contemplate the filing of any additional criminal charges against [NCC's] current or former officers or employees based on the charge in the Indictment." *Id*.

A year and a half later, in October 2019, NCC apparently informed the class plaintiffs ("DPPs") that NCC's employee, Mr. Kakizaki, now intends to withdraw the Fifth Amendment privilege he invoked during his August 2017 deposition and testify substantively at trial regarding his participation in the capacitors price-fixing conspiracy. According to NCC, Mr. Kakizaki's testimony "will no doubt be helpful to the trier of fact." Mot. at 6.

NCC's decision to withhold the "critical information" it now says Mr. Kakizaki possesses was strategic. In fact, during NCC's deposition preparation of its Rule 30(b)(6) corporate representative, Tomohiro Inoue, in February 2019, NCC chose not to have Mr. Inoue speak with Mr. Kakizaki. Instead, Mr. Inoue confirmed that his knowledge about the capacitors conspiracy was based solely on what his attorneys told him. Only now that discovery has long ended, summary judgment and *Daubert* briefing has concluded, and NCC is on the eve of trial, has NCC

---

[1] "NCC" refers to Defendants Nippon Chemi-Con and United Chemi-Con.

determined that the time is right to reveal Mr. Kakizaki's "critical information."

And, NCC is not done. In their October 30, 2019 letter to DPPs, NCC specifically stated: "If, as the parties finalize their pre-trial filings, we decide to list any other witness who previously invoked his Fifth Amendment rights, we will promptly provide notice and offer deposition dates, should you wish to take that witness's deposition." During the meet and confer call among counsel for DPPs, DAPs[2], and NCC, NCC reiterated that they might "decide" to request that additional NCC witnesses revoke the Fifth Amendment once NCC has reviewed Plaintiffs' exhibit list and deposition designations.

NCC's attempt to withdraw Mr. Kakizaki's Fifth Amendment testimony—and leave the door open indefinitely for future Fifth Amendment withdrawals at NCC's behest—is precisely the "sword and shield" strategy that the Ninth Circuit has expressly prohibited. NCC's Motion should be denied in all respects.

## LEGAL STANDARD

The Ninth Circuit has long cautioned against a civil litigant's "improper use of the Fifth Amendment privilege against self-incrimination as a sword as well as a shield." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 640-41 (9th Cir. 2012) (citations omitted). "Trial courts generally will not permit a party to invoke the privilege against self-incrimination with respect to deposition questions and then later testify about the same subject matter at trial." *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008).

"Because the privilege may be initially invoked and later waived at a time when an adverse party can no longer secure the benefits of discovery, the potential for exploitation is apparent. The rights of the other litigant must be taken into consideration when one party invokes the Fifth Amendment during discovery, but on the eve of trial changes his mind and decides to waive the privilege. At that stage, the adverse party—having conducted discovery and prepared the case without the benefit of knowing the content of the privileged matter—would be placed at a disadvantage." *Id*. (internal citations and quotation marks omitted). Specifically,

---

[2] "DAPs" refers to Direct Action Plaintiffs Avnet, Inc., The AASI Beneficiaries' Trust, by and through Kenneth A. Welt, Liquidating Trustee, the Benchmark Electronics entities, Jaco Electronics, Inc., Vermont Street Acquisition LLC, Flextronics, Inc., and Arrow Electronics, Inc.

"[t]he opportunity to combat the newly available testimony might no longer exist, a new investigation could be required, and orderly trial preparation could be disrupted." *Id*. (internal citations omitted).

## ARGUMENT

### I. RELEVANT FACTUAL BACKGROUND

Mr. Kakizaki was deposed in August 2017. Mot. at 1. He was the fifth NCC fact witness deposed in this case. Like each of the four witnesses who preceded him—and the three NCC fact witnesses who followed him—Mr. Kakizaki invoked his Fifth Amendment rights to every substantive question.

