Date: January 23, 2020  Judge: Hon. James Donato

Time: 48 Minutes

Cases: **C-14-03264-JD In re Capacitors Antitrust Litigation**
**MD-17-02801-JD In re Capacitors Antitrust Litigation (No. III)**

Attorney(s) for Plaintiff(s): Joseph Saveri/Joshua P. Davis/James G. B. Dallal/
Anupama K. Reddy/Christopher K.L. Young/
Charles Tompkins/Elizabeth T. Castillo/Steven N. Williams

Attorney(s) for Defendant(s): Joseph J. Bial/Claire M. Maddox/Luke Hasskamp/
John Tatou/Alex Shear/Steven Kaufhold/Bruce Sokler/
Robert G. Kidwell/Gaspare J. Bono/Heather S. Nyong'o/
Chris Johnstone/Eric P. Enson/John M. Majoras/
Sanjay Nangia/David Cross/Bonnie Lau/
Jacob R. Sorensen/Roxane A Polidora

Deputy Clerk: Lisa R. Clark  Court Reporter: Debbie Pas

## PROCEEDINGS

Motion for Settlement -- Held
Pretrial Conference No. 2 -- Held

## NOTES AND ORDERS

### I. PRELIMINARY APPROVAL

The Court discusses with class counsel the direct purchaser class's motion for preliminary approval of class action settlement with defendants Kemet and Shizuki. MDL Dkt. No. 1068.

The Court will refer any related fees and costs applications to Special Master Monica Ip, as proposed by class counsel. *Id*. at 7 n.6. Class counsel confirms and represents that there will be no duplicative recovery of the class's litigation expenses.

The Court directs the addition of a claims period closing deadline to the schedule. The Court will allow class members a further opportunity to opt out from this round of settlements, so that change should also be made.

A revised proposed order should be sent to the jdpo email address.

## II. PRETRIAL CONFERENCE NO. 2

The Court clarifies its pretrial procedures, including for jury instructions and motions in limine, in response to the parties' questions.

The parties' joint proposal to have two full-time English/Japanese interpreters for the trial, with a third interpreter on stand-by, is approved, with the understanding that the parties will be responsible for making sure the interpreter arrangements will not disrupt the trial or waste jury time.

For the parties' joint exhibit list stipulation, MDL Dkt. No. 1081, the Court sets February 7, 2020, as the date by which the joint trial exhibit list must be filed.

The Court is advised that defendants jointly served a trial subpoena on non-party expert Dr. Hausman, and that defendant Panasonic accepted the subpoena on the expert's behalf and intends to move to quash it. The subpoena was not simultaneously served on the DPPs, who were unaware of it until the conference. To avoid unnecessary delays and frictions in this complex case, the Court directs that all subpoenas must be served on all parties at the time the subpoena is served or accepted voluntarily. Any failures may be sanctioned by witness and evidence exclusion, and other sanctions. Defendants represent they have not served trial subpoenas on any other witnesses.

The Court discusses with the parties other areas of dispute: (1) witness lists and the issue of the identification of which witnesses will appear live at trial; (2) deposition designations; (3) expert witnesses who were not previously disclosed; and (4) the admissibility at trial of 30(b)(6) deposition testimony. The parties are ordered to remain in the courtroom following the pre-trial conference to meet and confer on all four of these issues, and to raise any remaining disputes with the Court after the meet-and-confer.