Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Joshua P. Davis (State Bar No. 193254)
James G. Dallal (State Bar No. 277826)
Anupama K. Reddy (State Bar No. 324873)
Christopher K.L. Young (State Bar No. 318371)
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            swilliams@saverilawfirm.com
            jdavis@saverilawfirm.com
            jdallal@saverilawfirm.com
            areddy@saverilawfirm.com
            cyoung@saverilawfirm.com

*Class Counsel for Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Master File No. 3:17-md-02801-JD<br>Case No. 3:14-cv-03264-JD |
| | **DIRECT PURCHASER CLASS'S REQUEST FOR JUDICIAL NOTICE OF PLEA AGREEMENTS AND ASSOCIATED JUDGMENTS** |
| THIS DOCUMENT RELATES TO:<br>THE DIRECT PURCHASER CLASS ACTIONS | |
| | Date:         February 13, 2020<br>Time:        1:30 PM<br>Judge:      Honorable James Donato<br>Courtroom: 11, 19th Floor |

# TABLE OF CONTENTS

**Page(s)**

ARGUMENT ......................................................................................................................... 4

    I.    The Admissions Contained in the Plea Agreements Go to the Core of the   Class's
Allegations in the Action and so Are Squarely Relevant.................................................... 4

    II.   The Plea Agreements are Admissible.................................................................................. 6

    III.  The Plea Agreements and Associated Judgments Are Judicially Noticeable ................... 6

    IV.  The Facts Stated in the Plea Agreements Are Additionally Admissible Under Rule
803(22) (Final Judgment of Conviction), Rule 807 (Residual Exception), and Rule
801(d)(2) (Party Opponent Statements)............................................................................. 8

CONCLUSION ..................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2015 WL 13722902 (E.D. Mich. Aug. 31, 2015) .................................................................................................................... 7

*BancInsure, Inc. v. U.K. Bancorporation Inc./United Kentucky Bank of Pendleton Cty., Inc.*, 830 F. Supp. 2d 294 (E.D. Ky. 2011) ................................................................................. 7

*Bloch v. Exec. Office of the President*, 164 F. Supp. 3d 841 (E.D. Va. 2016) ........................... 7

*Bonnel v. Best Buy Stores, L.P.*, 881 F. Supp. 2d 1164 (N.D. Cal. 2012) .................................. 7

*Bulletin Displays, LLC v. Regency Outdoor Advert., Inc.*, 448 F. Supp. 2d 1172 (C.D. Cal. 2006) ............................................................................................................................... 8, 9

*In re Capacitors Antitrust Litig.*, No. 14-cv-03264-JD, 2018 WL 5980139 (N.D. Cal. Nov. 14, 2018) ............................................................................................................................. 3

*City of Burbank v. General Elec. Co.*, 329 F.2d 825 (9th Cir. 1964) ......................................... 6

*In re ClassicStar Mare Lease Litig.*, 823 F. Supp. 2d 599 (E.D. Ky. 2011) ......................... 6, 7, 9

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 60 F. App'x 87 (9th Cir. 2003) ........... 5

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) ...................................................... 4

*Eli Lilly & Co. v. Gitmed*, No. 16-CV-00178, 2017 WL 4945212 (E.D. Cal. Nov. 1, 2017) ........ 7

*McCarthy v. United States*, 394 U.S. 459 (1969) ...................................................................... 5

*Mills v. Unified Gov't of Wyandotte Cty./Kansas City, Kansas*, No. 14-2408, 2016 WL 8679314 (D. Kan. Oct. 14, 2016) ...................................................................................... 7

*Scholes v. Lehmann*, 56 F.3d 750 (7th Cir. 1995) .................................................................. 7, 8

*In re Slatkin*, 310 B.R. 740 (C.D. Cal. 2004) ......................................................................... 8, 9

*Thieme v. Cobb*, No. 13-CV-03827, 2017 WL 588264 (N.D. Cal. Feb. 14, 2017) ...................... 7

