# EXHIBIT C

**FILED**

**NOV 09 2017**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JACKLIN CHOU LEM (CSBN 255293)
HOWARD J. PARKER (WSBN 07233)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
jacklin.lem@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 17-CR-00368-JD |
| v. | VIOLATION: 15 U.S.C. § 1<br>Price Fixing |
| NICHICON CORPORATION, | |
| Defendant. | **PLEA AGREEMENT** |

The United States of America and Nichicon Corporation ("defendant"), a corporation organized and existing under the laws of Japan, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.     The defendant understands its rights:

     (a)     to be represented by an attorney;

     (b)     to be charged by Indictment;

1       (c)     as a corporation organized and existing under the laws of Japan, to decline

2    to accept service of the Summons in this case, and to contest the jurisdiction of the

3    United States to prosecute this case against it in the United States District Court for the

4    Northern District of California;

5       (d)     to plead not guilty to any criminal charge brought against it;

6       (e)     to have a trial by jury, at which it would be presumed not guilty of the

7    charge and the United States would have to prove every essential element of the charged

8    offense beyond a reasonable doubt for it to be found guilty;

9       (f)     to confront and cross-examine witnesses against it and to subpoena

10    witnesses in its defense at trial;

11       (g)     to appeal its conviction if it is found guilty; and

12       (h)     to appeal the imposition of sentence against it.

13       **AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS**

14    2.     The defendant knowingly and voluntarily waives the rights set out in

15  subparagraphs 1(b)-(g) above. The defendant also knowingly and voluntarily waives the right to

16  file any appeal, any collateral attack, or any other writ or motion, including but not limited to an

17  appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that

18  sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea

19  Agreement, regardless of how the sentence is determined by the Court. This agreement does not

20  affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nothing

21  in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies it may

22  otherwise have on appeal or collateral attack respecting claims of ineffective assistance of

23  counsel or prosecutorial misconduct. The defendant agrees that there is currently no known

24  evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R.

25  Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count Information

26  that has been filed in the United States District Court for the Northern District of California. The

27  Information charges the defendant with participating, from at least as early as November 2001

28

1   until in or about December 2011, in a conspiracy to suppress and eliminate competition by fixing

2   prices and rigging bids of certain electrolytic capacitors in the United States and elsewhere, in

3   violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

4       3.    The defendant will plead guilty to the criminal charge described in Paragraph 2

5   above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to

6   the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

7                 **FACTUAL BASIS FOR OFFENSE CHARGED**

8       4.    Had this case gone to trial, the United States would have presented evidence

9   sufficient to prove the following facts:

10         (a)    For purposes of this Plea Agreement, the "relevant period" is the period

11   beginning at least as early as November 2001 until in or about December 2011. During

12   the relevant period, the defendant was a corporation organized and existing under the

13   laws of Japan. The defendant had its principal place of business in Kyoto, Japan. During

14   the relevant period, the defendant manufactured aluminum and tantalum electrolytic

15   capacitors and was engaged in the sale of such electrolytic capacitors in the United States

16   and elsewhere. Electrolytic capacitors are a major subcategory of capacitors,

17   fundamental components of electrical circuits used primarily to store and regulate

18   electrical current. Aluminum and tantalum capacitors are both types of electrolytic

19   capacitors.

20         (b)    During the relevant period, the defendant, through its officers and

21   employees, including high-level personnel of the defendant, participated in a conspiracy

22   among manufacturers of electrolytic capacitors, the primary purpose of which was to fix

23   prices and rig bids of certain electrolytic capacitors sold in the United States and

24   elsewhere. In furtherance of the conspiracy, the defendant, through its officers and

25   employees, at times engaged in discussions and attended meetings with representatives of

26   other manufacturers of electrolytic capacitors. During certain of these discussions and

27

28

PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD

1  meetings, the conspirators agreed to fix the price and/or rig bids of certain electrolytic

2  capacitors to be sold in the United States and elsewhere.

