# SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and among defendant Panasonic Corporation, on its own behalf and on behalf of defendants Panasonic Corporation North America, SANYO Electric Co., and SANYO North America Corporation (together, "Panasonic"); and the certified Class (the "Class" or "Plaintiffs"), as defined below, of direct purchasers represented by Named Plaintiffs Chip-Tech, Ltd., Dependable Component Supply Corp., eIQ Energy, Inc., and Walker Component Group, Inc. (collectively, the "Named Plaintiffs" or "Class Representatives"), who have filed suit as representatives of a class of similarly situated direct purchasers of aluminum, tantalum and film capacitors ("Capacitors"), as defined below, in the class action *In re Capacitors Antitrust Litigation*, Master Docket No. 3:17-md-02801, Civil Action No. 14-cv-3264-JD, currently pending before the Honorable James Donato in the United States District Court for the Northern District of California. Plaintiffs enter into this Settlement Agreement both individually and on behalf of the Class they represent.

This Settlement Agreement is intended by the Settling Parties (as defined below) to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

**WHEREAS**, the Class is prosecuting the Action, as defined below, on behalf of the Class and all Class Members against Panasonic and other Defendants and alleged co-conspirators;

**WHEREAS**, the Class alleges, among other things, that Panasonic participated in an unlawful conspiracy to fix prices and allocate markets for Capacitors in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 *et seq.* ("Sherman Act");

**WHEREAS,** Panasonic has confirmed its status as the leniency applicant seeking a reduction in civil liability by offering cooperation in civil litigation related to a criminal proceeding under the Antitrust Criminal Penalty Enhancement and Reform Act (ACPERA) of 2004, as amended in 2010;

**WHEREAS**, Panasonic has denied and continues to deny certain of the Class's claims and allegations of wrongdoing; and further denies

2

the allegations that the Class suffered class-wide harm caused by any conduct by Panasonic alleged in the Action or otherwise;

**WHEREAS**, the Class and Defendants have engaged in extensive discovery regarding the facts pertaining to the Class's claims and Defendants' defenses;

**WHEREAS,** the Class and Panasonic agree that neither this Settlement Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any liability or wrongdoing by Panasonic or of the truth of any of the claims or allegations alleged in the Action;

**WHEREAS**, the Class has thoroughly analyzed the facts and the law regarding the Action and has concluded that a settlement with Panasonic at this time according to the terms set forth below is fair, adequate and reasonable, and in the best interest of the Class;

**WHEREAS**, Panasonic has concluded, despite its belief that it is not liable to the entire Class for the claims asserted against it in the Action and that it has good defenses thereto, that it will enter into this Settlement Agreement to avoid further expense, inconvenience, and the

3

distraction of burdensome and protracted litigation, and thereby to put to rest this controversy with respect to the Class and avoid the risks inherent in complex litigation;

**WHEREAS**, arm's-length settlement negotiations have taken place between counsel for the Class and Panasonic, and through mediation conducted by Antonio Piazza of Mediated Negotiations;

**WHEREAS**, this Settlement Agreement is to resolve the Class's claims in this Action against Panasonic only with respect to U.S. Purchases of Capacitors, as defined below; and

**WHEREAS**, this Settlement Agreement embodies all of the terms and conditions of the settlement between the Class and Panasonic, both individually and on behalf of the Class; has been reached as a result of the parties' negotiations (subject to the approval of the Court) as provided herein; and is intended to supersede any prior agreements between the Settling Parties.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Settling Parties, by and through their undersigned attorneys of record, in consideration of the covenants,

4

agreements, and releases set forth herein and for other good and valuable consideration, that the Action be finally and fully settled, compromised, and dismissed on the merits and with prejudice as to Panasonic only, without costs as to the Named Plaintiffs, the Class, or Panasonic, upon and subject to the approval of the Court, on the following terms and conditions:

### Definitions

The following terms, as used in this Settlement Agreement, shall have the following meanings:

a.      "Action" means the direct purchaser action captioned *In re Capacitors Antitrust Litigation*, Master Docket No. 17-md-02801-JD, Civil Action No. 14-cv-3264-JD, pending in the United States District Court for the Northern District of California.

b.      "Affiliates" means entities controlling, controlled by or under common control with another entity.

c.      "Authorized Claimant" means any member of the Class who, in accordance with the terms of this Settlement Agreement, submits a timely claim that is accepted by the Claims Administrator and approved

302774488 v1

by the Court in accordance with the applicable distribution plan or order of the Court ordering distribution to the Class.

d. "Capacitors" means aluminum, tantalum and film capacitors, as they have been defined in the Consolidated Third Amended Class Action Complaint.

e. "Claims Administrator" means the entity engaged by the Class to administer the settlement, including but not limited to disseminating notice, receiving claims, and disbursing the Settlement Fund.

f. "Class" means the certified class of direct purchasers as defined in the Order Granting DPPs' Motion for Approval of Plan for Notice of Pendency of Class Action, ECF No. 493 (entered February 28, 2019) in the Action, as follows:

> All persons (including individuals, companies, or other entities) that purchased Capacitors (including through controlled subsidiaries, agents, affiliates, or joint ventures) directly from any of the Defendants, their subsidiaries, agents, affiliates, or joint ventures from January 1, 2002 to December 31, 2013 (the "Class Period"), and such persons are: (a) inside the United States and were billed or invoiced for capacitors by one or more Defendants during the Class Period (i.e.,

6

where capacitors were "billed to" persons within the United States); or (b) outside the United States and were billed or invoiced for capacitors by one or more Defendants during the Class Period, where such capacitors were imported into the United States by one or more Defendants (i.e., where the capacitors were "billed to" persons outside the United States but "shipped to" persons within the United States).

