Charles F. Rule (admitted *pro hac vice*)
Joseph J. Bial (admitted *pro hac vice*)
Eric R. Sega (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
rrule@paulweiss.com
jbial@paulweiss.com
esega@paulweiss.com

Steven Kaufhold (SBN 157195)
KAUFHOLD GASKIN LLP
388 Market Street, Suite 1300
San Francisco, CA 94111
Telephone:  (415) 445-4621
Facsimile:  (415) 874-1071
skaufhold@kaufholdgaskin.com

Roberto Finzi (admitted *pro hac vice*)
Farrah R. Berse (admitted *pro hac vice*)
Johan E. Tatoy (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
rfinzi@paulweiss.com
fberse@paulweiss.com
jtatoy@paulweiss.com

*Counsel for Defendant Nippon Chemi-Con
Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE CAPACITORS ANTITRUST LITIGATION**<br><br>All Direct Purchaser Actions,<br>Case No. 3:14-cv-03264-JD | **DEFENDANT NCC'S MOTION TO (I) ALLOW UCHIYAMA TO TESTIFY SUBSTANTIVELY AND (II) PRECLUDE EVIDENCE OF HIS PRIOR INVOCATION OF FIFTH AMENDMENT RIGHTS**<br><br>Master Docket No.: 3:17-md-2801-JD<br><br>Date to Be Set by the Court<br>Time to Be Set by the Court<br>Courtroom 11<br>Hon. James Donato<br><br>Case No.: 3:14-cv-3264-JD |

1

2

**NOTICE OF MOTION AND MOTION**

3      TO THE HONORABLE COURT, ALL PARTIES, AND ALL ATTORNEYS OF

4 RECORD:

5      PLEASE TAKE NOTICE that Defendant Nippon Chemi-Con Corporation ("NCC")

6 ("Defendant") moves the Court for an Order allowing Ikuo Uchiyama to testify substantively at

7 trial, and to preclude evidence that he had previously invoked his Fifth Amendment rights at an

8 earlier deposition, to be heard before the Honorable James Donato. This Motion is based on this

9 Notice of Motion, Rule 403 of the Federal Rules of Evidence, relevant caselaw, the papers and

10 pleadings on file in this matter and all related matters, and on the subsequent papers and

11 arguments that may be presented on this matter.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## INTRODUCTION

2    Plaintiffs'[1] actions demonstrate that their primary goal is to present evidence of

3   Ikuo Uchiyama's Fifth Amendment invocation and to rely on adverse inferences to try their case,

4   rather than present the jury with real facts to consider.  Approximately five weeks ago, Plaintiffs

5   noticed Mr. Uchiyama as a trial witness, included him on their witness list, and sent counsel a

6   trial subpoena for him to appear live.  Once NCC informed Plaintiffs that Mr. Uchiyama was

7   willing to travel to the U.S. from Japan and answer their questions substantively at trial,

8   Plaintiffs attempted to revoke the subpoena and designated portions of his Fifth Amendment

9   deposition instead.  Plaintiffs gamesmanship should not be permitted.  To be clear, NCC has no

10   intention of calling Mr. Uchiyama as part of the defense case; but if Plaintiffs want to call him in

11   their case, they should not be allowed to play his Fifth Amendment deposition rather than

12   allowing him to come and answer their questions.

13    For the foregoing reasons, NCC respectfully requests that the Court order that either

14   Plaintiffs must call Mr. Uchiyama live and allow him to testify substantively, or forego the use of

15   his Fifth Amendment invocations.

16

## BACKGROUND[2]

17    In August 2017, Ikuo Uchiyama, a long-time employee of NCC, was deposed.  At the

18   time of the deposition, NCC was being investigated by the Department of Justice ("DOJ").

