

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 212.999.5899

JONATHAN M. JACOBSON
Internet:  jjacobson@wsgr.com
Direct dial:  212-497-7758

April 14, 2020

**VIA CM / ECF**

The Honorable James Donato
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In re Capacitors Antitrust Litigation*, Case No. 3:17-md-02801-JD
             DAP Telephonic Status Conference

Dear Judge Donato:

      We write on behalf of DAP Defendants[1] in advance of the Court's April 16, 2020 Telephonic Status Conference to discuss scheduling in DAP Case Nos. 17-7046, 17-7047, 18-2657, 19-1902, and 19-3296.  DAP Defendants respectfully request that before deciding any of the summary judgment or *Daubert* motions filed in these DAP cases, the Court schedule a concurrent expert hearing (or "hot tub") with DAPs' damages expert, Dr. Marx, and defense experts, Dr. Haider and Dr. Prowse.  Drs. Haider and Prowse submitted declarations in support of DAP Defendants' motion to exclude Dr. Marx's testimony.

      The Court's approach to a "hot tub" in the direct purchaser class action – to determine whether the methods and procedures used by the plaintiffs' experts were scientifically valid and reliable or whether they constituted "junk science" developed solely for purposes of litigation – militates in favor of a "hot tub" for these DAP cases as well.  The issues in the DAP motions are different from those raised in the direct purchaser motions.

---

[1] For purposes of this letter "DAP Defendants" are Hitachi Chemical Co., Ltd., Hitachi AIC Inc., Hitachi Chemical Co. America, Ltd., ELNA Co., Ltd., ELNA America Inc., Holy Stone Enterprise Co., Ltd., Milestone Global Technology, Inc. (D/B/A HolyStone International), Vishay Polytech Co., Ltd., Matsuo Electric Co., Ltd., Nichicon Corporation, Nichicon (America) Corporation, Rubycon Corporation, Rubycon America Inc., Shinyei Kaisha, Shinyei Technology Co., Inc., Shinyei Capacitor Co., Inc., Shinyei Corporation of America, Taitsu Corporation, and Taitsu America, Inc.

WILSON SONSINI

The Honorable James Donato
April 14, 2020
Page 2

As explained further in the DAP Defendants' *Daubert* motion, ECF No. 652, contrary to accepted economic practices, Dr. Marx created a model that generates wildly different overcharge percentages (ranging from negative infinity to 25%) depending entirely on her arbitrary choice as to the starting month used in her model. ECF No. 652 at 14-15. Additionally, Dr. Marx uses a monthly Fisher price index as the dependent variable in her regression equations, which is a methodology that has not been peer reviewed or generally accepted in the professional economics community. *Id.* at 17-18. These are just two substantial flaws with Dr. Marx's models. A DAP-related "hot tub" would allow the Court to address the experts directly and would aid the Court in determining whether Dr. Marx's methodology amounts to "junk science" such that it must be excluded.

As to remaining scheduling and sequencing matters, DAP Defendants respectfully request that the Court decide the *Daubert* motion to exclude Dr. Marx's testimony before deciding any of the summary judgment motions. If the Court were to grant the *Daubert* motion, then summary judgment in favor of the DAP Defendants would be warranted.

However, should the Court immediately remand the *Avnet II* action, Case No. 19-3296, based on Panasonic's request, ECF No. 1266, then DAP Defendants believe it would be appropriate to remand all of the cases brought by Direct Action Plaintiffs Avnet, Inc. ("Avnet"), Jaco Electronics, Inc. ("Jaco"), and Benchmark Electronics, Inc. ("Benchmark") to the District of Arizona at the same time. Coordinated pre-trial discovery in all of these cases has concluded and the actions are ripe for remand. *See* ECF Nos. 1264, 1266 at 1-2. If the Arizona trial court will be managing certain aspects of Avnet's claims in this MDL, then it would be most efficient to have that same court managing all aspects of Avnet's claims. Given that Avnet shares the same damages expert and counsel with Jaco and Benchmark, and all of their cases will be tried in the District of Arizona, if the Court remands some of these cases, then it would be efficient to remand all of them at the same time.

DAP Defendants are prepared to discuss further during the April 16, 2020 Telephonic Status Conference.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Jonathan M. Jacobson*
Jonathan M. Jacobson

*Counsel for Defendants Hitachi Chemical Co., Ltd., Hitachi AIC Inc., and Hitachi Chemical Co. America, Ltd.*

cc: All Counsel of Record (via CM / ECF)