Joseph W. Cotchett (State Bar No. 36324)
Adam J. Zapala (State Bar No. 245748)
Elizabeth T. Castillo (State Bar No. 280502)
James G.B. Dallal (State Bar No. 277826)
**COTCHETT PITRE & McCARTHY LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | MDL No. 3:17-md-02801-JD<br>Case No. 3:14-cv-03264-JD |
| THIS DOCUMENT RELATES TO:<br><br>ALL INDIRECT PURCHASER PLAINTIFF ACTIONS | **JOINT STATUS UPDATE AND PROPOSED SCHEDULE FOR PRE-TRIAL FILINGS AND TRIAL**<br><br>Date: December 10, 2020<br>Time: 10:00 a.m.<br>Place: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

Joint Status Update and Proposed Schedule for Pretrial Filings and Trial;
MDL No. 3:17-md-02801-JD; Case No. 3:14-cv-03264-JD

Pursuant to the Court's November 3, 2020 Order, Indirect Purchaser Plaintiffs ("IPPs"), Shinyei Kaisha, Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd. (together, "Shinyei"), and Taitsu Corporation ("Taitsu") (collectively, "Parties") respectfully submit this Joint Status Update and Proposed Schedule for Pretrial Filings and Trial.

## I.   JOINT STATUS UPDATE

### A.   Pending Motions and Appeals

#### 1.   IPPs' Statement

Since the Court issued its November 3, 2020 Order denying class certification in the IPP case ("Order"), on November 16th, IPPs filed a petition for permission to appeal the Order pursuant to Federal Rule of Civil Procedure 23(f) in the Ninth Circuit. *See Indirect Purchaser Plaintiffs v. Shinyei Technology Co., Ltd., et al.*, No. 20-80157 (9th Cir. Nov. 17, 2020), ECF No. 1-3 ("Rule 23(f) Petition"). On Friday, November 27th, Defendants Shinyei and Taitsu opposed that Petition. IPPs intend on filing a Reply in the near future.

In addition to the foregoing Rule 23(f) petition pending before the Ninth Circuit, IPPs will file a motion with this Court prior to the Status Conference seeking leave to file a renewed motion for class certification, in light of the guidance this Court provided in its Order from November 3rd. As will be discussed in that forthcoming motion, it is common for district courts to grant leave to file renewed class certification motions, particularly in complex antitrust cases such as this one. *See, e.g., In re Optical Disk Drive Antitrust Litig.*, No. 3:10-MD-2143 RS, 2016 WL 467444, at *1 (N.D. Cal. Feb. 8, 2016) (order granting indirect purchasers' renewed motion for class certification); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2017 WL 1391491, at *19 (N.D. Cal. Apr. 12, 2017) (denying class certification without prejudice to the filing of renewed motions addressing the court's critiques)

If IPPs' Motion before this Court is granted and they are permitted to file a renewed motion for class certification, they intend on either withdrawing their Rule 23(f) petition or asking that it be held in abeyance.

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

Joint Status Update and Proposed Schedule for Pretrial Filings and Trial;
MDL No. 3:17-md-02801-JD; Case No. 3:14-cv-03264-JD                                                     1

### 2. IPPs' Statement Regarding Defendants' Statement on Summary Judgment

Defendants have inserted a lengthy discussion not only regarding their desire to have summary judgment reconsidered, but also the merits of such a motion.

The Court ordered the parties to submit a status update "including a jointly proposed schedule for pre-trial filings and trial." Order at 14. As IPPs informed Defendants, a status update is not the place to discuss the merits of a party's summary judgment position, but Defendants have inserted a lengthy discussion regarding the merits of just such a motion. IPPs requested that Defendants take that section out of the joint statement; Defendants refused.

The Film Defendants' summary judgment motion and their statement below addresses their contention that there are no triable issues of fact regarding Shinyei and Taitsu's participation in the conspiracy. *See* ECF Nos. 687, 685. The Court already considered and denied this argument. *See* Transcript of Proceedings, Jan. 2, 2020 at pgs. 27-30. Although Defendants may argue the decision only applies to the Direct Purchaser Plaintiff ("DPP") action, even assuming *arguendo* that is correct, it is difficult to envision how the Court could reach a directly contrary ruling in the IPP case. Further, the DPP alleged conspiracy—that is, that there was a single conspiracy involving both electrolytic and film participants—is more ambitious than the conspiracy pled by IPPs. There is no logical path to arguing that there are no triable issues of fact regarding Shinyei and Taitsu's participation in a price-fixing conspiracy in the IPP case, while at the same time there are triable issues of fact on the same question in the DPP case. If the Court were to grant such a motion in the IPP case, it would cause innumerable problems and appellate issues in the pending DPP trial and would create a hopeless conflict between the two cases. Their contention is merely a tardy request for reconsideration on the Court's finding that there are triable issues of fact that must be resolved by a jury in these cases.

