# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## Civil Minutes

Date:  March 18, 2021                                                       Judge:  Hon. James Donato

Time:  14 Minutes

Case:          **3:14-cv-03264-JD In re Capacitors Antitrust Litigation**
                **3:17-md-02801-JD In re Capacitors Antitrust Litigation (No. III)**

Attorney(s) for Plaintiff(s):        Adam J. Zapala
Attorney(s) for Defendant(s):     Alex Shear/Gaspare J. Bono

Deputy Clerk:  Lisa R. Clark                                  Court Reporter:  Debra Pas

## PROCEEDINGS

Motion Hearing -- Held (by Zoom)

## NOTES AND ORDERS

For the reasons stated on the record, the Court denies the IPPs' motion for preliminary approval of settlements with Shinyei and Taitsu defendants and for approval of the plan of allocation, MDL Dkt. No. 1482, as well as the IPPs' motion for approval of a class notice program, MDL Dkt. No. 1483.

For the parties' guidance on an amended motion, which they will be allowed to file if they choose to, the main problem is that the IPPs sought certification of a settlement class that is nationwide in scope, Dkt. No. 1482 at 3, without acknowledging in any way the Court's class certification denial order in this case, Dkt. No. 1421, or making any attempt to reconcile the IPPs' present request with the Court's rulings in that order.

In the order, the Court explained in detail why it could not certify the IPPs' proposed 31-state class under FRCP Rule 23(b)(3) as well as why a certification under Rule 23(b)(2) was not warranted.  Dkt. No. 1421.

Among many other conclusions, the Court determined that "there was no reference whatsoever to a putative 31-state class under California law in the Fifth Consolidated Complaint."  Dkt. No. 1421 at 7-8.  Instead, the complaint "clearly stated that it sought to apply California law only to claims on behalf of a California class," and "[i]ndirect purchasers in Alabama, Arizona, Arkansas, District of Columbia, Hawaii, Illinois, Kansas, Maine, Massachusetts, Mississippi,

1

Missouri, Montana, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Utah, Vermont, West Virginia and Wisconsin were never identified in the complaint, and were not even ostensible plaintiffs in this case.  The first time this vast pool of nominal plaintiffs was identified was in the IPPs' class certification motion." *Id*.  Despite this express observation by the Court, and despite the fact that the IPPs' present certification request reaches even further than the previous 31-state class certification request, the IPPs stated in their preliminary approval motion that "[t]here are no material differences between the settlement classes and the classes alleged in the complaint."  Dkt. No. 1482 at 4. This is not true, and it is troubling that class counsel would make such a representation to the Court.

In addition, IPPs' counsel said that certification of a nationwide settlement class was appropriate under Rule 23(b)(2).  The problem is that the preliminary approval motion made no mention of Rule 23(b)(2) at all.  In the cursory section on how the "requirements of Rule 23(b) are met in this case," counsel stated only that "[t]he antitrust conspiracy at issue in this case is appropriate for Rule 23(b)(3) resolution."  Dkt. No. 1482 at 11-12.  The Court is again troubled by counsel's attempt to rely on Rule 23(b)(2) at the hearing in spite of this briefing.  The approach in the preliminary approval motion is similar to the way class counsel abandoned Rule 23(b)(2) in the earlier class certification briefing, and needless to say, there still has been no discussion by counsel about "how or why an injunctive relief class might be warranted when the primary relief IPPs seek is monetary damages."  Dkt. No. 1421 at 13 (citing *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1195-96 (9th Cir. 2001)).

These concerns are in addition to the ones the Court highlighted at the hearing, including the fact that there is no specificity at all in counsel's attempt to show that the numerosity requirement under Rule 23(a)(1) is satisfied.  *See* Dkt. No. 1482 at 9 ("There are hundreds of thousands of class members"); Dkt. No. 1482-5 at 2 ("there are at least thousands of geographically dispersed settlement class members").  As discussed, if there is a revised motion, the Court will need to hear more about how it is factually possible that Taitsu's estimated damages in this case are a mere $904.61, and if true, why this settlement which provides for Taitsu to pay $187,500.00 is reasonable and appropriate for approval.

For all of these reasons, preliminary settlement approval is denied, and the request to approve a class notice program is denied as moot.

The parties may, if they wish, file a revised motion by May 3, 2021.