Charles E. Tompkins (admitted pro hac vice)
**BRYAN CAVE LEIGHTON PAISNER LLP**
1155 F Street NW, Suite 700
Washington, DC 20004
Phone: (202) 508-6000
Fax: (202) 508-6200
charles.tompkins@bclplaw.com

Ashley Hyun-Jeong Kim (admitted pro hac vice)
Evan P. Boyle (admitted pro hac vice)
**BRYAN CAVE LEIGHTON PAISNER LLP**
161 North Clark Street, Suite 4300
Chicago, IL 60601
Phone: (312) 602-5000
Fax: (312) 602-5050
ashley.kim@bclplaw.com
evan.boyle@bclplaw.com

Joseph James Poppen (CA SBN 239282)
**BRYAN CAVE LEIGHTON PAISNER LLP**
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Phone: (415) 675-3400
Fax: (415) 675-3434
joseph.poppen@bclplaw.com

*Counsel for Plaintiff Flextronics International
USA, Inc.*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION | Case No. 3:14-cv-03264-JD |
| | MDL Case No. 3:17-md-02801-JD |
| THIS DOCUMENT RELATES TO: | |
| | **REQUEST FOR PRETRIAL STATUS CONFERENCE TO SET TRIAL DATE** |
| FLEXTRONICS INTERNATIONAL USA, INC.'S INDIVIDUAL ACTION | |

Direct Action Plaintiff Flextronics International USA, Inc. ("Flex"), respectfully requests that the Court set a pretrial status conference, in person or by videoconference, to set a pretrial schedule and a trial date for Flex and the remaining Flex Defendants (AVX, NCC-UCC, and

BRYAN CAVE LEIGHTON PAISNER LLP
1155 F STREET, NW
WASHINGTON, DC 20004-1357

BRYAN CAVE LEIGHTON PAISNER LLP
1155 F STREET, NW
WASHINGTON, DC 20004-1357

Matsuo, hereinafter "Defendants").   Flex conferred with Defendants prior to the filing of this motion.  Defendants' position is set forth below.

**Flex's Position:**

Flex originally filed its action on June 5, 2015.  On June 22, 2015, Flex's case was related to the DPP class action and reassigned to this Court for all further proceedings. Since then, Flex has diligently pursued its case in this Court alongside the DPP class. On December 14, 2021, DPP counsel announced that a settlement had been reached with all remaining defendants in the DPP class action, thus effectively ending the DPP action.  Flex now seeks a trial date and the entry of a pretrial schedule in the Flex action. Certain Flex Defendants have advised Flex that they are unavailable prior to March 1, 2022.  Flex therefore requests that a trial date be set for the soonest open trial date after March 1, 2022.

Defendants do not oppose the request for a status conference.  Defendants do, however, contend that a March trial date is too soon given the significant differences between the Flex case and the DPP cases.  Defendant AVX also argues that Flex and AVX should be required to mediate and then submit a joint report regarding the mediation before the Court should even set a trial date.

Flex does not oppose setting a reasonably near-term trial date after March consistent with the Court's schedule, which undoubtedly has been impacted by the changing landscape of the COVID-19 pandemic.  Defendants, however, overstate the remaining pre-trial hurdles.  AVX's motion for summary judgment as to liability in the DPP class case was denied before the DPP class trial, 3:14-cv-03264-JD, Dkt. No. 2647, and AVX's motion to exclude Flex's expert Dr. Marx was denied last month.  *See* 3:17-md-02801-JD, Dkt. No. 1585.  The purported issue AVX identifies as a summary judgment issue is (at most) a dispute between experts that falls squarely within the Court's prior Order that methodological disputes between qualified competing experts should be resolved by a jury, not the Court.[1]  *See* Dkt. No. 1585 at 4.

