Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Christopher K.L. Young (State Bar No. 318371)
Elissa Buchanan (State Bar No. 249996)
Abraham A. Maggard (State Bar No. 339949)
JOSEPH SAVERI LAW FIRM, LLP.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:   jsaveri@saverilawfirm.com
         swilliams@saverilawfirm.com
         cyoung@saverilawfirm.com
         eabuchanan@saverilawfirm.com
         amaggard@saveriliawfiirm.com

*Lead Counsel for the Direct Purchaser Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: THE DIRECT PURCHASER CLASS ACTION | Master File No. 3:17-md-02801-JD<br>Civil Action No. 3:14-cv-03264-JD<br><br>**DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEY FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS** |

I, Joseph R. Saveri, declare:

1. I am an attorney in good standing with the State Bar of California and admitted to practice in the Northern District of California. I am the Founder of the Joseph Saveri Law Firm, LLP. ("JSLF"), Class Counsel for the Direct Purchaser Class (the "Class") in this action. I have been appointed as Lead Class Counsel. I have been principally responsible for the action since its inception. Unless otherwise indicated, I have personal knowledge of the facts set forth herein. If called as a witness, I can and would testify competently to them. I make this declaration pursuant to 28 U.S.C. §

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

1

**DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS**

1746.

2. This Declaration is submitted in support of the Direct Purchasers Plaintiffs' motion for attorney fees and reimbursement of expenses in connection with the settlements between the Class and defendants Matsuo Electric Co., Ltd. ("Matsuo"), Nippon Chemi-Con Corp. ("NCC"), and United Chemi-Con, Inc. ("UCC"; NCC and UCC together "Chemi-Con"; Matsuo and Chemi-Con collectively, the "Settling Defendants") in partial settlement of this class action lawsuit against them and now pending before the court for final approval.

3. The Motion is being publicly filed at least thirty-five (35) days before the deadline for objecting to the proposed settlements described below (the "Settlements"), as ordered by the Court in its order granting preliminary approval of the Settlements. MDL ECF No.[1] 1707. This is consistent with the 35-day requirement set forth in the Court's *Procedural Guidance for Class Action Settlements* and satisfies the requirements of *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 n.2 (9th Cir. 2010).

4. As lead class counsel for the Class ("Lead Class Counsel"), I have directed and overseen on a day-to-day basis the work of the attorneys and staff of JSLF in addition to the attorneys and staff of the other counsel of record for the Class (collectively, "Class Counsel"). I have been personally involved in all phases of this case, including the substantial pre-filing investigation which resulted in the first private case challenging the capacitor cartel to be filed anywhere in the world.

5. In 2016, the Class negotiated and signed five settlement agreements between the Class and former defendants Fujitsu Limited; Nitsuko Electronics Corporation ("Nitsuko"); NEC TOKIN Corporation and NEC TOKIN America, Inc.; Okaya Electric Industries Co., Ltd. and Okaya Electric America, Inc.; and ROHM Co., Ltd. and ROHM Semiconductor U.S.A., LLC (the "First Round Settlements").

6. After the Court conducted a final approval and fairness hearing on April 6, 2017, the Court granted final approval of these First Round Settlements. ECF Nos. 1607, 1647, 1713. The

---

[1] "MDL ECF No.____" citations to Case Number 3:17-md-02801.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

2

**DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS**

monetary consideration provided to the settlement class in these First Round Settlements totaled $32,600,000.

7. The Class secured a second round of settlements with Hitachi Chemical Co., Ltd., Hitachi AIC, Inc., and Hitachi Chemical Co. America, Ltd. (collectively, "Hitachi"); and Soshin Electric Co., Ltd., and Soshin Electronics of America Inc. (collectively, "Soshin") (the "Second Round Settlements").

8. On June 28, 2018, the Court granted final approval of the Class's Second Round Settlements with the Hitachi Chemical and Soshin defendants totaling $66.9 million. MDL ECF No. 249.

9. The Class further secured a third round of settlements with Nichicon Corporation and Nichicon (America) Corporation (collectively, "Nichicon"); and Rubycon Corporation and Rubycon America Inc. (collectively, "Rubycon") (the "Third Round Settlements").

10. The Court granted final approval of the Class's Third Round Settlements with the Nichicon and Rubycon defendants on May 16, 2019. MDL ECF No. 587 at 11. The Third Round Settlements totaled $108,000,000 plus up to an additional $12,000,000 contingent on Rubycon's financial performance in fiscal year 2019.