On January 25, 2018, this Court entered a limited stay of discovery for certain witnesses, including NCC's Rule 30(b)(6) witness, until the "earliest of (1) the first day of [NCC's criminal] trial, (2) the date that a guilty plea is accepted, or (3) a dismissal is entered by the Court." MDL ECF No. 26 (Minute Order). Fact discovery for DAPs otherwise closed on June 8, 2018. MDL ECF No. 171.

On May 10, 2018, NCC entered into a plea agreement in its criminal case, "resolv[ing] the criminal charges against it." Mot. at 1. As NCC acknowledges, the Department of Justice ("DOJ") represented in that plea agreement that it did "not contemplate the filing of any additional criminal charges against [NCC's] current or former officers or employees based on the charge in the Indictment." *United States v. Nippon Chemi-Con Corp*., No. 4:17-CR-540-JD, ECF No. 54 (Plea Agreement). This Court accepted NCC's guilty plea on October 3, 2018, and the limited discovery stay was lifted as of October 4, 2018. *See* No. 4:17-CR-540-JD, ECF No. 83 (Hearing Tr.); MDL ECF No. 345 (Order).

On February 20-21, 2019, the two-day deposition of Tomohiro Inoue, NCC's Rule 30(b)(6) witness, took place. Mr. Inoue testified that his "knowledge and information" about communications with competitors was not based on his personal knowledge, but rather, "facts that [he] learned during the course of preparing for [his] deposition" with NCC's counsel. *See*

Ex. A[3] (Feb. 20, 2019 Inoue Depo. Tr. Excerpt) at 46:18-25–47:1-19.  When asked specifically whether he had spoken with Mr. Kakizaki in preparation for his deposition, Mr. Inoue answered: "I did not speak with him."  *Id.* at 47:22-23.  Mr. Inoue gave the same response for each of the seven other NCC fact witnesses who also invoked their Fifth Amendment rights during their depositions.

By April 2019, the other previously stayed depositions were taken and in June 2019, expert discovery was completed.  Summary judgment and *Daubert* briefing concluded in August 2019 and both NCC and its American subsidiary, UCC, filed separate motions for summary judgment.  MDL ECF Nos. 565 (Order); 656 (NCC); 665 (UCC).

On October 22 and 23, 2019, NCC informed DPPs only that they intended to call Mr. Kakizaki to testify substantively at trial.  MDL ECF No. 1045-2 (Berse Decl.) ¶ 6.  In an October 30, 2019 letter to DPPs, NCC reiterated that intent.  *See* Berse Decl. at Ex. 4.  NCC also specifically stated: "If, as the parties finalize their pre-trial filings, we decide to list any other witness who previously invoked his Fifth Amendment rights, we will promptly provide notice and offer deposition dates, should you wish to take that witness's deposition."  *Id.*

During a December 20, 2019 meet and confer call among counsel for all Plaintiffs and NCC, NCC repeated their statement that they might "decide" to request that additional NCC witnesses revoke the Fifth Amendment once NCC has reviewed Plaintiffs' exhibit list and deposition designations.  *See* Drescher Decl. ¶ 4.  On January 2, 2020, the Court directed the parties to exchange deposition designations by January 21, 2020.  MDL ECF No. 1061 (Hearing Tr.) at 21.  Trial will begin on March 2, 2020.  MDL ECF No. 1037 (Text Order).

## II. MR. KAKIZAKI SHOULD NOT BE PERMITTED TO REVOKE HIS FIFTH AMENDMENT INVOCATION ON THE EVE OF TRIAL

In its Motion, NCC concedes that, as they were preparing for trial in the fall of 2019, "NCC approached Mr. Kakizaki and asked if, in light of the changed circumstances, he would be willing to withdraw his prior invocation of his Fifth Amendment rights and testify substantively

---

[3] "Ex. __" refers to the documents attached as Exhibits to the Declaration of Ilana Drescher ("Drescher Decl.").

at the upcoming trial. Mr. Kakizaki agreed." Mot. at 2. NCC also admits that the "changed circumstances" are the May 2018 plea agreement with the DOJ and the subsequent guilty plea accepted by this Court in October 2018—both of which occurred more than a year earlier. *Id*.