*United States v. Perez-Corona*, 295 F.3d 996 (9th Cir. 2002) ................................................... 7

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 6041723 (N.D. Cal. Dec. 6, 2017) ............................................ 9

**Federal Statutes**

Sherman Act ......................................................................................................................... 5, 6

**Rules**

Federal Rule of Evidence § 201 ..................................................................................6, 7, 8, 9

Federal Rule of Evidence § 401 .............................................................................................. 4

Federal Rule of Evidence § 402 ........................................................................................... 4, 5

Federal Rule of Evidence § 801(d)(2) ................................................................................. 8, 9

Federal Rule of Evidence § 803(22) ....................................................................................... 8

Federal Rule of Evidence § 807 .......................................................................................... 8, 9

# REQUEST FOR JUDICIAL NOTICE

Direct Purchaser Plaintiffs (the "Class") respectfully request that the Court take judicial notice, pursuant to Federal Rule of Evidence ("Rule") 201(b), of the following documents attached as exhibits A through T (collectively the "Plea Agreements" and the associated judgments) to the Declaration of Steven N. Williams in Support of Direct Purchaser Plaintiffs' Request for Judicial Notice ("Williams Decl.").[1]

| Exhibit and Declaration Reference | Description |
|---|---|
| ¶ 2, Exh. A | Plea Agreement of Defendant Elna Co., Ltd. ("Elna") in *U.S. v. Elna Co., LTD,* No. 4:16-cr-00365-JD (CAND), Dkt. No. 40, filed on October 12, 2017. |
| ¶ 3, Exh. B | Judgment in a Criminal Case in *U.S. v. Elna Co., Ltd.*, No. 4:16-cr-00365-JD (CAND), Dkt. No. 59, filed on February 12, 2018. |
| ¶ 4, Exh. C | Plea Agreement of Defendant Nichicon Corporation ("Nichicon") in *U.S. v. Nichicon Corporation*, No. 17-cr-00368-JD (CAND), Dkt. No. 19, filed on November 9, 2017. |
| ¶ 5, Exh. D | Judgment in a Criminal Case in *U.S. v. Nichicon Corporation,* No. 17-cr-00368-JD (CAND), Dkt. No. 41, filed on April 24, 2018. |
| ¶ 6, Exh. E | Plea Agreement of Defendant Rubycon Corporation ("Rubycon") in *U.S. v. Rubycon Corp.*, No. 4:16-cr-00367-JD (CAND), entered on October 12, 2016. |
| ¶ 7, Exh. F | Judgment in a Criminal Case in *U.S. v. Rubycon Corp.*, No. 4:16-cr-00367-JD (CAND), Dkt. No. 38, filed on February 3, 2017. |
| ¶ 8, Exh. G | Plea Agreement of Defendant Nippon Chemi-Con Corporation ("Nippon Chemi-Con") in *U.S. v. Nippon Chemi-Con Corporation*, No. 4:17-cr-00540-JD (CAND), Dkt. No. 54, filed on May 31, 2018. |
| ¶ 9, Exh. H | Judgment in a Criminal Case in *U.S. v. Nippon Chemi-Con Corporation*, No. 4:17-cr-00540-JD (CAND), Dkt. No. 85, filed October 24, 2018. |
| ¶ 10, Exh. I | Plea Agreement of Defendant Hitachi Chemical Co., Ltd. ("Hitachi") in *U.S. v. Hitachi Chemical Co., Ltd.,* No. 4:16-cr-00180-JD (CAND), Dkt. |

---

[1] All references herein preceded by "Exh." or "Exhs." are to exhibits to Williams Decl.