3        (c)    During the relevant period, the defendant and its coconspirators

4  manufactured certain electrolytic capacitors outside the United States and sold them in

5  the United States or for delivery to the United States.  During the relevant period, one or

6  more of the conspirator firms sold certain foreign-manufactured electrolytic capacitors

7  outside the United States for incorporation into products that were sold in or for delivery

8  to the United States.  During the relevant period, certain electrolytic capacitors sold by

9  one or more of the conspirator firms traveled in interstate commerce.

10        (d)    Acts in furtherance of this conspiracy were carried out within the Northern

11  District of California.  Certain electrolytic capacitors that were the subject of this

12  conspiracy were sold by one or more of the conspirators to customers in this District.

13  **ELEMENTS OF THE OFFENSE**

14  5.    The elements of the charged offense are that:

15        (a)    the conspiracy described in the Information existed at or about the time

16  alleged;

17        (b)    the defendant knowingly became a member of the conspiracy; and

18        (c)    the conspiracy described in the Information either (1) substantially

19  affected interstate and U.S. import trade or commerce in electrolytic capacitors or

20  occurred within the flow of interstate or U.S. import trade or commerce in electrolytic

21  capacitors, or (2) had a direct, substantial, and reasonably foreseeable effect on interstate

22  or U.S. import trade or commerce in certain electrolytic capacitor-containing products

23  and that effect, in part, gives rise to the charge in the Information.

24  **POSSIBLE MAXIMUM SENTENCE**

25  6.    The defendant understands that the statutory maximum penalty which may be

26  imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is

27  a fine in an amount equal to the greatest of:

28

PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD

4

(a)     $100 million (15 U.S.C. § 1);

(b)     twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)     twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

7.      In addition, the defendant understands that:

(a)     pursuant to § 8D1.2(a)(1) of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years; and if the defendant violates any condition of probation, the Court may, pursuant to 18 U.S.C. § 3565, (i) continue the defendant on probation, with or without extending the term or modifying or enlarging the conditions or (ii) revoke the sentence of probation and resentence the defendant;

(b)     pursuant to U.S.S.G. §8B1.1 or 18 U.S.C. § 3563(b)(2) or §.3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8.      The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2016 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Court will make Guidelines determinations by applying a standard of

PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD

5

preponderance of the evidence. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

9. Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and subject to the full, truthful, and continuing cooperation of the defendant and its related entities, as defined in Paragraph 13 of this Plea Agreement, the United States agrees that it will recommend, as the appropriate disposition of this case, that the Court impose a sentence requiring the defendant to pay to the United States a criminal fine of $42 million payable in full before the fifteenth (15th) day after the date of judgment, no order of restitution, and a five-year term of probation ("the recommended sentence"). The defendant makes no agreement as to the appropriate criminal fine.

(a) The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(b) In light of the availability of civil cases filed against the defendant, including *In Re: Capacitors Antitrust Litigation* (14-CV-03264-JD), filed in the United States District Court, Northern District of California, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offense charged in the Information.

(c) The United States and the defendant agree to recommend jointly that the Court order a five-year term of probation, with the following conditions: (1) the development of a corporate compliance program consistent with U.S.S.G. § 8B2.1, including antitrust compliance standards and procedures to be followed by all officers, directors, and employees who have any responsibility for the sale or marketing of electrolytic capacitors; (2) the implementation of the corporate compliance program, including: (i) training on a periodic basis concerning the requirements of the antitrust

PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD

1     laws and the above standards and procedures; and (ii) periodic communications by high-

2     level personnel reinforcing the defendant's commitment to the corporate compliance

3     program and adherence to the antitrust laws; and (3) the submission of annual written

4     reports by the defendant to the Antitrust Division of the U.S. Department of Justice and

5     the United States Probation Office on the defendant's progress in implementing the

6     corporate compliance program.  In addition, pursuant to U.S.S.G. § 8D1.3(a), the

7     defendant will not commit another federal, state, or local crime during the term of

8     probation.  The development and implementation of the corporate compliance program

9     shall apply to the defendant, its subsidiaries, and any entity in which, after the date of

10    signature of this Plea Agreement, the defendant has a greater than 50% ownership

11    interest.  The parties agree that the term and conditions of probation imposed by the

12    Court will not void this Plea Agreement.

13        10.    The United States and the defendant agree that the applicable Guidelines fine

14   range exceeds the fine contained in the recommended sentence set out in Paragraph 9 above.