Excluded from the Class are: (1) Defendants (and their subsidiaries, agents, and affiliates); (2) shareholders holding more than 10% equity interest in Defendants; (3) each member of the Class that timely requests exclusion by "opting out"; (4) governmental entities; and (5) the judges and chambers staff in this case, including their immediate families.

g.    "Class Action" means the Action and all cases consolidated therein.

h.    "Class Counsel" refers to the Joseph Saveri Law Firm, Inc.

i.    "Class Member" means a person that falls within the definition of the Class and that has not timely and validly excluded itself from the Class in accordance with the procedures established by the Court, or has otherwise been excluded from the Class by order of the Court.

302774488 v1

j.     "Class Period" means the period from and including January 1, 2002 up to and including December 31, 2013.

k.     "Court" or "District Court" means the United States District Court for the Northern District of California.

l.     "Defendants" means AVX Corporation; ELNA Co., Ltd.; ELNA America Inc.; Fujitsu, Ltd.; Hitachi Chemical Co., Ltd.; Hitachi AIC Inc.; Hitachi Chemical Co. America, Ltd.; Holy Stone Enterprise Co., Ltd.; Milestone Global Technology, Inc. (D/B/A HolyStone International); Vishay Polytech Co., Ltd.; KEMET Corporation; KEMET Electronics Corporation; Matsuo Electric Co., Ltd.; TOKIN Corporation (f/k/a NEC TOKIN Corporation); TOKIN America, Inc. (f/k/a NEC TOKIN America, Inc.); Nichicon Corporation; Nichicon (America) Corporation; Nippon Chemi-Con Corporation; United Chemi-Con, Inc.; Nissei Electric Co., Ltd.; Nitsuko Electronics Corporation; Okaya Electric Industries Co., Ltd.; Okaya Electric America Inc.; Panasonic Corporation; Panasonic Corporation of North America; SANYO Electric Co., Ltd.; SANYO North America Corporation; ROHM Co., Ltd.; ROHM Semiconductor U.S.A., LLC; Rubycon

8

Corporation; Rubycon America, Inc.; Shinyei Kaisha; Shinyei

Technology Co., Ltd.; Shinyei Capacitor Co., Ltd.; Shinyei Corporation

of America, Inc.; Shizuki Electric Co., Ltd.; Soshin Electric Co., Ltd.;

Soshin Electronics of America Inc.; Taitsu Corporation; Taitsu America,

Inc.; and TOSHIN KOGYO Co., Ltd.

     m.   "Document" is synonymous in meaning and equal in scope to

the usage of this term in Fed. R. Civ. P. 34(a), including, without

limitation, electronic or computerized data compilations. A draft or non-

identical copy is a separate document within the meaning of this term.

     n.   "Effective Date" means the first date after which all of the

following events and conditions have been met or have occurred:

        1.    All Settling Parties have executed this Settlement
Agreement;

        2.    The Court has entered an order (following preliminary
approval of the Settlement Agreement, notice to the Class,
and a fairness hearing), approving this Settlement Agreement
under Rule 23(e) of the Federal Rules of Civil Procedure and
dismissing the Action against Panasonic with prejudice as to
all Class Members (the "Final Judgment"); and

        3.    The Final Judgment has become final, with the
occurrence of the following: (a) the expiration of the time for
appeal or to seek permission to appeal from the Court's

302774488 v1

approval of the Settlement Agreement and entry of the Final Judgment or (b) if an appeal from an approval and Final Judgment is taken, the affirmance of such Final Judgment in its entirety, without modification, by the court of last resort to which an appeal of such Final Judgment may be taken, provided, however, a modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund or any plan of allocation or distribution of the Settlement Fund shall not be deemed a modification or reversal of all or part of the terms of this Settlement Agreement or the Final Judgment. Neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

o.    "Escrow Account" means that escrow account to be established with a bank or trust company pursuant to the terms and conditions of the Escrow Agreement.

p.    "Escrow Agent" means the bank or trust company that agrees to establish and maintain the Escrow Account pursuant to the terms of the Escrow Agreement.

q.    "Escrow Agreement" means an escrow agreement in a form mutually satisfactory to the Class and Panasonic.

r.    "Final Judgment" means a final order approving the Settlement Agreement under Rule 23(e) of the Federal Rules of Civil

10

Procedure and dismissing the Action and all claims therein against

Panasonic with prejudice as to all Class Members.

s.    "Person" means an individual or an entity.

t.    "Preliminary Approval Motion" means a motion requesting

entry of an order in form and substance mutually satisfactory to the

Class and Panasonic preliminarily approving the settlement and

authorizing dissemination of notice to the Class that includes notice of

the opportunity to opt-out, and scheduling a hearing for final approval of

the settlement and for an award of attorneys' fees, reimbursement of

costs, and service awards to Class Members.

u.    "Released Claims" means those claims released pursuant to

this Settlement Agreement.

v.    "Releasees" refers to Panasonic and its Affiliates, and their

respective past and present officers, directors, employees, managers,

members, partners, agents, attorneys and legal representatives, assigns,

servants, and representatives, and the predecessors, successors, heirs,

executors, administrators, and assigns of each of the foregoing.