19   Plaintiffs were informed in advance that, in light of the pending and likely imminent criminal

20   charges relating to the alleged conspiracy, Mr. Uchiyama—on advice of personal counsel—

21   would invoke his Fifth Amendment rights and refuse to provide substantive testimony at that

22   time.  Berse Decl. ¶ 3.  Plaintiffs nonetheless decided to proceed with the deposition.  NCC

23   ultimately resolved the criminal charges against it by entering into a plea agreement, and NCC

24   _____

[1]  Plaintiffs for purposes of this Motion is the class of Direct Purchaser Plaintiffs ("DPPs").

25   [2]  "Ex. _" refers to the exhibits attached to the Declaration of Farrah R. Berse in Support of

26   Defendant NCC's Motion for an Order (I) Allowing Ikuo Uchiyama to Testify Substantively at Trial and (II) Preclude Plaintiffs from Offering Evidence of Mr. Uchiyama's Prior Invocation of Fifth Amendment Rights at An Earlier Deposition, dated February 24, 2020.

27

28

1    was sentenced in October 2018.  Berse Decl. ¶ 4.  In that plea agreement, the DOJ represented

2    that it did "not contemplate the filing of any additional criminal charges against [NCC's] current

3    or former officers or employees based on the charge in the Indictment."  Plea Agreement, *United*

4    *States* v. *Nippon Chemi-Con Corp.*, No. 4:17-CR-00540-JD (N.D. Cal. May 31, 2018), ECF No.

5    54.

6         On January 17, 2020, DPPs sent Defendant trial subpoenas for various witnesses,

7    including Mr. Uchiyama.  Ex. A.  After receiving the subpoena for Mr. Uchiyama, NCC

8    approached Mr. Uchiyama and asked whether, in light of the changed circumstances (including

9    the resolution of the criminal case, DPPs' intent to call him as a witness for trial, and DPPs'

10   subpoena to him), he would be willing to withdraw his prior invocation of his Fifth Amendment

11   rights and testify substantively at the upcoming trial.  Berse Decl. ¶ 5.  Mr. Uchiyama agreed.  *Id.*

12        On January 23, 2020, the parties held a meet and confer to discuss, among other things,

13   the trial subpoenas, witness lists, and deposition designations.  Berse Decl. ¶ 6.  When told that

14   defendants intended to bring certain witnesses live to testify in response to the trial subpoenas—

15   and apparently concerned about having witnesses answer their questions—DPPs then withdrew

16   several trial subpoenas, including the trial subpoena for Mr. Uchiyama.  Ex. B.  Nonetheless, Mr.

17   Uchiyama remains on DPPs' witness list, and on January 30, DPPs exchanged deposition

18   designations, which include designations from Mr. Uchiyama's Fifth Amendment deposition.

19   Berse Decl. ¶ 8.

20        NCC has notified DPPs that, in light of the fact that they issued a subpoena to Mr.

21   Uchiyama and continue to keep him on their witness list despite purporting to withdraw the

22   subpoena, and have designated Fifth Amendment testimony from Mr. Uchiyama, Mr. Uchiyama

23   was still willing to revoke his Fifth Amendment invocation and testify substantively at trial.  Ex.

24   C.  NCC has also made it clear that should Plaintiffs agree not to designate Mr. Uchiyama's

25   deposition testimony and to withdraw him from their witness list, NCC will not call Mr.

26   Uchiyama affirmatively as a witness.  DPPs have informed us that they intend to oppose Mr.

27   Uchiyama's substantive testimony at trial and intend to rely, instead, on Fifth Amendment

28

1   invocations.

2                                    **LEGAL FRAMEWORK**

3          The testimony of relevant witnesses is essential to providing the jury with a full picture of

4   NCC's case.  This testimony is particularly important where a witness is able to provide substantive

5   testimony, after previously having invoked Fifth Amendment rights, and where the testimony would

6   not unduly prejudice the opposing party.  *See Martinez* v. *City of Fresno* , No. 1:06CV-00233

7   OWW GSA, 2010 WL 761109, at *5 (E.D. Cal. Mar. 3, 2010) (allowing revocation of Fifth

8   Amendment rights and right to testify where the opposing party was not unfairly prejudiced).

9          Fifth Amendment testimony is typically viewed as highly prejudicial, with low probative

10  value.  *See Allstate Ins. Co.* v. *James*, 845 F.2d 315, 320 (11th Cir. 1988) (finding prior