As outlined *supra*, IPPs believe a renewed motion for class certification is appropriate in this case. The issues identified in the Court's Order can be easily clarified or addressed by the IPPs. The fact that the Court has initially denied class certification in the IPP case—albeit

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

Joint Status Update and Proposed Schedule for Pretrial Filings and Trial;
MDL No. 3:17-md-02801-JD; Case No. 3:14-cv-03264-JD                                    2

without prejudice—does not mean Defendants are entitled to summary judgment *on liability*. Class certification is primarily a procedural tool; not a substantive one.

The unsupported contention that IPPs lack a damages model misapprehends the purpose of developing a classwide damages model in the first instance. It is correct that Dr. Lamb constructed a damages model that IPPs contend is capable of being utilized on a classwide basis to estimate damages. It is worth noting that the Court did not reach Dr. Lamb's work in ruling on IPPs' class certification motion. Order at 14. But a classwide model means that any individual class representative or plaintiff could utilize such a model to estimate their own damages. Dr. Lamb's model estimates that Defendants' film conspiracy artificially raised film capacitor prices by 7.9%. Thus, in any trial on IPPs' individual claims, Dr. Lamb's damages model will be utilized to estimate damages for the individual plaintiffs.

IPPs have petitioned to appeal the Court's class certification decision pursuant to Fed. R. Civ. P. 23(f) and will seek to file a renewed class certification motion as discussed herein. However, if those requests are unsuccessful, IPPs have every intention of proceeding to trial promptly on the individual claims and eventually appealing the class certification decision on the merits, rather than through the discretionary method outlined in Rule 23(f).

### 2.  Defendants' Statement

Defendants' motion for summary judgment remains outstanding. Defendants request the opportunity to submit supplemental briefing to focus and refine the basis for granting summary judgment in light of recent case developments, including the Court's denial of the indirect purchaser plaintiffs' (IPPs') motion seeking class certification. Defendants respectfully submit that it would be helpful to this Court's consideration of the pending summary judgement motion to focus on issues raised by its Order (Dkt. 2733)[1] denying certification of any proposed class of IPPs that are relevant to granting summary judgment. For example, Defendants believe it would be helpful to the Court to focus in further detail on: (i) the complete lack of evidence showing that either Taitsu or Shinyei joined or participated in any way in a conspiracy to fix the prices of

---

[1] All docket number references are to the ECF docket for *In re Capacitors Antitrust Litigation*, Case No. 3:14-cv-03264-JD, unless otherwise noted.

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

Joint Status Update and Proposed Schedule for Pretrial Filings and Trial;
MDL No. 3:17-md-02801-JD; Case No. 3:14-cv-03264-JD          3

film capacitors and (ii) IPPs' failures of proof concerning both liability with respect to the named plaintiffs and injury.

In addition to the lack of substantive evidence of conspiratorial conduct by either remaining Defendant, this Court's Order denying certification of the proposed IPP class effectively put an end to IPPs' litigation by precluding them from being able to prove damages. Without a certified class, the six remaining individual IPPs who could proceed to trial on their own claims have no basis to seek damages from Defendants, as the sole theory of damages offered by their expert, Dr. Russell L. Lamb, depends on the existence of a certified class. *See* Expert Trial Declaration of Russell. L. Lamb ("Lamb Trial Decl.") at 121-129. Dr. Lamb's trial declaration states that he uses his "methodology that can be used for estimating ***class-wide*** damages…to estimate damages suffered ***by the proposed Electrolytic and Film Classes***." *Id.* at 121 (emphasis added). For this reason, in denying class certification, the Court also terminated as moot the motion to exclude Dr. Lamb's opinions. Dkt. 2733 at 14. Had Dr. Lamb offered any opinions that remained viable for the six individual plaintiffs, the motion would not be moot. But Dr. Lamb's opinions are of use only to a class of plaintiffs seeking to prove class-wide injury and damages. Because IPPs do not offer any alternative method by which to calculate damages suffered by the individual plaintiffs, this Court has no means by which to calculate the damages that would be owed to those individual plaintiffs if they were successful in proving liability.