---

[1] In any event, AVX's suggestion that Dr. Snail's "before and after" analysis somehow impacts the scope of Dr. Marx's testimony is makeweight.  Dr. Snail's analysis simply purports to compare certain cherry-picked prices before and after certain events.  Dr. Snail did not conduct a regression analysis, did not estimate a "but-for" price, and did not estimate an overcharge.  *See* DAP Opp'n to

REQUEST FOR PRETRIAL STATUS
CONFERENCE TO SET TRIAL DATE
3:14-CV-03264-JD; 3:17-MD-02801-JD

Bryan Cave Leighton Paisner LLP
1155 F Street, NW
Washington, DC 20004-1357

1    More broadly, while Defendants are correct that Flex's trial will not be a "rerun" of the

2    class trial, there is considerable overlap between Flex's core price-fixing allegations and those of

3    the DPP class.  While new evidence will certainly be presented, much of the evidence presented in

4    Flex's case will necessarily overlap with evidence already presented by the class.  Key questions

5    regarding admissibility and relevance have already been decided.  And while the FTAIA and

6    causation issues Defendants mention will undoubtedly lead to motion practice over certain jury

7    instructions, most jury question disputes have been resolved as well.

8    Nor does mediation warrant delay.  AVX's proposal would as a practical matter delay even

9    setting a trial date for over three months.  By that time, the prospect of a trial in the spring or even

10    the summer of 2022 almost certainly will have dimmed considerably.  Flex and AVX have

11    discussed the potential resolution of this case for over three years, including in the context of in-

12    person meetings between outside and in-house counsel.  While Flex does not oppose mediation,

13    Flex does oppose any delay of the trial date to accommodate mediation.  Both Flex and AVX know

14    the case well enough by now to mediate and prepare for trial at the same time.  And experience

15    suggests that only the imminent threat of an adverse judgment is likely to drive settlement by any

16    of the remaining parties.  The COVID-19 pandemic necessarily has delayed this action by over two

17    years.  The time to conclude the Flex action is now.

18    **Defendants' Position:**

19    Defendants do not believe that this case will be ready for trial as soon as 60 days from now,

20    as Flex has suggested.  In addition to the obvious hurdles presented by the resurgence in COVID-

21    19 restrictions and the Northern District of California's recent decision to pause all jury trials until

22    at least January 26, 2022 due to the rapid spread of the omicron variant, the pretrial process for the

23    Flex case will be substantial, as it is not just a "rerun" of the DPP trial.  A Flex trial will feature

24    different antitrust injury, causation, and damages issues than did the DPP trial.  The Court has also

25    teed up a series of complicated (and important) FTAIA issues for a Flex trial.  *See* Second Order re

26

27    AVX Motion for Summary Judgment, 3:17-md-02801-JD, Dkt. No. 759.  Nothing in Dr. Snail's
work calls into question the reliability or admissibility of any of Dr. Marx's conclusions.

28

REQUEST FOR PRETRIAL STATUS
CONFERENCE TO SET TRIAL DATE
3:14-CV-03264-JD; 3:17-MD-02801-JD

FTAIA (MDL Docket no. 329, Flex Docket no. 2193) at 6-11.  This will require months of preparation and motions practice.

In addition, summary judgment issues still need to be decided, including the motion filed by AVX on June 14, 2019 (MDL Docket no. 651, Flex Docket no. 2352).  This Court has not ruled on that motion; Flex points out that AVX's motion for summary judgment against the DPPs was denied, but the Court stated in that same text-only Order of March 23, 2020 in the DPP docket that AVX's motion against Flex were administratively terminated *in the DPP docket* and "may be renewed for Flextronics, DAPs, and IPPs at a later date."  DPP Docket No. 2647.  Notable for the purposes of a Flex trial, Flex's expert economist Dr. Marx conceded that she did no work to rebut the before-and-after studies performed by AVX's expert Dr. Snail.  *See* AVX's Reply in Support of its Motion for Summary Judgment (MDL Docket no. 853, Flex Docket no. 2423) at 10-13.  The extent of testimony that Flex's expert will be allowed to present at trial is a central issue requiring resolution prior to trial.  This is particularly true in light of the Court's admonishment prior to the DPP trial that pretrial motions in *limine* should not be used as mini motions for summary judgment; deciding AVX's motion for summary judgment can help to sharpen these issues for pretrial motions.