11. The Class secured a fourth round of settlements with Defendants AVX Corporation ("AVX"); ELNA Co., Ltd. and ELNA America Inc. (collectively, "ELNA"); Holy Stone Enterprise Co., Ltd., Milestone Global Technology, Inc. (D/B/A HolyStone International) and Vishay Polytech Co., Ltd. (collectively, "Holy Stone"); KEMET Corporation and KEMET Electronics Corporation (collectively, "KEMET"); Panasonic Corporation, Panasonic Corporation of North America, SANYO Electric Co., Ltd., and SANYO North America Corporation (collectively "Panasonic"); Shinyei Kaisha, Shinyei Technology Co., Ltd., Shinyei Capacitor Co., Ltd. and Shinyei Corporation of America, Inc. (collectively, "Shinyei"); Shizuki Electric Co., Inc. ("Shizuki"); and Taitsu Corporation and Taitsu America, Inc. (collectively "Taitsu"; AVX, ELNA, Holy Stone, KEMET, Panasonic, Shinyei ,Shizuki, and Taitsu. (the "Fourth Round Settlements").

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

3

DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS

12. The Court granted final approval of the Class's Fourth Round Settlements with the AVX, ELNA, Holy Stone, KEMET, Panasonic, Shineyi, Shizuki, and Taitsu Defendants on November 7, 2020. MDL ECF No. 1423. The Fourth Round Settlements totaled $232,050,000.

13. The pending Settlements with the Settlement Defendants provide for cash payments totaling $165,000,000. In addition, with the prior settlements totaling $439,550,000, Class Counsel has obtained a total of $604,550,000, a recovery of 141.4% of the Class's single damages as calculated by the Class's expert and accelerates the Class's chances for monetary recovery. This represents an excellent recovery, and a substantial amount of money stands to be distributed to a relatively small Direct Purchaser Class.

14. Since the investigation of the capacitor cartel began, Class Counsel have provided legal services and incurred out of pocket expenses on a wholly contingent basis without promise of repayment except for what the Court awards Class Counsel after successful settlements are approved. For the First Round Settlements, Class Counsel submitted their time for the period from November 1, 2014, through September 30, 2016. For the Second Round Settlements, Class Counsel submitted its time from October 1, 2016, through December 31, 2017. For the Third Round Settlements, Class Counsel submitted its time and expenses from January 1, 2018, through December 31, 2018. Special Master Monica Ip reviewed Class Counsel's time submission for the Third Round Settlements and found no material discrepancies. MDL ECF No. 1019. Consistent with the Court's guidance, Class Counsel had Special Master Monica Ip review Class Counsel's time submission for the Fourth Round of Settlement as well. MDL ECF No. 1101; *see* MDL ECF No. 1358 (Motion to Appoint Monica Ip as Special Master). The Court adopted Special Master Monica Ip's Report and Recommendations in their entirety. MDL ECF No. 1423. Class Counsel will again, for the pending round of Settlements, submit to Special Master Ip in the first instance. MCL ECF No. 1670.

15. On June 27, 2017, the Court awarded Counsel $8,150,000 (25% of the settlement fund) as partial payment of their fees accrued as of September 30, 2016, in connection with the First Round Settlements. ECF No. 1714, at 3. The Court also approved $3 million for partial reimbursement of Counsel's costs and expenses. *Id*. at 9-10.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

4

**DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS**

16. For the Second Round Settlements, the Court granted $16,725,000 in attorneys' fees (25% of the settlement fund) as partial payment of their fees accrued as of December 31, 2017. MDL ECF No. 332, at 3. The Court also approved $6,690,000 in expenses (10% of the settlement fund). *Id*. at 10.

17. For the Third Round Settlements, the Court granted $27,000,000 in attorneys' fees (25% of the non-contingent portion of the settlement fund) as partial payment of their fees accrued as of December 31, 2018. MDL ECF No. 1036. As of the time of the application, the amount of fees awarded was less than the cumulative lodestar of counsel. The Court also approved $1,997,809.74 in expenses (approximately 1.85% of the settlement fund).3 *Id*.

18. For the Fourth Round Settlements, the Court granted $69,615,000 in attorneys' fees (30% of the Settlement Fund) as partial payment of their fees accrued as of December 31, 2019. MDL ECF No. 1423. As of the time of the application, the amount of fees awarded was less than the cumulative lodestar of counsel. The Court also approved $9,548,761.41 in expenses (approximately 4.11% of the settlement fund). *Id*.

**The Pending Requests for Attorneys' Fees and Reimbursement of Expenses**

19. In this Motion, the Class requests attorneys' fees of $66,000,000 (40% of the Settlement Fund) (31.01% of the entire common fund), which is consistent with permitted awards in similar cases in the Ninth Circuit. Class Counsel have taken a significant risk, invested substantial amounts of their time and money on a contingent basis with no guarantee of collection of an awarded judgement, and forgone other work opportunities to dedicate their professional efforts to this case.