But nowhere in its motion does NCC explain why it did not attempt to produce Mr. Kakizaki for deposition in October 2018, once Mr. Kakizaki no longer faced a risk of criminal prosecution and the limited discovery stay was explicitly lifted.

NCC also fails to explain why it did not have its Rule 30(b)(6) corporate representative, Mr. Inoue, speak to Mr. Kakizaki in advance of Mr. Inoue's deposition to learn the information NCC now proclaims "will no doubt be helpful to the trier of fact"; why instead, Mr. Inoue's February 2019 testimony was based solely on information about the conspiracy he learned from NCC's lawyers. Mot. at 6.

Indeed, taking NCC's own representations in its Motion at face value, NCC made the conscious choice not to seek withdrawal of Mr. Kakizaki's Fifth Amendment invocation until long after Mr. Kakizaki's supposedly critical testimony could be pursued through further discovery. Now, NCC has attempted to shift that onus onto Plaintiffs, arguing that "Plaintiffs have never requested to reopen Mr. Kakizaki's deposition." Mot. at 4.

NCC does not cite—and DAPs cannot find—any cases that require a plaintiff to affirmatively request to "reopen" a deposition once a defendant has invoked his Fifth Amendment rights based on the plaintiff's belief that a risk of prosecution may no longer exist.

Instead, on the eve of trial, NCC attempts to present Mr. Kakizaki as a substantive witness, now that Plaintiffs, "having conducted discovery and prepared the case without the benefit of knowing the content of the privileged matter—would be placed at a disadvantage." *Nationwide*, 541 F.3d at 910. "The opportunity to combat the newly available testimony might no longer exist, a new investigation could be required, and orderly trial preparation could be disrupted." *Id*. Specifically, because of NCC's tactical delay, Plaintiffs will be deprived of the opportunity to take any follow up discovery or change their litigation strategy.

It is for these reasons that the cases NCC cites in its Motion are inapplicable. In each of the cases where the revocation of the Fifth Amendment privilege was permitted, the courts found

an "absence of gamesmanship." *See, e.g., Evans v. City of Chicago*, 513 F.3d 735, 743 (7th Cir. 2008) (finding that the district court "reasonably could have concluded that the [witnesses who revoked] were not 'gaming' the system but rather were concerned about the special prosecutor's investigation, which was only recently completed when they decided to testify.").

Here, NCC's behavior is the epitome of gamesmanship. The only "change" that NCC points to is the language of the May 2018 plea agreement. Yet, NCC elected to wait a year and a half after the plea agreement to seek the revocation of Mr. Kakizaki's Fifth Amendment invocation. And even now, NCC has stated that some time before trial it ***may*** decide to revoke the Fifth Amendment privileges of some or all of its seven other fact witnesses.

Moreover, in the cases cited by NCC where revocation was allowed, the courts explicitly considered whether there was ample opportunity to avoid any potential prejudice to the other side. *See, e.g., In re 650 Fifth Ave. & Related Properties*, 934 F.3d 147, 170 (2d Cir. 2019) (finding that district court should have "'explore[d] all possible measures' for accommodating both parties," when party provided notice "more than six months prior to trial—hardly the 'eleventh hour'—that they intended to call witnesses who had previously invoked the privilege").

In fact, NCC cites a case where the court actually ***denied*** a party's request to revoke the privilege because of unfair gamesmanship and potential prejudice. *See, e.g., Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 549 (5th Cir. 2012) (affirming the district court's denial of Defendant's "eleventh-hour withdrawal of his Fifth Amendment privilege" because Defendant's "withdrawal of his Fifth Amendment privilege in response to [Plaintiff's] motion for summary judgement appears more likely to be an attempt to abuse the system or gain an unfair advantage" and Defendant "withheld information that [Plaintiff] could have used in its investigation, only to provide information at the last moment, leaving [Plaintiff] at a disadvantage.").