| | |
|---|---|
| | No. 22, filed 06/10/16. |
| ¶ 11, Exh. J | Judgment in a Criminal Case in *U.S. v. Hitachi Chemical Co., Ltd.*, No. 4:16-cr-00180-JD (CAND), Dkt. No. 31, filed July 12, 2016. |
| ¶ 12, Exh. K | Plea Agreement of Defendant NEC TOKIN Corporation ("NEC") in *U.S. v. NEC TOKIN Corporation*, No. 3:15-cr-00426-JD, Dkt. No. 9-1, filed on January 5, 2016. |
| ¶ 13, Exh. L | Judgment in a Criminal Case in *U.S. v. NEC TOKIN Corporation*, No. 3:15-cr-00426-JD, Dkt. No. 20, filed January 25, 2016. |
| ¶ 14, Exh. M | Plea Agreement of Defendant Holy Stone Holdings Co., Ltd. ("Holy Stone") in *U.S. v. Holy Stone Holdings Co., Ltd.,* No. 4:16-cr-00366-JD, Dkt. No. 34, filed on October 12, 2017. |
| ¶ 15, Exh. N | Judgment in a Criminal Case in *U.S. v. Holy Stone Holdings Co.*, Ltd., No. 4:16-cr-00366-JD, Dkt. No. 52, filed February 12, 2018. |
| ¶ 16, Exh. O | Plea Agreement of Defendant Matsuo Electric Company Limited ("Matsuo") in *U.S. v. Matsuo Electric Co. Ltd.,* No. 4:17-cr-00073-JD, Dkt. No. 35, filed on October 26, 2017. |
| ¶ 17, Exh. P | Judgment in a Criminal Case in *U.S. v. Matsuo Electric Co. Ltd.*, No. 4:17-cr-00073-JD, Dkt. No. 108, filed August 10, 2018. |
| ¶ 18, Exh. Q | Plea Agreement of Defendant Satoshi Okubo in *U.S. v. Satoshi Okubo* ("Mr. Okubo"), No. 4:17-cr-00074-JD, Dkt. No. 10-2, filed on April 11, 2017. |
| ¶ 19, Exh. R | Judgment in a Criminal Case in *U.S. v. Satoshi Okubo*, No. 4:17-cr-00074-JD, Dkt. No. 29, filed May 23, 2017. |
| ¶ 20, Exh. S | Plea Agreement of Defendant Tokuo Tatai ("Mr. Tatai") in *U.S. v. Isawa et al.,* No. 15-CR-0163-JD, Dkt. No. 17, filed June 27, 2018. |
| ¶ 21, Exh. T | Judgment in a Criminal Case in *U.S. v. Isawa et al.*, No. 15-CR-0163-JD, Dkt. No. 31, filed October 24, 2018. |

The entities and individuals who entered into the Plea Agreements are: Elna; Nichicon; Rubycon; Nippon Chemi-Con; Hitachi; NEC; Holy Stone; Matsuo; Mr. Okubo;  and Mr. Tatai (collectively the "Pleading Parties"). All of these entities were named as Defendants in this action, *see*

Dkt. No. 1831 (Third Amended Consolidated Class Action Complaint ("TACC")) at p. 4; and Nippon Chemi-Con, Holy Stone, and Matsuo remain defendants. Williams Decl., ¶¶ 8, 14, 16. Mr. Okubo was an employee of both Defendant Elna and Defendant Matsuo during the relevant period. *See* Exh. I, ¶ 4(a). Mr. Tatai was an employee of Defendant Elna during the relevant period. *See* Exh. J, ¶ 6(a).

In each of the Plea Agreements, the Pleading Parties admitted certain enumerated facts, including the fact that they conspired to fix prices and rig bids of capacitors sold in the United States and elsewhere from as early as November 2001 until in or about January 2014. *See* Exhs. A at ¶ 4(a), C at ¶ 4(a), E at ¶ 4(a), G at ¶ 4(a), I at ¶ 4(a), K at ¶ 4(a), M at ¶ 4(a), O at ¶ 4(a), Q at ¶ 4(a), and S at ¶ 6(a). (Plea Agreements setting forth facts on which the Plea Agreements were based). Thus, the Plea Agreements constitute admissions by current and former Defendants, as well as employees thereof, that they engaged in conduct at the core of that alleged in this action. *Compare id. with* Dkt. No. 1831 (TACC). Based on those admissions, judgments convicting the Pleading Parties of felonies were entered against each. *See* Exhs. B, D, F, H, J, L, N, P, and R.