15   Subject to the full, truthful, and continuing cooperation of the defendant and its related entities,

16   as defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the

17   United States agrees that it will make a motion, pursuant to U.S.S.G. § 8C4.1, for a downward

18   departure from the Guidelines fine range in this case and will request that the Court impose the

19   fine contained in the recommended sentence set out in Paragraph 9 of this Plea Agreement

20   because of the defendant's and its related entities' substantial assistance in the government's

21   investigation and prosecutions of violations of federal criminal law in the electrolytic capacitors

22   industry.

23        11.    Subject to the full, truthful, and continuing cooperation of the defendant and its

24   related entities, as defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in this

25   case, the United States will fully advise the Court and the Probation Office of the fact, manner,

26   and extent of the defendant's and its related entities' cooperation and their commitment to

27

28

PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD

7

1  prospective cooperation with the United States' investigation and prosecutions, all material facts
2  relating to the defendant's involvement in the charged offense, and all other relevant conduct.
3      12.    The United States and the defendant understand that the Court retains complete
4  discretion to accept or reject either party's sentencing recommendation provided for in Paragraph
5  9 of this Plea Agreement.  The defendant understands that, as provided in Fed. R. Crim. P.
6  11(c)(3)(B), if the Court does not impose either party's sentencing recommendation contained in
7  this Agreement, it nevertheless has no right to withdraw its plea of guilty.
8                          **DEFENDANT'S COOPERATION**
9      13.    The defendant and its subsidiaries that are engaged in the sale or production of
10 electrolytic capacitors, including, but not limited to, Nichicon (America) Corporation,
11 (collectively "related entities") will cooperate fully and truthfully with the United States in the
12 prosecution of this case, the current federal investigation of violations of federal antitrust and
13 related criminal laws involving the manufacture or sale of electrolytic capacitors, any federal
14 investigation resulting therefrom, and any litigation or other proceedings arising or resulting
15 from any such investigation to which the United States is a party (collectively "Federal
16 Proceeding").  Federal Proceeding includes, but is not limited to, an investigation, prosecution,
17 litigation, or other proceeding regarding obstruction of, the making of a false statement or
18 declaration in, the commission of perjury or subornation of perjury in, the commission of
19 contempt in, or conspiracy to commit such offenses in, a Federal Proceeding.  The defendant's
20 subsidiaries for purposes of this Plea Agreement are entities that the defendant had a greater than
21 50% ownership interest in as of the date of signature of this Plea Agreement.  The full, truthful,
22 and continuing cooperation of the defendant and its related entities will include, but not be
23 limited to:
24          (a)    producing to the United States all documents, information, and other
25              materials, wherever located, not protected under the attorney-client privilege or the work-
26              product doctrine, (and with translations into English), in the possession, custody, or
27
28
PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD
                            8

1  control of the defendant and its related entities, that are requested by the United States in

2  connection with any Federal Proceeding; and

3       (b)    using their best efforts to secure the full, truthful, and continuing

4  cooperation of the current and former directors, officers, and employees of the defendant

5  and its related entities as may be requested by the United States, but excluding Masanobu

6  Shiozaki and the individuals listed in Paragraph 2 of Attachment A filed under seal. Such

7  efforts will include, but not be limited to, making these persons available in the United

8  States and at other mutually agreed-upon locations, at the defendant's expense, for

9  interviews and the provision of testimony in grand jury, trial, and other judicial

10  proceedings in connection with any Federal Proceeding. Current directors, officers, and

11  employees are defined for purposes of this Plea Agreement as individuals who are

12  directors, officers, or employees of the defendant or any of its related entities as of the

13  date of signature of this Plea Agreement.