302774488 v1

w.   "Releasors" refers to Named Plaintiffs and all members of the Class, and their respective past and present parents, members, subsidiaries, Affiliates, officers, directors, employees, agents, attorneys, servants, and representatives and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

x.   "Settlement" means the settlement of the Released Claims set forth herein.

y.   "Settlement Agreement" means this Settlement Agreement.

z.   "Settlement Amount" means exactly the sum of Forty-Five Million USD ($45,000,000) payable in the lawful money of the United States.

aa.   "Settlement Fund" means any amount paid by Panasonic towards the Settlement Amount, and any interest earned on that amount.

bb.   "Settling Parties" means, collectively, the Class and Panasonic.

cc.   "U.S. Purchases" shall mean purchases of Capacitors directly from all Defendants other than a Defendant adjudicated not to have participated in a conspiracy as alleged in the Action and other than a

302774488 v1

Defendant voluntarily dismissed from the Action on the basis of insufficient evidence that the dismissed Defendant participated in a conspiracy as alleged in the Action, where the Capacitors were shipped to a location within the United States or the related invoices were sent to a location within the United States.

### Approval of this Settlement Agreement and Dismissal of Claims

1.    ***Best Efforts to Effectuate this Settlement.*** The Class and Panasonic shall use their best efforts to effectuate this Settlement Agreement, and they shall cooperate in the Class's efforts to seek and obtain the Court's preliminary and final approval of this Settlement Agreement (including providing appropriate affidavits and cooperating to provide the Class with notice under Federal Rules of Civil Procedure 23 (c) and (e)) and to secure the prompt, complete, and final dismissal with prejudice of the Action as to Panasonic only.

2.    ***Motion for Preliminary Approval and Notice to Class Members.*** Plaintiffs shall submit this Settlement Agreement to the Court with a Motion for Preliminary Approval requesting entry of an order in

13

form and substance mutually satisfactory to the Class and Panasonic

preliminarily approving the settlement, authorizing dissemination of

notice to the Class that includes notice of the opportunity to opt-out, and

scheduling a hearing for final approval of the settlement, and seeking an

advance for costs of settlement notice and related administrative costs

(the "Preliminary Approval Motion"). Additionally, in the notice to the

Class, Plaintiffs may give notice of their intention to seek an award of

attorneys' fees, reimbursement of costs, and service awards to the

Named Plaintiffs.

3.      The Preliminary Approval Motion shall include the proposed

form of, method for, and timetable for dissemination of notice to the

Class and shall recite and ask the Court to find that the proposed form

and method for dissemination of the notice to the Class constitutes valid,

due and sufficient notice to the Class, constitutes the best notice

practicable under the circumstances, and complies fully with the

requirements of Federal Rule of Civil Procedure 23.

4.      Class Counsel may, to the extent practicable, seek to combine

dissemination of notice of this Settlement Agreement with notice of

14

other settlement agreements reached with other Defendants to reduce the expense of notice. The text of any combined notice shall be agreed upon by Plaintiffs, Panasonic, and any other settling Defendant before submission of the notice to the Court for approval.

5.     ***Claims Administrator.*** The Class shall retain a Claims Administrator, which shall be responsible for the claims administration process, distribution to Class Members, withholding and paying applicable taxes, and other duties as provided herein. The fees and expenses of the Claims Administrator shall be paid exclusively out of the Settlement Fund. In no event shall Panasonic be separately responsible for any fees or expenses of the Claims Administrator other than provided by this Settlement Agreement.

**Final Approval**

6.     ***Motion for Final Approval and Entry of Final Judgment.*** Not less than thirty-five (35) days prior to the date set by the Court to consider whether this Settlement should be finally approved, Plaintiffs shall submit, and Panasonic shall not object to, a Motion for Final Approval of the Settlement by the Court, seeking the following:

15

302774488 v1

a.   Fully and finally approving this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class Members within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

b.   Finding that the notice given to Class Members constitutes the best notice practicable under the circumstances and complies in all due respects with the due, adequate and sufficient notice requirements of Federal Rule of Civil Procedure 23, and meets the requirements of due process;

c.   Directing that, as to Panasonic, the Action be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;

d.   Discharging and releasing the Releasees from the Released Claims;

e.   Permanently barring and enjoining the institution and prosecution, by Named Plaintiffs and Class Members, of any other action against the Releasees based on the Released Claims;

f.   Reserving continuing and exclusive jurisdiction over the Settlement and this Settlement Agreement, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement, to the District Court; and

g.   Finding under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Panasonic shall be final and entered forthwith.

302774488 v1

In conjunction with or promptly after the Court fully and finally approves this Settlement Agreement and its terms, Plaintiffs shall seek entry of Final Judgment as to Panasonic.

7.      At least five (5) business days prior to the filing of the Preliminary Approval Motion and the Motion for Final Approval of the Settlement, Class Counsel will send working drafts of these papers to counsel for Panasonic. The text of any proposed form of order preliminarily or finally approving the Settlement shall be agreed upon by Plaintiffs and Panasonic before it is submitted to the Court and shall be consistent with the terms of this Settlement Agreement and the Class definition set forth herein.