11  invocation had little probative value when defendants "chose to exercise their Constitutional

12  rights as explained to them upon advice of their attorney").  For this reason, courts have excluded

13  adverse inferences from such testimony.  *See e.g*, *TFT-LCD* (May 4, 2012), ECF No. 5597 at 6

14  (granting Toshiba's motion to exclude adverse inferences from a Fifth Amendment deposition,

15  and denying motion to admit evidence that witnesses invoked the Fifth Amendment); *See also*

16  Final Pretrial Sched. Order, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-1827-SI

17  (N.D. Cal. July 11, 2013) ("*TFT-LCD*"), ECF No. 8298 at 5 ("The Court will not allow reference

18  to the Fifth Amendment invocation of witnesses who thereafter withdrew the invocation and

19  testified[.]").

20         In addition, it is clear that there are instances in which any probative value of the evidence

21  that a witness has invoked their Fifth Amendment privilege "is substantially outweighed by a danger

22  of … unfair prejudice [to Defendant], confusing the issues, misleading the jury, undue delay, [and]

23  wasting time." Fed. R. Evid. 403; *see TFT-LCD Antitrust Litig.*, No. 07-md-1827, Dkt. 8298; *see*

24  *also Harrell* v. *DCS Equip. Leasing Corp*, 951 F.2d 1453, 1464–65.

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>ARGUMENT</u>

I.      **MR. UCHIYAMA SHOULD BE ALLOWED TO TESTIFY SUBSTANTIVELY AND WITHDRAW HIS FIFTH AMENDMENT INVOCATION BECAUSE PLAINTIFFS WILL NOT SUFFER UNFAIR OR UNNECESSARY PREJUDICE FROM HIS TESTIFYING AT TRIAL.**

Having sought Mr. Uchiyama's appearance at trial, and having learned that Mr. Uchiyama is willing to appear, DPPs should have to face the consequences of their decisions.

Courts frequently permit witnesses to revoke their Fifth Amendment invocations and testify substantively where there is no undue prejudice to the opposing party and there are no indicia of gamesmanship on the part of the revoking party. *See Martinez*, No. 1:06CV-00233 OWW GSA, 2010 WL 761109, at *5 (granting revocation of Fifth Amendment invocation where the opposing party had not been "unfairly surprised or prejudiced" and the moving party had not "gamed the system").  DPPs simply cannot prove any gamesmanship by NCC, nor can they identify any undue prejudice.  Indeed, to the extent there is gamesmanship, it is on the part of DPPs.  And, to the extent DPPs would be prejudiced by Mr. Uchiyama's withdrawal of his Fifth Amendment invocation, it is prejudice of their own making.

Moreover, the extensive discovery in this case reduces any prejudice, if any, to Plaintiffs. Plaintiffs have had the opportunity to review substantial discovery:  NCC has produced hundreds of thousands of documents, and Plaintiffs have taken dozens of depositions of representatives from each party, including Mr. Uchiyama's Fifth Amendment deposition.  *Cf. SEC* v. *Graystone Nash, Inc.*, 25 F.3d 187, 190 (explaining that invocation of the Fifth Amendment can mask the underlying facts and deprive litigation "of a source of information that might conceivably be determinative in a search for the truth").

At the end of the day, it is Plaintiffs who elected to subpoena Mr. Uchiyama and place him on their witness list.  In light of Plaintiffs' decision, it would be wrong for the jury to hear his invocations instead of his testimony.

## II.   THE COURT SHOULD EXCLUDE REFERENCES TO MR. UCHIYAMA'S FIFTH AMENDMENT INVOCATION BECAUSE THE DANGER OF UNFAIR PREJUDICE TO DEFENDANT SUBSTANTIALLY OUTWEIGHS THE PROBATIVE VALUE OF THE WITHDRAWN FIFTH AMENDMENT INVOCATION.