Further, even if there were a sound legal basis to pursue the individual plaintiffs' claims (there is not), the logistics and costs of proceeding to trial on six individual claims would be prohibitive to the plaintiffs. Each remaining plaintiff would be required to sue Defendants—from whom none of them purchased any film capacitors—for small amounts of individually accrued damages under the different laws of six different states. The costs of trying such claims would dwarf any possible recovery. Understanding this inevitability, IPPs represented to the Court of Appeals for the Ninth Circuit that this Court's Order is a "death knell" for their case. *See* Petition for Permission to Appeal Order Regarding Indirect Purchaser Plaintiffs' Class Certification Motion Pursuant to Fed. R. Civ. P. 23(f) at 21.

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

Joint Status Update and Proposed Schedule for Pretrial Filings and Trial;
MDL No. 3:17-md-02801-JD; Case No. 3:14-cv-03264-JD

4

## II. PROPOSED SCHEDULE FOR PRETRIAL FILINGS AND TRIAL

### 1. IPPs' Statement

IPPs propose the following schedule for pretrial filings and trial. Some, or all, of the schedule may have to be altered depending on the Ninth Circuit's resolution of the Rule 23(f) Petition, or this Court's granting of IPPs' Motion for Leave to File a Renewed Class Certification Motion. In addition to these two factors, IPPs further note that this Court expressed its desire for the IPP trial to trail the Direct Purchaser Plaintiffs' ("DPPs") trial and, in light of the COVID-19 pandemic, it is not yet clear when that will occur. Accordingly, IPPs propose an event- and time-triggered schedule instead of a schedule with firm dates.

If the Court grants the Motion for Leave and ultimately grants certification of the IPP Class, IPPs will need to add a litigation class notice program into the schedule.

| | Event | Date |
|---|---|---|
| **Pretrial**<br><br>**Phase 1 Timing:**<br>Within 30 days of Ninth Circuit fully resolving Rule 23(f) Petition or the District Court issuing a renewed class certification order; 60-90 days before final pretrial conference<br><br>**Phase 1 Tasks:**<br>Deposition designations<br>Exhibit list<br>Witness list<br>Final settlement conference/mediation | Deadline to begin meeting and conferring regarding pretrial filings:<br>1. Deposition designations<br>2. Exhibit list<br>3. Witness list<br>4. Proposed jury instructions and verdict forms<br>5. Joint set of proposed questions for voir dire<br>6. Joint pretrial statement<br>7. Trial brief<br>8. Motions in limine | Within 14 days of Ninth Circuit fully resolving Rule 23(f) Petition or the District Court issuing a renewed class certification order |
| | Deadline to exchange (1) proposed deposition designations, (2) proposed exhibit lists, and (3) proposed witness lists | 7 days after first meet and confer about pretrial filings |
| | Deadline to exchange (1) deposition counter-designations or objections to designations, (2) lists of (a) objections to exhibits and (b) additional exhibits, and (3) lists of (b) objections to witnesses and (b) additional witnesses | 14 days after first meet and confer about pretrial filings |
| | Deadline to exchange (1) objections to counter designations, (2) objections to additional exhibits, and (3) objections to additional | 21 days after first meet and confer about pretrial filings |

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

Joint Status Update and Proposed Schedule for Pretrial Filings and Trial;
MDL No. 3:17-md-02801-JD; Case No. 3:14-cv-03264-JD    5