Flex will suffer no prejudice from setting a trial date further out.  There is no injunctive relief being sought, and setting a premature trial date will only impose artificial and unnecessary burdens on the parties and the Court.

Finally, AVX believes that mediation should be required prior to the setting of a trial date.  AVX has proposed to Flex that the parties mediate their dispute with both counsel and business executives present, and those discussions are ongoing.  AVX suggests that the Court direct mediation within 60 days, and to have the parties submit a status report to the Court within 75 days.  Defendants NCC and UCC have previously tried to mediate this matter with Flex, with no success.  NCC, UCC, and Matsuo, however, do not oppose the request that the parties be directed to try again to resolve this matter before trial.

BRYAN CAVE LEIGHTON PAISNER LLP
1155 F STREET, NW
WASHINGTON, DC 20004-1357

REQUEST FOR PRETRIAL STATUS
CONFERENCE TO SET TRIAL DATE
3:14-CV-03264-JD; 3:17-MD-02801-JD

1    Dated: January 6, 2022                          Respectfully submitted,

2

3                                                    By:   *Charles E. Tompkins*
                                                          Charles E. Tompkins
4

5                                                    Charles E. Tompkins (admitted *pro hac vice*)
                                                     **BRYAN CAVE LEIGHTON PAISNER LLP**
6                                                    1155 F Street NW, Suite 700
                                                     Washington, DC 20004
7                                                    Phone: (202) 508-6000
                                                     Fax: (202) 508-6200
8                                                    charles.tompkins@bclplaw.com

9                                                    Ashley Hyun-Jeong Kim (admitted *pro hac vice*)
                                                     Evan P. Boyle (admitted *pro hac vice*)
10                                                   **BRYAN CAVE LEIGHTON PAISNER LLP**
                                                     161 North Clark Street, Suite 4300
11                                                   Chicago, IL 60601
                                                     Phone: (312) 602-5000
12                                                   Fax: (312) 602-5050
                                                     ashley.kim@bclplaw.com
13                                                   evan.boyle@bclplaw.com

14                                                   Joseph James Poppen (CA SBN 239282)
                                                     **BRYAN CAVE LEIGHTON PAISNER LLP**
15                                                   Three Embarcadero Center, 7th Floor
                                                     San Francisco, CA 94111
16                                                   Phone: (415) 675-3400
                                                     Fax: (415) 675-3434
17                                                   joseph.poppen@bclplaw.com

18                                                   *Counsel for Plaintiff Flextronics International*
                                                     *USA, Inc.*
19

20

21

22

23

24

25

26

27

28

REQUEST FOR PRETRIAL STATUS
CONFERENCE TO SET TRIAL DATE
3:14-CV-03264-JD; 3:17-MD-02801-JD

## CERTIFICATE OF SERVICE

In accordance with Rule 5-5 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, I, Charles E. Tompkins, hereby certify under penalty of perjury under the laws of the United States of America that on January 6, 2022, a true copy of the above document was filed through the Court's Case Management/Electronic Case Filing ("CM/ECF") System and served by that System upon all counsel of record registered for the System and deemed to have consented to electronic service in the above-captioned case.

*/s/ Charles E. Tompkins*
Charles E. Tompkins

*Counsel for Plaintiff Flextronics International USA, Inc.*

Bryan Cave Leighton Paisner LLP
1155 F Street, NW
Washington, DC 20004-1357

REQUEST FOR PRETRIAL STATUS
CONFERENCE TO SET TRIAL DATE
3:14-CV-03264-JD; 3:17-MD-02801-JD