20. The Class also requests $3,636,429.21 (approximately 2.20% of the Settlement Fund) to reimburse incurred litigation costs and expenses, which is less than the percentage that the Court has previously approved in some of the prior rounds of settlement. This amount should also be reimbursed because Class Counsel has expended significant resources to engage in pretrial preparations and to try the case twice, as the first trial was suspended due to the COVID-19 pandemic. After the first trial was suspended counsel brought the case to trial again in November 2021 and has engaged in significant pretrial preparation.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

5

**DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS**

21. In my opinion, Class Counsel's requests for an interim fee award and reimbursement of expenses should be granted. On a cumulative basis, the total amount of attorneys' fees—the requested $66,000,000, added to the fee awards for the First, Second, Third, and Fourth Round Settlements—amounts to 31.01% of the common fund which Class Counsel has recovered for the benefit of the Class in this case. The fee request of $66,000,000 of the total cash Settlements is consistent with other fee requests that have been granted by courts in similar cases in this District, across the Ninth Circuit, and indeed, across the United States, and is therefore reasonable. There is no reasonable basis for a lesser amount in this case, particularly in light of the extraordinary recovery in this complex case and the late stage of the litigation. Class Counsel has obtained a total of $604,550,000, a recovery of 141.4% of the Class's single damages as calculated by the Class's expert, which represents an exceptional benefit to the Class and further justifies Class Counsel's fee request. Further, the amount is less than Class Counsel's lodestar. In addition, Counsel's expenses have been reasonably and necessarily incurred by Counsel for the benefit of the Class.

22. Counsel have also incurred expenses in the amount of $25,875,194. Class Counsel has only been reimbursed for $$22,238,765 during the First, Second, Third, and Fourth Round Settlements. ECF Nos. 1714; MDL ECF Nos. 332, 1036, 1422.

23. Class Counsel's current requested reimbursement of $3,636,429.21 for these Settlements, would fully reimburse Class Counsel's costs and expenses to date.

**Summary of Class Counsel's Work Performed**

24. As Lead Class Counsel, JSLF has dedicated significant money, time, and resources over the last four years leading the prosecution of the Class's claims against 22 different Defendant corporate families based almost entirely in Japan. I have tasked myself and my team with day-to-day case management. We have brought the case to trial twice. We have defined and honed the Class's litigation strategy and executed it, even as the litigation has now lasted over 7 years. My team and I have made and continue to make all material decisions in this case. I have directed the day-to-day activities of attorneys and professional staff at my law firm as well as other law firms. I have ensured that this litigation has proceeded efficiently, expeditiously and with a minimum of duplication or unnecessary effort.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

6

DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS

25. JSLF's numerous duties and responsibilities have included, but have not been limited to, the following:

- Discovery: JSLF undertook significant discovery efforts in this case. Discovery included drafting discovery responses, evaluating, and analyzing defendants' discovery responses, including document productions, managing multiple foreign language document review projects, supervising all depositions, preparing for and taking key depositions, identifying and interviewing cooperating witnesses, and taking pre-trial depositions. Much of the document discovery involved the review and analysis of documents in Japanese and in Chinese. Many of the depositions were taken abroad and required translation from Japanese, as well Chinese.
- Motion Practice: JSLF prepared, edited, and briefed various court filings, including several dispositive motions. Plaintiffs successfully moved for class certification. Defendants opposed the motion and sought appellate review of the Court's decision. Defendants sought to decertify the action on numerous occasions. This included appearances before the Judicial Panel on Multidistrict Litigation, briefing and arguing the motion for class certification, and briefing two rounds of motions for summary judgment. JSLF also selected and prepared the Class's expert witnesses and reports, oversaw and coordinated the work of its experts, and responded to *Daubert* motions in relation to its experts. Additionally, JSLF hired forensic accountants, and filed submissions pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771 in connection with the criminal cases against certain Defendants.
- Case Management: JSLF interfaced, communicated, and negotiated with various entities during the course of this litigation, including, the United States Department of Justice, the indirect purchaser plaintiffs, and opt-out plaintiffs. In addition to conducting various settlement negotiations, JSLF has diligently communicated with Class members, responded to inquiries concerning the status of the case and settlement and coordinated various notice and claims management issues. The high degree of class participation in the settlements to date evidences the success of those efforts.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

7

**DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS**

- Trial and Pre-Trial: Most recently, JSLF prepared, supervised, and presented three weeks of evidence at the Jury trial commencing in November 2021 and proceeding until December 2021. Class Counsel reached a settlement agreement on the penultimate day of trial with the remaining Defendants. This is in addition to JSLF's preparation, supervision, and presentation of two weeks of evidence at the jury trial in March 2020, which Class Counsel continued to prepare and prosecute the case for trial until the COVID-19 pandemic forced the suspension of the trial. Trial preparation included the preparation of all pretrial filings and submissions, presentation of witnesses (including witnesses from Japan), attendance of pre-trial conferences, taking pre-trial depositions and organizing pre-trial meet and confers. Additionally, given Defendants' lack of U.S. assets, Class Counsel also assessed the risk associated with enforcing a treble-damage judgment in Japan should the jury return with a favorable verdict for the Class.