Lastly, NCC relies on a pretrial decision in the *LCD Antitrust Litigation* to demonstrate that courts "routinely exclude evidence of [Fifth Amendment] invocations, particularly where live testimony is available." Mot. at 6. But, *LCD* proves the opposite point. In that case, Judge Illston specifically set forth the bright-line rule that "[a]ny person who at deposition asserts his or

her right under the Fifth Amendment of the United States Constitution not to testify will be bound by that assertion of the privilege and shall not be permitted to testify otherwise at trial unless, ***not later than 60 days prior to the date set for the close of fact discovery***, notice is provided in writing of the intent to revoke the assertion of privilege and the willingness of the person to testify." *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M07-1827SI, 2009 WL 4016124, at *1 (N.D. Cal. Nov. 9, 2009) (emphasis added). This timing provided more than two months for any follow-up fact discovery to take place, and was well before any dispositive motion deadlines.

By contrast, NCC's attempt to withdraw Mr. Kakizaki's Fifth Amendment deposition at the eleventh-hour—and allow for the possibility of additional, even later revocations—is the paradigm of the "improper use of the Fifth Amendment privilege against self-incrimination as a sword as well as a shield" that the Ninth Circuit forbids. 672 F.3d at 640-41. NCC's Motion should be denied in all respects.

## CONCLUSION

For the foregoing reasons, DAPs respectfully request that NCC's Motion be denied.

DATED: January 6, 2019

*/s/ Robert W. Turken*
Robert W. Turken (*pro hac vice*)
Scott N. Wagner (*pro hac vice*)
Lori P. Lustrin (*pro hac vice*)
Shalia M. Sakona (*pro hac vice*)
Jerry R. Goldsmith (*pro hac vice*)
Ilana A. Drescher (*pro hac vice*)
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456
Telephone: 305-374-7580
Facsimile: 305-374-7593

*Attorneys for Plaintiffs AASI, Avnet, Benchmark Electronics, and Jaco*

*/s/Meredith Schultz*
Stuart H. Singer (*pro hac vice*)
Meredith Schultz (*pro hac vice*)

|   |   |
|---|---|
| 1 | **BOIES SCHILLER FLEXNER LLP** |
| 2 | 401 East Las Olas Blvd. |
|   | Suite 1200 |
| 3 | Fort Lauderdale, FL 33301 |
|   | Telephone: (954) 356-0011 |
| 4 | Facsimile: (954) 356-0022 |
|   | Email: ssinger@bsfllp.com |
| 5 | Email: mschultz@bsfllp.com |

Philip J. Iovieno (*pro hac vice*)
Anne M. Nardacci (*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665

William A. Isaacson (*pro hac vice*)
Kyle Smith (*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave., NW
Washington, DC 20005
Telephone: (202) 237-2727

*Attorneys for Plaintiff Arrow Electronics, Inc.*

Charles E. Tompkins (*pro hac vice*)
**WILLIAMS MONTGOMERY & JOHN LTD.**
1200 18th Street NW, Suite 325
Washington, D.C. 20036
Telephone: (202) 791-9951
Facsimile: (312) 630-8586
Email: cet@willmont.com

Paul J. Ripp (*pro hac vice*)
**WILLIAMS MONTGOMERY & JOHN LTD.**
233 S. Wacker Drive, Suite 6800
Chicago, IL 60606
Telephone: (312) 443-3200
Facsimile: (312) 630-8500
Email: pjr@willmont.com

*Attorneys for Plaintiff Flextronics International USA, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document was electronically served upon the parties and counsel of record system on January 6, 2019.

/s/ *Robert W. Turken*
Robert W. Turken