The relevance of these admissions here is self-evident; and the bases for the Court taking judicial notice and admitting them into evidence are several. Under Federal Rule of Evidence ("Rule") 201, this Court can take judicial notice of both the fact of the Plea Agreements, as well as the facts admitted therein. The admissions contained in the Plea Agreements are further admissible against all Defendants under several exceptions to the hearsay rule.

The Court ruled more than a year ago that the guilty pleas of the Defendants in this case are admissible at trial. *In re Capacitors Antitrust Litig.,* No. 14-cv-03264-JD, 2018 WL 5980139, at * 8 (N.D. Cal. Nov. 14, 2018) (discussing evidence presented by the Class at class certification and stating ". . . [a]nd there are the guilty pleas in which defendants admitted their participation in a price-fixing conspiracy that had a substantial and intended effect in the United States. The criminal judgments that followed from these guilty pleas are admissible at trial as 'prima facie evidence of the violation of the antitrust laws.'" (citing authorities). Defendants steadfastly ignore this law and this ruling, even suggesting in their Motion in Limine to Exclude Criminal Documents & Transcripts that the ruling cited above was a general statement of the law rather than a specific statement about the guilty pleas in

this case. *See* Defendants' Motion in Limine to Exclude Criminal Documents & Transcripts, p. 4, ECF No. 1085. Because Defendants ignore controlling law, the Class brings this request for judicial notice.

Thus, the Class respectfully requests that the Court take judicial notice of the Plea Agreements, associated judgments and the facts admitted therein.

## ARGUMENT

**I.      The Admissions Contained in the Plea Agreements Go to the Core of the Class's Allegations in the Action and so Are Squarely Relevant**

Rule 401's "basic standard of relevance . . . is a liberal one." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993). "'Relevant evidence' is defined as that which has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* (quoting Rule 401). Once deemed relevant, such evidence "is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Rule 402. The admissions contained in the Plea Agreements easily meet this standard of relevance.

Among the facts set forth in each of the Plea Agreements, the Pleading Parties admit the following:

(1)      That during some or all of the period beginning at least as early as November 2001 and continuing until in or about January 2014, the Pleading Parties, or in the case of Messrs. Okubo and Tatai, their employers, manufactured electrolytic capacitors that were sold in the United States and elsewhere.  Exhs. A at ¶ 4(a), C at ¶ 4(a), E at ¶ 4(a), G at ¶ 4(a), I at ¶ 4(a), K at ¶ 4(a), M at ¶ 4(a), O at ¶ 4(a), Q at ¶ 4(a), and S at ¶ 6(a).

(2)      That electrolytic capacitors are "a major subcategory of capacitors." *Id*.

(3)      That during the period described above there was "a conspiracy among manufacturers of electrolytic capacitors, the primary purpose of which was to fix prices and rig bids of certain electrolytic capacitors sold in the United States and elsewhere." Exhs. A at ¶ 4(b), C at ¶ 4(b), E at ¶ 4(b), G at ¶ 4(b), I at ¶ 4(b), K at ¶ 4(b), M at ¶ 4(b), O, Q, and S at ¶ 6(b).

(4)    That the Pleading Party, either directly in the case of Messrs. Okubo and Tatai, or "through its officers and employees" in the case of the other Pleading Parties, "engaged in discussions and attended meetings with representatives other manufacturers of electrolytic capacitors" in furtherance of that conspiracy. *Id.*