14      14.    The full, truthful, and continuing cooperation of the current directors, officers,

15  and employees of the defendant and its related entities, and the individuals listed in Paragraph 1

16  of Attachment A filed under seal, will be subject to the procedures and protections of this

17  paragraph and will include, but not be limited to:

18       (a)    producing in the United States and at other mutually agreed-upon

19  locations all documents, including claimed personal documents, and other materials,

20  wherever located, not protected under the attorney-client privilege or the work-product

21  doctrine, (and with translations into English), that are requested by attorneys and agents

22  of the United States in connection with any Federal Proceeding;

23       (b)    making himself or herself available for interviews in the United States and

24  at other mutually agreed-upon locations, not at the expense of the United States, upon the

25  request of attorneys and agents of the United States in connection with any Federal

26  Proceeding;

27

28

PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD

1        (c)     responding fully and truthfully to all inquiries of the United States in

2    connection with any Federal Proceeding, without falsely implicating any person or

3    intentionally withholding any information, subject to the penalties of making a false

4    statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §

5    1503, *et seq.*), or conspiracy to commit such offenses;

6        (d)     otherwise voluntarily providing the United States with any material or

7    information not requested in (a) – (c) of this paragraph and not protected under the

8    attorney-client privilege or work-product doctrine that he or she may have that is related

9    to any Federal Proceeding;

10        (e)     when called upon to do so by the United States in connection with any

11    Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the

12    United States fully, truthfully, and under oath, subject to the penalties of perjury (18

13    U.S.C. § 1621), making a false statement or declaration in grand jury or court

14    proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of

15    justice (18 U.S.C. § 1503, *et seq.*); and

16        (f)     agreeing that, if the agreement not to prosecute him or her in this Plea

17    Agreement is rendered void under subparagraph 16(c), the statute of limitations period

18    for any Relevant Offense, as defined in subparagraph 16(a), will be tolled as to him or her

19    for the period between the date of signature of this Plea Agreement and six (6) months

20    after the date that the United States gave notice of its intent to void its obligations to that

21    person under this Plea Agreement.

22    This Paragraph 14 does not apply to Masanobu Shiozaki, who has been separately charged, and

23    the individuals listed in Paragraph 2 of Attachment A filed under seal, regardless of their

24    employment status, or to any former director, officer, or employee of the defendant or its related

25    entities, except those listed in Paragraph 1 of Attachment A filed under seal.

26

27

28

PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD

**GOVERNMENT'S AGREEMENT**

15.     Subject to the full, truthful, and continuing cooperation of the defendant and its related entities, as defined in Paragraph 13 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, the United States agrees that it will not bring further criminal charges against the defendant or any of its related entities for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of electrolytic capacitors.  The nonprosecution terms of this paragraph do not apply to (a) any acts of subornation of perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

16.     The United States agrees to the following:

(a)     Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence and subject to the exceptions noted in subparagraph 16(c), the United States agrees that it will not bring criminal charges against any current director, officer, or employee of the defendant or its related entities, or any individual listed in Paragraph 1 of Attachment A filed under seal, for any act or offense committed before the date of signature of this Plea Agreement and while that person was acting as a director, officer, or employee of the defendant or its related entities that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of electrolytic capacitors ("Relevant Offense"), except that the protections granted in Paragraph 16 do not apply to Masanobu Shiozaki or to the individuals listed in Paragraph 2 of Attachment A filed under seal, regardless of their employment status, or to any former director, officer, or employee of the defendant or its related entities, except those listed in Paragraph 1 of Attachment A filed under seal;

(b)     Should the United States determine that any current director, officer, or employee of the defendant or its related entities, or any individual listed in Paragraph 1 of Attachment A filed under seal, may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)     If any person requested to provide cooperation under subparagraph 16(b) fails to comply fully with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person and the agreement not to prosecute that person granted in this Plea Agreement will be rendered void, and the United States may prosecute such person criminally for any federal crime of which the United States has knowledge, including, but not limited to, any Relevant Offense;

(d)     Except as provided in subparagraph 16(e), information provided by a person described in subparagraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses;

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in subparagraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case will be rendered void;

PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD

1         (f)     The nonprosecution terms of Paragraph 16 do not apply to civil matters of

2    any kind; any violation of the federal tax or securities laws or conspiracy to commit such

3    offenses; any crime of violence; or perjury or subornation of perjury (18 U.S.C. §§ 1621-

4    22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of

5    justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to

6    commit such offenses; and

7         (g)     Documents provided under subparagraphs 13(a) and 14(a) will be deemed

8    responsive to outstanding grand jury subpoenas issued to the defendant or any of its

9    related entities.