8.      ***Stay Order.*** Upon the execution of this Settlement Agreement, the Action with respect to the Class shall be stayed as against Panasonic only. Should the Action be tried against any or all of the remaining Defendants, the parties specifically agree that any findings therein shall not be binding on or admissible in evidence against Panasonic or prejudice Panasonic in any way in any future proceeding involving Panasonic and the Class. Neither Panasonic nor the Class shall

302774488 v1

file motions against the other or initiate or participate in any discovery,

motion, or proceeding directly adverse to the other in connection with

the Action, except as specifically provided for herein. The Settling

Parties agree that Panasonic will not make available to the remaining

parties in the Class litigation any expert witnesses or the underlying

work product of any expert witnesses retained solely by Panasonic to be

used against the Class, without prejudice to Panasonic's ability to rely

on such expert witnesses or work product in any other case that is

consolidated into the multidistrict litigation or proceeding

separately. Panasonic and the Class shall not be obligated to engage in,

respond to or supplement prior responses to formal or informal

discovery that has been previously propounded or initiated by the other

in the Action. Notwithstanding the above, Panasonic agrees that Class

Counsel may participate in and ask questions at depositions, if any, of

Panasonic witnesses noticed by other plaintiffs in any litigation,

including this Action, that has been consolidated or centralized in this

multidistrict litigation styled *In re Capacitors Antitrust Litigation*,

Master Docket No. 17-md-02801-JD (N.D. Cal.). Nothing in this

302774488 v1

18

agreement shall be construed to preclude the Class from accessing any discovery produced by any party or third-party in connection with any litigation, including this action, that has been consolidated or centralized in this multidistrict litigation.

9.     Upon the date that the Court enters an order preliminarily approving the Settlement Agreement, members of the Class shall be barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum or other forum of any kind based on the Released Claims.

10.    Nothing in this Settlement Agreement shall prohibit the Class or Class Counsel from continuing to participate in discovery in the Action against each other, other Defendants, or third parties.

**Release and Discharge**

11.    ***Released Claims***. In addition to the effect of the Final Judgment entered in accordance with this Settlement Agreement, upon the occurrence of the Effective Date and in consideration of payment of the Settlement Amount and cooperation, the Releasees shall be

302774488 v1

completely released, acquitted, and forever discharged from any and all manner of claims, demands, rights, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties, injuries, and attorneys' fees that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, relating to the conduct by Releasees alleged in the Action and any joint and several liability arising from the conduct of any of the Defendants in the Action prior to the Effective Date arising under or relating to any federal or state antitrust laws, unfair competition, unfair practices or trade practice laws, civil conspiracy, or common law or statutory fraud claims, whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory and regardless of the type or amount of relief or damages claimed, or claims that have been, could have been, or in the future might have in law or in equity, on account or arising out of, resulting

20

from, or in any way related to any conduct regardless of where it occurred at any time prior to December 31, 2013 concerning the purchase, pricing, selling, invoicing, discounting, marketing, manufacturing and/or distributing of Capacitors in the United States and its territories or for delivery in the United States and its territories. The Released Claims also include, but are not limited to, all claims asserted or which could have been asserted in the Action relating to or arising out of the facts, occurrences, transactions, statements, or other matters alleged in this Action including, but not limited to, claims arising under federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including without limitation the Sherman Act, 15 U.S.C. § 1 *et seq.*, but only to the extent they concern the purchase, pricing, selling, invoicing, discounting, marketing, manufacturing and/or distributing of Capacitors in the United States and its territories or for delivery in the United States and its territories, and excluding (a) any claim for any product defect, breach of warranty, breach of contract, trade claims, claims under the Uniform Commercial Code or similar claims between Class Members

21

302774488 v1

and Panasonic relating to Capacitors or any claim for personal or bodily injury, and (b) claims based on indirect purchases of Capacitors.

12.   ***Covenant Not to Sue***. Releasors shall not, after the Effective Date of this Settlement Agreement, assert any claim or commence, institute, maintain or prosecute any suit, action, complaint, or proceeding seeking to recover against Panasonic or any of the Releasees based on any of the Released Claims, whether on his, her, or its own behalf or as part of any putative, purported or certified class of purchasers. Releasors and Class Counsel acknowledge that they and Panasonic each consider it to be a material term of this Settlement Agreement that all Releasors will be bound by the provisions of this paragraph.

13.   Upon the acceptance by the Claims Administrator and approval by the Court of a claim timely submitted by an Authorized Claimant, Panasonic waives and relinquishes as against each such Authorized Claimant any rights pursuant to arbitration agreements, forum selection clauses, and/or jury waiver clauses with respect to the Released Claims.

302774488 v1

14.   ***Waiver of California Civil Code § 1542 and Similar Laws.***

The Releasors acknowledge that for the consideration received hereunder, it is their intention to release, and they are releasing all Released Claims, whether known or unknown. In furtherance of this intention, the Releasors expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by the provisions of California Civil Code Section 1542 ("Section 1542") and similar provisions in other states. The Releasors acknowledge that they have been advised by Class Counsel of the contents and effects of California Civil Code Section 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

15.   The provisions of the release set forth above in Paragraph 11 shall apply according to their terms, regardless of provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. The Releasors may hereafter

302774488 v1

discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, but the Releasors hereby expressly waive and fully, finally, and forever relinquish any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth herein.