For the same reasons, the Court should also exclude evidence of Mr. Uchiyama's Fifth Amendment invocation from trial.  Because he is willing to present his live, substantive testimony, the danger of unfair prejudice to Defendant that would arise from telling the jury of his prior invocation substantially outweighs any probative value to be gained.[3]  *See* Fed. R. Evid. 403.

Courts have noted that any potential probative value of Fifth Amendment invocations, if any, is significantly limited where the witness subsequently testified substantively.  *See Harrell*, 951 F.2d at 1465 (explaining that invoking the privilege is "an ambiguous response" and that probative value is further reduced when a witness subsequently answers the questions).  On the other hand, it is also likely that a jury presented with Mr. Uchiyama's decision to exercise his Fifth Amendment right may misunderstand or "attach undue weight" to his decision to do so. *See Harrell*, 951 F.2d at 1464–65 (finding that prejudicial effect of admission of prior invocation evidence—even when that invocation was improper—outweighs probative value in light of later substantive deposition).  For this reason, courts in this district have excluded adverse inferences where the witnesses have withdrawn their Fifth Amendment invocations in similar circumstances.  *See, e.g*, *TFT-LCD* (May 4, 2012), ECF No. 5597 at 6 (granting Toshiba's motion to exclude adverse inferences from a Fifth Amendment deposition, and denying motion to admit evidence that witnesses invoked the Fifth Amendment); *TFT-LCD* (July 11, 2013), ECF No. 8298 at 5 ("The Court will not allow reference to the Fifth Amendment invocation of witnesses who thereafter withdrew the invocation and testified[.]").  This court should do the same and exclude evidence of Mr. Uchiyama's prior Fifth Amendment invocation.  In the alternative, NCC requests an instruction that Mr. Uchiyama was willing to come testify

---

[3] Should it become necessary, NCC reserves the right to challenge both specific questions asked of Mr. Uchiyama at his deposition and specific adverse inferences that Plaintiffs argue should be drawn from that testimony.

1   substantively live, but DPPs chose to use the Fifth Amendment deposition instead.

2   **CONCLUSION**

3       For the foregoing reasons, NCC's Motion should be granted.

4

5   Dated:  February 24, 2020              **PAUL, WEISS, RIFKIND, WHARTON &**
                                          **GARRISON LLP**

6
                                          By:  /s/ Joseph J. Bial

7
                                          PAUL, WEISS, RIFKIND, WHARTON &
8                                         GARRISON LLP
                                          Charles F. Rule (admitted *pro hac vice*)
9                                         Joseph J. Bial (admitted *pro hac vice*)
                                          Eric R. Sega (admitted *pro hac vice*)
10                                        2001 K Street, NW
                                          Washington, DC 20006
11                                        Telephone:  (202) 223-7300
                                          Facsimile:  (202) 223-7420
12                                        rrule@paulweiss.com
                                          jbial@paulweiss.com
13                                        esega@paulweiss.com

14
                                          PAUL, WEISS, RIFKIND, WHARTON &
15                                        GARRISON LLP
                                          Roberto Finzi (admitted *pro hac vice*)
16                                        Farrah R. Berse (admitted *pro hac vice*)
                                          Johan E. Tatoy (admitted *pro hac vice*)
17                                        1285 Avenue of the Americas
                                          New York, NY 10019
18                                        Telephone:  (212) 373-3000
                                          Facsimile:  (212) 757-3990
19                                        rfinzi@paulweiss.com
                                          fberse@paulweiss.com
20                                        jtatoy@paulweiss.com

21
                                          KAUFHOLD GASKIN LLP
22                                        Steven Kaufhold (SBN 157195)
                                          388 Market Street, Suite 1300
23                                        San Francisco, CA 94111
                                          Telephone:  (415) 445-4621
24                                        Facsimile:  (415) 874-1071
                                          skaufhold@kaufholdgaskin.com
25

26                                        *Counsel for Defendant Nippon Chemi-Con Corp.*

27

28