| | | witnesses | |
|---|---|---|---|
| | | Meet and confer regarding (1) deposition designations and objections, (2) exhibits and objections, and (3) witnesses and objections | 28-30 days after first meet and confer regarding pretrial filings and 60 days before final pretrial conference |
| | | Deadline for final settlement conference/mediation | 30 days after first meet and confer regarding pretrial filings and 60 days before final pretrial conference |
| | **Pretrial**<br><br>**Phase 2 Timing:**<br>Within 60 days of Ninth Circuit fully resolving Rule 23(f) Petition or the District Court issuing a renewed class certification order; 30-60 days before final pretrial conference<br><br>**Phase 2 Tasks:**<br>Jury instructions<br>Verdict form<br>Joint questions for voir dire<br>Joint pretrial statement<br>Pretrial brief<br>Trial subpoenas | Deadline for IPPs to provide Defendants with proposed jury instructions, verdict form, and joint questions for voir dire | 5 days after completion of Phase 1 |
| | | Deadline for Defendants to provide IPPs with edits/revisions to proposed jury instructions, verdict form, and joint questions for voir dire | 10 days after completion of Phase 1 |
| | | Deadline for the parties to finalize proposed jury instructions, verdict form, and joint questions for voir dire | 15 days after completion of Phase 1 |
| | | Deadline for the parties to exchange their portions of the Joint Pretrial Statement and Trial Brief | 20 days after completion of Phase 1 |
| | | Deadline for the parties to exchange responding portions of the Joint Pretrial Statement and Trial Brief | 25 days after completion of Phase 1 |
| | | Deadline for the parties to finalize their portions of Joint Pretrial Statement | 30 days after completion of Phase 1 and 30 days before final pretrial conference |
| | | Deadline to serve trial subpoenas | 30 days after completion of Phase 1 and 30 days before final pretrial conference |
| | **Pretrial**<br><br>**Phase 3 Timing:**<br>Within 90 days of Ninth Circuit fully resolving Rule 23(f) Petition or the District Court issuing a renewed class certification order; 0-30 days before final pretrial conference | Deadline to serve, but not file, motions in limine | 5 days after completion of Phase 2; 14 days before deadline to file pretrial materials |
| | | Deadline to serve oppositions to motions in limine | 10 days after completion of Phase 2; 9 days before deadline to file pretrial materials |
| | | Deadline to file pretrial materials:<br>  1. Deposition designations<br>  2. Exhibit list<br>  3. Witness list | 19 days after completion of Phase 2; 14 days before final pretrial conference |

Joint Status Update and Proposed Schedule for Pretrial Filings and Trial;
MDL No. 3:17-md-02801-JD; Case No. 3:14-cv-03264-JD          6

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

| Phase 3 Tasks: Motions in limine Filing pretrial materials | 4. Proposed jury instructions and verdict forms<br>5. Joint set of proposed questions for voir dire<br>6. Joint pretrial statement<br>7. Trial brief<br>8. Motions in limine | |
|---|---|---|
| | Deadline to e-mail a Microsoft Word version of the proposed jury instructions, verdict form, and proposed voir dire questions to jdpo@cand.uscourts.gov | By 12 p.m. the day after the pretrial filings due date |
| | In-person meet and confer regarding exhibits numbers and objections and to weed out duplicate exhibits and confusion over the precise exhibit | 21 days after completion of Phase 2; 7 days before final pretrial conference |
| | Final pretrial conference | 28 days after completion of Phase 2; 19 days before IPP trial |
| | Deadline to provide two sets of trial exhibit binders to Court | Before 9 a.m. on IPP trial start date (delivered to the Court on the morning of the first day of trial) |
| **Trial** | IPP trial starts date | |

IPPs believe it is unfortunate that Defendants have failed to engage on crafting a real pretrial schedule. IPPs read the Court's Order as ordering the parties to jointly propose such a schedule, but as Defendants state below, they "assert no schedule is necessary at this point." While that may be their belief, the Court has ordered that such discussions occur.

Moreover, counsel for the IPPs have appeared before this Court in this matter and in many others, and counsel knows that the Court does not desire to hear the details of any settlement discussions between the parties. IPPs do not agree with Defendants' representations in this regard. In any event, there is no reason why a pretrial schedule cannot be completed, even if the parties discuss settlement (or not).

### 2. Defendants' Statement

Defendants take exception to IPPs' assertion that Defendants "failed to engage" on a pretrial schedule. Contrary to IPPs' claim, Defendants engaged in an extensive back and forth exchange with IPPs, which noted Defendants' position that setting a schedule is not warranted

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

Joint Status Update and Proposed Schedule for Pretrial Filings and Trial;
MDL No. 3:17-md-02801-JD; Case No. 3:14-cv-03264-JD                    7

under the present circumstances, particularly in light of IPPs' contradictory statements to this Court and the Ninth Circuit about whether they will proceed to trial at all and this Court's statements about the timing of the IPP trial, which timing is all the more uncertain due to the pandemic. In fact, Defendants offered to discuss further any issues with IPPs. IPPs did not take Defendants up on that offer.