26. With the substantial assistance of other Class Counsel, my team at JSLF and I were able to significantly advance this litigation to the stage where settlements are possible based on the informed analysis of defendants' liability exposure, including sales during the relevant period and presentation of evidence at jury trial.

27. I have reviewed these portions of Class Counsels' respective declarations, and I find each of these statements made as to the work performed to be true and accurate.

**Factual and Procedural History**

28. Pursuant to the Northern District of California's Procedural Guidance for Class Action Settlements, the background history and facts are set forth in the Class's motion for final approval being filed at the same time as this motion and will not be repeated here, except to summarize the amount of past settlements and their related awards for attorneys' fees and reimbursement of expenses for the convenience of the Court. The Class also acknowledges that the Court is familiar with the factual and procedural history of this case as fully explained in my prior declaration submitted to the Court in connection with the prior settlements. *See*, *e.g.,* MDL ECF No. 173-1.

29. Aside from the typical litigation-related costs necessarily incurred in a complex antitrust litigation like this one (*e.g.*, travel and lodging, legal research, court reporters), Class Counsel have

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

8

DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS

incurred many other expenses that warrant reimbursement. In the prior rounds of the Class's settlements, Class Counsel has informed the Court of the extraordinary expenses entailed by this complex litigation, including the substantial costs in reviewing, translating, and analyzing 39 million Bates-numbered pages, mostly in Japanese, from over 100 document custodians. *See*, *e.g.*, MDL ECF No. 173-1, at ¶¶ 23-67. Class Counsel have incurred significant expert fees and related expenses in connection with class certification briefings, submitting expert reports, and responding to Defendants' expert reports. Since the last round of settlements, Class Counsel have also incurred significant fees for preparing and presenting the case at jury trial. This case has been tried twice. The Class presented two weeks of evidence before the first trial was terminated due to the COVID-19 pandemic. MDL ECF Nos. 1251-1; 1309. The second trial commenced in November 2021, and Class Counsel incurred significant fees and expenses in preparing for and presenting three weeks of evidence before a jury.

**Risks of Litigation**

30. Class Counsel assumed several significant risks when they agreed to work on this case. These include the risk inherent to contingent fee litigation. In particular, Class Counsel took the risk of devoting large amounts of time and expenses without any promise of repayment.

31. There were a number of factors specific to this case that, in my opinion, increased the risk. These include the time period and complexity of the case; the international component to the case; the potential difficulties in fact development; the parallel investigation by the DOJ and the related criminal cases; the uncertainty of being able to collect a treble damage judgement under Japanese law; and the uncertainty of the FTAIA's impact on the commerce at issue in the case. It also includes the fact that virtually all of the documentary record in this case is in Japanese or languages other than English. Prosecuting a sprawling, multiyear multi-participant antitrust case where the documentary record is not in English and many of the key witnesses are either unavailable, unwilling to testify or located in Japan, presents particular additional difficulties.

32. I considered these factors before filing this case on the Class's behalf. It is my understanding that Class Counsel considered these factors before joining the Class.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD                                    9

**DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS**

33. The risk associated with this matter is further compounded due to the unforeseen COVID-19 pandemic that interrupted and ultimately derailed the first trial in this matter. The pandemic presented further difficulties due to, *inter alia*, travel restrictions to the United States and sovereignty issues related to remote testimony of Japanese witnesses, which Class Counsel had to navigate in order to prepare for and ultimately try the case anew.

34. In order to prosecute this case on behalf of the Class, I have foregone other business opportunities during the pendency of this litigation. I have done so to provide the best possible representation to the class I represent.

35. Consistent with the Northern District of California's Procedural Guidance for Class Action Settlements, Lead Class Counsel is also submitting a request for service awards for each of the named class representatives in this case. Specifically, Lead Class Counsel requests $100,000 for Plaintiff Chip-Tech, Ltd., $100,000 for Plaintiff eIQ Energy, Inc.; $75,000 for Plaintiff Dependable Supply Corp.; and $50,000 for Plaintiff Walker Component Group, Inc. Each of the named Plaintiffs maintained close contact with Class Counsel, produced thousands of documents during the course of this litigation, were subject to multiple depositions, and devoted dozens to hundreds of hours in assisting Lead Class Counsel in this case. In particularly, Plaintiffs Chip-Tech and eIQ devoted significant time and effort on behalf of the Class. Barry Lubman of Chip-Tech and Gene Krzywinski of eIQ, in addition to providing significant discovery in this case, twice presented testimony before a jury, including testimony during the prior March 2020 trial that was interrupted by the onset of the COVID-19 pandemic.