The fact of the existence of a conspiracy among manufacturers of capacitors to fix the prices and rig bids of capacitors, including, in particular, electrolytic capacitors is central to this litigation. *See* TACC, ¶¶ 1, 132-149 (describing electrolytic capacitors); 15 U.S.C. § 1. The admissions, set forth above, that such a conspiracy existed and that they participated in such a conspiracy tends to make it much more probable that such a conspiracy existed. Thus, this evidence is relevant to the Class's claims against all Defendants, jointly and severally liable as participants in the conspiracy. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 60 F. App'x 87, 88 (9th Cir. 2003) ("The district court did not abuse its discretion by considering the guilty pleas of numerous co-defendants. These pleas are extremely probative to illustrate a 'pattern of racketeering activity,' an essential element of a RICO violation.") The evidence is additionally relevant to the specific claims by the Class against each of the Pleading Parties that remain Defendants in this action: Nippon Chemi-Con, Elna, Holy Stone, and Matsuo.

Another core fact is that as set forth in their respective Plea Agreements, each of the particular Defendants participated in the conspiracy. *See* TACC, ¶ 1; 15 U.S.C. § 1. The admission by these Defendants and, in the case of Matsuo, its employee, that they participated in a conspiracy among manufacturers and sellers of capacitors to fix the prices and rig bids of electrolytic capacitors tends to make it much more probable that these Defendants participated in the conspiracy.

It is settled law that, having pleaded guilty, these Defendants are collaterally estopped from asserting facts or defenses that are contrary to the factual bases of their Plea Agreements and consequent convictions. A guilty plea is an "admission of all the elements of a formal criminal charge." *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

> Thus, when a defendant pleads guilty, he admits and is estopped from relitigating the material facts alleged in the information or indictment, and a plaintiff is entitled to introduce pleas from criminal cases in subsequent civil cases to establish "all matters of fact and law necessarily decided by the conviction." *Emich Motors Corp. v. Gen. Motors*

*Corp.*, 340 U.S. 558, 569, 71 S.Ct. 408, 95 L.Ed. 534 (1951); *see also Gray v. Comm'r*, 708 F.2d 243, 246 (6th Cir.1983) (defendant estopped from denying liability in a civil suit for tax fraud after pleading guilty to tax evasion in prior criminal action arising out of same conduct); *SEC v. Quinlan*, No. 02–60082, 2008 WL 4852904, at *4 (E.D. Mich. Nov. 7, 2008) ("Collateral estoppel bars 'successive litigation of an issue of fact or law actually litigated and resolved … even if the issue recurs in the context of a different claim.' ") (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008)). The doctrine of collateral estoppel may be used offensively by a litigant who was not a party to a prior proceeding, and the doctrine extends to those facts and law "distinctly put in issue and directly determined in the criminal prosecution." *Emich*, 340 U.S. at 569, 71 S.Ct. 408; *see also Columbia Pictures Indus., Inc. v. T & F Enters., Inc.*, 68 F.Supp.2d 833, 839 (E.D.Mich.1999) (offensive use of collateral estoppel was proper in civil case where defendant pled guilty to copyright offense in prior criminal action; mutuality of parties not required).

*In re ClassicStar Mare Lease Litig.*, 823 F. Supp. 2d 599, 622 (E.D. Ky. 2011), *opinion supplemented on reconsideration* (Nov. 8, 2011), *amended in part*, No. CIV.A. 06-243-JMH, 2012 WL 1080569 (E.D. Ky. Mar. 30, 2012), and *aff'd*, 727 F.3d 473 (6th Cir. 2013), and *aff'd*, 727 F.3d 473 (6th Cir. 2013). The admissions contained in the Plea Agreements are, thus, additionally (and highly) relevant to the Class's claims against Defendants Nippon Chemi-Con, Elna, Holy Stone, and Matsuo.

## II.     The Plea Agreements are Admissible

15 U.S.C. § provides that a final judgment rendered in a criminal proceeding brought by the United States under the antitrust laws to the effect that a defendant violated those laws "shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto[]." *See City of Burbank v. General Elec. Co.,* 329 F.2d 825, 834 (9th Cir. 1964) (criminal plea was prima facie evidence in subsequent civil case of the violation of antitrust laws.