10       17.     The United States agrees that when any person travels to the United States for

11   interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for

12   meetings with counsel in preparation therefor, the United States will take no action, based upon

13   any Relevant Offense, to subject such person to arrest, detention, or service of process, or to

14   prevent such person from departing the United States. This paragraph does not apply to an

15   individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a

16   false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §

17   1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.

18       18.     The defendant understands that it may be subject to suspension or debarment

19   action by state or federal agencies other than the United States Department of Justice, Antitrust

20   Division, based upon the conviction resulting from this Plea Agreement, and that this Plea

21   Agreement in no way controls what action, if any, other agencies may take. However, the

22   Antitrust Division agrees that, if requested, it will advise the appropriate officials of any

23   governmental agency considering such action of the fact, manner, and extent of the cooperation

24   of the defendant and its related entities as a matter for that agency to consider before determining

25   what action, if any, to take. The defendant nevertheless affirms that it wants to plead guilty

26   regardless of any suspension or debarment consequences of its plea.

27

28

PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD

1     **REPRESENTATION BY COUNSEL**

2     19.    The defendant has been represented by counsel and is fully satisfied that its

3 attorneys have provided competent legal representation. The defendant has thoroughly reviewed

4 this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge,

5 any possible defenses to the charge, and the nature and range of possible sentences.

6     **VOLUNTARY PLEA**

7     20.    The defendant's decision to enter into this Plea Agreement and to tender a plea of

8 guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises,

9 or representations other than the representations contained in this Plea Agreement and

10 Attachment A. The United States has made no promises or representations to the defendant as to

11 whether the Court will accept or reject the recommendations contained within this Plea

12 Agreement.

13     **VIOLATION OF PLEA AGREEMENT**

14     21.    The defendant agrees that, should the United States determine in good faith,

15 during the period that any Federal Proceeding is pending, that the defendant or any of its related

16 entities have failed to provide full, truthful, and continuing cooperation, as defined in Paragraph

17 13 of this Plea Agreement, or have otherwise violated any provision of this Plea Agreement,

18 except for the conditions of probation, violations of which are subject to 18 U.S.C. § 3565, the

19 United States will notify counsel for the defendant in writing by personal or overnight delivery,

20 email, or facsimile transmission and may also notify counsel by telephone of its intention to void

21 any of its obligations under this Plea Agreement (except its obligations under this paragraph),

22 and the defendant and its related entities will be subject to prosecution for any federal crime of

23 which the United States has knowledge, including, but not limited to, the substantive offenses

24 relating to the investigation resulting in this Plea Agreement. The defendant may seek Court

25 review of any determination made by the United States under this paragraph to void any of its

26 obligations under this Plea Agreement. The defendant agrees that, in the event that the United

27 States is released from its obligations under this Plea Agreement and brings criminal charges

28

PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD

1     against the defendant or its related entities for any offense referred to in Paragraph 15 of this Plea

2     Agreement, the statute of limitations period for such offense will be tolled for the period between

3     the date of signature of this Plea Agreement and six (6) months after the date the United States

4     gave notice of its intent to void its obligations under this Plea Agreement.

5          22.      The defendant understands and agrees that in any further prosecution of it or its

6     related entities resulting from the release of the United States from its obligations under this Plea

7     Agreement because of the defendant's or any of its related entities' violation of this Plea

8     Agreement, any documents, statements, information, testimony, or evidence provided by it, its

9     related entities, or their current or former directors, officers, or employees, to attorneys or agents

10     of the United States, federal grand juries, or courts, and any leads derived therefrom, may be

11     used against it or its related entities. In addition, the defendant unconditionally waives its right

12     to challenge the use of such evidence in any such further prosecution, notwithstanding the

13     protections of Fed. R. Evid. 410.

14                           **ENTIRETY OF AGREEMENT**

15          23.      This Plea Agreement and Attachment A constitute the entire agreement between

16     the United States and the defendant concerning the disposition of the criminal charge in this case.

17     This Plea Agreement cannot be modified except in writing, signed by the United States and the

18     defendant.