16. ***Claims Excluded from Release.*** Nothing in this Settlement Agreement is intended to limit, reduce or affect whatever rights Class Members or any of them may have to seek damages or other relief in the Action or elsewhere from any person or entity other than Panasonic and/or any Releasee, as that term is defined herein, to the fullest extent allowed by law. This Settlement Agreement does not settle or compromise any claim by Class Members asserted in the Action against any other Defendant. Panasonic's sales to the Class shall not be removed from the Action for purposes of the Class asserting joint and several liability or any derivative liability against any other Defendant.

24

### Settlement Consideration

17.   ***Settlement Payment.*** Subject to the provisions hereof, and in full, complete, and final settlement of the Action as provided herein, Panasonic shall pay into the Escrow Account the Settlement Amount of $45,000,000.00 USD, payable in the lawful money of the United States no later than 60 days after execution of this agreement, subject to the receipt by Panasonic of an original copy of a written request for payment from Plaintiffs in the format provided by Panasonic.

18.   ***Notice Fees and Costs.*** Upon the Court's order granting the Preliminary Approval Motion, the Settlement Fund shall be immediately available for reimbursement of costs, fees, and expenses related to providing notice to the Class. For purposes of clarification, such costs, fees, and expenses related to notice to the Class Members shall be paid exclusively from the Settlement Fund.

19.   ***Cooperation as Consideration.*** In addition to the Settlement Amount as consideration for the Settlement Agreement, Panasonic will also provide cooperation to the Class as set forth below, except that Panasonic shall not be obligated to provide cooperation that would

302774488 v1

violate any court order or a directive of a governmental enforcement authority.

a.    Panasonic shall continue to provide full cooperation consistent with the satisfactory cooperation that would be required for it to obtain a reduction in liability as a leniency applicant under ACPERA in the absence of the Settlement;

b.    As expressly stated in the ACPERA statute, Panasonic's cooperation under ACPERA shall include "using its best efforts to secure and facilitate" cooperation of Panasonic witnesses to be available for interviews, depositions, and testimony including at trial, including but not limited to the individuals previously deposed in this Action.

c.    Panasonic shall also use its best efforts to secure and facilitate cooperation from Panasonic witnesses previously requested for deposition and identified as former employees. Such best efforts shall include the

26

exhaustion of all reasonable means available to reach said individuals.

d.  Plaintiffs shall notify Panasonic of all such individuals that Plaintiffs seek for interviews, depositions or to testify at trial no later than 30 days prior to the first day of trial.  Plaintiffs shall reimburse Panasonic for 50% of the cost of travel expenses, including hotel accommodations, that Panasonic incurs in connection with such interviews, depositions and testimony including at trial, including the cost of an interpreter(s).

20.  Except for disputes concerning whether Panasonic's cooperation would violate any court order or a directive of a governmental enforcement authority, all disputes regarding the extent of Panasonic's cooperation obligations or its performance of those obligations shall be submitted to the Court for resolution.

21.  Unless this Settlement Agreement is rescinded, disapproved, or otherwise fails to take effect, Panasonic's obligations to cooperate

302774488 v1

under this Settlement Agreement shall continue until the date that Final

Judgment has been rendered in the Action with respect to all Defendants.

22.   ***No Other Discovery***. Upon the Execution Date, neither

Panasonic nor the Class shall file motions against the other or initiate or

participate in any discovery, motion, or proceeding directly adverse to

the other in connection with the Action, except as specifically provided

for herein.

### Settlement Fund

23.   Each Class Member shall look solely to the Settlement Fund

for settlement and satisfaction, as provided herein, of all claims released

by the Releasors. Except as provided by order of the Court, upon finally

approving and giving effect to the Settlement Agreement, no Class

Member shall have any interest in the Settlement Fund or any portion

thereof.

24.   Before the Effective Date, disbursements for expenses

associated with providing notice of the settlement to the Class, expenses

associated with administering the settlement, and any payments and

expenses incurred in connection with taxation matters relating to the

28

302774488 v1

settlement and this Settlement Agreement may be made from the

Settlement Fund. In the event the Settlement Agreement is disapproved,

rescinded, or the Effective Date does not occur, such amounts shall be

refunded to Panasonic.

25. The Settlement Fund will be invested in instruments secured

by the full faith and credit of the United States and any interest earned

(or negative interest) thereon shall become part of (or paid from) the

Settlement Fund. Such portions of the Settlement Fund as may

reasonably be needed to pay current expenses associated with providing

notice to the Class and administering the Settlement Fund may be paid

from the Escrow Account.

26. *No Liability for Distribution of Settlement Fund.* Neither

the Releasees nor their counsel shall have any responsibility for, interest

in, financial obligation for, or liability whatsoever with respect to the

investment, distribution, use, or administration of the Settlement Fund,

including, but not limited to, the costs and expenses of such investment,

distribution, or administration, except as otherwise provided in this

Settlement Agreement. Panasonic and its counsel shall likewise have no

302774488 v1

responsibility for, interest in, financial obligation for, or liability whatsoever with respect to the allocation or distribution of the Settlement Fund and shall not be responsible or otherwise liable for any disputes relating to the amount, allocation, or distribution of any fees, costs, or awards. Further, after paying the Settlement Amount, Panasonic shall not be liable for any additional payments to the Class Members or Class Counsel pursuant to this Settlement Agreement.