Defendants assert no schedule is necessary at this point. Since the Court's denial of class certification, the parties have engaged in extensive settlement discussions in an attempt to resolve this matter. Progress has been made in these discussions and, although no agreement has yet been reached, discussions are ongoing. Accordingly, Defendants propose that, rather than proposing a schedule for pre-trial filings and trial, the parties should provide the Court with an update on their ongoing efforts to resolve the case by the end of this year and schedule a status conference at the Court's convenience in January 2021.

In addition, IPPs' proposing a schedule here directly contradicts the position they took in their Petition to the Ninth Circuit. In the instant document, IPPs assert that "IPPs have every intention of proceeding to trial promptly on the individual claims." But that assertion is the direct opposite of what they represented to the Ninth Circuit with respect to individual trials. *See* Petition for Permission to Appeal Order Regarding Indirect Purchaser Plaintiffs' Class Certification Motion Pursuant to Fed. R. Civ. P. 23(f) at 21 ("IPPs cannot effectively litigate their small claims individually. Here…individual damages are *de minimis* relative to trial costs. The Order effectively serves as the death knell of IPPs' recovery efforts because individual trials are not economically realistic for IPPs"). IPPs should not be permitted to claim to the Ninth Circuit that they cannot go to trial without certification and at the same time represent to this Court that they will proceed with individual trials and propose a trial schedule.

In any event, and notwithstanding IPPs' inherent contradiction, the schedule proposed by IPPs is unworkable. IPPs' event-and-time-triggered schedule keys off the wrong event - the Ninth Circuit's decision on their pending petition. Rather, any schedule should key off the conclusion of the DPP trial, currently scheduled to begin on January 19, 2021.

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

Joint Status Update and Proposed Schedule for Pretrial Filings and Trial;
MDL No. 3:17-md-02801-JD; Case No. 3:14-cv-03264-JD

8

IPPs' proposed schedule is also inconsistent with the Court's previous statements concerning the timing of a trial in the IPPs' case. During the July 25, 2019 Status Conference, this Court made clear that IPPs' trial would not occur until *at least 90 days after* the conclusion of the trial in DPPs' case. *See* Tr. July 25, 2019 Status Conf. at 26:3-13 ("[N]o matter what, you're not going to go to trial – whoever is second is not going to trial the day after the verdict comes in, or the day after I issue findings of fact and conclusions of law. There will be a good long space so …. So it's going to be at least 90 days. So the concept will be IPPs are second, but I'm not setting any dates"). IPPs' proposed timeline, however, ignores the Court's direction and instead keys off the Ninth Circuit's decision on IPPs' pending petition.

Dated: December 3, 2020

Respectfully Submitted,

*Adam J. Zapala*
Joseph W. Cotchett (State Bar No. 36324)
Adam J. Zapala (State Bar No. 245748)
Elizabeth T. Castillo (State Bar No. 280502)
James G.B. Dallal (State Bar No. 277826)
**COTCHETT PITRE & McCARTHY LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

*/s/ Gaspare J. Bono*
Gaspare J. Bono
Claire M. Maddox
Leslie A. Barry
**DENTONS US LLP**
1900 K Street, NW Washington, DC 20006
Email: gap.bono@dentons.com
claire.maddox@dentons.com
leslie.barry@dentons.com

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

Joint Status Update and Proposed Schedule for Pretrial Filings and Trial;
MDL No. 3:17-md-02801-JD; Case No. 3:14-cv-03264-JD

9

Andrew S. Azarmi
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, CA 94105
andrew.azarmi@dentons.com

*Counsel for Defendants Shinyei Kaisha, Shinyei Technology Co., Ltd. and Shinyei Capacitor Co., Ltd.*

/s/ Jarod M. Bona
Jarod M. Bona
Aaron R. Gott
Alexandra Shear
Luke Hasskamp
**BONA LAW PC**
4275 Executive Square
Suite 200
La Jolla, CA 92037
jarod.bona@bonalawpc.com
aaron.gott@bonalawpc.com

*Counsel for Defendant Taitsu Corporation*

Law Offices
COTCHETT, PITRE & MCCARTHY, LLP

Joint Status Update and Proposed Schedule for Pretrial Filings and Trial;
MDL No. 3:17-md-02801-JD; Case No. 3:14-cv-03264-JD

10