36. The requested total service awards are well within the fair and reasonable awards approved by courts in the Ninth Circuit, and indeed, across the United States. The average recovery unnamed class members received for the first four rounds of settlement is $640,521.82—well above the requested aggregate total of service awards Class Counsel intends to seek. This is before accounting for the distribution of the pending Settlement Agreements with Matsuo and Chemi-Con. The requested service awards make up a mere 0.06% of the total settlement fund of $604,550,000, which is fair and reasonable in light of the significant benefit to the Class that resulted from Plaintiffs' efforts.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

10

**DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS**

## ATTORNEYS' FEES AND EXPENSES

### A. Joseph Saveri Law Firm, LLP.'s Attorneys' Fees and Expenses

37. Attached hereto as **Exhibit 1** is a true and correct copy of JSLF's total hours and lodestar, computed at historical rates, for the period from January 1, 2020, to date. This summary was prepared from contemporaneous, daily time records regularly prepared and maintained by JSLF. The lodestar amount reflected in Exhibit 1 is for work performed by my JSLF for the benefit of the Class. JSLF represents the Class on a contingent basis and has not yet received any payment for any of the fees the firm has accrued in connection with this litigation to date other than the fees awarded by the Court for the First, Second, Third, and Fourth Round Settlements that JSLF shared with all Class Counsel.

38. JSLF's hourly rates for the firm's attorneys, paralegals, and law clerks included in Exhibit 1 are the usual and customary hourly rates we charge.

39. Attached hereto as **Exhibit 2** is a true and correct copy of a chart outlining the itemized costs and expenses JSLF advanced the Class. My firm has incurred a total of $2,189,903.22 in costs and expenses incurred to date in connection with the prosecution of this litigation. As of today, the total unreimbursed costs are $1,564,903.22. They were incurred on behalf of the Class by JSLF on a contingent basis and have not been reimbursed. The expenses incurred in this action are reflected on JSLF's books and records. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred. Costs incurred prior to January 1, 2019, were reviewed, and approved, by Special Master Ip in connection with the request for fees and costs with respect to the Third Round of Settlements. MDL ECF No. 1019. Costs incurred prior to January 1, 2020, were reviewed, and approved, by Special Master Ip in connection with the request for fees and costs with respect to the Third Round of Settlements. MDL ECF No. 1423.

40. I have reviewed the time and expenses reported by JSLF in this case which are included in this declaration. I affirm that they are true and accurate.

41. JSLF itself has contributed $375,000.00 in 2021-2022 to the Litigation Fund. Class Counsel have also contributed to the Litigation Fund in the amounts set forth in their respective submissions.

42. Attached hereto as **Exhibit 3** is a true and correct copy of a chart outlining the itemized costs and expenses incurred by the litigation fund, that was established by JSLF, to finance the joint prosecution of this case against the defendants ("Litigation Fund"). The Litigation Fund has been used to pay necessary costs and expenses including expert and consulting fees, the costs of document hosting, certification of translations. The Litigation Fund has incurred a total of $3,057,571.26 in costs and expenses between July 24, 2020, to present.

### B. Class Counsel's Attorney Fees and Expenses

43. To assist JSLF in the prosecution of the Class's claims, I asked the firms and the attorneys listed below to work on the case at my direction. I have frequently worked on other antitrust class actions or other complex litigation matters with the attorneys listed below or their respective firms. Having litigated complex class actions like this one for more than 25 years, I know these firms and their attorneys to be experienced advocates for class plaintiffs, skilled in many aspects of litigation. I have assigned and supervised work based on their particular skills, talents, and expertise. I have directed work so as to achieve collaboration and to eliminate duplication and unnecessary effort.

44. The firms and the attorneys listed below all regularly work on contingent fee class action matters. It is my understanding that, before agreeing to work with JSLF on this case, each of these firms was well aware of the risks involved in contingency litigation in general, and in this case specifically.

45. Counsel's cumulative lodestar in this case to date is $103,802,430.30. Counsels' cumulative costs advanced as of December 2020 in this case are $3,636,429.21. Lead Class Counsel's lodestar is $9,395,583.75 for 2021 and $43,604,109.00 total lodestar billed to date. The Litigation Fund has incurred a total of $3,057,571.26. in costs and expenses since July 24, 2020. Consistent with the Court's instructions, time was reported on a monthly basis and those historical rates are used as the basis for the fee request here.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

12

DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS

46. Exhibits 4-17 below detail Class Counsel's time and expenses from January 1, 2020, to date. We have reviewed the daily time records submitted by each of the firms. We have eliminated duplicative and unnecessary work. We have set hourly maximums, consistent with industry practice for certain tasks, like document review. We have not submitted any time billed for administrative matters. We maintain these records at my firm. Consistent with the Court's instructions, time was reported on a monthly basis and those historical rates are used as the basis for the fee request here.