## III.     The Plea Agreements and Associated Judgments Are Judicially Noticeable

Because they are relevant and admissible, the admissions contained in the Plea Agreements are appropriately admitted through judicial notice under Rule 201.

Rule 201(b)(2) provides that a court may take judicial notice of a fact that is "not subject to reasonable dispute because it: . . . can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court "may take judicial notice of court filings and other matters of public record." *Bonnel v. Best Buy Stores, L.P.*, 881 F. Supp. 2d 1164, 1168 (N.D. Cal. 2012). This includes a judgment and "a signed plea agreement, . . . from which [the Court] can take judicial notice of the underlying facts." *United States v. Perez-Corona*, 295 F.3d 996, 1000 n.4 (9th Cir. 2002).

As explained by Judge Posner in affirming a district court's decision to take judicial notice of facts recited in a criminal plea agreement of a non-defendant to "establish[] the defendants' [civil] liability," guilty pleas "bind a party; and the veracity safeguards surrounding a plea agreement that is accepted as the basis for a guilty plea and resulting conviction actually exceed those surrounding a deposition." *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995). Accordingly, courts adjudicating civil cases that have criminal counterparts routinely take judicial notice of related plea agreements, associated judgments, and the facts admitted therein. *See, e.g.*, *id.*; *Eli Lilly & Co. v. Gitmed*, No. 16-CV-00178, 2017 WL 4945212, at *4 (E.D. Cal. Nov. 1, 2017) (taking judicial notice of plea agreement and the facts admitted therein to assess the willfulness of the defendants' actions); *Thieme v. Cobb*, No. 13-CV-03827, 2017 WL 588264, at *1 (N.D. Cal. Feb. 14, 2017) (holding that "[t]he Court may take judicial notice of the facts contained in [the] plea agreements and the criminal judgments"); *In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2015 WL 13722902, at *2 (E.D. Mich. Aug. 31, 2015) (taking judicial notice of facts in plea agreements of defendants as basis to deny motion to dismiss); *Bloch v. Exec. Office of the President*, 164 F. Supp. 3d 841, 847 (E.D. Va. 2016) ("[t]his information . . . is a matter of public record from plaintiff's plea agreement . . . [and s]uch public record material may be judicially noticed"); *Mills v. Unified Gov't of Wyandotte Cty./Kansas City, Kansas*, No. 14-2408, 2016 WL 8679314, at *2 (D. Kan. Oct. 14, 2016) (taking judicial notice, at trial, of non-party indictments, non-party plea agreements, and the factual bases thereof); *BancInsure, Inc. v. U.K. Bancorporation Inc./United Kentucky Bank of Pendleton Cty., Inc.*, 830 F. Supp. 2d 294, 297 (E.D. Ky. 2011) ("the Court will take judicial notice of the details contained in [a criminal defendant's p]lea [a]greement"); *In re ClassicStar Mare Lease Litig.*, 823 F. Supp. 2d at 625-26 (taking judicial notice of plea agreements, "consider[ing] the facts, so admitted, as conclusively established for the purposes of this action").

The Court should do the same, here, and take judicial notice of the Plea Agreements, associated judgments, and the facts admitted therein.

**IV.    The Facts Stated in the Plea Agreements Are Additionally Admissible Under Rule 803(22) (Final Judgment of Conviction), Rule 807 (Residual Exception), and Rule 801(d)(2) (Party Opponent Statements)**

Independent of, and in addition to, Rule 201, the facts admitted to in the Plea Agreements are admissible against all Defendants under Rules 803(22) and 807 and are additionally admissible against those Defendants who are themselves Pleading Parties under Rule 801(d)(2).

Evidence of a final judgment of a conviction is admissible "to prove any fact essential to the judgment." Rule 803(22)(c). The Plea Agreements leave no ambiguity in this regard, each listing a series of facts under the heading "FACTUAL BASIS FOR OFFENSE CHARGED," that constitute those essential to the criminal judgments entered against the Pleading Parties. Exhs. A, C, E, G, I, K, M, O, Q, and S at p. 3.