19          24.      The undersigned is authorized to enter this Plea Agreement on behalf of the

20     defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to,

21     and incorporated by reference in, this Plea Agreement.

22          25.      The undersigned attorneys for the United States have been authorized by the

23     Attorney General of the United States to enter this Plea Agreement on behalf of the United

24     States.

25          26.      A facsimile or PDF signature will be deemed an original signature for the purpose

26     of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of

27     executing this Plea Agreement.

28

PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD

Respectfully submitted,

BY: _A. Yano_

Akihiro Yano
Director and General Manager of
   Corporate Planning Headquarters
Nichicon Corporation

Dated: _Oct. 4, 2017_

BY: _Howard J. Parker_

JACKLIN CHOU LEM
HOWARD J. PARKER
Trial Attorneys
U.S. Department of Justice
Antitrust Division

Dated: _6 November 2017_

BY: _Steven M. Kowal_

STEVEN M. KOWAL
K&L Gates LLP
Counsel for Nichicon Corporation

Dated: _October 5, 2017_

PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD

16

1                                    Respectfully submitted,

BY: _____        BY: _____
     Akihiro Xano                             JACKLIN CHOU LEM
     Director and General Manager of         HOWARD J. PARKER
        Corporate Planning Headquarters    Trial Attorneys
     Nichicon Corporation               U.S. Department of Justice
                                        Antitrust Division

Dated: _Oct. 4, 2017_           Dated: _____

BY: _____
     STEVEN M. KOWAL
     K&L Gates LLP
     Counsel for Nichicon Corporation

Dated: _October 5, 2017_

PLEA AGREEMENT, Rule 11(c)(1)(B)
U.S. v. NICHICON, 17-cr-00368-JD

## 取締役会議事録

平成 29 年 10 月 4 日午前 11 時 40 分から本社会議室において、取締役会を開催した。

| | | | |
|---|---|---|---|
| 取締役総数 | 7名 | 出席取締役 | 7名 |
| 監査役総数 | 4名 | 出席監査役 | 4名 |

議案： 米国司法省との司法取引契約締結について

　定刻、代表取締役会長 武田 一平 は議長席につき、開会を宣し、上記議案を提出して審議に入った。
　議長は、今般、米国司法省から、別紙1に記載した内容の司法取引契約の提示を受け、案件の早期解決のため、司法取引契約を締結し交付・履行したい旨を述べ、審議を求めたところ、下記の事項に関して、全員異議なく承認可決した。

決議　別紙1に記載された内容と実質的に同一の書式にて、米国司法省と当社の間で司法取引契約を締結し、交付、履行すること。

　　　取締役企画本部長矢野明弘及び当社の社外代理人である K&L Gates 法律事務所の Steven Kowal 弁護士と Lauren Norris Donahue 弁護士に、会社を代表して、司法取引契約を締結し、交付する権限を授権すること。

　　　司法取引締結後に行われる有罪答弁又は関連する判決若しくは裁判手続の際に、取締役企画本部長矢野明弘に会社を代表して、司法取引契約パラグラフ2に規定する全ての権利を放棄し、当社を代表して、司法取引契約に基づいて有罪答弁を行う権限を授権すること。

　　　上記決議事項を実行するために、取締役企画本部長矢野明弘に必要とされ又は適切である全ての行為を行う権限を授権すること。

　　　K&L Gates 法律事務所の Steven Kowal 弁護士と Lauren Norris Donahue 弁護士に、有罪答弁又は関連する判決若しくは裁判手続の際に当社の社外代理人として会社を代表する権限を授権すること。

　以上により議事を終了したので議長は午後 0 時 10 分閉会を宣した。

　上記決議の経過ならびに結果を明らかにするため、本議事録を作成し、議長ならびに出席役員は記名押印する。

　平成 29 年 10 月 4 日

於　ニチコン株式会社取締役会

議　　長　　代表取締役会長　　武田　一平 

代表取締役社長　　吉田　茂雄

取　締　役　　近野　斉

取　締　役　　矢野　明弘

取　締　役　　松重　和美

取　締　役　　勝田　泰久

取　締　役　　相京　重信

常勤監査役　　荒木　幸彦

常勤監査役　　阿部　惇

監　査　役　　大西　英樹

監　査　役　　森瀬　正博

# Board Meeting Minutes

The meeting of the Board of Directors of Nichicon Corporation was held at the meeting room of Head Office, at 11:40 am on October 4, 2017.