27.     ***Distribution of Net Settlement Fund.*** After the Effective Date, the Settlement Fund shall be distributed in accordance with a distribution plan that Class Counsel shall submit at the appropriate time for approval by the Court.

28.     ***Attorneys' Fees.*** Class Counsel may, in its sole discretion, seek an award of attorneys' fees, reimbursement of expenses, and service awards to Class Members at the time of filing the Preliminary Approval Motion or at the time Notice is disseminated to the Class or in a subsequent notice to the Class.

29.     The procedure for, and the allowance or disallowance by the Court of, any application by Class Counsel for attorneys' fees and

30

302774488 v1

expenses are not part of the settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement. Any order or proceeding relating to any application for, or approval of, attorneys' fees and expenses, the pendency of any such application, or any appeal or review of an order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Final Judgment.

30.   Class Counsel shall have sole authority to determine the allocation of attorneys' fees awarded by the Court. Panasonic shall have no responsibility for, and no liability whatsoever with respect to, the division of attorneys' fees and expenses among Plaintiffs' counsel, and any negotiation or dispute among Plaintiffs' counsel in that regard shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Judgment. Panasonic shall have no responsibility for, and no liability whatsoever with respect to, any payment(s) to Plaintiffs' counsel or to any other counsel representing any Class Member or the Class pursuant to this Settlement Agreement and/or to

31

any other person who may assert some claim thereto or any fee and

expense award that the Court may make in this Action, other than as set

forth in this Settlement Agreement.

31.    The Class and Class Counsel and any other counsel

representing any Class Member or the Class shall be reimbursed and

paid solely out of the Settlement Fund for all costs, fees and expenses

including, but not limited to, attorneys' fees; past, current, or future

litigation expenses (including, but not limited to, experts' and

consultants' fees and expenses); the costs of giving notice of this

settlement to the Class; and any service awards to the Class Members,

subject to notice to the Class and application to and approval of the

Court.

32.    At the discretion of Class Counsel, disbursement of such

fees, costs, and expenses, as ordered by the Court, need not be delayed

by reason of any appeal of the Final Judgment; provided, however, if the

Court's award of fees, costs, and expenses is vacated, reversed, or

reduced on or as a result of an appeal, Class Counsel shall within ten

(10) business days after receiving written notice from the Court of such

302774488 v1

vacatur, reversal, or reduction, make a refund to the Escrow Account in the amount of such vacatur, reversal, or reduction with interest, except for any expenses or costs relating to settlement administration, notice to Class Members, and the payment of taxes as set forth in Paragraphs 33(a)(i)-(iii) & 33(b)(ii)-(iii) of this Settlement Agreement.

### Disbursement of the Settlement Fund

33.    The Settlement Fund shall be disbursed as follows, or as otherwise ordered by the Court.

      a.    Prior to entry of Final Judgment:

            i.    Any fees and expenses incurred in administering the Escrow Account and the Settlement Fund shall be paid from the Settlement Fund. The costs of settlement notice and administration of the Settlement Agreement and Settlement Fund shall be paid by the Escrow Agent to the Claims Administrator with notice of such payments prior to entry of Final Judgment provided to counsel for the Settling Parties. After the Effective Date, notice shall be provided to Class Counsel.

            ii.    Disbursements for the payment of any taxes (including any estimated taxes, interest or penalties) due, as a result of income earned by the Settlement Fund, shall be made promptly by the Escrow Agent with notice of such disbursements prior to entry of Final Judgment provided to counsel for the Settling Parties. After entry of Final Judgment, notice shall be provided to Class Counsel.

302774488 v1

    iii.    The Settlement Fund shall be made available to Class Counsel for purposes of paying the actual cost of settlement notice and related administrative costs;

    b.    After entry of Final Judgment:

    i.    The attorneys' fees and litigation expenses approved by the Court may be distributed to Class Counsel from the Settlement Fund within five (5) days of an order approving attorneys' fees and expenses. Class Counsel may withdraw from the Settlement Fund and allocate amongst counsel for the Plaintiffs any fees and expenses so awarded to them by the Court; provided, however, that in the event that the order(s) approving the fee and expense award is reversed or modified on appeal, and in the event that counsel for the Plaintiffs (or any of them) has received payment, such counsel shall, within ten (10) business days of the date which the fee and expense award is modified or reversed, refund to the Settlement Fund the fees and expenses previously received by them in full (less costs of notice) or in any amount consistent with such reversal or modification, plus any actual interest earned thereon through the date of such refund;

    ii.    Fees or expenses incurred in connection with the administration of the Escrow Account and the Settlement Fund, including the fees and expenses incurred as part of notice and claims administration, shall be paid from the Settlement Fund by the Escrow Agent with notice of such disbursements provided to Class Counsel;

    iii.    Disbursements for the payment of any taxes (including any estimated taxes, interest or penalties) due as a result of income earned by the Settlement Fund

302774488 v1

shall be made promptly by the Escrow Agent with notice of such disbursements provided to counsel for the Settling Parties.

c.      After the Effective Date:

i.      Any service awards awarded by the Court for services rendered to the Class by Class Representatives as set forth in the proposed notice forms ordered by the Court may be distributed to Class Members from the Settlement Fund after the Effective Date of the Settlement; and

ii.     The balance of the Settlement Fund after the payment of attorneys' fees, costs, and expenses, taxes, service awards, costs of notice, and administration of the Settlement and Settlement Fund, and pursuant to the procedures set forth in a plan of allocation, may be distributed to Authorized Claimants in accordance with the applicable procedures as approved by the Court.