47. Attached hereto as **Exhibit 4** is a true and correct copy of the Declaration of Eric L. Cramer in Support of Class Counsels' Application for Attorneys' Fees. Mr. Cramer is a member of Berger & Montague, P.C. ("B&M") one of the firms serving as Counsel in this litigation. Mr. Cramer has authorized me to submit Exhibit 4 on his behalf. He has attached to his declaration a chart indicating the attorneys and personnel from B&M who worked on this litigation, the number of hours they worked during the period from January 1, 2020, to the present, and their respective lodestar values. Mr. Cramer has also attached to his declaration a chart summarizing all the expenses B&M reasonably and necessarily incurred in connection with this litigation from January 1, 2020, to the present. Paragraph 3 of Mr. Cramer's declaration details the activities with which B&M's attorneys and personnel have been involved in this case on the Class's behalf and at my direction.

48. Attached hereto as **Exhibit 5** is a true and correct copy of the Declaration of Andrew Dirksen in Support of Class Counsels' Application for Attorneys' Fees. Mr. Dirksen is a member of Cera LLP. ("Cera") one of the firms serving as Counsel in this litigation. Mr. Dirksen has authorized me to submit Exhibit 5 on his behalf. He has attached to his declaration a chart indicating the attorneys and personnel from Cera who worked on this litigation, the number of hours they worked during the period from January 1, 2020, to the present, and their respective lodestar values. Mr. Dirksen has also attached to his declaration a chart summarizing all the expenses Cera reasonably and necessarily incurred in connection with this litigation from January 1, 2020, to the present. Paragraph 3 of Mr. Dirksen's declaration details the activities with which Cera's attorneys and personnel have been involved in this case on the Class's behalf and at my direction.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

13

DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS

49. Attached hereto as **Exhibit 6** is a true and correct copy of the Declaration of Jonathan Gardner in Support of Class Counsels' Application for Attorneys' Fees. Mr. Gardner is a partner at Labaton Sucharow, one of the firms serving as Counsel in this litigation. Mr. Gardner has authorized me to submit Exhibit 6 on his behalf.

50. Attached hereto as **Exhibit 7** is a true and correct copy of the Declaration of Roberta D. Liebenberg in Support of Class Counsels' Application for Attorneys' Fees. Ms. Liebenberg is a member of Fine Kaplan & Black. R.P.C. ("Fine Kaplan") one of the firms serving as Counsel in this litigation. Ms. Liebenberg has authorized me to submit Exhibit 7 on her behalf. She has attached to her declaration a chart indicating the attorneys and personnel from Fine Kaplan who worked on this litigation, the number of hours they worked during the period from January 1, 2020, to the present, and their respective lodestar values. Ms. Liebenberg has also attached to her declaration a chart summarizing all the expenses Fine Kaplan reasonably and necessarily incurred in connection with this litigation from January 1, 2020, to the present. Paragraph 3 of Ms. Liebenberg's declaration details the activities with which Fine Kaplan's attorneys and personnel have been involved in this case on the Class's behalf and at my direction.

51. Attached hereto as **Exhibit 8** is a true and correct copy of the Declaration of Douglas A. Millen in Support of Class Counsels' Application for Attorneys' Fees. Mr. Millen is a member of Freed Kanner London & Millen LLC ("Freed Kanner") one of the firms serving as Counsel in this litigation. Mr. Millen has authorized me to submit Exhibit 8 on his behalf. He has attached to his declaration a chart indicating the attorneys and personnel from Freed Kanner who worked on this litigation, the number of hours they worked during the period from January 1, 2020, to the present, and their respective lodestar values. Mr. Millen has also attached to his declaration a chart summarizing all the expenses Freed Kanner reasonably and necessarily incurred in connection with this litigation from January 1, 2020, to the present. Paragraph 3 of Mr. Millen's declaration details the activities with which Freed Kanner's attorneys and personnel have been involved in this case on the Class's behalf and at my direction.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

14

DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS

52. Attached hereto as **Exhibit 9** is a true and correct copy of the Declaration of Daniel C. Girard in Support of Class Counsels' Application for Attorneys' Fees. Mr. Girard is the founder and managing partner of Girard Sharp LLP ("Girard Sharp") one of the firms serving as Counsel in this litigation. Mr. Girard has authorized me to submit Exhibit 9 on his behalf. He has attached to his declaration a chart indicating the attorneys and personnel from Girard Sharp who worked on this litigation, the number of hours they worked during the period from January 1, 2020, to the present, and their respective lodestar values. Mr. Girard has also attached to his declaration a chart summarizing all the expenses Girard Sharp reasonably and necessarily incurred in connection with this litigation from January 1, 2020, to the present. Paragraph 3 of Mr. Girard's declaration details the activities with which Girard Sharp's attorneys and personnel have been involved in this case on the Class's behalf and at my direction.