Such facts, furthermore, are admissible under Rule 803(22) against all Defendants, whether or not they are a Pleading Party. *Accord Scholes*, 56 F.3d at 762 (holding that the district court's decision to judicially notice the facts admitted in a plea agreement by a non-party, in deciding a summary judgment motion against the defendants, was additionally proper because the judicially noticed facts were admissible against the defendants under Rule 803(22)); *Bulletin Displays, LLC v. Regency Outdoor Advert., Inc.*, 448 F. Supp. 2d 1172, 1184 (C.D. Cal. 2006) (judicially noticing facts admitted in plea agreement of a non-party as a basis to deny a defendant's anti-SLAPP motion to strike a RICO claims against it because *inter alia* such facts were "admissible under Federal Rule of Evidence 803(22) and not barred by the hearsay rule"); *In re Slatkin*, 310 B.R. 740, 745 (C.D. Cal. 2004), *aff'd*, 222 F. App'x 545 (9th Cir. 2007) (affirming bankruptcy court's decision to judicially notice the facts admitted in a plea agreement of non-party in granting trustee's summary judgment against a defendant on the ground *inter alia* those facts were admissible under Rule 803(22)).

Moreover, because the admissions stated in the Plea Agreements are "supported by sufficient guarantees of trustworthiness," especially when considered in combination with the criminal judgments entered thereon, the admissions are also appropriately admitted to support the claims against all

Defendants under Rule 807's residual exception to the hearsay rule. *See* Rule 807; *Bulletin Displays*, 448 F. Supp. 2d at 1184 (citing *Hancock v. Dodson*, 958 F.2d 1367, 1372 (6th Cir. 1992) for the proposition that the facts admitted in a plea agreement of non-defendant were additionally admissible under the residual exception to the hearsay rule); *Slatkin*, 310 B.R. at 745 (finding that the facts admitted to by a non-defendant in a plea agreement were appropriately noticed by the bankruptcy court for the additional reason that they were admissible under Rule 807).

For those Pleading Parties who remain Defendants in this action, Nippon Chemi-Con, Holy Stone, Elna and Matsuo, their Plea Agreements—and, in the case of Defendants Elna and Matsuo, the Plea Agreement of Mr. Okubo, as well—are additionally admissible against them as non-hearsay, further justifying judicial notice of them. *See* Rule 801(d)(2); *accord In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL 2672 CRB ( JSC), 2017 WL 6041723, at *1 n.2 (N.D. Cal. Dec. 6, 2017) (judicially noticing the existence of a defendant's plea agreement under Rule 201 and holding that "statements [in the plea agreement] are admissible as non-hearsay party admissions") (citing Rules 201(b)(2) & 801(d)(2)). Indeed, as discussed above, these Defendants are collaterally estopped from making arguments contrary to the facts that they admitted through their Plea Agreements and associated judgments. *In re ClassicStar Mare Lease Litig.*, 823 F. Supp. 2d at 625-26

These multiple bases for admission into evidence of the facts admitted in the Plea Agreements further support the appropriateness of the Court taking judicial notice of them.

## CONCLUSION

The facts admitted to in the Plea Agreements, as well as the Plea Agreements and associated judgments, themselves, are highly relevant, subject to judicial notice, and admissible under several exceptions to the hearsay rule. Accordingly, the Class respectfully requests that the Court take judicial notice of each of the Exhibits to the accompanying Declaration of Steven N. Williams, and the facts stated therein.

Dated: February 6, 2020

Respectfully Submitted,

JOSEPH SAVERI LAW FIRM, INC.

By:    */s/ Joseph R. Saveri*
               Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Joshua P. Davis (State Bar No. 193254)
James G. Dallal (State Bar No. 277826)
Anupama K. Reddy (State Bar No. 324873)
Christopher K.L. Young (State Bar No. 318371)
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940

*Class Counsel for Direct Purchaser Plaintiffs*