| | | | |
|---|---|---|---|
| Total number of Directors: | 7 | Number of Directors present: | 7 |
| Total number of Company Auditors: | 4 | Number of Company Auditors present: | 4 |

Item of Business:

Approval of Plea Agreement between Nichicon Corporation and the United States Department of Justice

Representative Director and Chairman Takeda was seated as chairperson of the meeting (the "Chairperson"), and declared the opening of the meeting at the appointed time, and then submitted the above-captioned item of business to start deliberations.

The Chairperson stated that the United States Department of Justice had proposed a Plea Agreement between Nichicon Corporation (the "Company") and the United States Department of Justice in substantially the form attached hereto as Exhibit 1 and recommended that the approval for the execution, delivery, and performance of the Plea Agreement be granted by the Board in order to promptly resolve this matter. Chairman Takeda further requested that the Board act upon the following items, and it was unanimously:

APPROVED AND RESOLVED, that the execution, delivery, and performance of the Plea Agreement between the Company and the United States Department of Justice, in substantially the form attached hereto as Exhibit 1, is hereby approved;

APPROVED AND RESOLVED, that Mr. Akihiro Yano, Director and General Manager of Corporate Planning Headquarters, and the Company's outside counsels Mr. Steven Kowal and Ms. Lauren Norris Donahue of K&L Gates LLP, are hereby authorized, empowered and directed, for and on behalf of the Company, to execute and deliver the Plea Agreement;

APPROVED AND RESOLVED, that Mr. Akihiro Yano, Director and General Manager of Corporate Planning Headquarters, is hereby authorized to represent the Company at any

hearing on the Plea Agreement or any related sentencing or court proceeding in order to waive any and all rights of the Company referred to under Paragraph 2 of the Plea Agreement and to plead guilty at such hearing, for and on behalf of the Company, in accordance with the provisions of the Plea Agreement;

APPROVED AND RESOLVED, that Mr. Akihiro Yano, Director and General Manager of Corporate Planning Headquarters, is hereby authorized to take individually any and all actions required or appropriate in order to carry out the intent and purpose of the preceding resolutions; and

APPROVED AND RESOLVED, that Mr. Steven Kowal and Ms. Lauren Norris Donahue of K&L Gates LLP are hereby authorized and empowered to represent the Company as its outside counsels at any hearing on the Plea Agreement or any related sentencing or court proceeding.

There being no further items of business to be considered, the Chairperson declared the meeting closed at 0:10 pm.

IN WITNESS WHEREOF, the Chairperson and all officers present have prepared these minutes with affixing their names and seals hereunto.

October 4, 2017
Nichicon Corporation Board of Directors

| | |
|---|---|
| Chairperson of the meeting | |
| Representative Director and Chairman | Ippei Takeda |
| Representative Director and President | Shigeo Yoshida |
| Director | Hitoshi Chikano |
| Director | Akihiro Yano |
| Director | Kazumi Matsushige |
| Director | Yasuhisa Katsuta |

| Director | Shigenobu Aikyo |
| Full-Time Company Auditor | Sahichiko Araki |
| Full-Time Company Auditor | Atsushi Abe |
| Company Auditor | Hideki Onishi |
| Company Auditor | Masahiro Morise |

## CERTIFICATE

I, Akihiro Yano, Director and General Manager of Corporate Planning Headquarters, Nichicon Corporation, a company organized and existing under the laws of Japan and having its head office at Nakagyo-ku, Kyoto 604-0845, Japan, do hereby certify, as the person responsible for keeping minutes of the Board of Directors meeting, that the attached resolutions adopted by the Board of Directors of Nichicon Corporation at the Meeting of the Board of Directors held on October 4, 2017, are true, correct, and complete, and that said resolutions have not been amended, modified or repealed, and remain in full force and effect, as of the date hereof.

Signed in Kyoto, this 4th day of October, 2017 by

Akihiro Yano
Director and General Manager of Corporate Planning Headquarters
Nichicon Corporation