34.     *Balance Remaining in Settlement Fund.* In the event monies remain as residue in the Settlement Fund following all distribution efforts approved by the Court (whether by reason of tax refunds, uncashed checks or otherwise), Class Counsel shall move the Court for an order disposing of all such funds, including additional possible distributions to approved Class claimants. In the event that the cost of distributing such residual funds exceeds the reasonable value of

distributing such residual funds to class members, Class Counsel may

propose *cy pres* distribution to be approved by the Court.

35.   ***Use of Agreement as Evidence.*** The Settling Parties agree

that this Settlement Agreement, whether or not it shall become final, and

any and all negotiations, documents, and discussions associated with it,

shall be governed by Federal Rule of Evidence 408 and shall not be

deemed or construed to be an admission or evidence of any violation of

any statute or law or of any liability or wrongdoing by Panasonic or of

the truth of any of the claims or allegations made in the Action, and

evidence thereof shall not be admissible or used directly or indirectly in

any way in the Action or in any other action or proceeding, except an

action to enforce or interpret the terms of the Settlement Agreement. The

parties expressly reserve all of their rights if the settlement does not

become final in accordance with the terms of this Settlement Agreement.

**Taxes**

36.   Class Counsel shall be solely responsible for directing the

Claims Administrator to file all informational and other tax returns

necessary to report any taxable and/or net taxable income earned by the

36

Settlement Fund. Further, Class Counsel shall be solely responsible for directing the Escrow Agent to take out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund. Panasonic shall have no responsibility to make any filings relating to the Settlement Fund and shall have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the settlement is not consummated, and the Settlement Fund is returned to Panasonic. Other than as specifically set forth herein, Panasonic shall have no responsibility for the payment of taxes or tax expenses.

37.    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "Administrator" of the Escrow Account shall be the Claims Administrator, who shall timely and properly file or cause to be filed on a timely basis, all tax returns necessary or advisable with respect to the Escrow Account (including without limitation all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B2(1)).

302774488 v1

38.   The Settling Parties shall treat, and shall cause the Claims
Administrator to treat, the Escrow Account as being at all times a
"qualified settlement fund" within the meaning of Treas. Reg.
§ 1.468B1. The parties, their counsel, the Claims Administrator, and the
Escrow Agent agree that they will not ask the Court to take any action
inconsistent with the treatment of the Escrow Account in such manner.
In addition, the Claims Administrator and, as required, the parties, shall
timely make such elections as necessary or advisable to carry out the
provisions of this paragraph, including the "relation-back election" (as
defined in Treas. Reg. § 1.468Bl(j)) back to the earliest permitted date.
Such elections shall be made in compliance with the procedures and
requirements contained in such regulations. It shall be the responsibility
of the Claims Administrator timely and properly to prepare and deliver
the necessary documentation for signature by all necessary parties and
thereafter to cause the appropriate filing to occur. All provisions of this
Settlement Agreement shall be interpreted in a manner that is consistent
with the Escrow Account being a "qualified settlement fund" within the
meaning of Treas. Reg. § 1.468B1. Interest earned by the Settlement

302774488 v1

Fund (less any tax imposed upon such interest) shall be for the benefit of the Class, less reasonable attorneys' fees and expenses approved by the Court (and any interest awarded thereon), any Court-approved awards to Plaintiffs, and payment of any and all administrative expenses associated with the Action or the settlement.

### Failure to Enter Preliminary Approval Order, Final Approval Order or Judgment and Rights to Rescind the Settlement Agreement

39.   If the Court declines to approve this Settlement Agreement, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Final Judgment as provided in Paragraph 8, or if the Court enters the Final Judgment and order and appellate review is sought and, on such review, such Final Judgment is not affirmed, then Panasonic and the Class shall each, in their respective sole discretion, have the option to rescind this Settlement Agreement in its entirety, provided, however, that the Settling Parties agree to act in good faith to secure Final Approval of this Settlement and agree to attempt in good faith to address any issues raised by the Court or any court of appeals in disapproving, materially modifying or setting aside the Settlement

302774488 v1

Agreement. After a reasonable period of such attempts to address any such court identified issues, either Panasonic or the Class may rescind this Settlement Agreement by providing 10 days written notice to the undersigned counsel, by email and personal delivery or overnight courier. Without limiting the foregoing, Panasonic shall have, in its sole and absolute discretion, the option to rescind the Settlement in its entirety in the event that the Final Judgment, upon becoming Final, does not provide for the dismissal with prejudice of the Action against them. Upon such notice of rescission, any and all amounts constituting the Settlement Fund (including but not limited to, any fees, costs, and/or expenses advanced to Class Counsel pursuant to Paragraphs 2 and 31-32 above) shall be returned forthwith to Panasonic, except for any disbursements made or incurred in accordance with Paragraphs 18 and 33(a)(i)-(iii) & 35(b)(ii)-(iii) of this Settlement Agreement. In such event, the Escrow Agent shall disburse the Settlement Fund to Panasonic in accordance with this paragraph within fifteen (15) business days after receipt of either (i) written notice signed by counsel for Panasonic and Class Counsel stating that this Settlement Agreement has been canceled,

302774488 v1

rescinded or terminated or (ii) any order of the Court so directing. If the Settlement Agreement is rescinded, cancelled or terminated any obligations pursuant to this Settlement Agreement (other than disbursement of the Settlement Fund to Panasonic as set forth above) shall cease immediately. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or part of this Settlement Agreement or the Final Judgment.