53. Attached hereto as **Exhibit 10** is a true and correct copy of the Declaration of Stuart G. Gross in Support of Class Counsels' Application for Attorneys' Fees. Mr. Gross is a partner at Gross & Klein LLP. ("Gross & Klein") one of the firms serving as Counsel in this litigation. Mr. Gross has authorized me to submit Exhibit 10 on his behalf. He has attached to his declaration a chart indicating the attorneys and personnel from Gross & Klein who worked on this litigation, the number of hours they worked during the period from January 1, 2020, to the present, and their respective lodestar values. Mr. Gross has also attached to his declaration a chart summarizing all the expenses Gross & Klein reasonably and necessarily incurred in connection with this litigation from January 1, 2020, to the present. Paragraph 3 of Mr. Gross's declaration details the activities with which Gross & Klein's attorneys and personnel have been involved in this case on the Class's behalf and at my direction.

54. Attached hereto as **Exhibit 11** is a true and correct copy of the Declaration of Jason Hartley in Support of Class Counsels' Application for Attorneys' Fees. Mr. Hartley is a member of Hartley LLP ("Hartley") one of the firms serving as Counsel in this litigation. Mr. Hartley has authorized me to submit Exhibit 11 on his behalf. He has attached to his declaration a chart indicating the attorneys and personnel from Hartley who worked on this litigation, the number of hours they worked during the period from January 1, 2020, to the present, and their respective lodestar values. Mr.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

15

DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS

Hartley has also attached to his declaration a chart summarizing all the expenses Hartley reasonably and necessarily incurred in connection with this litigation from January 1, 2020, to the present. Paragraph 3 of Mr. Hartley's declaration details the activities with which Hartley's attorneys and personnel have been involved in this case on the Class's behalf and at my direction.

55. Attached hereto as **Exhibit 12** is a true and correct copy of the Declaration of Vincent J. Esades in Support of Class Counsels' Application for Attorneys' Fees. Mr. Esades is a member of Heins Mills & Olson, P.L.C. ("Heins Mills") one of the firms serving as Counsel in this litigation. Mr. Esades has authorized me to submit Exhibit 12 on his behalf. Mr. Esades has attached to his declaration a chart summarizing all the expenses Heins Mills reasonably and necessarily incurred in connection with this litigation from January 1, 2020, to the present.

56. Attached hereto as **Exhibit 13** is a true and correct copy of the Declaration of Daniel R. Karon in Support of Class Counsels' Application for Attorneys' Fees. Mr. Karon is a member of Karon LLC ("Karon") one of the firms serving as Counsel in this litigation. Mr. Karon has authorized me to submit Exhibit 13 on his behalf.

57. Attached hereto as **Exhibit 14** is a true and correct copy of the Declaration of Austin B. Cohen in Support of Class Counsels' Application for Attorneys' Fees. Mr. Cohen is a member of Levin Sedran & Berman LLP ("Levin") one of the firms serving as Counsel in this litigation. Mr. Cohen has authorized me to submit Exhibit 14 on his behalf. He has attached to his declaration a chart indicating the attorneys and personnel from Levin who worked on this litigation, the number of hours they worked during the period from January 1, 2020, to the present, and their respective lodestar values. Mr. Cohen has also attached to his declaration a chart summarizing all the expenses Levin reasonably and necessarily incurred in connection with this litigation from January 1, 2020, to the present. Paragraph 3 of Mr. Cohen's declaration details the activities with which Levin's attorneys and personnel have been involved in this case on the Class's behalf and at my direction.

58. Attached hereto as **Exhibit 15** is a true and correct copy of the Declaration of Steven J. Greenfogel in Support of Class Counsels' Application for Attorneys' Fees. Mr. Greenfogel is a member of Lite DePalma Greenberg LLC ("Lite DePalma") one of the firms serving as Counsel in this

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

16

**DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS**

litigation. Mr. Greenfogel has authorized me to submit Exhibit 15 on his behalf. He has attached to his declaration a chart indicating the attorneys and personnel from Lite DePalma who worked on this litigation, the number of hours they worked during the period from January 1, 2020, to the present, and their respective lodestar values. Mr. Greenfogel has also attached to his declaration a chart summarizing all the expenses Lite DePalma reasonably and necessarily incurred in connection with this litigation from January 1, 2020, to the present. Paragraph 3 of Mr. Greenfogel's declaration details the activities with which Lite DePalma's attorneys and personnel have been involved in this case on the Class's behalf and at my direction.

59. Attached hereto as **Exhibit 16** is a true and correct copy of the Declaration of John D. Radice in Support of Class Counsels' Application for Attorneys' Fees. Mr. Radice is a partner of the Radice Law Firm, P.C. ("Radice") one of the firms serving as Counsel in this litigation. Mr. Radice has authorized me to submit Exhibit 16 on his behalf. Mr. Radice has attached to his declaration a chart summarizing all the expenses Radice reasonably and necessarily incurred in connection with this litigation from January 1, 2020, to the present.