### **Miscellaneous**

40.   The Class expressly warrants that, in entering into this Settlement Agreement, they have relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by Panasonic not expressly contained in this Settlement Agreement.

41.   The agreed-upon procedures and requirements regarding Class Members' rights and options, including filing objections in connection with and/or appearing at the final approval hearing, are intended to ensure the efficient administration of justice and the orderly

41

presentation of any Class Members' objections to the Settlement

Agreement, in accordance with such Class Members' due process rights.

The Settling Parties will request that the order granting the Preliminary

Approval Motion further provide that objectors that fail to properly or

timely file their objections, along with the required information and

documentation set forth above, or to serve them as provided above, shall

not be heard during the Final Approval Hearing or have their objections

considered by the Court.

42.   ***Headings****.* The headings used in this Settlement Agreement

are intended for the convenience of the reader only and shall not affect

the meaning or interpretation of this Settlement Agreement.

43.   ***No Party Deemed To Be the Drafter.*** None of the parties

hereto shall be deemed to be the drafter of this Settlement Agreement or

any provision hereof for the purpose of any statute, case law, or rule of

interpretation or construction that would or might cause any provision to

be construed against the drafter hereof.

44.   ***Entire Agreement.*** This Settlement Agreement constitutes the

entire completed agreement among the Class and Panasonic pertaining

302774488 v1

to the settlement of the Action against Panasonic. This Settlement

Agreement may be modified or amended only by a writing executed by

Class Counsel and Panasonic.

45.    If any one or more of the provisions of this Settlement

Agreement shall for any reason be held to be illegal, invalid, or

unenforceable in any respect, such illegality, invalidity, or

unenforceability shall not affect any other provision if Panasonic's

counsel and Class Counsel mutually agree to proceed as if such illegal,

invalid, or unenforceable provision had never been included in the

Settlement Agreement.

46.    ***Choice of Law***. All terms of this Settlement Agreement shall

be governed and interpreted according to the substantive laws of the

State of California without regard to its choice of law or conflict of laws

principles.

47.    ***Consent to Jurisdiction.*** The Court retains exclusive

jurisdiction over all matters relating to the implementation and

enforcement of the Settlement Agreement. The Class and Panasonic

hereby irrevocably submit to the exclusive and continuing jurisdiction of

302774488 v1

the Court for any suit, action, proceeding or dispute arising out of or related to this Settlement Agreement or the applicability or interpretation of this Settlement Agreement.

48. ***Execution in Counterparts.*** This Settlement Agreement may be executed in counterparts by Class Counsel and Panasonic, and a facsimile or PDF signature shall be deemed an original signature for purposes of executing this Settlement Agreement and so executed shall constitute one agreement.

49. ***Notification of State Officials.*** Panasonic shall notify federal and state officials of this settlement as specified in 28 U.S.C. §§ 1715(a) & (b).

50. ***Binding Effect.*** This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto. Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Class and Class Counsel shall be binding upon all Class Members.

51. ***Authorization to Enter Settlement Agreement.*** Each of the undersigned attorneys represents that he or she is fully authorized to

302774488 v1

conduct settlement negotiations and to enter into the terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective clients, subject to Court approval.

52.   ***Confidentiality of Settlement Negotiations.*** Class Counsel shall keep strictly confidential and not disclose to any third party, including specifically any counsel representing any other current or former party to the Action, any non-public information regarding the Settling Parties' negotiation of this settlement and/or the Settlement Agreement, except that the Settling Parties may file under seal any documents concerning this Settlement or the negotiation of the Settlement Agreement in connection with a motion or proceeding to enforce or contest the terms of this Settlement Agreement. For the sake of clarity, information contained within this Settlement Agreement shall be considered public.

53.   ***Notices.*** Unless otherwise specifically provided for herein, any notice or other communication required or permitted to be delivered to any party under this Settlement Agreement shall be in writing and shall be deemed properly delivered, given and received when delivered

45

302774488.v1

to the address set forth beneath the name of such party signing below.

302774488 v1

**IN WITNESS WHEREOF**, the parties hereto, through their fully

authorized representatives, have agreed to this Settlement Agreement as

of February _19_, 2020.

By: _Joseph Saveri_

Date: _February 14, 2020_

Joseph R. Saveri

**JOSEPH SAVERI LAW FIRM,
INC.**
601 California Street, Suite 1000
San Francisco, CA 94108

jsaveri@saverilawfirm.com

**Lead Counsel for the Direct
Purchaser Class**

302774488 v1

**PANASONIC CORPORATION**

By: _____

Name: Yasuhiro Tanaka

Title: Director of Device Solutions Business Division,
     Industrial Solutions Company, Panasonic Corporation

Date: _February 19, 2020_

302774488 v1