60. Attached hereto as **Exhibit 17** is a true and correct copy of the Declaration of William G. Caldes in Support of Class Counsels' Application for Attorneys' Fees. Mr. Caldes is a member of Spector Roseman & Kodroff, P.C. ("Spector") one of the firms serving as Counsel in this litigation. Mr. Caldes has authorized me to submit Exhibit 17 on his behalf. Mr. Caldes has attached to his declaration a chart summarizing all the expenses Spector reasonably and necessarily incurred in connection with this litigation from January 1, 2020, to the present.

61. The majority of expenses Class Counsel have incurred as of December 31, 2020, and all Litigation Fund expenses incurred between July 24, 2020, to date, relate to the work done by the Class's consultants and experts, and to prepare for and execute trial. A significant amount of that time relates to the analysis of defendants' voluminous capacitors sales transactional data, reviewing the evidence and developing trial strategy in order to prepare the case for trial. Defendants' transactional data, for the most part, cover more than a decade's worth of sales and transaction information. Significantly, much of it is reported—*e.g.*, data base headers, field descriptions and the like—in Japanese. The data were not

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

17

DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS

produced in a uniform format with uniform fields of information recorded, so many hours were spent learning the data and creating as much uniformity among the various sets as possible. A significant part of the produced data was incomplete or unreadable due to format and age issues that had to be addressed on a defendant-by-defendant basis. In fact, certain defendants made a number of overlapping and duplicative productions of transactional data which imposed additional costs on Class Counsel. Additionally, discovery in this case is voluminous—and review of that material for trial demanded significant commitment of Class Counsel effort. For example, the depositions—many of witnesses who were unavailable by the time of trial—in this case number in the hundreds. Reviewing deposition testimony alone demanded a substantial commitment of Class Counsel effort—notwithstanding the additional labors of Class Counsel to conduct an extensive review of the documentary evidence produced in this case.

62.   Class Counsel have also incurred substantial expense over the last three years for the hosting, processing, and organizing defendants' ESI and transactional data. Class Counsel had to retain an outside ESI vendor to upload, process, and remotely house defendants' ESI. Those services over time have been quite costly, as have been the Class's efforts to use specific technology assisted review applications supported by the ESI vendor to find relevant and important documents more quickly and with greater accuracy that would otherwise be possible.

63.   Further, Class Counsel have incurred sizeable costs in engaging individuals with Japanese language skills to assist them with the prosecution of this action. defendants are almost all Japanese companies or U.S. subsidiaries of Japanese companies. Accordingly, the vast majority of the discovery the Class pursued has targeted Japanese-speaking officers and employees of the defendants, whose ESI and document are written in Japanese. Class Counsel was denied access to translations prepared by defendants and provided to the Department of Justice. Key documents had to be translated to English. Depositions of defendants' personnel have nearly all required the Class to hire concurrent Japanese/English interpreters and have taken at least twice the time they would have taken to complete were they taken in English. Individuals with Japanese language skills are in high demand and come at a significant expense.

Master File No. 3:17-md-02801-JD
Case No. 3:14-cv-03264-JD

18

**DECLARATION OF JOSEPH R. SAVERI ISO DIRECT PURCHASER PLAINTIFFS' MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS**

64. Since the Class's last fee motion, much of our costs and expenses have been incurred in connection with preparing for trial and trying the case, including but not limited to taking an additional merits deposition of a late-disclosed defense witness during the COVID-19 pandemic. The first trial commenced and the Class presented two weeks of evidence before trial was suspended due to the COVID-19 pandemic. MDL ECF No. 1251-1. The Court has commented on the strength of the Class's case. Because of the ongoing COVID-19 pandemic, the Court terminated the trial. *See* DL ECF No. 1309. Trial began anew in late November, and the Court again commented on the strength of the Class's case prior to settlements being reached with the remaining Defendants. Trial lasted three weeks, and our costs and expenses reflect the additional time at trial.

65. I reviewed all costs submitted by Class Counsel for reimbursement. I did so to ensure their compliance with the instructions set forth in the Court's Order Appointing Interim Lead Counsel. ECF No. 319 at 4-5. I identified for Class Counsel any fees or costs that were unauthorized or in excess of the Court's guidelines. I directed Class Counsel to remove these expenses and I informed them that they will not be reimbursed for them. The cost summaries attached as Exhibit B to most of Counsels' declarations, Exs. 4-17, are drawn from the respective firms' accounting records for this litigation after the deletions I required were made.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 23, 2022.

By: *Joseph R. Saveri*
Joseph R. Saveri